871-16

872-16

NOS. PD-0871-16 & NOS. PD-0872-16

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS AT AUSTIN

ORIGINAL

NOS. 01-13-00447-CR & NOS. 01-13-00448-CR

COURT OF APPEALS

FIRST JUDICIAL DISTRICT OF TEXAS

AT HOUSTON

NOS. 1356098 & NOS. 1356099

IN THE 182ND DISTRICT COURT OF

HARRIS COUNTY, TEXAS

SAMUEL ESPINOZA RODRIGUEZ
, APPELLANT

V.

THE STATE OF TEXAS
, APPELLEE

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

SEP 28 2016

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 28 2016

Abel Acosta, Clerk

PRO SE: SAMUEL ESPINOZA RODRIGUEZ
APPELLANT TDCJ#1858964
POLLUNSKY UNIT AD. SEG.-DEATH ROW
3872 FM 350 SOUTH (12 OF #13)
LIVINGSTON, TEXAS 77351-8580

| | | |
|---|---|---|
| SAMUEL ESPINOZA RODRIGUEZ, APPELLANT, | § | COURT OF CRIMINAL |
| VS. | § | APPEAL |
| STATE OF TEXAS, APPELLEE, | § | OF TEXAS |

## PETITION FOR DISCRETIONARY REVIEW

### A. IDENTITY OF JUDGES, PARTIES AND COUNSEL

1) THE APPELLATE COURTS JUDGMENT INVOLVED THE FOLLOWING PARTIES:

JUSTICES HUDDLE, KEYES AND LLOYD - COURT OF APPEALS, FIRST DISTRICT
301 FANNIN STREET
HOUSTON, TEXAS 77002-2066

COUNSEL FOR THE STATE -

DEVON ANDERSON, ALAN CURRY AND CARLY DESSAUER - DIST. ATTYS.
1201 FRANKLIN, SUITE 600
HOUSTON, TEXAS 77002-1906

COUNSEL FOR APPELLANT -

SAMUEL ESPINOZA RODRIGUEZ (PRO SE)       - POLUNSKY UNIT AD.SEG.-DEATHROW
TDCJ#1858964                              3872 FM 350 SOUTH (12-F-13)
                                          LIVINGSTON, TEXAS 77351-8580

2) THE TRIAL COURT JUDGMENT INVOLVED THE FOLLOWING PARTIES:

JUDGES JEANINE BARR, JUDGE JAY W. BURNETT AND JUDGE JIM ANDERSON - TRIAL
HARRIS COUNTY COURTHOUSE (182ND)
1201 FRANKLIN, SUITE 600
HOUSTON, TEXAS 77002-1906

COUNSEL FOR THE STATE -

WILLIAM COWARDIN AND CELESTE BYROM, ASST. DIST. ATTY'S AT TRIAL
1201 FRANKLIN, SUITE 600
HOUSTON, TEXAS 77002-1906

STANDBY COUNSEL FOR COURT -

HARRIET SEWELL SHANNON       - 6750 WEST LOOP SOUTH, SUITE 647
BELLAIRE, TEXAS 77401

COUNSEL FOR DEFENDANT/APPELLANT -       POLUNSKY UNIT AD. SEG.-DEATH ROW
SAMUEL ESPINOZA RODRIGUEZ (PRO SE)      3872 FM 360 SOUTH (12-F-13)
TDCJ # 1858964                          LIVINGSTON, TEXAS 77351-8580

- 1 -

# B. TABLE OF CONTENTS

A. IDENTITY OF JUDGES, PARTIES AND COUNSEL . . . . . . . . . . . . 1

B. TABLE OF CONTENTS . . . . . . . . . . . . . . . 2,3

C. INDEX OF AUTHORITIES . . . . . . . . . . . . . 3,4

D. STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . 4

E. STATEMENT OF CASE . . . . . . . . . . . . . . 4

F. STATEMENT OF PROCEDURAL HISTORY . . . . . . . . . . 5

G. QUESTIONS PRESENTED . . . . . . . . . . . . . . 2,5,6

1) DID COURT OF APPEALS ERR IN ITS APPLICATIONS OF LAW IN ACCORDANCE WITH PRIOR DECISION OF THIS COURT AND SUPREME COURT OF THE UNITED STATES BY MISUNDERSTANDING AND MISCONSTRUING THE RELEVANT EVIDENCE PRESENTED OF JUDICIAL BIAS? (SEE APPEADH OPINION Pg 34). . . 2,5

2) DID COURT OF APPEALS ERR IN ITS DECISION ON THE IMPORTANT QUESTION OF STATE AND FEDERAL LAW IN A WAY THAT CONFLICTS WITH THE APPLICABLE DECISIONS OF THIS COURT AND THE SUPREME COURT OF THE UNITED STATES, THAT APPELLANTS WAIVER OF COUNSEL WAS KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY HAD? (SEE APP. COURT OPINION, Pg. 10). . . . 2,5

3) DID COURT OF APPEALS ERR BY CONCLUDING THAT TRIAL COURT DID NOT "ABUSE ITS DISCRETION" IN FAILING TO PROPERLY ADMONISH REGARDING THE DANGERS AND DISADVANTAGES OF SELF-REPRESENTATION; FALSLY TELLING APPELLANT HE COULD NOT CHANGE HIS MIND ABOUT RE-PRESENTING SELF AND FOR ASSUMING APPELLANT HAD STANBY COUNSEL? (SEE APP COURT OPINION Pg. 10). . 2,5

4) DID COURT OF APPEALS ERR BY PREMATURELY DENYING APPELLANTS INEFFECTIVE COUNSEL CLAIM OF CONFLICT OF INTERESTS BEFORE SELF-REPRESENTATION? (SEE APP. COURT OPINION Pg. 16). . . . 2,5

5) DID COURT OF APPEALS ERR BY DECIDING APPELLANTS BRADY LAW VIOLATION CLAIM BY USING IMPROPER STANDARD FOR REVIEW? (SEE APP COURT OPINION Pg. 19). . . . . 2,6

6) DID COURT OF APPEAL ERR BY CONCLUDING APPELLANT'S COMPLAINT WAS FOR FALSE TESTIMONY REGARDING MEDICAL TREATMENT COMPLAINANT RECIEVED AFTER SHOOTING? (SEE APP. COURT OPINION Pg. 22). . . 2,6

7) DID COURT OF APPEALS ERR BY CONCLUDING APPELLANT WAIVED HIS COMPLAINT ABOUT COURT REPORTERS FAILURE TO RECORD ALL PROCEEDINGS WITHOUT CONSIDERATION OF APPELLANTS CLAIM OF A CONTINOUS RUNNING OBJECTION? SEE APP. COURT OPINION Pg. 26). . 2,6

8) DID COURT OF APPEALS ERR BY CONCLUDING THAT INVALID CHARGING INSTRUMENTS VESTED COURT WITH JURISDICTION WITH EVENTUAL FILING OF INDICTMENTS AND FOR FAILING TO ADDRESS JURISDICTIONAL "INEXTRICABLY INTERTWINED" SEPERATION OF POWERS VIOLATION? (SEE APP COURT OPINION Pg. 5). 2,6

9) DID COURT OF APPEALS ERR BY IGNORING RELAVANT EVIDENCE IN THE RECORD AND SO FAILED TO ADDRESS APPELLANTS PROPER CHALLENGE TO ENHANCMENT PARAGRAPHS; SEE APP. COURTS OPINION Pg. 8). 2,6

10) DID COURT OF APPEALS ERR BY CONCLUDING APPELLANT FAILED TO SHOW HOW FAILURE TO ENTER WRITTEN RULINGS ON ALL HIS MOTIONS AFFECTED HIS SUBSTANTIAL RIGHTS? SEE APP. COURT OPINION Pg. 30). 2,6

11) DID COURT OF APPEALS "ABUSE ITS DISCRETION" BY REPLACING APPELLANT'S ISSUES PRESENTED WITH STATE APPELLEE'S CLAIMS OF ISSUES PRESENTED? (SEE APP COURT OPINION PAGES 5, 8, 22, 26, -24 AND 28).

H. ——————————————— H. ARGUMENTS . . . . . . . . . 2,3

1. . . . . . . . . . . . . . . . . . 6,7

2. . . . . . . . . . . . . . . . . . 7,8

3. . . . . . . . . . . . . . . . . . 8,9

4. . . . . . . . . . . . . . . . . . 9

5. . . . . . . . . . . . . . . . . 9, 10
6. . . . . . . . . . . . . . . . . 10, 11
7. . . . . . . . . . . . . . . . . 12, 13
8. . . . . . . . . . . . . . . . . 13, 14
9. . . . . . . . . . . . . . . . . 14, 15
10. . . . . . . . . . . . . . . . . 15
11. . . . . . . . . . . . . . . . . 15, 16

I. CONCLUSION . . . . . . . . . . . . . . . . 16

J. PRAYER . . . . . . . . . . . . . . . . 16

CERTIFICATE OF SERVICE . . . . . . . . . . . 16

VERIFICATION AND DECLARATION . . . . . . . . . 16

K. APPENDIXES .

1/ APPEALS COURT OPINION

2/ APPELLANTS PRO SE BRIEF

3/ STATES APPELLATE BRIEF

4/ APPELLANTS PRO SE REPLY BRIEF TO STATES APPELLATE BRIEF

5/ APPELLANTS PRO SE MOTION FOR REHEARING

6/ APPELLANTS PRO SE MOTION FOR EN BANC RECONSIDERATION

## C. INDEX OF AUTHORITIES

ADAM V. U.S. EX REL MCCANN, 317 U.S. 269-79, 63 S.CT. 236-42, 87 L.Ed. 268 . . . 6

AGUILAR V. STATE, 846 S.W. 2d 318 (TEX. CRIM.APP. 1993) . . . 13

AGURS, 427 U.S. AT 103, 96 S.CT. 2392 . . . 11

ALABAMA V. SHELTON, 535 U.S. 654-58, 122 S.CT. 1764, 152 L.Ed 2d 888 (2002) . . . 11

ALCORTA V. TEXAS, 355 U.S. AT 31, 78 S.CT. AT 105 . . . 7

ARIZONA V. YOUNGBLOOD, 488 U.S. 51-57, 109 S.CT. 333, 102 L.Ed 2d 281 (1988) . . . 11

BAGLEY, 473 U.S. AT 676 . . . 10

BERGER V. U.S., 255 U.S. 22-28, 41 S.CT. 230, 65 L.Ed 481 . . . 9, 10

BLANKENSHIP V. STATE, 673 S.W. 2d 578-83 (TEX. CRIM. APP. 1984) . . . 7

BRADY V. MARYLAND, 373 U.S. 83 (1963) . . . 9

BRUMIT V. STATE, 206 S.W. 3d 639 -45 (TEX. CRIM. APP. 2006) . . . 9

CARNEY V. COCHRAN, 369 U.S. 506-516, 82 S.CT. 884 - 90, 8 L.Ed. 2d 70 (1962) . . . 6, 16

COOPER V. STATE, 95 S.W. 3d 488 (TEX. APP - HOUSTON [1ST DIST] 2002 . . . 7

DRAPER V. WASHINGTON, 372 U.S. 488-96, 9 L.Ed 2d 899, 81 S.CT. 774 (1963) . . . 16

EULER V. STATE, 218 S.W. 3d 88-91 (TEX. CRIM. APP. 2007) . . . 15

EX PARTE ADAMS, 768 S.W. 2d 292 (TEX. CRIM. APP. 1989) . . . 15

EX PARTE AUTEN, 459 S.W. 2d 466 (TEX. CRIM. APP. 1977) . . . 11

EX PARTE CHAVEZ, 213 S.W. 3d 320 (TEX. CRIM. APP. 2006) . . . 7

EX PARTE MITCHEL, 977 S.W. 2d 575-78 (TEX. CRIM. APP. 1997) . . . 10

EX PARTE PATTERSON, 740 S.W. 2d 776 (TEX. CRIM. APP. 1987) . . . 10

EX PARTE SPAULDING, 687 S.W. 2d 745 . . . 14

FARETTA V. CALIFORNIA, 422 U.S. 806, 95 S.CT. 2525, 45 L.Ed 2d 562 . . . 14

GAGNON V. SCARPELLI, 411 U.S. 778-86, 93 S.CT. 1756, 36 L.Ed 2d 656 (1973) . . . 6, 7, 9

GALLUPS V. STATE, 151 S.W. 3d 196-98 n.1 (TEX. CRIM.APP. 2004) . . . 16

GOFFEY V. STATE, 843 S.W. 2d 583-84 (TEX. CRIM.APP. 1992) . . . 14

HANCE V. ZANT, 696 F. 2d 940 (11 CIR. 1983) . . . 7

JOHNSON V. STATE, 760 S.W. 2d 277-79 (TEX. CRIM.APP. 1988) . . . 9

JOHNSON V. ZERBST, 304 U.S. 458-68, 58 S.CT. 1019, 82 L.ED. 1461 . . . 7, 8

KYLES V. WHITLEY, 514 U.S. 419-33, 115 S.CT. 1555-56, 131 L.Ed. 2d 490 (1995) . . . 10

LAGRONE V. STATE, 942 S.W. 2d 602-15 (TEX. CRIM. APP. 1997) . . . 10

LEE V. STATE, 791 S.W. 2d 141 (TEX CRIM.APP. 1991) . . . 14

LITEKY V. U.S., 510 U.S. 540-55, 114 S.CT. 1147, 127 L.Ed 2d 474 (1994) . . . 6, 7

LONG V. STATE, 742 S.W. 2d 302 -20 (TEX. CRIM.APP. 1987) . . . 14

MARTINEZ v. STATE, 98 S.W. 3d 189 (TEX. CRIM. APP. 2003) ... 12
MEACHUM v. FANO, 427 U.S. AT 226; 96 S.CT. 2532 ... 14
MOSS v. STATE, 13 S.W. 3d 877-80 (TEX. APP. FORTWORTH 2000) ... 13
NAPUE v. ILLINIOS, 360 U.S. 264; 79 S.CT. 1173, 3 L.Ed 2d 1217 ... 11
PEREZ v. STATE, 261 S.W. 3d 760 [TEX. APP- HOU. [14 DIST] 2008] ... 9
PEOPLE v. DOANE, 200 CAL. APP. 3d 852, 246 C. Rptr. 366-373 (CAL. CT. APP. 1988) ... 9
PLUMMER v. REEVES, 93 S.W. 3d 930-31 [TEX APP-AMARILLO 2003] ... 15
RODRIGUEZ v. STATE, 763 S.W. 2d 893 [TEX. APP- SANANTO 1988] ... 9
SATTIEWHITE v. STATE, 786 S.W. 2d 271-85 (TEX. CRIM. APP. 1989) ... 12
SMITH v. STATE, 309 S.W. 3d 10 (TEX. CRIM. APP. 2010) ... 14
STRICKLER v. GREENE, 527 U.S. 263-80; 119 S.CT. 1936; 144 L.Ed 2d 286 (1999) ... 10
THOMAS v. STATE, 841 S.W. 2d 399-404 (TEX. CRIM. APP. 1992) ... 10
U.S. v. GAGNON, 470 U.S. 522-26, 105 S.CT. 1482, 84 L.Ed 2d 486 (1985) ... 13, 15
WALKER v. TEXAS, 862 S.W. 2d 124 (1997) ... 8
WEBB v. STATE, 533 S.W. 2d 780-85 (TEX. CRIM. APP. 1976) ... 7
WELLS v. STATE, 516 S.W. 2d 663-64 (TEX. CRIM. APP. 1974) ... 13
WHETSTONE v. STATE, 786 S.W. 2d 361-64 (TEX. CRIM. APP. 1990) ... 7
WILLIAMS v. STATE, 252 S.W. 3d at 359 (TEX. CRIM. APP. 2008) ... 7
WILLIAMS v. STATE, 790 S.W. 2d 643 (TEX. CRIM. APP. 1990) ... 15
WYATT v. STATE, 23 S.W. 3d 18-27 (TEX. CRIM. APP. 2000) ... 9

UNITED STATES 14TH AND 6TH CONSTITUTIONAL AMENDMENTS ... 6, 9, 7

TEXAS CONSTITUTIONAL PROVISIONS I § 10 AND I § 19, V § 12(b) ... 7, 6, 13

TEXAS RULES OF APPELLATE PROCEDURE  -  34.5(c) ... 13
38.1(g) ... 11
38.1(e) ... 13, 16
52(a) ... 12

TEXAS CODE OF CRIMINAL PROCEDURE ANN.  -  1.051(h) ... 8
27.02 ... 13
28.02 ... 14

TEXAS GOVERNMENT CODE ANN.  -  22.108 ... 13
52.046 ... 12

## D. STATEMENT REGARDING ORAL ARGUMENT

APPELLANT BELIEVES ORAL ARGUMENT WOULD BE HELPFUL BECAUSE OF HIS PRO SE STATUS, NOT AS A SPECIAL CONSIDERATION, MORE OF A RATIONAL REASONING NECESSITY OF HIS LAYMANSHIP IN LAW. SINCE APPELLANTS ARGUMENTS ARE NOT SO ARTICULITLY PRESENTED IN THIER WRITTEN FORM, AS EVIDENCED BY APPELLATE COURTS MISUNDERSTANDINGS. SO HE SHOULD OR COULD BETTER EXPRESS ARGUMENTS ORALLY AND THIS WOULD GREATLY INSURE A FAIR ADMINISTRATION OF JUSTICE.

## E. STATEMENT OF CASE

SAMUEL ESPINOZA RODRIGUEZ, APPELLANT WAS CHARGED WITH AGGRAVATED ASSUALT SEE- CLERKS RECORD, VOL. 1 OF 1, TRIAL CAUSE #1356099, PAGE 10, AND EVADING ARREST WITH A MOTOR VEHICLE, SEE CLERKS RECORD, VOL. 1 OF 1, TRIAL CAUSE #1356098, PAGE 9. HE WAS TRIED PRO SE BEFORE A JURY IN THE 182ND DISTRICT COURT OF HARRIS COUNTY, TEXAS. BEGINNING ON MAY 14TH, 2013. SEE CLERKS RECORD, VOL. 1 OF 1, TRIAL CAUSES #1356098 AND TRIAL CAUSE #1356099, REPORTERS RECORDS, VOL. 1 OF 6 VOLUMES, FOR MAY TERM 2013.

- 4 -

AFTER CONVICTION APPELLANT WAS SENTENCED TO 50 YEARS FOR EVADING ARREST CASE # 1356098, REPORTERS RECORD, VOL. 5 OF 6 VOL. PAGE 36 AND TO LIFE FOR AGGRAVATED ASSAULT CASE # 1356099, REPORTERS RECORD, VOL. 5 OF 6 VOL. PAGE 36. MOTION FOR A NEW TRIAL WAS FILED BY APPELLANT PRO SE, ON MAY 22, 2013, SEE CLERKS RECORD, VOL. 1 OF 1, TRIAL CAUSE # 1356099, PAGE 279, AND THIS APPEAL FOLLOWED. SEE CLERKS RECORD, VOL. 1 OF 1, TRIAL CAUSE # 1356098, PAGE 224.

ON JANUARY 9TH, 2014, COURT REPORTER FILED ITS FIRST HEARING RECORD OF ABATEMENT. SEE VOL. 1 OF 1, TRIAL CAUSE #S 1356098 AND # 1356099. ON FEBRUARY 18TH, 2014, CLERK RECORD FILED ITS FIRST (1ST) SUPPLEMENTAL RECORD, VOL. 1 OF 1.

ON JULY 8TH, 2014, CLERK FILED ITS 2ND SUPPLEMENTAL RECORD. SEE VOL. 1 OF 1, TRIAL CAUSE # 1356098, AND ON JULY 30TH, 2014, COURT REPORTER FILED ITS 2ND SUPPLEMENTAL RECORD, TWO-PARTS, TRIAL CAUSE 1356098 AND 1356099, VOL. 1 OF 2 VOL. AND VOL. 2 OF 2 VOLUMES.

## F. STATEMENT OF PROCEDURAL HISTORY

(1) THE APPEALS COURT ISSUED ITS OPINION ON MARCH 10TH, 2016, ON BOTH CAUSES 01-13-00447-CR AND 01-13-00448-CR

(2) ON MARCH 24TH, 2016, APPELLANT FILED HIS MOTION FOR REHEARING AND APPELLANTS FIRST MOTION FOR EXTENSION OF TIME TO FILE APPELLANTS PRO SE MOTION FOR EN BANC RECONSIDERATION, ON BOTH CAUSES. APPEALS COURT DATE STAMP SHOWS FILED APRIL 1, 2016.

(3) ON APRIL 11TH, 2016, APPEALS COURT GRANTED APPELLANT'S MOTION TO EXTEND TIME.

(4) ON APRIL 24TH, 2016, APPELLANT FILED HIS PRO SE MOTION FOR EN BANC RECONSIDERATION.

(5) ON JUNE 23, 2016, APPEALS COURT DENIED APPELLANTS PRO SE MOTION FOR REHEARING AND MOTION FOR EN BANC RECONSIDERATION, WITHOUT OPINIONS.

(6) ON JULY 18TH, 2016, APPELLANT PRO SE FILED HIS FIRST MOTION FOR EXTENSION OF TIME TO FILE PETITION FOR DISCRETIONARY REVIEW.

(7) ON JULY 29TH, 2016, COURT OF CRIMINAL APPEALS GRANTED MOTION EXTENDING TIME PERIOD UNTIL SEPTEMBER 23RD, 2016.

## G. QUESTIONS PRESENTED

1) DID COURT OF APPEALS ERR IN ITS APPLICATIONS OF LAW IN ACCORDANCE WITH PRIOR DECISION OF THIS COURT AND SUPREME COURT OF THE UNITED STATES BY MISUNDERSTANDING AND MISCONSTRUING THE RELEVANT EVIDENCE PRESENTED OF JUDICIAL BIAS? (SEE APP. COURT OPINION PAGE 24).

2) DID COURT OF APPEALS ERR IN ITS DECISION ON THE IMPORTANT QUESTION OF STATE AND FEDERAL LAW IN A WAY THAT CONFLICTS WITH THE APPLICABLE DECISIONS OF THIS COURT AND THE SUPREME COURT OF THE UNITED STATES, THAT APPELLANTS WAIVER OF COUNSEL WAS KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY HAD? (SEE APP. COURT OPINION PG. 10).

3) DID COURT OF APPEALS ERR BY CONCLUDING THAT TRIAL COURT DID NOT "ABUSE ITS DISCRETION" IN FAILING TO PROPERLY ADMONISH REGARDING THE DANGERS AND DISADVANTAGES OF SELF-REPRESENTATION; FALSLY TELLING APPELLANT HE COULD NOT CHANGE HIS MIND ABOUT REPRESENTING SELF AND FOR ASSUMING APPELLANT HAD STANDBY COUNSEL? (SEE APP. COURT OPINION PAGE 10).

4) DID COURT OF APPEALS ERR BY PREMATURELY DENYING APPELLANTS INEFFECTIVE COUNSEL CLAIM OF CONFLICT OF INTERESTS BEFORE SELF-REPRESENTATION? (SEE APP. COURT OPINION PAGE 16).

-5-

5) DID COURT OF APPEALS ERR BY DECIDING APPELLANTS BRADY LAW VIOLATION CLAIM BY USING IMPROPER STANDARD FOR REVIEW? (SEE APP. COURT OPINION PG. 19).

6) DID COURT OF APPEALS ERR BY CONCLUDING APPELLANTS COMPLAINT WAS FOR FALSE TESTIMONY REGARDING MEDICAL TREATMENT COMPLAINANT RECIEVED AFTER SHOOTING? (SEE APP. COURT OPINION PG. 22).

7) DID COURT OF APPEALS ERR BY CONCLUDING APPELLANT WAIVED HIS COMPLAINT ABOUT COURT REPORTERS FAILURE TO RECORD ALL PROCEEDINGS WITHOUT CONSIDERATION OF APPELLANTS CLAIM OF A CONTINIOUS RUNNING OBJECTION? (SEE APP. COURT OPINION PG. 26).

8) DID COURT OF APPEALS ERR BY CONCLUDING THAT INVALID CHARGING INSTRUMENTS VESTED COURT WITH JURISDICTION WITH EVENTUAL FILINGS OF INDICTMENTS AND FOR FAILING TO ADDRESS JURISDICTIONAL "INEXTRICABLY INTERTWINED" SEPERATION OF POWERS VIOLATION? (SEE APP. COURT OPINION PG. 5).

9) DID COURT OF APPEALS ERR BY IGNORING RELEVANT EVIDENCE IN THE RECORD AND SO FAILED TO ADDRESS APPELLANTS PROPER CHALLENGE TO ENHANCEMENT PARAGRAPHS? (SEE APP. COURT OPINION PG. 8).

10) DID COURT OF APPEALS ERR BY CONCLUDING APPELLANT FAILED TO SHOW HOW FAILURE TO ENTER WRITTEN RULINGS ON ALL HIS MOTIONS AFFECTED HIS SUBSTANTIAL RIGHTS? (SEE APP. COURT OPINION PG. 30).

11) DID COURT OF APPEALS "ABUSE ITS DISCRETION" BY REPLACING APPELLANT'S ISSUES PRESENTED WITH STATE APPELLEE'S CLAIMS OF ISSUES PRESENTED? (SEE APP. COURT OPINION - PAGES 5, 8, 22, 26 AND 28).

## H. ARGUMENTS AND AUTHORITIES

1) THE COURT OF APPEALS HELD THAT APPELLANT RODRIGUEZ HAS NOT DEMONSTRATED THAT THE TRIAL COURT DEPRIVED HIM OF A FAIR AND IMPARTIAL TRIAL. (SEE APP. COURT OPINION PG 28.) THE IMPORTANCE OF A FAIR AND IMPARTIAL TRIAL IS THE CORNERSTONE OF THE AMERICAN JUDICIAL SYSTEM. A JUDICIAL SYSTEM THAT INCLUDES TEXAS JURISPRUDENCE.

THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION AND OF THE TEXAS CONSTITUTION, IS § 19, DUE COURSE OF LAW REQUIRE A FAIR TRIAL IN A FAIR TRIBUNAL BEFORE A JUDGE WITH NO ACTUAL BIAS AGAINST A DEFENDANT. SEE LITEKY v. UNITED STATES, 510 U.S. 540-55; 114 S. CT. 1147, 127 L. Ed. 2d 474 (1994); BRUMIT v. STATE, 206 S.W. 3d 639-45 (TEX. CRIM. APP. 2006).

APPELLANT RODRIGUEZ CONTENDS, HE HAS SHOWN ACTUAL BIAS, NOT PRESUMED BIAS BY TRIAL COURT AND COURT APPOINTED ATTORNEY, FALSIFYING A GOVERNMENT RECORD, (A SWORN PAUPER'S OATH), THAT APPELLANT PETITIONED COURT FOR APPOINTMENT OF COUNSEL. SEE CLERKS RECORD, VOL. 1 OF 1, TRIAL CAUSE # 1356099, PAGE 154. THIS SWORN PAUPER'S OATH WAS NOT SIGNED BY DEFENDANT/APPELLANT. SEE DOCKET SHEET AT PAGE 284, OF CLERKS RECORD, VOL. 1 OF 1, TRIAL CAUSE # 1356099, DATED SEPTEMBER 26, 2012, STATING DEFENDANT FILED A SWORN PAUPER'S OATH, AND SO JUDGE BARR, JEANINE ORDERED SHANNON, HATTIE SEWELL, APPOINTED AS DEFENSE ATTORNEY. WASN'T SHE ALREADY COUNSEL? SEE CLERKS RECORD, VOL. 1 OF 1, TRIAL CAUSE 1356098, PAGE 13.

APPEALS COURT AT PAGE 25 OF THIER OPINION CLEARLY MISCONSTRUES THIS FALSE SWORN OATH AS HIS APPELLANTS REQUEST FOR APPOINTMENT OF COUNSEL, APPEALS COURT ALSO MISUNDERSTOOD APPELLANTS REFERENCE TO HIS FILED MOTION FOR DISMISSAL OF COUNSEL AND APPOINTMENT OF NEW COUNSEL, AS VALID REASON FOR RE-APPOINTMENT OF SAME COUNSEL. THE RECORD DOES NOT SUPPORT THIS BECAUSE, NO WHERE IN THIS ENTIRE RECORD DOES IT SHOW, JUDGE BARR, JEANINE EVEN CONSIDERED APPELLANTS MOTION TO DISMISS COUNSEL. IN FACT THERE IS NO MOTION FILED BY APPELLANT WITH A RULING, THAT PERTAINS TO COUNSEL IN THE RECORD. SEE CLERKS RECORD, VOL. 1 OF 1, TRIAL CAUSE # 1356099, PAGES 149 THRU 152. THIS AFOREMENTIONED MOTION TO DISMISS COUNSEL WAS FINALLY VERBALLY DENIED BY JUDGE JAY W. BURNETT ON FEBRUARY 4TH, 2013, "BECAUSE I DON'T KNOW IF IT WILL SOLVE ANYTHING", SEE REPORTERS RECORD, PRE-TRIAL HEARING, VOL. 1 OF 2 VOL, PAGE 34, SENTENCE 9 THRU 11.

WHAT THIS FALSE GOVERNMENT RECORD A (SWORN PAUPER'S OATH) DOES SHOW IS JUDGE JEANINE BARR'S ANTAGANISM TOWARDS DEFENDANT/APPELLANT BY FORCING UNWANTED COUNSEL, SHANNON, HATTIE SEWELL UPON HIM, AND FAVORITISM TO COUNSEL SHANNON, HATTIE SEWELL, BY IGNORING DEFENDANTS/APPELLANTS MOTION TO DISMISS COUNSEL FOR CONFLICT OF INTERESTS AND REAPPOINTING COUNSEL SECRETLY AND ILLEGALLY.

"THE CONSTITUTION DOES NOT FORCE A LAWYER UPON A DEFENDANT." ADAMS v. UNITED STATE S EX REL MCCANN, 317 U.S. 269-79, 63 S. CT. 236-42, 87 L. Ed 268; FARETTA v. CALIFORNIA, 422 U.S. 806, 95 S. CT. 2525, 45 L. Ed 2d 562.

-6-

AND SO COURTS ACTIONS TOWARD DEFENDANT/APPELLANT DOES DEMONSTRATE AND RE-VEAL ANTAGANISM AND FAVORTISM SO THAT A FAIR JUDGMENT WAS IMPOSSIBLE. LITEKY AT 555; BERGER v. UNITED STATES, 255 U.S. 22-28, 41 S. CT. 230, 65 L. Ed. 481.

2) THE COURT OF APPEALS HELD THAT APPELLANT RODRIGUEZ'S WAIVER WAS VALID AS TO BOTH CHARGES. (SEE APP. COURT OPINION PG. 16).

THE IMPORTANCE FOR STATE JURIPRUDENCE IS IN SHOWING RESPECT TO UNITED STATES SUPREME COURT PRECEDENT AND BECAUSE ISSUE IS LIKELY TO RECURR IN FUTURE CASES.

THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I §10 OF THE TEXAS CONST. PROVIDES THAT A DEFENDANT IN A CRIMINAL TRIAL HAS THE RIGHT TO ASSIST-ANCE OF COUNSEL. THIS SIXTH AMENDMENT ALSO INCLUDES THE RIGHT TO SELF REPRESENTATION. HOWEVER AN ACCUSED MUST "KNOWINGLY AND INTELLIGENTLY" (VOLUNTARILY) FORGO THOSE RELINQUISHED BENEFITS ASSOCIATED WITH THE RIGHT TO COUNSEL. JOHNSON v. ZERBST, 304 U.S. AT 464; FARETTA v. CALIFORNIA, 422 U.S. AT 806.

BUT AN ACCUSED MUST BE MADE AWARE OF THE DANGERS AND DISADVANTAGES OF SELF-REPRESENTATION, SO THE RECORD WILL ESTABLISH THAT HE "KNOWS WHAT HE IS DOING AND HIS CHOICE MADE WITH EYES OPEN." FARETTA, 422 U.S. AT 835; 95 S. CT. AT 2541; GOFFNEY v. STATE, 843 S.W. 2d 583-84 (TEX. CRIM. APP. 1992).

HERE IN APPELLANT'S CASE THE WHOLE FARETTA PRE-TRIAL HEARING, REPORTERS RE-CORD, VOL. 1 OR VOL. 2, TRIAL CAUSE 1356099, IS SILENT AND CONTAINS NO COLLOQUY OR MENT-ION OF TRIAL CAUSE #1356098 AT ALL? THAT APPELLANT RODRIGUEZ INTENTED TO WAIVE HIS RIGHT TO COUNSEL FOR TRIAL CAUSE #1356099 IS NOT, AND SHOULD NOT HAVE BEEN THE PREDOMIN-ATING FACTOR THAT APPEALS COURT IMPORTS! WHAT IS CRITICAL AND ESSENTIAL TO INTENT IS IF THAT WAIVER IS EVEN VALID BECAUSE WOULD DEFENDANT/APPELLANT'S WAIVER BE VOLUNT-ARLY, KNOWINGLY AND INTELLIGENTLY HAD WITHOUT BEING AWARE THAT HE WAS WAIVING COUNSEL FOR NOT JUST TRIAL CAUSE 1356099, BUT ALSO FOR TRIAL CAUSE 1356098, AS EVIDENCED FROM THIS SILENT RECORD.

AN INVALID WAIVER WAIVES NOTHING, THEREFORE RODRIGUEZ'S RIGHT TO COUN-SEL REMAINED INTACT. SEE WILLIAMS v. STATE, 252 S.W. 3d AT 359 (TEX. CRIM. APP. 2008); ALABAMA v. SHELTON, 535 U.S. 654-58, 122 S. CT. 1764, 152 L. Ed. 2d 888 (2002).

THIS COURT AND THE U.S. SUPREME COURT HAVE STATED THAT A WAIVER WILL NOT BE PRESUMED FROM A SILENT RECORD. EX PARTE AUTEN, 458 S.W. 2d 466 (TEX. CRIM. APP. 1977); CAR-NLEY v. COCHRAN, 369 U.S. 506-16, 82 S. CT. 884-90, 8 L. Ed 2d 70 (1962).

ALSO THAT A WAIVER WILL NOT BE "LIGHTLY INFERRED" AND COURTS WILL INDULGE EVERY REASONABLE PRESUMPTION AGAINST THE WAIVER. WEBB v. STATE, 533 S.W. 2d 780-85 (TEX. CRIM. APP. 1976); JOHNSON v. ZERBST, 304 U.S. 458, 58 S. CT. 1019, 82 L. Ed. 1461 (1938).

HERE COURT OF APPEALS DISREGARDS THESE PRIOR DECISIONS, SEE PAGE 15 OF APP. COURT'S OPINION, WHERE APPEALS COURT STATES THAT "ALTHOUGH THE STATE DID NOT SAY AT THE FARETTA HEARING THAT IT WAS PROCEEDING ON THE INDICTMENT IN CAUSE NUMBER-1356098, [SILENT RECORD], RODRIGUEZ'S WAIVER WAS VALID AS TO EVADING ARREST CHARGED IN 1356098, BECAUSE, AT THE TIME OF THE FARETTA HEARING, THE SUBSTA-NCE OF 1356098 WAS CHARGED IN 1356099. ["LIGHTLY INFERRED"].

FARETTA HEARING RECORD IN THIS CASE DOES NOT SUPPORT APP. COURTS DECISION BE-CAUSE INDICTMENT NO. 1356099, DOES NOT CHARGE BOTH OFFENSES, IT CONTAINS SURPLU-SAGE (SURPLUS LANGUAGE) OF CAUSE 1356098. SURPLUSAGE IS UNNECESSARY LANGUAGE NOT LEGALLY ESSENTIAL TO CONSTITUTE THE OFFENSE ALLEGED IN THE CHARGING INSTRUMENT. (INDICTMENT #1356099), SEE WHETSTONE v. STATE, 786 S.W. 2d 361-64 (TEX. CRIM. APP. 1990). SEE REPORTERS RECORD, VOL. 2 OF 6 VOL., PAGES 8 THRU 9, SENTENCES 5 THRU 5, "WHERE STATE AB-ANDONED "SURPLUS LANGUAGE", NOT CHARGE #1356098, AS APP. COURT ERRONEOUSLY SUR-MISES IN ITS OPINION AT PAGE 15.

APPEALS COURT ALSO IGNORES OTHER RELEVANT EVIDENCE OF NOT JUST ONE BUT TWO FARETTA HEARINGS AND THE TOTALITY OF THOSE CIRCUMSTANCES THEREIN. SUCH AS TRIAL COURTS FARETTA COLLOQUY, AT PRE-TRIAL HEARING, FEBRUARY 4TH, 2013, VOL. 1 OF 2 AT PAGE 9, WHERE COURT TELLS DEFENDANT/APPELLANT "YOU'RE NOT BEING CHARGED WITH THESE OTHER CASES." SAME VOL. 1 OF 2, AT PAGE 10, WHERE COURT STATES "TRIAL CAUSE 1356099. THATS THE ONLY CASE THEY'RE GOING FORWARD ON! HOWEVER YOU HAVE "ALLEGED IN THE INDICTMENT" WHICH YOU WILL BE GIVEN A COPY OF THIS MORNING, TWO ALLEGATIONS EACH ALLEGING THAT YOU'VE ONCE BEFORE CONVICTED OF A FELONY. [EMPHASIS ON]" NO MENTION OF TRIAL CAUSE 1356098, EVADING ARREST CHARGE IN THE INDICTMENT!"

ON FEBRUARY 5TH, 2013, PRE-TRIAL HEARING, VOL. 2 OF 2 VOL. AT PAGE 4, SENTENCE 7 THRU 19, COURT STATES: MR. RODRIGUEZ IS CHARGED WITH SEVERAL OFFENSES, HOWEVER AS WE DISCUSSED YESTERDAY WE HAVE THE REINDICTMENT, WHICH IS CORRECT ME IF I'M WRONG, COUNSEL FOR THE STATE, THATS IS IT # 1356099? COUNSEL FOR STATE: THATS CORRECT YOUR HONOR. THE COURT: THANK YOU AND THATS THE AGGRAVATED ASSUALT WITH A DEADLY WEAPON?

COURT OF APPEALS ALSO BELIEVES DEFENDANT/APPELLANT EXPRESSES ACQUIESCENCE AFTER STATE PROCEEDED ON BOTH CHARGES. SEE APP. COURT OPINION PAGE 16. AGAIN APPEALS COURT IGNORES RELEVANT EVIDENCE OF FARETTA PRE-TRIAL HEARING, FEBRUARY 4TH, 2013, VOL. 1 OF 2 AT PAGE 21, WHERE COURT INFORMED APPELLANT THAT " YOU WILL NOT BE ALLOWED TO COME BACK IN HERE THE NEXT TIME WHETHER ITS ME, JUDGE BARR, OR SOME OTHER JUDGE, AND SAY, WELL, NOW I WANT A COURT APPOINTED COUNSEL TO DO THIS." I DON'T WANT TO REPRESENT MYSELF".

3) THE COURT OF APPEALS HELD THAT RODRIGUEZ WAS PROPERLY INFORMED OF THE DANGERS AND DISADVANTAGES OF SELF-REPRESENTATION AND THAT HIS DECISION TO WAIVE COUNSEL WAS COMPETENT, KNOWING, VOLUNTARY AND INTELLIGENT. (SEE APP. COURT OPINION PS. 13).

THE IMPORTANCE OF THIS ISSUE TO TEXAS JURISPRUDENCE IS NECESSARY BECAUSE OF INTERMEDIATE COURTS DIFFERENT APPLICATIONS OF WHAT CONSTITUTES "ABUSE OF DISCRETION".

APPEALS COURT IN ITS OPINION AT PAGE 13, ERRS RELYING SOLELY ON FARETTA COLLOQUY FOR TRIAL CAUSE 1356099. NO WHERE IN THE RECORD IS IT EVIDENCED THAT TRIAL COURT INFORMED OR ADMONISHED DEFENDANT/APPELLANT ABOUT "THE DANGERS AND DISADVANTAGES OF SELF-REPRESENTATION FOR TRIAL CAUSE 1356098. TRIAL COURTS ARE RESPONSIBLE FOR DETERMINING WHETHER A DEFENDANT/APPELLANTS WAIVER IS KNOWING, INTELLIGENT AND VOLUNTARY. TO ASSESS IF WAIVER IS EFFECTIVE COURTS MUST EXAMINE "THE PARTICULAR FACTS AND CIRCUMSTANCES OF THE CASES. JOHNSON V. ZERBST, 304 U.S. 458-68, 58 S. CT. 1019, 82 L. Ed. 1461.

APPEALS COURTS ARE ALSO RESPONSIBLE FOR INFORMING DEFENDANTS "THAT THERE ARE TECHNICAL RULES OF EVIDENCE AND PROCEDURE, AND HE WILL NOT BE GRANTED ANY SPECIAL CONSIDERATION SOLELY BECAUSE HE ASSERTED HIS PRO SE RIGHTS. JOHNSON V. STATE, 760 S. W. 2d 277-79 (TEX. CRIM. APP. 1988).

RELEVANT EVIDENCE IS BEING IGNORED BY APPEALS COURT THAT TRIAL COURT GAVE DEFENDANT/APPELLANT SPECIAL CONSIDERATION, FOR ASSERTING HIS PRO SE RIGHTS! SEE FARETTA PRE-TRIAL HEARING, VOL. 1 OF 2, PAGE 21, WHERE TRIAL COURT TELLS APPELLANT " YOU WILL NOT BE ALLOWED TO COME BACK IN HERE THE NEXT TIME WHETHER ITS ME, JUDGE BARR, OR SOME OTHER JUDGE, AND SAY WELL NOW I WANT A COURT APPOINTED COUNSEL TO DO THIS." I DON'T WANT TO REPRESENT MYSELF." THIS IS FALSE MISINFORMATION OF THE LAW. THE TEXAS CODE OF CRIMINAL PROCEDURE ANN. ARTICLE 1.051(h) (VERNON 2005) PROVIDES: "A DEFENDANT MAY WITHDRAW A WAIVER OF THE RIGHT TO COUNSEL AT ANY TIME". SEE WALKER V. TEXAS, 962 S.W. 2d 124 (1992).

TRIAL COURT ALSO "ABUSED ITS DISCRETION" BY DENYING APPELLANT ACCESS TO THE LAW LIBRARY. AS A DANGER AND DISADVANTAGE OF SELF-REPRESENTATION

WHEN AND WHILE COURT NEVER ADMONISHED APPELLANT TO TRIAL CAUSE 1356098, COUPLED WITH APPEALS COURTS ERRONEOUS RELIANCE IN ITS DECISION, SEE APP. COURT OPINION PAGE 19, THAT APPELLANT HAD STANDBY COUNSEL.

THEREFORE APPEALS COURTS CONCLUSION THAT TRIAL COURT DID NOT "ABUSE ITS DISCRETION" IS NOT SUPPORTED BY THE RECORD BECAUSE IT DOES NOT REFLECT ADMONISHMENT OF DEFENDANT/APPELLANT ON BOTH CHARGES AND FOR TRIAL COURTS MIS-CONSTRUING OF THE LAW. BLANKENSHIP V. STATE, 673 S.W. 2d 578-83 (Tex.Crim.App. 1984).

4) THE COURT OF APPEALS HELD THAT RODRIGUEZ CANNOT MEET HIS BURDEN ON HIS CON-FLICT OF INTEREST INEFFECTIVE ASSISTANCE CLAIM. (SEE APP. COURT OPINION PAGES 16 AND 17.)

COURT OF APPEALS MISUNDERSTANDS FROM THE BEGINNING THAT APPELLANT IS CHALLEN-GING INEFFECTIVE "STANDBY COUNSELS BECAUSE OF CONFLICT OF INTEREST." APPELLANT DID NOT HAVE STANDBY COUNSEL, COURT DID. SEE REPORTERS RECORD, PRE-TRIAL HEARING, VOL: 2 OF 2 VOL., PAGE 9 THRU 10, WHERE COURT DENIED STANDBY COUNSEL. AND SEE REPORTERS RECORD, VOL. 2 OF 6 VOL. PAGE 11, SENTENCE 24 AND 26. WHERE COURT STATES STANDBY COUNSEL NOT FOR DEFENSE.

APPELLANTS CONTENTION WAS OF INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE OF CONFLICT OF INTEREST THAT FORCED HIM TO REPRESENT HIMSELF. SEE FARETTA, 422 U.S. AT 834, WHICH STATES "WHEN A CONVICTED DEFENDANT HAS INSISTED UPON SELF-REPRESENTATION, ANY SUBSEQUENT, [THAT MEANS AFTER THAT POINT], CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL IS NOT TO BE CONSIDERED."

PURSUANT TO THE SUPREME COURTS CAUTION IN FARETTA, Id; ANY CLAIM OF INEFFECTIVENESS OF COUNSEL MUST RELY SOLELY UPON COUNSEL'S FAILURES RATHER THAN ON AN ALLEGED INADEQUACY IN DEFENDANTS OWN REPRESENTATION OF HIMSELF. SEE, e.g. PEOPLE V. DOANE, 200 CAL. APP. 3d 852, 246 C. Rptr. 366-73 (CAL. CT. APP. 1988).

WHERE A DEFENDANT IS INITIALLY REPRESENTED COUNSEL BUT SUBSEQUENT-LY REQUESTS TO PROCEED PRO SE, HE MAY ALLEGE THAT COUNSEL WAS INEFFECTIVE AT LEAST UP TO THE POINT WHERE THE DEFENDANT BEGAN TO REPRESENT HIMSELF. PEREZ V. STATE, 261 S.W. 3d 760 [TEX APP-HOU [14 DIST.] 2008]; RODRIGUEZ-STATE, 763 S.W. 2d 893 (TEX. APP.-SAN ANTO, 1988); AND HANCE V. ZANT, 696 F. 2d 940 (11-CIR. 1983).

THEREFORE THIS COURT OF CRIMINAL APPEALS SHOULD ADDRESS THIS UNSETTLED APPLICATION OF THE LAW.

5) THE COURT OF APPEALS HELD THAT RODRIGUEZ HAS NOT SHOWN THAT THE FAIL-URE TO PRESERVE THE VIDEO VIOLATED HIS DUE PROCESS RIGHTS. (SEE APP. COURT OPINION, PAGE 21).

THIS IS AN IMPORTANT ISSUE TO TEXAS JURIPRUDENCE IN THAT THE MATERIAL QUESTION OF THE BRADY LAW REASONING BY APPEALS COURT RUNS COUNTERS TO THAT OF THIS COURT AND UNITED STATES SUPREME COURTS PRECEDENT.

UNDER BRADY TO ENSURE ACCUSED A FAIR TRIAL, A PROSECUTOR HAS AN AFFIRMA-TIVE DUTY UNDER THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO DISCLOSE TO THE ACCUSED ALL EXCULPATORY OR IMPEACHMENT EVIDENCE REGARDLESS OF THE GOOD FAITH OR BAD FAITH OF THE PROSECUTION), WHICH IS FAVORABLE TO THE DEF-ENDANT AND IS MATERIAL TO EITHER GUILT OR PUNISHMENT. BRADY, 373 U.S. AT 87; BAGLEY, 473 U.S. AT 676.

A DUE PROCESS VIOLATION OCCURS IF THE PROSECUTOR FAILS TO DISCLOSE EVIDENCE THAT IS FAVORABLE TO THE DEFENDANT AND MATERIAL. WYATT-V. STATE, 23 S.W. 3d 18-27 (Tex. Crim. APP. 2000).

- 9 -

HERE APPELLANT HAS SHOWN APPEALS COURT THAT THE STATE FAILED TO DISCLOSE TO THE APPELLANT OR HIS PRIOR ATTORNEY ALL EXCULPATORY AND IMPEACHING EVIDENCE, NAMELY A "FLASH DRIVE VIDEO OF SHOOTING OF COMPLAINTANT BY SUSPECT" (APPELLANT) SEE CLERKS RECORD, VOL. 1 OF 1, TRIAL CAUSE #1356099, PAGE 179.

UNDER BRADY THE DEFENDANT BEARS THE BURDEN OF SHOWING THAT IN LIGHT OF ALL THE EVIDENCE, IT IS REASONABLY PROBABLE THE OUTCOME OF THE TRIAL WOULD HAVE BEEN DIFFERENT HAD THE PROSECUTOR MADE A TIMELY DISCLOSURE. APPELLANT HAS SHOWN APPEALS COURT THAT THERE WERE ONLY FOUR (4) WITNESSES TO THE SHOOTING: THE FIRST BEING "FLASH DRIVE VIDEO" SEE CLERKS RECORD, VOL. 1 OF 1, TRIAL CAUSE 1356099, PAGE 179, A FLASH DRIVE VIDEO THAT WAS SEEN BY POLICE! SEE REPORTERS RECORD, VOL. 4 OF 6 VOL., PAGE 10, SENTENCE 21.; THE SECOND BEING APPELLANT/SUSPECT, SEE REPORTERS RECORD, VOL. 4 OF 6 VOL., PAGE 65 AND VOL. 4 OF 6 VOL. PAGE 84; COMPLAINTANT-JOSE BREQIESCAS, REPORTERS RECORD, VOL. 4 OF 6 VOL. PAGE 36 AND STATES WITNESS/FRIEND OF COMPLAINTANT-VICTORIA MORENO, REPORTERS RECORD, VOL. 2 OF 6 VOL. PAGE 116.

THEREFORE APPELLANT HAS SHOWN APPEALS COURT THAT "FLASH DRIVE VIDEO OF SHOOTING OF COMPLAINTANT BY SUSPECT/APPELLANT" WAS FAVORABLE BECAUSE IT WAS BOTH EXCULPATORY, IN THAT IT WOULD SHOW APPELLANT WAS ACTING IN SELF-DEFENSE AND IMPEACHING BECAUSE IT WOULD CONTRADICT WITNESSES TESTIMONY, WHICH IF DISCLOSED AND USED EFFECTIVELY MAY HAD MADE THE DIFFERENCE BETWEEN CONVICTION AND ACQUITTAL, MORESO BECAUSE APPELLANT HAD NO OTHER WITNESS IN HIS BEHALF.

STATES FAILURE ADVERSELY AFFECTED THE PREPERATION AND PRESENTATION OF APPELLANTS CASE. BY FAILING TO DISCLOSE EXCULPATORY AND IMPEACHING VIDEO EVIDENCE, STATE PREJUDICED APPELLANT FROM EFFECTIVELY MOUNTING A DEFENSE. THOMAS V. STATE, 841 S.W. 2d 399-404 (TEX. CRIM APP. 1992); SEE BAGLEY, 473 U.S. AT 676.

SO THERE IS A REASONABLE PROBABILITY, THAT, HAD THIS VIDEO EVIDENCE BEEN DISCLOSED TO THE DEFENSE, THE OUTCOME OF THE PROCEEDING (TRIAL) WOULD HAVE BEEN DIFFERENT. LAGRONE V. STATE, 942 S.W. 2d 602-15 (TEX. CRIM. APP. 1997); KYLES V. WHITLEY, 514 U.S. 419-33; 115 S.CT. 1555-66 131 L.Ed 2d 490 (1995).

APPEALS COURTS DECISION AT PAGE 20, OF ITS OPINION, MISCONSTRUES APPELLANTS WORDS, THAT RODRIGUEZ CONTENDS THAT THE VIDEO MIGHT HAVE EXONERATED HIM, THEREFORE MAKING IT ONLY "POTENTIALLY USEFUL EVIDENCE". THIS CHARACTERIZATION IS ERRONEOUS, BECAUSE APPELLANT HAD ALREADY ESTABLISHED VIDEO EVIDENCE'S EXCULPATORY AND IMPEACHING VALUE. COURT OF APPEALS RELIANCE ON MISTATEMENT OF FACTS RESULTED IN THE USE OF A IMPROPER STANDARD OF REVIEW IN DECISION OF APPELLANTS BRADY CLAIM.

AS THIS COURT HAS STATED: THE DUE PROCESS CLAUSE "MAKES THE GOOD OR BAD FAITH OF THE STATE IRRELEVANT WHEN THE STATE FAILS TO DISCLOSE TO THE DEFENDANT MATERIAL EXCULPATORY EVIDENCE. EX PARTE CHAVEZ, 213 S.W. 3d 320-(TEX. CRIM. APP. 2006); EX PARTE MITCHEL, 977 S.W. 2d 575-78 (TEX. CRIM. APP. 1997); STRICKLER V. GREENE, 527 U.S. 263-80, 119 S.CT. 1926, 144 L.Ed. 2d 286 (1999); AND ARIZONA V. YOUNGBLOOD, 488 U.S. 51-57, 109 S.CT. 333, 102 L.Ed 2d 281 (1988).

6) THE COURT OF APPEALS HELD THAT ON THIS RECORD, THE ALLEGED DISPARITIES BETWEEN JOSE'S TESTIMONY AND THE MEDICAL RECORDS ARE NOT MATERIAL AND ACCORDINGLY, DO NOT CONSTITUTE A DUE PROCESS VIOLATION. (SEE APP. COURT OPINION-PAGE 24).

THIS ISSUE IS OF IMPORTANCE TO THIS STATES JURISPRUDENCE BECAUSE THE COURT OF APPEALS REASONING OF THE MATERIAL QUESTION OF LAW NECESSARY TO ITS DECISION RUNS COUNTER TO THIS COURTS PRIOR PRECEDENT.

APPEALS COURT BEGINS ITS REVIEW WITH ASSUMPTION THAT APPELLANTS CLAIM WAS THAT TRIAL COURT ERRED BY PERMITTING STATE TO ADDUCE COMPLAINTANTS FALSE TESTIMONY REGARDING "MEDICAL TREATMENT HE RECIEVED AFTER SHOOTING." WHEN APPELLANTS CLAIM (SEE APPELLANTS PRO SE BRIEF IN APPENDIX 2/) DID TRIAL COURT COMMIT REVERSABLE ERROR BY ALLOWING STATE TO SOLICIT PERJUROUS TESTIMONY, THAT IT KNEW WAS FALSE?

DELIBERATE DECEPTION OF A COURT AND JURORS BY THE PRESENTATION OF KNOWN FALSE EVIDENCE IS INCOMPATABLE WITH "THE RUDIMENTARY DEMANDS OF JUSTICE," THE SAME RESULT WHEN THE PROSECUTION OBTAINS" ALTHOUGH NOT SOLICITING FALSE EVIDENCE, ALLOWS IT TO GO UNCORRECTED WHEN IT APPEARS. NAPUE V. ILLINIOS, 360 U.S. 264, 79 S. CT. 1173, 3 L. Ed. 2d 1217.

APPELLANTS CLAIM WAS THAT THE STATE USED FALSE TESTIMONY TO OBTAIN A CONVICTION, AND THE STATE KNEW IT WAS FALSE, AS STATE INTRODUCED, STATES EXHIBIT #23, SEE CLERKS RECORD, VOL. 6 OF 6 VOL. MEDICAL RECORDS. APPEALS COURT MISCONSTRUES THIS AS JOSE'S TESTIMONY CONFLICTED WITH MEDICAL TREATMENT. THE MEDICAL RECORDS ARE APPELLANTS EVIDENTIARY PROOF OF FALSE TESTIMONY, RELEVANT EVIDENCE NOT JUST CONCLUSIONARY ASSERTIONS. ESTABLISHING THAT THERE IS REASONABLE LIKELIHOOD THAT THESE NUMEROUS FALSE TESTIMONY'S COULD OF AFFECTED THE JUDGMENT OF THE JURY. AGURS, 427 U.S. AT 103, 96 S. CT. 2392.

IT IS CLEAR FROM THE RECORD COMPLAINTANT PERJURED HIMSELF PURPOSELY TO OBTAIN SYMPATHY FROM THE JURY. THE JURY AS EXCLUSIVE JUDGE OF FACTS, WAS ENTITLED TO WEIGH AND RESOLVE CONFLICTS IN THE EVIDENCE, NOT FABRICATIONS, AND THEN DRAW REASONABLE INFERENCES THEREFROM. THESE FALSE TESTIMONIES PREJUDICED THE JURY AGAINST APPELLANT, AND STATES ACTIVE OR PASSIVE USE OF THIS PERJURED TESTIMONY VIOLATED APPELLANTS RIGHTS TO DUE PROCESS TO OBTAIN A CONVICTION. EX PARTE ADAMS, 768 S.W. 2d 292 (TEX. CRIM. APP 1989).

FURTHER THE UNITED STATES SUPREME COURT HAS HELD THAT THE PASSIVE USE OF PERJURED TESTIMONIES, WHERE PROSECUTOR KNOWINGLY FAILED TO CORRECT PERJURED TESTIMONY DENIED DUE PROCESS. ALCORTA V. TEXAS, 355 U.S. AT 31, 78 S. CT. AT 105; EX PARTE ADAMS, ID.

APPEALS COURT ALSO IGNORED RELEVANT EVIDENCE THAT APPELLANT DID DISPUTE SHOOTING JOSE AT POINT BLANK RANGE", SEE REPORTERS RECORD, VOL. 4 OF 6 VOL. PAGE 65, SENTENCE 17 THRU 19, "JOSE COMING AT ME, GUN WENT OFF"; SEE ALSO SEE SAME VOL. 4 OF 6 VOL, PAGE 86, SENTENCE 11 THRU 15, "SHOT ACCIDENT".

APPELLANT ALSO DISPUTED THAT JOSE DID NOT SUSTAIN SERIOUS BODILY-INJURY, 1) BECAUSE JOSE "WALKING AROUND WHEN HOUSTON FIRE DEPT. ARRIVED". 2) JOSE WAS NOT TRANSPORTED BY "LIFE FLIGHT" BUT BY AMBULENCE. 3) ON SAME DAY OF SHOOTING, CHAALIAN TOOK JOSE'S SON TO SEE HIM, SINCE "NO VISIBLE INJURIES".

IT IS EVIDENT THAT COURT OF APPEALS IGNORED RELEVANT EVIDENCE OF APPELLANTS CONTRADICTION TO UNTRUE FACT, T.R.A, P. 38.1(G) "BULLET PUNCTURED HIS LUNG", AS BOTH STATE APPELLEE IN ITS STATES APPELLATE BRIEF, STATEMENT OF FACTS, PAGE 2 - SENTENCE 12 AND APPEALS COURT IN ITS OPINION, PAGE 2, RELY ON THIS UNTRUTH NOT SUPPORTED BY MEDICAL RECORDS. MAKING IT MORE OF A LIKELIHOOD THAT THE JURY DID ALSO!

THE UNITED STATES SUPREME COURT HAS SAID THAT STRICT STANDARDS ARE APPROPIATE FOR FALSE TESTIMONY CASES, BECAUSE THEY NOT ONLY INVOLVE "PROSECUTIONAL MISCONDUCT" BUT ALSO A "CORRUPTION OF THE TRUTH SEEKING FUNCTION OF THE TRIAL PROCESS. AGURS, 427 U.S. AT 104, 96 S. CT. AT 2397.

- 11 -

1/ APPENDIX 5/ PAGE 7, POINT 5     2/ APPENDIX 5/ PAGE 7, POINT 6

7) THE COURT OF APPEALS HELD THAT RODRIGUEZ DID NOT OBJECT TO THE COURT REPORTERS FAILURE TO RECORD BENCH CONFERENCES. ACCORDINGLY, HIS ARGUMENT REGARDING THE COURT REPORTERS FAILURE TO RECORD BENCH CONFERENCES IS WAIVED. (SEE APP. COURT OPINION, PAGE 27).

IT IS IMPORTANT TO STATES JURIPRUDENCE BECAUSE APPEAL COURTS DECISION CONFLICTS WITH PRIOR PRECEDENT OF THIS COURT ON THIS ISSUE.

AGAIN THE APPEALS COURT MISCONSTRUES APPELLANTS CLAIM THAT RODRIGUEZ CONTENDS THAT THE COURT REPORTER FAILED TO RECORD BENCH CONFERENCES AND THAT THE RECORD CONTAINS OTHER OMMISSIONS, SUCH AS MISSING WORDS AND UNCLEAR NOTATIONS. APPELLANTS COMPLAINT (SEE APPENDIX 2/ APPELLANTS PRO SE BRIEF), WAS "DID TRIAL COURT COMMIT REVERSABLE ERROR BY ALLOWING COURT REPORTER TO FAIL TO RECORD ALL TRIAL PROCEEDINGS IN ACCORDANCE WITH GOV. CODE ANN. 352. 046 (VERNON 1998)" ON REQUEST, AFTER COURT FINDING BY MOTION FOR SUCH, DENYING APPELLANT A FAIR TRIAL."

THAT APPELLANTS MOTION FOR COURT REPORTER TO RECORD ALL TRIAL PROCEEDINGS WAS A "CONTINOUS RUNNING "MOTION" OBJECTION", SEE PAGE 11 OF APPELLANTS PRO SE BRIEF IN APPENDIX 2/, WAS IGNORED, NOT ADDRESSED BY APPEALS COURT IN ITS OPINION AT PAGE 27, STATING RODRIGUEZ DID NOT OBJECT AT TRIAL. THIS FINDING CONFLICTS WITH PRIOR PRECEDENT OF THIS COURT. SEE MARTINEZ V. STATE, 98 S.W. 3d 189, (TEX CRIM APP. 2003), WHERE THIS COURT NOTED THAT THERE ARE TWO EXCEPTIONS TO THE LAW IN TEXAS, THAT REQUIRES A PARTY TO CONTINUE TO OBJECT. THE TWO EXCEPTIONS REQUIRE COUNSEL TO EITHER (1) OBTAIN A RUNNING OBJECTION, OR (2) REQUEST A HEARING OUTSIDE THE PRESENCE OF THE JURY.

SO APPELLANT DID OBJECT, SEE CLERKS RECORD, VOL. 1 OF 1, TRIAL CAUSE 1356098, PAGE 136-138 AND PAGES 167-168. THIS COURT HAS STATED THAT THE USE OF RUNNING OBJECTIONS FITS WITHIN THE PURVIEW OF TEX. R. APP. PROC. 52(a)s REQUIREMENT OF A TIMELY AND SPECIFIC TRIAL OBJECTIONS TO PRESERVE APPELLATE REVIEW/COMPLAINT. THE PURPOSE OF LODGING TIMELY AND SPECIFIC OBJECTIONS IS TO INFORM THE TRIAL COURT OF THE BASIS OF THE OBJECTION AND TO GIVE THE COURT AN OPPORTUNITY TO RULE ON THE SPECIFIC OBJECTION AS THE EVIDENCE IS INTRODUCED", AS LONG AS THE RUNNING OBJECTION CONSTITUTED A TIMELY OBJECTION, STATING THE SPECIFIC GROUNDS FOR THE RULING, THE MOVEMENT DESIRED THE COURT TO MAKE . . . . [ ] THEN THE ERROR SHOULD BE DEEMED PRESERVED BY AN APPELLATE COURT. see SATTIEWHITE V. STATE, 986 S.W. 2d 271-85 (TEX. CRIM. APP. 1998) CERT DENIED, 498 U.S. 881, 111 S.CT. 226, 112 L.Ed. 2d 181 (1990).

APPELLANTS MOTION FOR COURT REPORTER TO RECORD ALL PROCEEDINGS AT CLERKS RECORD, VOL. 1 OF 1, TRIAL CAUSE 1356098, PAGES 136-138, SHOWS THE SPECIFIC GROUNDS NUMBERED ONE (1) THRU TEN (10), REQUIREMENTS FOR RULING, NOT JUST BENCH CONFERENCES, TYPOGRAPHICAL ERRORS AND UNCLEAR NOTATIONS. FURTHER APPELLANTS MOTION AT PAGE 2 OF MOTION, SPECIFICALLY STATES THE MOVEMENT HE WANTS COURT TO TAKE, SEE PAGE 138, "THIS MOTION IS A CONTINUING MOTION AND THE DEFENDANT/APPELLANT REQUESTS A RULING FROM THE COURT ON THIS MOTION, WHICH RULING OF THE COURT IS ALSO A CONTINUING RULING THROUGHOUT THIS CAUSE!

APPELLANT ALSO PRESENTS THAT DEFENDANT (PRO SE) HAVE A RIGHT TO PRESENCE AT SIDE-BARS AND BENCH CONFERENCES AND HIS EXCLUSION IS VIOLATIVE, MORE SO BECAUSE OF COURT REPORTERS FAILURE TO RECORD THESE SIDE-BARS AND BENCH CONFERENCES, IT DENIES APPELLANTS DUE PROCESS RIGHTS TO FUNDAMENTAL FAIRNESS TO DEFEND AGAINST THE CHARGE

-12-

AT TRIAL AND FOR A EFFECTIVE APPELLATE REVIEW. U.S. v. GAGNON, 470 U.S. 522-26, 105 S.CT. 1482, 84 L.Ed. 2d 486 (1985).

APPEALS COURT ERRS IN ITS BELIEF THAT APPELLANT SHOULD OF REQUESTED FOR ABATEMENT SEE PAGE 28 OF APP. COURT OPINION. THRU OUT APPEAL AND WITH REVIEW OF APPELLANTS PLEADINGS, SEE APPENDIXES AND ALL MOTIONS AND LETTERS TO COURT OF APPEALS, OTHER PARTIES, APPELLANT HAS CONTINUED TO STATE RECORD IS INCOMPLETE. YET ON THE 18TH DAY OF SEPTEMBER, 2014, APPEALS COURT ISSUED MEMORANDUM AND ORDER, DECLARING APPEALS RECORD IS COMPLETE! THIS WAS ERROR, APPEALS COURT SHOULD OF SUBMITTED QUESTION TO TRIAL COURT (BECAUSE ALL PARTIES DID NOT AGREE RECORD WAS COMPLETE), IN ACCORDANCE WITH, TEX. R. APP. PROC. 34.5(e). MOSS v. STATE, 13 S.W. 3d 877-80 (TEX. APP. - FORT WORTH 2000).

APPELLANTS CONTINUING COMPLAINTS THAT APPELLATE RECORD WAS STILL INCOMPLETE WAS ALL THAT WAS REQUIRED OF HIM. APPEALS COURTS BELIEF THAT APPELLANT SHOULD OF REQUESTED ABATEMENT IS VIOLATIVE OF TEX. GOV. CODE ANN. §22,108 - (VERNON 2000).

8) THE COURT OF APPEALS HELD THAT THE TRIAL COURT HAD JURISDICTION TO HEAR THE CHARGES AGAINST RODRIGUEZ AND DID NOT ERR IN DENYING MOTION TO DISMISS AND QUASH THE INDICTMENTS. (SEE APP. COURT OPINION PAGE 8).

THIS ISSUE IS IMPORTANT TO STATE JURIPRUDENCE BECAUSE OF APPEALS COURTS MISCONSTRUING OF THE LAW AND BECAUSE IT IS LIKELY TO ARISE IN MANY OTHER CASES.

APPELLANTS CLAIM IS DID THE STATE TRIAL COURT COMMIT REVERSABLE ERROR BY ALLOWING STATE TO CREATE OWN STATUTE AND BEGIN PROSECUTION WITH INVALID AND VOID CHARGING INSTRUMENTS. THEREFORE NEVER HAVING JURISDICTION. APPEALS COURT IN ITS OPINION AT PAGE 5, STATES RODRIGUEZ ARGUES THAT THE TRIAL COURT LACKED JURISDICTION TO HEAR THE CHARGES AGAINST HIM BECAUSE VALID COMPLAINTS NOT FILED. CLEARLY IGNORING APPELLANTS CLAIM THAT STATE CREATED ITS OWN STATUTE, A SEPERATION OF POWERS VIOLATION. TEX. R. APP. PRO. 38.1(e).

APPELLANTS JURISDICTIONAL CHALLENGE IS THAT THE STATE USED INVALID COMPLAINTS NOT INFORMATIONS TO ACQUIRE JURISDICTION OF COURT, UNDER THE EXPLICIT TERMS OF THE TEXAS CONSTITUTION ITSELF, PRESENTMENT OF AN "INFORMATION" TO THE TRIAL COURTS INVESTS COURT WITH JURISDICTION OVER THE PERSON OF THE DEFENDANT. TEXAS CONSTITUTION ARTICLE V, SECTION 12(b).

THEREFORE COMPLAINTS ARE NOT JUST FUNDAMENTALLY DEFECTIVE BECAUSE THEY ARE NOT "INFORMATIONS", BUT ARE COMPLAINTS FROM DIFFERENT CAUSES. THERE ARE NO COMPLAINTS FILED FOR TRIAL CAUSES #1356098 AND #1356099 NOR INFORMATIONS FILED IN ANY CAUSE AT ALL. SO COURT NEVER ACQUIRED JURISDICTION BECAUSE A COMPLAINT IS NOT A CHARGING INSTRUMENT. AGUILAR v. STATE, 846 S.W. 2d 318 (TEX. CRIM. APP. 1993).

THE PURPOSE OF A COMPLAINT IS TO INSURE THAT THE ACCUSER WILL NOT PROSECUTE THE CASE. HERE THAT IS NOT ASSURED IN APPELLANTS CAUSES. WELLS v. STATE, 516 S.W. 2d 663-64 (TEX. CRIM. APP. 1974).

IN ITS OPINION AT PAGE 7, APPEALS COURT ACKNOWLEDGES NO INFORMATIONS FILED, BUT THEN ERRED IN DEDUCING APPELLANT CONCLUDED HE SHOULD OF BEEN PROSECUTED BY INFORMATION. APPELLANTS CORRECT CONTENTION WAS THAT HE COULD NOT OR SHOULD NOT OF BEEN PROSECUTED WITHOUT DUE PROCESS AS REQUIRED

(133710)                    (133628)
3/ T.C.C.P.A. ART. 27.03    4/ CLERKS RECORD, VOL. 1 OF 1, TRIAL CAUSE 1356098 PG. 10 AND SAME VOL. 1 OF 1, TRIAL CAUSE 1356099 PG. 11.

FILING OF A FELONY INFORMATION, BEFORE A FELONY INDICTMENT COULD EVEN BE HAD. DUE PROCESS IS TO PROTECT CITIZENS FROM STATE'S COMMENCEMENT OF ARBITRARY OR UNREASONABLE FELONY PROSECUTIONS. EX PARTE PATTERSON, 740 S.W. 2d 776 (TEX. CRIM. APP. 1987); MEACHUM V. FANO, 427 U.S. AT 226; 96 S. CT. 2532.

THE PRACTICES AND PROCEDURES RELATING TO THE USE OF INDICTMENTS, INFORMATIONS, AND COMPLAINTS INCLUDING THEIR CONTENTS, AMENDMENTS, SUFFICIENCY AND REQUISITES, ARE AS PROVIDED BY LAW. LONG V. STATE, 742 S.W. 2d 302-20 (TEX. CRIM. APP. 1987); 485 U.S. 993, 103 S. CT. 1401, 99 LEd 2d 511, 43 CRIM. L. REV. 4001 (1988).

IF THE DOCUMENT PURPORTING TO BE A CHARGING INSTRUMENT (i.e. INDICTMENT, INFORMATION OR COMPLAINT) DOES NOT SATISFY THE CONSTITUTIONAL REQUISITES OF A CHARGING INSTRUMENT, THE TRIAL COURT HAS NO JURISDICTION OVER THE DEFENDANT AND THE JUDGMENT IS VOID. SMITH V. STATE, 309 S.W. 3d 10 (TEX. CRIM. APP. 2010).

APPELLANT FURTHER CONTENDS CLAIM OF SEPERATION OF POWER VIOLATION SHOULD HAVE BEEN HEARD. IT WAS A JURISDICTIONAL QUESTION INVOLVING COMBINING OF COMPLAINT AND INFORMATION, CONCEALING "INFORMATION" FROM CHALLENGE OF DUE PROCESS AND THE SEPERATION OF POWERS VIOLATION, FACTUAL AND LEGAL ISSUES THAT INTERTWINED AND WERE RELATED. GALLUPS V. STATE, 151 S.W. 3d 196-98 n.1 (TEX. CRIM. APP. 2004). AND SO APPEALS COURT COULD ADDRESS CLAIM IN THE FIRST INSTANCE. LEE V. STATE, 791 S.W. 2d 141 (TEX. CRIM. APP. 1991).

FINALLY APPEALS COURT FOUND AT PAGE 8, OF ITS OPINION THAT, RODRIGUEZ DID NOT AND DOES NOT CHALLENGE THE INDICTMENTS THEMSELVES. APPELLANT CHALLENGED THE INDICTMENTS AS BEING THE RESULT, FROM A VOID ACTION, VIOLATIONS OF DUE PROCESS AND SEPERATION OF POWER. A VOID ACTION IS A NULLITY FROM THE BEGINNING AND IS NOT ATTENDED BY NONE OF THE CONSEQUENCES OF A VALID VESTMENT OF JURISDICTION, IT IS ENTITLED TO NO RESPECT WHATSOEVER, BECAUSE IT DOES NOT AFFECT, IMPAIR, OR CREATE A LEGAL RIGHT, (INDICTMENTS). SEE EX-PARTE SPAULDING, 687 S.W. 2d 745.

9) THE APPEALS COURT HELD TRIAL COURT DID NOT "ABUSE ITS DISCRETION" IN RULING ON THE MOTIONS WITHOUT HOLDING A HEARING: RODRIGUEZ FAILED TO CARRY HIS BURDEN IN ADDUCING EVIDENCE TO SUPPORT HIS MOTIONS. (SEE APP. COURT OPINION, PGS. 9 AND 10).

THIS ISSUE IS IMPORTANT TO TEXAS JURIPRUDENCE BECAUSE THE CITIZENS OF STATE MUST BELIEVE THEY ARE RECIEVING FAIR AND PROPER ADMINISTRATIONS OF JUSTICE.

THE APPEALS COURT AGAIN MISCONSTRUES APPELLANTS CLAIM TO BE TRIAL COURT ERRED IN DENYING HIS MOTIONS TO QUASH THE ENHANCEMENT PARAGRAPHS IN THE INDICTMENTS WITHOUT HOLDING AN EVIDENTIARY HEARING. AS THE RECORD WILL SUPPORT, APPELLANTS CLAIM WAS DID TRIAL COURT "ABUSE ITS DISCRETION" IN DENYING APPELLANTS MOTION TO QUASH ENHANCEMENTS WITHOUT GIVING APPELLANT OPPORTUNITY TO ARGUE OR PRESENT EVIDENCE, DENYING HIM A FAIR TRIAL?

APPEALS COURT DECISION RESULTED AND ADDRESSED ISSUE PRESENTED BY STATES APPELLATE BRIEF, NOT ISSUE PRESENTED BY APPELLANT. A HEARING WAS HELD, ON MAY 14th, 2013, SEE REPORTERS RECORD, VOL. 2 OF 6 VOL. PAGES 71 THRU 72, SENTENCE 8 OF PG. 71 THRU SENTENCE 22 OF PG. 72, ON MOTION TO QUASH ENHANCEMENTS. WHERE TRIAL COURT SAID "LETS PUT IT ASIDE, AND HOLD IT FOR BRIEF PERIOD OF TIME, IF APPELLANT IS FOUND GUILTY WE'LL DEAL WITH ENHANCEMENT PARAGRAPHS". TRIAL COURT THEN PROCEEDED TO DENY APPELLANTS MOTION TO QUASH ENHANCEMENTS. SEE CLERKS RECORD, VOL. 1 OF 1, TRIAL CAUSE #366099, PAGES 227 THRU 228, DATED MAY 14th, 2013. TRIAL COURT "ABUSED ITS DISCRETION" BECAUSE APPELLANT WAS NOT FOUND GUILTY UNTIL MAY-16, 2013.

TRIAL COURTS ACTION ALSO DENIED APPELLANTS RIGHT RECOGNIZED IN THE TEX. CODE OF CRIMINAL PROC. ARTS. 38.02; WHERE IT STATES: COUNSEL FOR DEFENDANTS HAS RIGHT TO OPEN AND CONCLUDE ARGUMENTS UPON ALL PLEADINGS OF DEFENSE/DEFENDANTS PRESENTED FOR THE DECISION OF THE JUDGE.

MORE IMPORTANTLY TRIAL COURTS "ABUSE OF DISCRETION" HAD THE PREJUDICIAL EFFECT OF PREVENTING APPELLANT FROM ADEQUATELY PRESENTING HIS CASE, SPE-

-14-

CIFICALLY HIS "DEFENSIVE THEORY", THAT ENHANCMENT PARAGRAPHS WERE INVALID AND VOID, AND THEY SHOULD NOT HAVE BEEN PUT BEFORE THE JURY HAVING A UNREASONABLE LIKELIHOOD OF AFFECTING HIS CONVICTION OR PUNISHMENT. COOPER V. STATE, 95 S.W. 3d 488 (TEX. APP.-HOUSTON [1st DIST.] 2002; U.S. v. GAGNON, 470 U.S. 522-26, 105 S.CT. 1482, 84 L. Ed. 2d 486 (1985).

AS THIS COURT HAS STATED THE "TOUCHSTONE OF DUE PROCESS IS FUNDAMENTAL FAIRNESS". EULER V. STATE, 218 S.W. 3d 88-91 (TEX. CRIM. APP. 2007).

10) THE APPEALS COURT HELD THAT TRIAL COURTS FAILURE TO ENTER WRITTEN RULINGS ON EVERY MOTION FILED BY RODRIGUEZ DOES NOT ENTITLE RODRIGUEZ TO REVERSAL OF HIS CONVICTIONS. (SEE APP. COURT OPINION, PAGE 31).

THIS ISSUE IS IMPORTANT TO TEXAS JURISPRUDENCE BECAUSE APPEALS COURTS DECISION RUNS COUNTER TO THAT OF A PRIOR CASE BY THIS COURT.

APPEALS COURT STATES THAT EVEN IF TRIAL COURT ERRED WE DISREGARD THESE ERRORS UNLESS THEY AFFECTED RODRIGUEZ'S SUBSTANTIAL RIGHTS. SEE RODRIGUEZ APPELLANTS PRO SE MOTION FOR REHEARING, PAGE 10, APPENDIX 6/. WHERE APPELLANT EXPLAINED TO APPEALS COURT HOW HIS SUBSTANTIAL RIGHTS WERE AFFECTED. THIS COURT OF CRIMINAL APPEALS HAS STATED THAT IF A COMPLAINT IS TIMELY MADE IN A "MOTION FOR REHEARING", AND IS NECESSARY TO DISPOSITION OF APPEAL, THIS COURT TYPICALLY GRANTS REVIEW. WILLIAMS V. STATE, 790 S.W. 2d 643 (TEX. CRIM APP. 1990).

APPELLANT HAS NOT BEEN AFFORDED HIS FULL PANOPLY OF APPEAL RIGHTS. DRAPER V. WASHINGTON, 372 U.S. 487-96, 9 L. Ed. 2d 899, 81 S.CT. 774 (1963).

11) THE APPEALS COURT HELD THAT APPELLANTS ISSUES PRESENTED WERE: TENTH ISSUE PRESENTED, SEE APP. COURT OPINION, Pg. 8 / THIRD ISSUE PRESENTED, SEE APP. COURT OPINION, Pg. 26 / SIXTH ISSUE PRESENTED, SEE APP. COURT OPINION, Pg. 28 / THIRTEENTH ISSUE PRESENTED, SEE APP COURT OPINION, Pg 22 / AND FIRST ISSUE PRESENTED, SEE APP. COURT OPINION, Pg. 5

THIS ISSUE IS IMPORTANT TO PROMOTE THE FAIR ADMINISTRATION OF JUSTICE BY TRIAL AND APPELLATE COURTS THROUGHOUT TEXAS.

APPELLANT CONTENDS THAT APPEAL COURT ABANDONED ITS ROLE AS NEUTRAL ADJUDICATOR AND BECAME AN ADVOCATE FOR THE STATE. PLUMMER V. REEVES, 93 S.W. 3d 930-31 (TEX. APP.-AMARILLO 2003).

HERE ARE ISSUES PRESENTED BY APPEALS COURT IN ITS OPINION REPLACING APPELLANTS ISSUES PRESENTED WITH ISSUES AS PRESENTED BY STATE.

1ST SEE APPEALS COURT OPINION AT Pg. 8, FOR THIER INTERPRETATION OF APPELLANTS TENTH ISSUE PRESENTED, THAT IS REALLY STATES CLAIM OF ISSUE PRESENTED, SEE APPENDIX-3/, STATE APPELLATE BRIEF, Pg. 41. (SEE APPENDIX-6/, APPELLANTS PRO SE MOTION FOR EN BANC RECONSIDERATION, Pg. 1, FOR APPELLANTS ISSUE PRESENTED.)

2ND SEE APPEALS COURT OPINION AT Pg. 26, FOR THIER INTERPRETATION OF APPELLANTS THIRD ISSUE PRESENTED, THAT IS REALLY STATES CLAIM OF ISSUE PRESENTED, SEE APPENDIX-3/, STATE APPELLATE BRIEF, Pgs. 21 AND 22. (SEE APPENDIX-6/, APPELLANTS PRO SE MOTION FOR EN BANC RECONSIDERATION, Pg. 1, FOR APPELLANTS ISSUE PRESENTED.)

3RD SEE APPEALS COURT OPINION AT Pg. 28, FOR THIER INTERPRETATION OF APPELLANTS SIXTH ISSUE PRESENTED, THAT IS REALLY STATES CLAIM OF ISSUE PRESENTED, SEE APPENDIX-3/, STATE APPELLATE BRIEF, Pg. 35. (SEE APPENDIX-6/, APPELLANTS PRO SE MOTION FOR EN BANC RECONSIDERATION, Pg. 2, FOR APPELLANTS ISSUE PRESENTED.)

4TH SEE APPEALS COURT OPINION, AT Pg. 22, FOR THIER INTERPRETATION OF APPELLANTS THIRTEENTH ISSUE PRESENTED, THAT IS REALLY STATES CLAIM OF ISSUE PRESENTED, SEE APPENDIX-3/, STATE APPELLATE BRIEF, Pgs 48 AND 50 (h). (SEE APPENDIX-6/, APPELLANTS PRO SE MOTION FOR EN BANC RECONSIDERATION, Pg. 2, FOR APPELLANTS ISSUE PRESENTED.)

5TH SEE APPEALS COURT OPINION, AT Pg. 5, FOR THIER INTERPRETATION OF APPELLANTS FIRST ISSUE PRESENTED, THAT IS REALLY STATES CLAIM OF ISSUE PRESENTED, SEE APPENDIX-3/, STATE APPELLATE BRIEF, Pg. 7(a). (SEE APPENDIX-4, APPELLANTS PRO SE MOTION FOR EN BANC RECONSIDERATION, Pg. 2, FOR APPELLANTS ISSUE PRESENTED.)

A JUDGE OR JUDGES SHOULD NOT ACT AS ADVOCATE OR ADVERSARY FOR ANY PARTY, YET, HERE IN APPELLANTS CASE, APPEALS COURT ACTS AS ADVOCATE FOR THE STATE, BY NOT JUST CONSIDERING STATES ARGUMENTS OF ISSUES PRESENTED

BY APPELLANT, BUT BY REPLACING APPELLANTS ISSUES PRESENTED WITH THESE STATES ARGUMENTS, THEREFORE TREATING APPELLANT AS AN ADVERSARY, BY THEN ISSUING ITS DECISION ON THESE STATE ISSUES, RATHER THAN ON APPELLANTS PROPERLY RAISED ISSUES. TEX. R. APP. PROC. 38.1(e).

DUE PROCESS REQUIRES A NEUTRAL AND DETACHED JUDGE (JUDGES). BRUMIT V. STATE, 206 S.W. 3d 639-45 (TEX. CRIM. APP. 2006); GAGNON V. SCARPELLI, 411 U.S. 778-86, 93 S. CT. 1756, 36 L. Ed 2d 656 (1973).

## I. CONCLUSION

FOR REASONS STATED ABOVE, APPELLANT PRO SE, RESPECTFULLY REQUESTS GRANTING OF PETITION FOR DISCRETIONARY REVIEW ON ALL ELEVEN (11) QUESTIONS PRESENTED, AND EVERY SUBSIDIARY QUESTION FAIRLY INCLUDED.

## J. PRAYER

APPELLANT, PRO SE, PRAYS THAT THIS COURT OF CRIMINAL APPEALS GRANTS THIS PETITION FOR DISCRETIONARY REVIEW AND ISSUE ITS DISCRETIONARY REVIEW PREROGATIVE AS CARE TAKER OF TEXAS LAW FOR FAIR CONSIDERATION WITH DUE REGARD OF APPELLANTS RIGHTS AND REQUESTS ALL OTHER RELIEF TO WHICH APPELLANT MAY BE ENTITLED.

RESPECTFULLY SUBMITTED,

*[signature]* 09/23/16

SAMUEL ESPINOZA RODRIGUEZ
APPELLANT PRO SE TDCJ# 1858964
POLUNSKY UNIT AD. SEG-DEATH ROW
3872 FM 350 SOUTH (12-F-13)
LIVINGSTON, TEXAS 77351-8580

### CERTIFICATE OF SERVICE

I, SAMUEL ESPINOZA RODRIGUEZ, CERTIFY THAT A TRUE AND CORRECT ORIGINAL OF THE ABOVE AND FOREGOING APPELLANTS PETITION FOR DISCRETIONARY REVIEW, HAS BEEN FORWARDED BY U.S. MAIL, POSTAGE PRE-PAID, FIRST CLASS, TO COURT OF CRIMINAL APPEALS, CLERK ABEL ACOSTA, AT P.O. BOX 12308 CAPITOL STATION, AUSTIN, TEXAS, 78711-1445, AND COPY OF SAME TO LISA MCMINN, STATE PROSECUTOR, AT P.O. BOX 13046, AUSTIN, TEXAS, 78711 AND TO DEVON ANDERSON, DIST. ATTY, OFFICE, 1201 FRANKLIN, STE. 600, HOUSTON, TEXAS, 77002-1901 BY PLACING IN PRISON MAILING SYSTEM ON SEPTEMBER 23, 2016.

*[signature]*

PETITIONER PRO SE

### VERIFICATION AND DECLARATION

I, SAMUEL ESPINOZA RODRIGUEZ, TDCJ# 1858964, BEING PRESENTLY INCARCERATED IN THE ALAN B. POLUNSKY UNIT OF THE TEX. DEPT. OF CRIM. JUSTICE IN POLK COUNTY, TEXAS, VERIFY AND DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT. EXECUTED ON THIS THE 23rd DAY OF SEPTEMBER, 2016.

*[signature]*

PETITIONER PRO SE

Opinion issued March 10, 2016



In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-13-00447-CR
## NO. 01-13-00448-CR

---

## SAMUEL ESPINOZA RODRIGUEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Case Nos. 1356098 & 1356099

---

## O P I N I O N

A jury found appellant Samuel Espinoza Rodriguez guilty of felony evading

arrest and aggravated assault and assessed his punishment at confinement for life for

the aggravated assault charge and 50 years' confinement for the evading arrest

charge, to run concurrently. On appeal, Rodriguez, acting pro se, raises 14 issues. We affirm.

## Background

In December 2011, complainant Jose Bribiescas was celebrating his fortieth birthday with friends at a sports bar. Rodriguez approached one of Jose's friends, Claudia Atencio, and asked if he could buy her a drink. When she refused, Rodriguez confronted Jose's friend, Larry Hernandez, demanding to know whether the two were dating. Jose told Rodriguez that they did not want any problems, which led to a scuffle. After the fight was broken up, the bar's manager asked Rodriguez to leave.

Rodriguez left the bar, but later returned with a gun. He placed the gun against Jose's chest, shot him, and walked away. The bullet punctured Jose's lung. Jose's friends dragged him underneath a pool table so that Rodriguez could not see that he was still alive.

Corporal M. Davila of Harris County Constable Precinct 6 was dispatched to the bar, and learned from witnesses that Rodriguez had left the bar in a white truck with no tailgate. Corporal Davila located the truck and followed it while waiting for backup. When backup arrived, the officers attempted to stop the truck by turning on their lights and sirens. Rodriguez sped away from the officers, driving approximately 90 miles per hour in a 35 mile per hour zone. After Rodriguez lost

control of the truck and crashed it, the officers directed him to show them his hands, but Rodriguez jumped out of the truck and started running. The officers pursued Rodriguez and eventually detained him, searched the truck, and found a gun. They also returned to the bar with Rodriguez, where several witnesses identified him as the shooter.

Rodriguez was charged by complaints with aggravated assault and felony evading arrest.[1] A few months later, Rodriguez was indicted for both offenses, and on July 31, 2012, the State re-indicted him for both offenses.[2] After the re-indictment, Rodriguez moved to dismiss his appointed counsel and to have different counsel appointed on the ground that his counsel failed to object to the re-indictment. The trial court denied the request. Rodriguez later requested that he be permitted to represent himself. The trial court permitted him to do so after holding a *Faretta*[3]

---

[1] The complaints were filed in support of Rodriguez's continued detention following his initial arrest. *See* TEX. CODE CRIM. PROC. ANN. art. 15.04 ("The affidavit made before the magistrate or district or county attorney is called a 'complaint' if it charges the commission of an offense."); *Green v. State*, 872 S.W.2d 717, 721 (Tex. Crim. App. 1994) (when defendant arrested without warrant, State must obtain probable cause determination from magistrate for continued detention).

[2] One of the amended indictments, cause number 1356099, included both offenses and two new enhancement paragraphs. A second amended indictment, cause number 1356098, included only the evading arrest offense with enhancement paragraphs identical to those in the 1356099 indictment.

[3] In *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525 (1975), the United States Supreme Court recognized that a criminal defendant has the right to the assistance of counsel under the Sixth Amendment, as well as the right to waive counsel and represent himself. *Id.* at 807, 95 S. Ct. at 2527. However, once the defendant asserts his right to self-representation, a trial court judge must ascertain that he chooses to waive the right to counsel knowingly and intelligently, and must warn the defendant

hearing at which Rodriguez's court-appointed counsel was present, and the trial court admonished Rodriguez regarding the dangers and disadvantages of self-representation, and determined that Rodriguez's waiver of counsel was competent, knowing, intelligent, and voluntary. The trial court then appointed Rodriguez's previously-appointed counsel as standby counsel. Three months after the *Faretta* hearing, the State abandoned the evading arrest paragraph in the indictment in cause number 1356099, leaving only the aggravated assault charge in cause number 1356099 and only the evading arrest charge in cause number 1356098.

Pre-trial, Rodriguez moved to quash the indictments and to dismiss the evading arrest charge on the grounds that the charges were invalid because valid complaints and informations had not been filed. He also moved to quash the habitual offender enhancement paragraphs. The trial court denied these motions.

Rodriguez also filed several pre-trial motions which were granted. These included a "Motion for Court Reporter to Record All Proceedings," and a "Motion to have Written Rulings Made on All Motions Filed by the Defendant."

Before trial, Rodriguez moved for a continuance, requesting that he be permitted extra time in the law library. The trial court denied the motion.

---

of the dangers and disadvantages accompanying such a waiver. *Id.* at 835–36, 95 S. Ct. at 2541.

Rodriguez appeared at trial with standby counsel and represented himself. After the jury rejected Rodriguez's self-defense theory and found him guilty on both charges, Rodriguez appealed.

## Charging Instruments

In his first, ninth, and twelfth issues, Rodriguez challenges the trial court's jurisdiction and the validity of the State's charging instruments. Rodriguez argues that the trial court (1) lacked jurisdiction to hear the charges against him because valid complaints were not filed, (2) erred in denying his motion to dismiss the felony evading arrest charge, and (3) erred in denying his motions to quash the indictments. Rodriguez contends that the trial court lacked jurisdiction to hear the charges against him because the State failed to file informations supported by valid complaints.

### A.    Standard of Review and Applicable Law

The Texas Constitution guarantees to defendants the right to indictment by a grand jury for all felony offenses. *Riney v. State*, 28 S.W.3d 561, 564 (Tex. Crim. App. 2000). An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. *Id.* at 565. "An indictment is returned by a grand jury after consideration of a charge provided by the prosecutor." *Ferguson v. State*, 335 S.W.3d 676, 681 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 21.01–02). The presentation of a valid indictment vests the trial court with jurisdiction to hear the

5

charges against the defendant. *Ex parte Gibson*, 800 S.W.2d 548, 551 (Tex. Crim. App. 1990). "There is no statutory requirement for a prosecutor to file a complaint before a grand jury issues an indictment." *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 21).

By contrast, an information, which "is a document filed by the prosecutor with the court to charge a person with a crime," does not require any court or grand jury review before bringing the defendant to trial. *Ferguson*, 335 S.W.3d at 682 (citing TEX. CODE CRIM. PROC. ANN. arts. 21.20, 21.22). Rather, "a sworn complaint must be provided to justify an information." *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 21.22). In Texas, only misdemeanors may be prosecuted by information. *See Ex parte Krarup*, 422 S.W.2d 173, 174 (Tex. Crim. App. 1967). While a complaint must be filed to justify an information, there are other reasons that complaints are filed, unrelated to the filing of an information. Among other things, complaints may be filed to obtain a finding regarding probable cause for a person's arrest or continued detention. *See* TEX. CODE CRIM. PROC. ANN. arts. 15.03 (magistrate may issue warrant when, among other things, a person makes an oath before them that another has committed some offense), 15.04 ("The affidavit made before the magistrate or district or county attorney is called a "complaint" if it charges the commission of an offense."); *Green v. State*, 872 S.W.2d 717, 721 (Tex. Crim. App.

6

1994) (when defendant arrested without warrant, State must obtain probable cause determination from magistrate for continued detention).

We review the denial of a motion to quash an indictment de novo when reviewing a question of law. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007). Our analysis of a jurisdictional challenge is also de novo. *Dixon v. State*, 455 S.W.3d 669, 674–75 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd).

## B. Analysis

Rodriguez argues that informations and valid complaints stating "the time and place of the commission of the offense as definitely as can be done by the affiant" were required to vest the trial court with jurisdiction to proceed to trial on the charges against him. Rodriguez contends that the State failed to file informations against him; therefore, the trial court lacked jurisdiction to hear the charges against him. His argument is based on the fact that complaints were initially filed against him; from this, Rodriguez concludes that the State must have been required to prosecute him by information. Because informations supported by valid complaints were not filed, Rodriguez argues that the trial court lacked jurisdiction and both indictments should have been quashed.

The charges against Rodriguez were both felony charges brought by indictment, not by information. Because the charges against Rodriguez were felonies, the State was required to prosecute Rodriguez by indictment. *See Riney*,

7

28 S.W.3d at 564 (Texas Constitution guarantees right to indictment by grand jury for all felonies); *Ex parte Krarup*, 422 S.W.2d at 174 (only misdemeanors may be prosecuted by information). "There is no statutory requirement for a prosecutor to file a complaint before a grand jury issues an indictment." *Ferguson*, 335 S.W.3d at 682 (citing TEX. CODE CRIM. PROC. ANN. art. 21). And, the filing of a complaint does not necessitate the filing of an information, because a complaint may be filed for other purposes. Although the State initially filed complaints in connection with Rodriguez's arrest and continued detention, it later obtained indictments, which vested the trial court with jurisdiction over the felony charges. *See Ex parte Gibson*, 800 S.W.2d at 551. Rodriguez did not and does not challenge the indictments themselves. Accordingly, we conclude that the trial court had jurisdiction to hear the charges against Rodriguez and did not err in denying his motions to dismiss and to quash the indictments. *See id.*

We overrule Rodriguez's first, ninth, and twelfth issues.

## Enhancements

In his tenth issue, Rodriguez contends that the trial court erred in denying his motions to quash the enhancement paragraphs in the indictments without holding an evidentiary hearing. He claims the enhancement paragraphs were invalid and void.

We review a trial court's decision to rule on a motion to quash without an oral hearing for an abuse of discretion. *See Hicks v. State*, 508 S.W.2d 400, 403 (Tex.

8

Crim. App. 1974) (citing TEX. CODE CRIM. PROC. ANN. art. 28.01). Generally, the trial court is not required to hold a hearing on a motion to quash, and the decision to hold such a hearing is left to the trial court's sound discretion. *See id.* The defendant bears the burden of proof on a motion to quash, and the trial court properly denies the motion where the defendant offers no proof of the allegations contained in the motion. *Bell v. State*, 814 S.W.2d 229, 231 (Tex. App.—Houston [1st Dist.] 1991, writ ref'd). We review the denial of the motion itself de novo. *Lawrence*, 240 S.W.3d at 915.

When prior convictions used for enhancement purposes are collaterally attacked, the judgments reflecting those prior convictions are presumed to be regular. *Swanson v. State*, 722 S.W.2d 158, 164 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd). The accused bears the burden of defeating that presumption. *Id.*

Here, Rodriguez moved to quash the enhancement paragraphs on the ground that the prior convictions were invalid and void. But Rodriguez offered no evidence to support this claim, nor did he request a hearing on the motions. And the trial court was not required to hold a hearing on Rodriguez's motions to quash the enhancement paragraphs. *See Hicks*, 508 S.W.2d at 403 (trial court was not required to hold hearing on motion to quash). Accordingly, we conclude that the trial court did not abuse its discretion in ruling on the motions without holding a hearing. *See id.* And, given Rodriguez's failure to carry his burden in adducing evidence to support his

9

motions, we conclude that the trial court did not err in denying the motion to quash because Rodriguez failed to meet his evidentiary burden. *See id.*

We overrule Rodriguez's tenth issue.

## Self-Representation

Rodriguez's second, fourth, eleventh, and fourteenth issues relate to his decision to waive his right to counsel and proceed pro se. He argues in his second issue that the trial court erred by failing to properly admonish him regarding the dangers and disadvantages of self-representation, and he argues in his fourteenth issue that the trial court failed to properly admonish him regarding both charges. In his fourth issue, he contends his standby counsel was ineffective because she had a conflict of interest, and in his eleventh issue, he contends that the trial court erred in denying his motion for continuance, which would have provided Rodriugez extra law library time.

### A. Propriety of Admonishments Regarding Self-Representation

In his second issue, Rodriguez argues that he was not properly admonished regarding the dangers and disadvantages of self-representation and, in his fourteenth issue, he argues that, even if he was properly admonished, he was only properly admonished with respect to the aggravated assault charge, and not the evading arrest

charge. He contends, therefore, that he did not knowingly and intelligently waive his right to counsel with respect to both charges.

### 1. Standard of Review and Applicable Law

The Sixth Amendment of the United States Constitution guarantees both the right to counsel and the corresponding right to self-representation. *See* U.S. CONST. amend. VI; *Faretta v. California*, 422 U.S. 806, 819, 95 S. Ct. 2525, 2533 (1975); *Hathorn v. State*, 848 S.W.2d 101, 122–23 (Tex. Crim. App. 1992); *see also Hatten v. State*, 71 S.W.3d 332, 334 (Tex. Crim. App. 2002) (noting that *Faretta* rights are triggered when accused contests guilt); TEX. CODE CRIM. PROC. ANN. art. 1.05 (West 2005) (recognizing right of accused to be heard by himself, through counsel, or both). In *Faretta*, the Supreme Court recognized that "[w]hen an accused manages his own defense, he relinquishes . . . many of the traditional benefits associated with the right to counsel." 422 U.S. at 835, 95 S. Ct. at 2541. The Court concluded that in order to represent himself, an "accused must 'knowingly and intelligently' forgo those relinquished benefits." *Id.* Thus, a defendant must make a decision to waive counsel competently, voluntarily, knowingly and intelligently. *Godinez v. Moran*, 509 U.S. 389, 400, 113 S. Ct. 2680, 2687 (1993); *Faretta*, 422 U.S. at 835, 95 S. Ct. at 2541.

"The decision to waive counsel and proceed pro se is made 'knowingly and intelligently' if it is made with a full understanding of the right to counsel, which is

11

being abandoned, as well as the dangers and disadvantages of self-representation." *Moore v. State*, 999 S.W.2d 385, 396 n.5 (Tex. Crim. App. 1999); *Cudjo v. State*, 345 S.W.3d 177, 184 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). "If such factors are not otherwise apparent from the record, a trial court's inquiry regarding the accused's waiver of counsel should center on his background, age, experience, and education." *Cudjo*, 345 S.W.3d at 184 (citing *Johnson v. State*, 760 S.W.2d 277, 278 (Tex. Crim. App. 1988)). To be valid, a defendant's waiver must also be made with an apprehension of the nature of the charges against him. *Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984). "The trial court, however, need not follow a formulaic questioning or particular script in ascertaining the knowing and voluntary nature of an accused's waiver of counsel, and a written waiver of the right to counsel is not required." *Cudjo*, 345 S.W.3d at 184 (citing *Burgess v. State*, 816 S.W.2d 424, 428–29 (Tex. Crim. App. 1991)). "The accused should be aware there are technical rules of evidence and procedure and he will not be granted any special consideration solely because he asserted his pro se rights." *Id.* (citing *Johnson*, 760 S.W.2d at 279).

We review the factual issue of whether a defendant has clearly and unequivocally invoked the right to self-representation for an abuse of discretion. *See DeGroot v. State*, 24 S.W.3d 456, 457–58 (Tex. App.—Corpus Christi 2000, no pet.). We view the evidence in the light most favorable to the trial court's ruling,

12

and we imply any findings of fact supported by the record and necessary to affirm the trial court's ruling when the trial court did not make explicit findings. *See Chadwick v. State*, 309 S.W.3d 558, 561 (Tex. Crim. App. 2010).

### 2. Analysis

#### a. Did the trial court adequately admonish Rodriguez of the dangers and disadvantages of self-representation?

In his second issue, Rodriguez argues that he was not properly admonished regarding the dangers and disadvantages of self-representation. We conclude that the trial court did not abuse its discretion in finding that Rodriguez competently, voluntarily, knowingly, and intelligently waived his right to counsel with respect to both charges. The trial court first inquired into Rodriguez's background, age, experience, and education. *See Johnson*, 760 S.W.2d at 278. Rodriguez told the trial court that he was born in Lubbock, had a G.E.D., could read and write English, had no disabilities or handicaps, and that he had no legal training but had previously argued a case before the Supreme Court of the United States. He also stated that he was familiar with the Texas Penal Code and Code of Criminal Procedure.

The trial court next admonished Rodriguez regarding the dangers and disadvantages of self-representation. Among other things, the trial court told Rodriguez that by waiving the right to counsel, he would not be able to later claim ineffective assistance of counsel. The trial court also told Rodriguez that he would be expected to comply with all the evidentiary and procedural rules with which a

13

lawyer would be expected to comply and that he would not be granted any special consideration because of his lack of formal legal training.

The trial court asked Rodriguez whether, having considered these disadvantages of self-representation, he was waiving the right to counsel voluntarily, and Rodriguez stated that he was. The trial court repeatedly reminded Rodriguez that if he waived the right to counsel, he would not be able to blame anyone else for any mistakes or failures at trial. The trial court also ensured that Rodriguez understood that, with the enhancements alleged, the range of punishment was 25 years to life in prison. In light of the extensive colloquy related to self-representation, we conclude that the trial court did not abuse its discretion in concluding that Rodriguez was properly informed of the dangers and disadvantages of self-representation and that his decision to waive counsel was competent, knowing, voluntary, and intelligent. *See, e.g., Cudjo*, 345 S.W.3d at 185 (waiver was voluntary, knowing, and intelligent after trial court inquired into appellant's background, education, and ability, admonished him that proceeding pro se was dangerous and that he would be held to same standards as lawyer).

We overrule Rodriguez's second issue.

### b. Did Rodriguez properly waive counsel for both charges?

In his fourteenth issue, Rodriguez contends that, even if the trial court's admonishments were adequate, his waiver of counsel extended only to the

aggravated assault charge, because the trial court did not expressly mention the evading arrest charge during the colloquy regarding self-representation.

At the *Faretta* hearing, the trial court asked Rodriguez if he understood the charges against him and Rodriguez responded that he was not sure about which of his four pending cases the State was prosecuting. The State responded that it was proceeding on the indictment in cause number 1356099. At the time of the *Faretta* hearing, that indictment charged Rodriguez with both the aggravated assault charge and the evading arrest charge. The trial court directed the State to give Rodriguez the entire case file and the State indicated that would give Rodriguez everything that it had in all the pending cases.

The evading arrest charge had also been separately indicted in cause number 1356098 with enhancement paragraphs identical to those charged in cause number 1356099. After the *Faretta* hearing, the State struck the evading arrest charge from the indictment in cause number 1356099 and proceeded with both the 1356098 (evading arrest) and 1356099 (aggravated assault) indictments, which were substantively identical to what was charged in the 1356099 indictment at the time of the *Faretta* hearing. Thus, although the State did not say at the *Faretta* hearing that it was proceeding on the indictment in cause number 1356098, Rodriguez's waiver was valid as to evading arrest charged in 1356098 because, at the time of the *Faretta* hearing, the substance of 1356098 was charged in 1356099. The clerk's record also

shows that Rodriguez understood that he represented himself with respect to both charges. After the *Faretta* hearing, Rodriguez filed numerous motions in both cases. He also insisted on continuing self-representation after the State proceeded on both charges. Accordingly, we conclude Rodriguez's waiver was valid as to both charges.

We overrule Rodriguez's fourteenth issue.

## B. Standby Counsel's Alleged Conflict of Interest

In his fourth issue, Rodriguez contends that his standby trial counsel was ineffective because she had a conflict of interest.

A lawyer may provide ineffective assistance of counsel if she has a conflict of interest. *See Odelugo v. State*, 443 S.W.3d 131, 136 (Tex. Crim. App. 2014). The appellant bears the burden of proof by a preponderance of the evidence on a claim of conflict-of-interest ineffective assistance. *Id.* But "when a convicted defendant has insisted upon self-representation, any subsequent claim of ineffective assistance of counsel is not to be considered." *Perez v. State*, 261 S.W.3d 760, 766 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (citing *Faretta*, 422 U.S. at 834 n.46).

Rodriguez competently, knowingly, intelligently and voluntarily waived his right to counsel. As the trial court admonished, a consequence of doing so is the forfeiture of a subsequent ineffective assistance of counsel claim. *Id.* Accordingly,

Rodriguez cannot meet his burden on his conflict-of-interest ineffective assistance claim. *See id.*

We overrule Rodriguez's fourth issue.

## C. Access to Law Library

In his eleventh issue, Rodriguez contends that the trial court abused its discretion in denying his motion for a continuance which would have provided him additional access to the law library.

We review a trial court's ruling on a motion for continuance for abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007); *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996). In *Bounds v. Smith*, 430 U.S. 817 (1977), "[t]he United States Supreme Court . . . recognized that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Johnson v. State*, 257 S.W.3d 778, 780 (Tex. App.—Texarkana 2008, pet. ref'd) (citing *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *overruled in part on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996) (disclaiming *Bounds* to the extent that it suggests that the State must enable prisoners to discover grievances and litigate effectively)). However, inmates do not have an "abstract, freestanding right to a law library." *Lewis*, 518 U.S. at 351. Moreover, numerous federal courts,

including the Fifth Circuit, "have held that a prisoner who knowingly and voluntarily waives appointed representation by counsel in a criminal proceeding is not entitled to access to a law library." *See Johnson*, 257 S.W.3d at 780 (collecting cases); *see also Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996) ("[H]aving rejected the assistance of court-appointed counsel, [a defendant] had no constitutional right to access a law library in preparing the pro se defense of his criminal trial."). Thus, a defendant who rejects the offer of appointed counsel and represents himself with the assistance of standby counsel cannot complain about lack of law library access. *See Bright v. State*, 585 S.W.2d 739, 744 (Tex. Crim. App. 1979) (rejecting appellant's claim regarding library access because "an attorney was appointed to represent appellant, and even after appellant's request to represent himself was granted, this attorney was instructed by the trial court to continue as standby counsel"); *Johnson*, 257 S.W.3d at 781 (State was not obligated to provide appellant access to law library after appellant elected to proceed pro se and trial court appointed standby counsel).

Here, the trial court appointed counsel for Rodriguez, but Rodriguez competently, intelligently, knowingly, and voluntarily chose to waive his right to counsel and represent himself. Before he made that choice, the trial court admonished him regarding the dangers and disadvantages of self-representation. The trial court expressly warned him that he would not be granted any special consideration because of his lack of formal legal training. Knowing this, Rodriguez

18

refused the offer of appointed counsel and chose to represent himself; nevertheless, the court appointed Rodriguez's counsel as standby counsel, and she attended the trial. Accordingly, we hold that the trial court did not abuse its discretion in denying Rodriguez's motion for continuance for additional access to the law library. *See Bright*, 585 S.W.2d at 744; *Johnson*, 257 S.W.3d at 780; *Degrate*, 84 F.3d at 769.

We overrule Rodriguez's eleventh issue.

### *Brady* Complaint

In his fifth issue, Rodriguez argues that his convictions should be reversed because the State violated *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196–97 (1963), by failing to preserve a surveillance video of the shooting.

### A. Standard of Review and Applicable Law

The law distinguishes between the State's suppression of material, exculpatory evidence and the State's failure to preserve potentially useful evidence. If, after request, the State suppresses evidence material to guilt or punishment that is favorable to an accused, this violates due process regardless of whether the State acted in bad faith. *Brady*, 373 U.S. at 87, 83 S. Ct. at 1196–97. However, the State's failure to preserve potentially useful evidence does not violate due process unless the defendant shows that the loss of the evidence resulted from "bad faith on the part of the police." *Neal v. State*, 256 S.W.3d 264, 280 (Tex. Crim. App. 2008) (quoting *Arizona v. Youngblood*, 488 U.S. 51, 58, 109 S. Ct. 333, 337 (1988)). "Bad faith

19

entails some sort of improper motive, such as personal animus against the defendant or a desire to prevent the defendant from obtaining evidence that might be useful." *Ex parte Napper*, 322 S.W.3d 202, 238 (Tex. Crim. App. 2010).

**B.    Analysis**

Rodriguez argues that he is entitled to a new trial because the surveillance video of the shooting was not preserved. At trial, the owner of the sports bar testified that the investigating officers asked him for a copy of the surveillance video from the night of the shooting. He attempted to copy the video onto a thumb drive and gave the drive to one of the investigating officers, Officer Caballero, believing that he had successfully copied the video.

Caballero testified that he took the drive to the HPD property room where it was tagged into evidence and stored. He testified that it was later discovered that the video had not properly copied to the drive and that the drive was actually blank. Caballero returned to the bar to get a new copy of the video, but the surveillance system had recorded over the video by that time. Rodriguez contends that the video might have exonerated him, making it potentially useful evidence. *See Ramirez v. State*, 301 S.W.3d 410, 420 (Tex. App.—Austin 2009, no pet.) (destroyed videotape was "potentially useful evidence," not material, exculpatory evidence, because defendant claimed only that tape might have exonerated him and no evidence showed tape would have exonerated defendant). Thus, the State failed to preserve

potentially useful evidence. *See id.* Rodriguez therefore must demonstrate that the State failed to preserve the video in bad faith.

Rodriguez contends that he has shown the State acted in bad faith because once police officers established that a video of the shooting existed and tagged it into evidence, it became the State's duty to preserve evidence. But the mere fact that the video was not preserved does not show that the State acted in bad faith. Indeed, the only testimony regarding the loss of the video indicates that the failure to preserve the video was inadvertent, and the error occurred before the video was tagged into evidence, not afterwards. Accordingly, we hold that Rodriguez has not shown that the failure to preserve the video violated his due process rights. *See Neal*, 256 S.W.3d at 280 (overruling appellant's claim that State violated due process because appellant presented no evidence that police acted in bad faith); *Mahaffey v. State*, 937 S.W.2d 51, 53 (Tex. App.—Houston [1st Dist.] 1996, no writ) (appellant did not demonstrate State erased videotape in bad faith where only evidence in record regarding erased videotape was that to best of officer's knowledge, no one had erased tape).

We overrule Rodriguez's fifth issue.

## Alleged False Testimony of Complainant

In his thirteenth issue, Rodriguez contends that the trial court erred by permitting the State to adduce Jose's false testimony regarding the medical treatment he received after the shooting.

### A.    Standard of Review and Applicable Law

"The Due Process Clause of the Fourteenth Amendment can be violated when the State uses false testimony to obtain a conviction, regardless of whether it does so knowingly or unknowingly." *Ex parte Robbins*, 360 S.W.3d 446, 459 (Tex. Crim. App. 2011). "Testimony need not be perjured to constitute a due-process violation; rather, 'it is sufficient that the testimony was false.'" *Ex parte Chavez*, 371 S.W.3d 200, 208 (Tex. Crim. App. 2012) (quoting *Ex parte Robbins*, 360 S.W.3d at 459). "The question is whether the testimony, taken as a whole, gives the jury a false impression." *Id.* (citing *Ex parte Ghahremani*, 332 S.W.3d 470, 477 (Tex. Crim. App. 2011)). To constitute a due-process violation, the allegedly false testimony must also be material. *See Ex parte Chavez*, 371 S.W.3d at 208. Materiality in this context means that there must be a reasonable likelihood that the false testimony affected the defendant's conviction or sentence. *See id.*

### B. Analysis

Rodriguez contends that Jose provided false testimony because his testimony at trial regarding his condition and medical treatment after the shooting differed from

22

information contained in his medical records. Rodriguez complains that Jose's testimony conflicted with his medical records in the following ways:

- Jose testified that he blacked out, lost his breath and lost consciousness after being shot, but the Houston Fire Department report stated that he was walking around when they arrived.

- Jose testified that he believed he was taken to MD Anderson, but the Houston Fire Department report states he was taken to Memorial Hermann.

- Jose testified that he believed that he was in the hospital two and a half to three weeks. Rodriguez contends that the medical records show that he was in the hospital "maybe 1 week."

- Jose testified that he was in intensive care for "about a week." Rodriguez contends that the records show that he was in intensive care for three days.

- Jose testified that the last thing he remembered after the shooting was being on Life Flight on the way to the hospital, but Rodriguez contends the medical records show that he was transported by ambulance.

- Jose testified that he saw his son in the intensive care unit two days after he was shot, but Rodriguez contends that a chaplain's letter in the medical records stated that the chaplain took Jose's son to see him the same day that he was shot.

Assuming that the discrepancies about which Rodriguez complains rise to the level of false testimony, we conclude that the evidence fails to show a reasonable likelihood that the complained-of testimony affected Rodriguez's conviction or sentence. *See Ex parte Chavez*, 371 S.W.3d at 208. Rodriguez disputes neither that he shot Jose at point-blank range nor that Jose sustained serious bodily injury and was hospitalized for days after the shooting. On this record, the alleged disparities

between Jose's testimony and the medical records are not material and accordingly, do not constitute a due process violation. *See id.*

We overrule Rodriguez's thirteenth issue.

## Impartiality of Trial Court

In his seventh issue, Rodriguez complains that the trial court deprived him of a fair and impartial trial by appointing the same attorney who had previously been appointed to represent Rodriguez after he was re-indicted. Rodriguez argues that the trial court's partiality is evident from the fact that the trial court re-appointed the same counsel Rodriguez had previously sought to dismiss.

Absent a clear showing of bias, we presume a trial court's actions were impartial. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). To reverse a judgment based on improper conduct by the judge, we must find (1) that judicial impropriety occurred and (2) prejudice probably resulted. *Id.*; *Luu v. State*, 440 S.W.3d 123, 128–29 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Only in the rarest circumstances are judicial rulings demonstrative of the degree of favoritism or antagonism required to show that a fair and impartial trial is impossible. *Liteky*, 510 U.S. at 555, 114 S. Ct. at 1157; *see In re M.C.M.*, 57 S.W.3d 27, 33 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (insufficient showing of antagonism in, for example, judge's refusal to permit attorney to read from documents in evidence). Such rulings are generally best brought as grounds for appeal, not as evidence of

24

judicial bias. *See Liteky*, 510 U.S. at 555, 114 S. Ct. 1157; *Grider v. Boston Co.*, 773 S.W.2d 338, 346 (Tex. App.—Dallas 1989, writ denied) ("proper remedy was to assign error on the basis of the adverse rulings"). Our review encompasses the entire record. *Luu*, 440 S.W.3d at 129.

Rodriguez contends that the order appointing counsel improperly indicates that he requested appointment of the same counsel and that this is evidence of judicial impropriety. But the order about which Rodriguez complains does not say so—it indicates only that he requested appointed counsel and that the trial court appointed his previously-appointed counsel. A defendant does not have the right to have his own choice of appointed counsel, and unless he waives his right to counsel and chooses to represent himself, or shows adequate reason for appointment of new counsel, he must accept the counsel appointed by the court. *Thomas v. State*, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977); *Garner v. State*, 864 S.W.2d 92, 98 (Tex. App.—Houston [1st Dist.] 1993 pet. ref'd). Rodriguez made no showing of a reason for appointing new counsel.

Accordingly, we hold that Rodriguez has not demonstrated that the trial court deprived him of a fair and impartial trial. *See Brumit*, 206 S.W.3d at 645.

We overrule Rodriguez's seventh issue.

## Complaints Relating to Reporter's Record

In his third issue, Rodriguez contends that he is entitled to a new trial because the court reporter failed to record all the trial proceedings. The trial court granted Rodriguez's "Motion for Court Reporter to Record All Proceedings," which requested that the reporter record all proceedings, including bench conferences. However, Rodriguez contends that the court reporter failed to record bench conferences and that the record contains other omissions, such as missing words and unclear notations.

### A. Failure to Record Bench Conferences

Government Code section 52.046 requires an official court reporter, on request, to attend all sessions of court and furnish a transcript of the reported evidence or other proceedings. TEX. GOV'T CODE ANN. § 52.046(a). The Court of Criminal Appeals has held that a defendant must object to the court reporter's failure to record a portion of the trial proceedings to preserve error. *See Valle v. State*, 109 S.W.3d 500, 508–09 (Tex. Crim. App. 2003). In particular, to the extent that a defendant complains that the court reporter failed to record bench conferences, the defendant waives the issue if he does not object at trial to the reporter's failure to record conferences, even if the trial court has granted a motion to record conferences. *See Moore v. State*, 999 S.W.2d 385, 398 (Tex. Crim. App. 1999); *see also Velazquez v. State*, 222 S.W.3d 551, 556–57 (Tex. App.—Houston [14th Dist.] 2007, no pet.)

(holding that complaint that court reporter failed to record bench conferences was not preserved for appellate review because defendant did not object to lack of court reporter's presence at conferences). To be entitled to a new trial based on a lost or destroyed reporter's record, the appellant must demonstrate that the omitted portions are necessary to the appeal's resolution. *See* TEX. R. APP. P. 34.6(f).

Rodriguez did not object at trial to the reporter's failure to record bench conferences. Accordingly, his argument regarding the reporter's failure to record bench conferences is waived. *See Moore*, 999 S.W.2d at 398; *see also Velazquez*, 222 S.W.3d at 556–57.

## B. Other Errors and Omissions

The State argues that Rodriguez has also waived his argument that the record contains other errors and omissions because Rodriguez failed to raise these issues before filing his brief to permit the record to be corrected, if necessary, before his brief was filed. Rodriguez responds that he did raise his complaints before he filed his brief, but the motions he points to raised only the issue of whether the reporter had filed copies of the pretrial hearing in which Rodriguez was admonished regarding the dangers and disadvantages of self-representation. The reporter has filed those volumes.

If a dispute arises after the reporter's record has been filed in the appellate court, we may submit the dispute to the trial court for resolution, but we are not

27

required to do so. *See* TEX. R. APP. P. 34.6(e)(3) (appellate court may submit dispute regarding reporter's record to trial court). Here, Rodriguez did not request that we abate the case to the trial court for correction under Texas Rule of Appellate Procedure 34.6(e). Nor did he raise his claims about allegedly missing words and unclear notations in the reporter's record before his brief was filed. Instead, he argues in his brief that these alleged errors and omissions entitle him to a new trial. *See id.* 34.6(f)(3).

Although Rodriguez alleges that various words are missing and certain notations in the record are unclear, he does not explain how, if at all, any of these alleged errors or omissions bear on any issue he has raised or could have raised in this appeal, nor does he demonstrate that there is anything missing that is necessary to the appeal's resolution. *Id.* (appellant entitled to new trial only if reporter's record is lost or destroyed and missing portion is "necessary to the appeal's resolution"). He argues only that the alleged errors and omissions violate the trial court's order granting his motion for the reporter to record all of the proceedings. Because Rodriguez fails to demonstrate how he was harmed by any error or omission in the record, we overrule Rodriguez's third issue. *See* TEX. R. APP. P. 34.6(e), (f).

### Admissibility of 911 Recording

In his sixth issue, Rodriguez contends that the trial court erred in admitting State's Exhibit 17, an audio recording of a witness's 911 call, because the version of

the recording filed pre-trial was on a CD of a brand different than that of the CD admitted at trial and included in the reporter's record on appeal. Rodriguez does not allege that the recording contained on the CD in the appellate record is different than the recording that was played and admitted at trial.

We may not determine whether a trial court erred in the admission of evidence, unless error is preserved by a proper objection and a ruling on that objection. *See Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003); *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003). A proper objection is one that is timely and specific. *See* TEX. R. APP. P. 33.1; *Martinez*, 98 S.W.3d at 193.

Here, Rodriguez made the following objection to the admission of State's Exhibit 17: "The copy I was given says there is no audio since the past six months, and I object to it because I never received a copy of it." But on appeal, Rodriguez does not complain that he never received a copy of the recording, and acknowledges that the trial court overruled his objection because the recording had been in the clerk's file, to which Rodriguez had access, for about a year before trial. Instead, Rodriguez argues that the copy of the recording that was filed pre-trial was on a different brand of CD than the copy admitted at trial and included in the reporter's record on appeal.

However, Rodriguez did not object to the admission of the recording at trial on the ground that the brand of CD which contained the recording differed from the

29

brand of CD in the clerk's file. Accordingly, we hold that Rodriguez failed to preserve the complaint he advances on appeal. *See* TEX. R. APP. P. 33.1; *Martinez*, 98 S.W.3d at 193.

Moreover, and to the extent that Rodriguez is attempting to raise any other complaint regarding the admission of the 911 recording, he does not explain how the admission of the call had a substantial and injurious effect or influence in determining the jury's verdict. *See* TEX. R. APP. P. 44.2(b) (non-constitutional error must be disregarded unless it affects substantial rights of defendant); *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002) (substantial rights are not affected by erroneous admission of evidence unless error had substantial and injurious effect or influence in determining jury's verdict); *Potier v. State*, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002) (error in admission of evidence is non-constitutional and therefore, subject to harm analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure). Thus, we conclude any error in admitting State's Exhibit 17 was harmless. *See* TEX. R. APP. P. 44.2(b); *Motilla*, 78 S.W.3d at 355; *Potier v. State*, 68 S.W.3d at 666.

We overrule Rodriguez's sixth issue.

**Failure of Trial Court to Enter Written Rulings on Rodriguez's Motions**

In his eighth issue, Rodriguez contends that the trial court erred by not issuing written rulings on every motion Rodriguez filed.

30

Rodriguez filed a "Motion to have Written Rulings Made on All Motions Filed by the Defendant," and the trial court granted the motion on the first day of trial. On appeal, Rodriguez complains that the trial court did not actually enter written rulings on all of his motions, and points to a number of motions in the record that were not disposed of by written order. Rodriguez contends that the failure to enter written rulings on all motions "prejudiced" his appeal.

Even if the trial court erred in failing to enter written rulings on these motions, we would disregard these errors unless they affected Rodriguez's substantial rights. *See* TEX. R. APP. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Rodriguez contends that the failure to enter written rulings "prejudiced" his appeal, but he does not explain how, if at all, the failure to enter written rulings affected his substantial rights. Accordingly, the trial court's failure to enter written rulings on every motion filed by Rodriguez does not entitle Rodriguez to reversal of his convictions. *See* TEX. R. APP. P. 44.2(b).

We overrule Rodriguez's eighth issue.

APPENDIX 49

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

NOV 18 2014

CHRISTOPHER A. PRINE
CLERK

TO THE COURT OF APPEALS FOR THE

FIRST DISTRICT OF TEXAS:

SAMUEL ESPINOZA RODRIGUEZ V. THE STATE OF TEXAS

FIRST COURT OF APPEALS CASES NUMBERED - 01-13-00447-CR AND 01-13-00448-CR

## APPELLANT

## SAMUEL ESPINOZA RODRIGUEZ'S

## PRO SE BRIEF

APPEAL FROM THE 182ND DISTRICT COURT, HARRIS COUNTY, TEXAS, THE

HONORABLE JAMES ERIN ANDERSON PRESIDING:

RESPECTFULLY SUBMITTED BY:

SAMUEL ESPINOZA RODRIGUEZ
APPELLANT PRO SE - TDCJ# 1858964
POLUNSKY UNIT - AD. SEG - DEATH ROW
3872 F.M. 350 SOUTH (12-D-75)
LIVINGSTON, TEXAS 77351-8580

APPELLANT PRO SE REQUESTS ORAL ARGUMENT.

| | | |
|---|---|---|
| SAMUEL ESPINOZA RODRIGUEZ, APPELLANT, | § | COURT OF APPEALS |
| VS. | § | FOR THE |
| STATE OF TEXAS, APPELLEE. | § | FIRST DISTRICT OF TEXAS |

## APPELLANT SAMUEL ESPINOZA RODRIGUEZ'S PRO SE BRIEF IN SUPPORT OF APPEAL

### I. IDENTITY OF PARTIES AND COUNSEL

THE TRIAL COURTS JUDGMENT INVOLVED THE FOLLOWING PARTIES:

1. SAMUEL ESPINOZA RODRIGUEZ, APPELLANT PRO SE, IS CURRENTLY INCARCERATED IN THE ALLAN B. POLUNSKY UNIT, TDCJ#1858964, AT 3872 F.M. 350 SOUTH, LIVINGSTON, TEXAS, 77351-8580. IN THE TRIAL COURT APPELLANT, REPRESENTED HIMSELF.

2. COURT APPOINTED STANDBY COUNSEL WAS HATTIE SEWELL SHANNON, STATE BAR NO. 13155700 6750 WEST LOOP SOUTH, SUITE 689, BELLAIRE, TEXAS, 77401.

3. THE STATE OF TEXAS WAS REPRESENTED IN THE TRIAL BY WILLIAM COWARDSON, STATE BAR NOS. 24071444, AND CELESTE BYROM, STATE BAR NO. 24044265, HARRIS COUNTY DISTRICT ATTORNEY'S, 1201 FRANKLIN, HOUSTON, TEXAS, 77002-1923.

4. COURT APPOINTED APPEAL COUNSEL WAS TED DOEBBLER, STATE BAR NO. 55942500, (INEFFECTIVELY ALLOWED TO WITHDRAW) P.O. BOX 55012, HOUSTON, TEXAS, 77055.

5. THE STATE'S COUNSEL FOR THE PURPOSES OF APPEAL IS ALAN CURRY, CHIEF PROSECUTOR, APPELLATE DIVISION, HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE, 1201 FRANKLIN, STE. 600, HOUSTON, TEXAS, 77002-1923.

### II. TABLE OF CONTENTS

I. IDENTITY OF PARTIES AND COUNSEL . . . . . 1

II. TABLE OF CONTENTS . . . . . 1,2

III. INDEX OF AUTHORITIES . . . . . 2,3

IV. STATEMENT OF THE CASES . . . . . 3

V. STATEMENT REGARDING ORAL ARGUMENT . . . . 4

VI. ISSUES PRESENTED . . . . 4,5,6

VII. STATEMENT OF FACTS . . . . 6,7

VIII. SUMMARY OF THE ARGUMENTS . . . . . . . . . . . . . 7

IX. ARGUMENT & AUTHORITIES . . . . . . . . . . 7-18

    A.
    B.
    C.
    D.
    E.
    F.
    G.
    H.
    I.
    J.
    K.
    L.
    M.
    N.

X. PRAYER . . . . . . . . . . . . . . . 18

DECLARATION . . . . . . . . . . 18

CERTIFICATE OF SERVICE . . . . . . . . . . . 18

## III. INDEX OF AUTHORITIES

AKE v. OKLAHOMA, 470 U.S. 68-77, 105 S.CT. 1087, 92, 84 L.Ed 2d 53 (1985); . . . . 16

ALCORTA v. TEXAS, 355 U.S. AT 31; . . . . 17

BUCHANON, 68 S.W. 3d AT 140 . . . 12

BRADY v. MARYLAND, 373 U.S. 83; 83 S.CT. 1194 10 L.Ed 2d 215 (1963) . . . 14

BROWN V. STATE, 642 S.W. 2d 146-50 (Tex. App - Houston [1st Dist]) 1985.

COIT V. STATE, 808 S.W. 2d 473-75 (Tex Crim App 1991) . . . 9

CUYLER V. SULLIVAN, 446 U.S. 335, 100 S.CT. 1708, 64 L.Ed 2d 333 (1980) . . . 12

DENT v. WEST VIRGINIA, 129 U.S. 114-123, 82 L.Ed. 623, 9 S.CT. 231 (1889) . . 4

DRAPER v. WASHINGTON, 372 U.S. 487-96, 9 L.Ed. 2d 899-905, 81 S.CT. 774 (1963) . . 12

DUNN V. DUNN, 177 S.W. 3d 393 (Tex. App-Houston) 2005. . . 14

DUGGAN V. STATE, 778 S.W. 2d 465-68 (Tex. Cr. App. 1989). . . 17

EX PARTE ADAMS, 768 S.W. 2d 281-92 (Tex Cr. App 1989). . . 14

EX PARTE ACOSTA, 672 S.W. 2d 470-79 (Tex. Cr. App 1984). . . 13

EX PARTE PATTERSON, 740 S.W. 2d 776 (Tex. Cr. App. 1987). . . 9

EX PARTE MCCORMICK, 645 S.W. 2d 801 (Tex Cr. App 1983)

EX PARTE SPAULDING, 687 S.W. 2d AT 745. . . 12

FARETTA v. CALIFORNIA, 422 U.S. AT 835-36. . . 10

FLORES v. STATE, 177 S.W. 3d 8 (Tex. App-Houston) 2005 . . 10

GARCIA v. DIAL, 596 S.W. 2d 524-28 (Tex. Cr. App 1980), . . 16/8

GIDEON v. WAINWRIGHT, 372 U.S. 335, 9 L.Ed. 2d 799, 83 S.Ct. 792 (1963) . . . 10

GUFFNEY v. STATE, 843 S.W. 2d 583-85 (Tex Cr. App. 1992) . . . 10

GOLLIHAR v. STATE, 46 S.W. 3d 243-57 (Tex Cr. App. 2001) . . . 15

HUANG v. STATE, 872 S.W. 2d 694-98 (Tex Cr. App. 1993) . . . 16

HOWARD v. STATE, 966 S.W. 2d 821-26 (Tex App. Austin) 1998 . . . 13

JANECKA v. STATE, 837 S.W. 2d 456-68 (Tex Cr App Aus) . . . 16

JOHNSON v. ZERBST, 304 U.S. AT 464 . . . 13

LOVE v. STATE, 742 S.W. 2d 302-320 (Tex. Cr. App. 1987) . . . 4

LONG v. STATE, 931 S.W. 2d 285-87 (Tex Cr App 1996) . . . 16

MAGEE v. STATE, 2003 Tex App-LEXIS 10210 (Tex App Hou [1st Dist]) 2003 (unpublished) . . . 15

MAHAFFEY v. STATE, 937 S.W. 2d 51-53 (Tex App Hou [1st Dist]) 1996 . . . 14

MEACHUM v. FANO, 427 U.S. AT 226, 96 S.Ct. 2532 . . . 4

MESHEL v. STATE, 739 S.W. 2d 246 (Tex Cr App 1987) . . . 4

POLASEK v STATE, 16 S.W. 3d 82 (Tex App-Hou [1st Dist]) 2000 . . . 11

ROSALES v. STATE, 841 S.W. 2d 368-72 (Tex Cr App 1992) . . . 15

SATTIEWHITE v. STATE, 600 S.W. 2d 277-85 (Tex Cr App 1979) . . . 12

STEARNES v. CLINTON, 780 S.W. 2d 216 (Tex Cr App 1989) . . .

TAYLER v. STATE, 945 S.W. 2d 295-97 (Tex App-Hou [1st Dist]) 1997 . . . 14

UNITED STATES v. CANO, 519 F. 2d 512-16 (5TH Cir 2008) . . . 16

WILLIAMS v. STATE, 154 S.W. 3d 568 (Tex App Hou [1st Dist]) 2004 . . . 10

WILLIAMS v. STATE, 937 S.W. 2d 479 . . . 12

VASQUEZ v. STATE, 2008 Tex App LEXIS 3948 Tex App Hou [1st Dist] 2008 . . . 15

VALLE v. STATE, 109 S.W. 3d 500-08 (Tex Cr App 2003). . . . 11

UNITED STATES CONSTITUTION - 5TH, 6TH AND 14TH AMENDMENTS EQUAL PROTECTION CLAUSE . . . 7-18

TEXAS CONSTITUTION ARTICLES - I§19, I§10, §§12 AND II§1 . . . 7-18

TEXAS CODE OF CRIMINAL PROCEDURES ANN. ARTICLES : 15.04, 15.05, 21.20, 21.21 AND 21.22 AND 26.04(b)(5)(6);

TEXAS GOVERNMENT CODE ANN. § 52.046 . . . 10

# IV. STATEMENT OF CASE

SAMUEL ESPINOZA RODRIGUEZ, WAS CHARGED WITH AGGRAVATED ASSUALT, SEE CLERKS RECORD, VOLUME 1 OF 1, TRIAL CAUSE # 1356099, PAGE 10 AND 11, AND EVADING ARREST WITH A MOTOR VEHICLE, SEE CLERKS RECORD, VOLUME 1 OF 1, TRIAL CAUSE # 1356098, PAGE 9 AND 10. HE WAS TRIED BEFORE A JURY IN THE 182ND DISTRICT COURT OF HARRIS COUNTY, TEXAS BEGINNING ON MAY 14TH, 2013. SEE CLERKS RECORD, VOL. 1 OF 1, TRIAL CAUSE 1356099 AND TRIAL CAUSE 1356098; REPORTERS RECORD, VOLUME 1 OF 6 VOL. MAY TERM, 2013.

THE INCIDENTS AT ISSUE IN THE TRIAL OCCURRED ON DECEMBER 29, 2011, IN HARRIS COUNTY, TEXAS, SEE. C.R. VOL. 1 OF 1, PAGE 10, COMPLAINT, PAGE 15, INDICTMENT, PAGE 9, INDICTMENT, T.C.# 1356098 AND C.R. VOL. 1 OF 1, PAGE 11, COMPLAINT, PAGE 22, INDICTMENT, AND PAGE 10, INDICTMENT, T.C. # 1356099. AFTER CONVICTION APPELLANT WAS SENTENCED TO 50 YEARS, FOR EVADING CASE # 1356098, R.R. VOL. 5 OF 6, PAGE 36 AND TO LIFE YEARS FOR AGGRAVATE ASSAULT # 1356099, R.R. VOL. 5 OF 6, PAGE 36. MOTION FOR A NEW TRIAL FILED BY APPELLANT PRO-SE ON MAY 22, 2013, SEE C.R. VOL. 1 OF 1, # 1356099, PAGE 279, AND THIS APPEAL FOLLOWED, C.R. VOL. 1 OF 1, T.C.# 1356098, PAGE 224.

ON JANUARY 9TH, 2014, COURT REPORTER FILED ITS FIRST HEARING RECORD OF ABATEMENT SEE VOL. 1 OF 1 VOL, T.C.# 1356098 AND T.C.# 1356099. ON FEBRUARY 18TH, CLERK RECORD FILED ITS 1ST SUPPLEMENTAL RECORD. VOL. 1 OF 1.

ON JULY 8TH, 2014, CLERK FILED ITS 2ND SUPPLEMENTAL RECORD. SEE C.R. VOL 1 OF 1, T.C.# 1356098. AND ON JULY 30TH, COURT REPORTER FILED 2ND SUPPLEMENTAL RECORD, TWO-PARTS T.C. 1356098 AND T.C.# 1356099, VOL. 1 OF 2 VOL. AND VOL. 2 OF 2 VOL.

## V. STATEMENT REGARDING ORAL ARGUMENT

THE APPELLANT REQUESTS ORAL ARGUMENT RESPECTFULLY TO BE ABLE TO PRESENT TO THIS COURT OF APPEALS HIS ARGUMENTS IN PERSON BECAUSE HIS PRESENCE WILL GIVE HIS ISSUES MORE RESOUNDNESS AS THE PRO SE PARTY WHO SUFFERED THE ILLUSION OF SELF-REPRESENTATION THAT THE UNITED STATES CONSTITUTION ALLOWS IN A TEXAS COURTROOM WHEN REALISTICALLY HE WAS NOT GIVEN THE SAME PANOPLY OF RIGHTS COURTS GIVE BARRED COUNSEL AND WAS DENIED THE RIGHT TO PRE-PARE A EFFECTIVE DEFENSE, BECAUSE A PRO SE PARTYS MOTIONS ARE NOT HEARD TILL NEXT COURT APPEARANCE WHICH USUALLY ARE FOR TRIAL, WHILE A STATE AND OTHER ATTORNEY'S MOTIONS ARE HEARD AND RULED AT THIER REQUESTS, AND PRO SE PARTY'S MOTIONS ARE RULED AS UNTIMELY. FURTHER APPELLANT REQUESTS THIS ORAL ARGUMENT BECAUSE HE BELIEVES HIS TRIAL CONDUCT PUTS NEW LIGHT ON ISSUE OF HYBRID REPRESENTATION IN THAT TRIAL COURT DISCRETION TO ALLOW OR DENY SUCH MUST BE EQUALLY FOLLOWED AND GREATLY CREATES DISPARIMENT BETWEEN PROSECUTION AND DEFENSE BECAUSE A COURTS ALLOWING OF MULTIPLE CO-COUNSELS OF PROSECUTORS MASTERS OF LAW TO CONCURRENTLY ARGUE POINTS OF LAW, WHILE PRO SE DEFENSE IS SADDLED WITH UNWANTED STAND BY COUNSEL WHO MUTENESS FURTHERS STATES CAUSE. THIS CANNOT BE WHAT THE JUSTICE SYSTEMS DEEMS AS JUST AND FAIR? FOR THESE REASONS APPELLANT REQUESTS ORAL ARGUMENT AND IN THE INTERESTS OF JUSTICE.

## VI. ISSUES PRESENTED

1) DID THE STATE TRIAL COURT COMMIT REVERSABLE ERROR BY ALLOWING STATE TO CREATE OWN STATUTE AND PROSECUTE WITH INVALID AND VOID CHARGING INSTRUMENTS THEREFORE NEVER HAVING JURISDICTION DENYING

APPELLANTS RIGHTS OF THE U.S. CONSTITUTION AND TEXAS CONSTITUTION THEREFORE DENYING A FAIR TRIAL?

2) DID TRIAL COURT COMMIT REVERSABLE ERROR BY FAILING TO GIVE APPELLANT "FARETTA-WARNINGS" ON TRIAL CAUSE NO.1356098, APPEAL CAUSE NO. 01-13-00447-CR, ADMONISHMENTS OF THE "DANGERS AND DISADVANTAGES OF SELF-REPRESENTATION AND IF SUCH WAIVER TO COUNSEL WAS KNOWINGLY, INTELLIGENTLY OR VOLUNTARILY MADE AS REQUIRED BY THE U.S. CONSTITUTION, TEXAS CONSTITUTION AND IF IT AFFECTED HIS RIGHTS TO A FAIR TRIAL?

3) DID TRIAL COURT COMMIT REVERSABLE ERROR BY ALLOWING COURT REPORTER TO FAIL TO RECORD ALL TRIAL PROCEEDINGS IN ACCORDANCE WITH GOV. CODE ANN §52.046 (VERNON 1998) ON REQUEST, AFTER COURT FINDING BY MOTION FOR SUCH, DENYING APPELLANT A FAIR TRIAL?

4) DID TRIAL COURT COMMIT REVERSABLE ERROR BY FAILING TO INSURE RIGHT TO CONFLICT-FREE REPRESENTATION HAD AND FORCING APPELLANT TO PROCEED IN PRO SE, VIOLATING BOTH U.S. AND TEXAS CONSTITUTIONS AND DENYING APPELLANT A FAIR TRIAL?

5) DID COURT COMMIT REVERSABLE ERROR BY IMPROPERLY INTERPRETATING THE REQUIREMENTS OF THE "BRADY LAW" IN VIOLATION OF U.S. AND TEXAS CONSTITUTIONAL RIGHTS AND DENYING APPELLANT A FAIR TRIAL?

6) DID TRIAL COURT COMMIT REVERSABLE ERROR BY ALLOWING STATE AND COURT REPORTER TO TAMPER WITH EVIDENCE, BY CHANGING STATE'S EXHIBIT #17 VIOLATING U.S. AND TEXAS CONSTITUTIONAL RIGHTS OF APPELLANT TO A FAIR TRIAL?

7) DID TRIAL COURT COMMIT REVERSABLE ERROR BY ALLOWING FOR COMMENCEMENT OF CAUSE BY JUDGE WHOS IMPARTIALITY WAS QUESTIONABLE IN VIOLATION OF APPELLANTS U.S. AND TEXAS CONSTITUTIONS AND DENYING A FAIR TRIAL?

8) DID TRIAL COURT COMMIT REVERSABLE ERROR BY FAILING TO ISSUE WRITTEN RULINGS TO ALL APPELLANT DEFENDANT'S MOTIONS AFTER GRANTING SUCH, PRESERVING APPELLANT RIGHTS TO EFFECTIVE APPELLATE REVIEW, IN ACCORDANCE WITH U.S. AND STATE CONSTITUTIONS RESULTED IN DENIAL OF FAIR TRIAL?

9) DID TRIAL COURT COMMIT REVERSABLE ERROR BY "ABUSING ITS DISCRETION" IN ERRORIOUSLY APPLYING OF LAWS TO FACTS OF FATAL VARIANCE OF CHARGING INSTRUMENTS VIOLATING U.S. AND TEXAS CONSTITUTIONAL RIGHTS AND DENYING A FAIR TRIAL?

10) DID TRIAL COURT COMMIT REVERSABLE ERROR "ABUSING ITS DISCRETION" IN DENYING APPELLANTS MOTION TO QUASH ENHANCEMENTS WITHOUT GIVING APPELLANT OPPORTUNITY TO ARGUE AND PRESENT EVIDENCE IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS U.S. AND TEXAS, DENYING A FAIR TRIAL?

11) DID TRIAL COURT COMMIT REVERSABLE ERROR BY "ABUSING ITS DISCRETION" IN AFTER GRANTING AND DENIAL OF CONTINUANCE, DENYING "ACCESS TO LAW LIBRARY" IN VIOLATION OF U.S. AND TEXAS CONSTITUTIONS AND TO A FAIR TRIAL?

12) DID TRIAL COURT COMMIT REVERSABLE ERROR BY "ABUSING ITS DISCRETION" IN IMPROPERLY APPLYING LAW TO FACTS IN DENIAL OF MOTIONS TO SET ASIDE INDICTMENTS. VIOLATING U.S. AND TEXAS CONSTITUTIONAL RIGHTS AND A FAIR TRIAL?

13) DID TRIAL COURT COMMIT REVERSABLE ERROR BY ALLOWING STATE TO SOLICIT PERJUROUS TESTIMONY, THAT IT KNEW WAS FALSE, IN VIOLATION OF U.S. AND TEXAS CONSTITUTIONS AND DENYING A FAIR TRIAL?

14) DID TRIAL COURT COMMIT REVERSABLE ERROR BY ABUSING ITS DIS-CRETION BY FAILING TO PROPERLY MAKE APPELLANT AWARE OF CHARGE AND ADMONISH AS REQUIRED BY U.S. CONSTITUTION AND TEXAS CONSTITUTION AND DENYING APPELLANT A FAIR TRIAL?

## VII. STATEMENT OF FACTS

BEFORE TRIAL ON CAUSES NO. 1331628 CLERKS RECORD, VOL.1 OF 1, TRIAL CAUSE #1356099, PAGE 11 AND CAUSE NO. 1331710, PAGE 10 CLERK RECORD, VOL.1 OF 1, T.C.#1356098, APPELLANT WAS RE-INDICTED ON THE CAUSES # 01-13-00447-CR AND 01-13-00448-CR, ON DAY OF TRIAL, SEE CLERK RECORD, VOL.1 OF 1 VOL. DOCKET SHEET ENTRIES, PAGE 129 AND 130, DATE 7/30/2012 THAT SHOWS JULY 30TH, 2012, AM JURY TRIAL AND 7/31/2012 CONTINUED AM JURY TRIAL. APPELLANT FILED HIS MOTION TO DISMISS COUNSEL FOR CONFLICT OF INTEREST, SEE C.R. VOL. 1 OF 1 VOL. PAGE 9, CAUSE NO. 1356098, C.R. VOL.1 OF 1, PAGE 10, CAUSE 1356099, INDICTMENTS PREPARED ON DAY OF TRIAL AND FILED ON DAY OF CONTINUATION FOR TRIAL. APPELLANT FILED HIS DEFEND-ANTS PRO SE MOTION OBJECTION TO STATE AMENDING INDICTMENTS ON DAY OF TRIAL ON AUGUST 14, 2012, FROM HOSPITAL BED, SEE C.R. VOL.1 OF 1, CAUSE NO. 1356098 PAGE 61, BECAUSE COURT APPOINTED COUNSEL REFUSED TO OBJECT, SEE 2ND COURT REPORTER SUPPLE-MENTAL RECORD, TWO-PARTS, VOL. 1 OF 2, PAGE 23 SENTENCE 21 AND PAGE 17 SAME VOL. SENT-ENCE 6 THRU 17.

ON SEPT. 26, 2012, COURT APPOINTED COUNSEL AND COURT ISSUED A PETITION FOR APPOINTMENT OF SAME COUNSEL, SEE CLERK RECORD VOL.1 OF 1, T.C. 1356098 AND T.C. 1356099, PAGE 154, UNSIGNED BY APPELLANT. ON FEBRUARY 4TH, 2013, A PRE-TRIAL HEARING HELD WHERE COURT DENIED TO DISMISS COUNSEL AND TO APPOINT COUNSEL TO ACT IN BEHALF OF APPELLANT, SEE. R.R. 2ND SUPPLEMENTAL RECORD TWO-PARTS VOL.1 OF 2 VOL. T.C.#1356098 AND T.C.#1356099, PAGE 12 SENTENCE 8. SAME VOL. PAGE 15 COURT GRANTED APPELLANT PRO SE STATUS, SENTENCE 10. AND ON SAME PAGE 15, SENTENCE 16 COURT ORDERED STATE TO GIVE APPELLANT ENTIRE FILE! AT PAGE 33, SAME VOL. APPELLANT ASKED COURT FOR VIDEO OF SHOOTING OF COMPLAINANT BY SUSPECT, SENTENCE 4 THRU 10. ON FEBRUARY-5TH, 2013, R.R. 2ND SUPPLEMENTAL RECORD, TWO-PARTS, VOL. 2 OF 2 VOL. T.C. 1356098 AND T.C. 1356099, PAGE 9 SENTENCE 5 AND 6, MOTION FOR CONTINUANCE FILED. COURT DENIED IN PART, SEE PAGE 10, SAME VOL. SENTENCE 11 THRU 15, ACCESS TO THE LAW LIBRARY IS DENIED, WEEKLY OR DAILY. THIS SAME DAY COURT ALSO DENIED HYBRID REPRESENT-ATION PAGE 25 SAME VOL. SEE SAME VOL. PAGE 9 SENTENCE 25 THRU PAGE 10 SENTENCE 1, COURT DENIED APPELLANT STAND BY COUNSEL. ON MAY 14, 2013, BEFORE TRIAL ON MERITS, APPELLANT WAS SHACKLED SEE R.R. VOL. 2 OF 6 VOL. T.C.#1356098, PAGE 9 SENT-ENCE #5 THRU 13. ON MAY 16, 2013, APPELLANT WAS CONVICTED OF AGGRAVATED ASS-AULT AND EVADING ARREST AND SENTENCED TO LIFE FOR T.C. CAUSE 1356099 AND TO 50 YEARS FOR T.C. 1356098 SEE C.R. VOL.1 OF 1 PAGES 267-268 FOR T.C. 1356099 AND PAGE 206-207 FOR T.C. 1356098. ON SAME DAY OF SENTENCING MAY 17TH, 2013, APPELLANT FILED HIS NOTICE OF APPEAL PRO SE, AND MADE TIMELY REQUEST FOR COURT REPORTER AND CLERK TO PREPARE RECORDS UNDER T.R.A.P. 34.5 AND 34.6 SEE C.R. VOL.1 OF 1, T.C. 1356099, PAGES 272-273.

ON MAY 22, 2013, APPELLANT FILED MOTION FOR NEW TRIAL SEE C.R. VOL. 1 OF 1, T.C. 1356098, PAGES 279 AND 282, ON NOVEMBER 21, 2013, APPEAL WAS ABATED SEE C.R. SUPPLEMENTAL 1ST, T.C.#1356098, PAGE 3 AND 4. ON JANUARY 9TH, 2014, HEARING FOR ABATEMENT HELD COURT APPOINTED COUNSEL FOR APPEAL WAS ALLOWED TO WITHDRAW. APPELLANT WAS GIVEN PRO SE STATUS, SEE PAGE 9 OF R.R. 1ST VOL. 1 OF 1 VOL. BOTH CAUSES. ON JULY 8TH, 2014, CLERK RECORD 2ND SUPPLEMENTAL VOL.1 OF 1, 25 PAGES WAS FILED. ON JULY 30TH, 2014, R.R. 2ND SUPPLEMENTAL

RECORD, TWO-PARTS, BOTH CAUSES WAS FILED 47 PAGES. APPELLANTS MOTIONS FOR APPELLATE COURT TO ORDER REMAND AND A NEW TRIAL, T.R.A.P. 34(f)(2)(3) AND AMENDED MOTION DENIED ON SEPTEMBER 18, 2014. ON SEPTEMBER 30, 2014, APPELLANT FILED MOTION FOR RECONSIDERATION OF SEPTEMBER 18, 2014, ORDER. THIS ORDER WAS DENIED ON OCTOBER 28, 2014. ON OCTOBER 17TH, 2014. APPELLANT FILED AND WAS GRANTED MOTION TO EXTEND TIME TO FILE BRIEF TO NOVEMBER 10TH, 2014. AND ON THAT DATE THE APPELLANT FILED THIS HIS PRO SE BRIEF.

## VIII. SUMMARY OF THE ARGUMENT

APPELLANT ARGUES THAT HIS CONVICTIONS ARE ILLEGAL AND VOID FOR LACK OF JURISDICTION BECAUSE CHARGING INSTRUMENTS ARE NOT VALID, AND ARE HAD IN VIOLATION OF SEPERATION OF POWERS. ALSO BECAUSE COURT FAILED TO PROPERLY ADMONISH APPELLANT AND MAKE HIM AWARE CHARGES BEFORE ALLOWING SELF-REPRESENTATION. COURT REPORTER FAILED TO RECORD ALL PROCEEDINGS AND THUS DENIED A FAIR TRIAL THAT INCLUDES APPELLATE REVIEW OF COMPLETE RECORD. COURT WAS AWARE OF CONFLICT BETWEEN ATTORNEY AND CLIENT SHOULD OF HELD A HEARING 'GARCIA". COURT IMPROPERLY DECIDED A BRADY CLAIM DENYING DUE PROCESS. COURT SHOULD NOT OF ALLOWED STATE AND COURT REPORTER TO REPLACE EVIDENCE. IMPARTILITY IS QUESTIONED BY ILLEGAL ACTIONS. ONCE A COURT ISSUES A ORDER GRANTING A RIGHT IT MUST BE FOLLOWED TO INSURE EQUAL PROTECTION OF LAW. THE JUDGES FAILURE TO SEE FATAL VARIENCE IN CHARGING INSTRUMENTS REQUIRE'S REVIEW. COURT CANNOT DENY PARTY OPPORTUNITY TO PRESENT EVIDENCE ESPECIALLY WHEN VOIDNESS A ISSUE. DENIAL TO ACCESS TO LAW LIBRARY CLEARLY VIOLATES ABILITY TO PREPARE A DEFENSE. MUST APPLY RIGHT LAW TO QUESTION OF LAW. IT IS THE DUTY OF STATE AND COURT TO INSURE JUSTICE IS DONE, ALLOWING FALSE WITNESS VIOLATES THAT. COURT IS REQUIRED TO INSURE DEFENDANTS WAIVERS OF RIGHTS ARE DONE KNOWINGLY AND INTELLIGENTLY.

## IX. ARGUMENTS & AUTHORITIES

APPELLANT CONTENDS THAT HIS UNITED STATES CONSTITUTIONAL DUE PROCESS RIGHTS UNDER THE 5TH, 6TH, AND 14TH AMENDMENTS AND EQUAL PROTECTION AND HIS TEXAS CONSTITUTION DUE COURSE OF LAW, IS.19, IS.10 AND THE §§12 OF TEXAS CONSTITUTION WERE VIOLATED.

APPELLANT ALLEGES THAT JUDGMENTS AT CLERKS RECORD (NOW C.R.) VOLUME 1 OF 1, PAGES 267 AND 268, OF TRIAL CAUSE (NOW T.C.) NO.# 1356099 AND C.R. VOL. 1 OF 1, PAGES 206 AND 207, OF TRIAL CAUSE NO.# 1356098, JUDGMENTS SHOULD BE ACCORDED NO RESPECT, DUE TO COURTS LACK OF JURISDICTION, COURT HAD NO POWER TO RENDER JUDGMENTS, BECAUSE THE CHARGING INSTRUMENTS THE "COMPLAINTS/SLASH/INFORMATIONS" AT C.R. VOL. 1 OF 1, PAGE 10, T.C.#1356098 AND C.R. VOL. 1 OF 1, PAGE 11, T.C.#1356099, ARE VOID, ARBITRARY PROSECUTIONAL COMBINATIONS OF STATUTORY DOCUMENTS "COMPLAINTS AND INFORMATIONS" THAT DO NOT MEET WITH THE OR SATISFY THE CONSTITUTIONAL REQUISITES OF A "CHARGING INSTRUMENTS", BECAUSE THIS COMBINATION OF "COMPLAINTS AND INFORMATIONS" ABOVE MENTIONED IN T.C.#1356098 AND T.C.#1356099, IS NOT MANDATED BY ANY CONSTITUTION, STATUTE, OR COMMON LAW. SEE GARCIA V. DIAL, 596 S.W. 2d 524-28 (TEX. CR. APP. 1980).

APPELLANT CONTENDS THAT PROSECUTIONAL COMBINATION OF "CHARGING INSTRUMENTS" "COMPLAINTS/SLASH/INFORMATIONS" SEE C.R. VOL. 1 OF 1, PAGE 10, T.C.#1356098 AND C.R. VOL. 1 OF 1 - PAGE 11, T.C.#1356099, IS A ILLEGAL ACT AND NOT AUTHORIZED BY LAW. "COMPLAINTS" ARE STATUTORILY OUTLINED BY TEXAS CODE OF CRIMINAL PROCEDURE, ARTICLES 15.04 AND 15.05. WHILE "INFORMATIONS" ARE STATUTORILY OUTLINED BY TEX. CODE CRIM. PROC. ART. 21.20 AND 21.21, FOUR DISTINCT AND SEPERATE STATUTES. T.C.C.P. ART. 15.04 "COMPLAINT", "A COMPLAINT IS AN AFFIDAVIT OF A CREDIBLE PERSON MADE BEFORE A MAGISTRATE OR DISTRICT OR COUNTY ATTORNEY CHARGING THE COMMISSION OF AN OFFENSE." T.C.C.P. ART. 15.05: "REQUISITES OF COMPLAINT". 1. IT MUST STATE NAME OF THE ACCUSED, IF KNOWN, AND IF NOT KNOWN, MUST GIVE SOME REASONABLY DEFINITE DESCRIPTION OF HIM.
2. IT MUST SHOW THAT ACCUSED HAS COMMITTED SOME AGAINST THE LAWS OF THE STATE, EITHER DIRECTLY OR THAT THE AFFAINT HAS GOOD REASON TO BELIEVE, AND DOES BELIEVE THAT THE ACCUSED HAS COMMITTED SUCH OFFENSE.
3. IT MUST STATE THE TIME AND PLACE OF THE COMMISSION OF THE OFFENSE AS DEFINITELY AS CAN BE DONE BY THE AFFAINT.
4. IT MUST BE SIGNED BY THE AFFAINT BY WRITING HIS NAME OR AFFIXING HIS MARK.
WHILE T.C.C.P. ART. 21.20, "INFORMATION" IS DEFINED AS AN INFORMATION IS A WRITTEN STATEMENT FILED AND PRESENTED IN BEHALF OF THE STATE BY THE DISTRICT OR COUNTY ATTORNEY CHARGING THE DEFENDANT WITH AN OFFENSE WHICH MAY BY LAW BE SO PROSECUTED. T.C.C.P. ART. 21.21, "REQUISITES OF AN INFORMATION" 1. IT SHALL COMMENCE "IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS";
2. THAT IT APPEAR TO HAVE BEEN PRESENTED IN A COURT HAVING JURISDICTION OF THE OFFENSE SET FORTH;
3. THAT IT APPEAR TO HAVE BEEN PRESENTED BY THE PROPER OFFICER;
4. THAT IT CONTAIN THE NAME OF THE ACCUSED", OR STATE THAT HIS NAME IS UNKNOWN AND GIVE A REASONABLY ACCURATE DESCRIPTION OF HIM;
5. IT MUST APPEAR THAT THE PLACE WHERE THE OFFENSE IS CHARGED TO HAVE BEEN COMMITTED IS WITHIN THE JURISDICTION OF THE COURT WHERE THE INFORMATION IS FILED,
6. THAT THE TIME MENTIONED BE SOME DATE ANTERIOR TO THE FILING OF THE INFORMATION, AND THAT THE OFFENSE DOES NOT APPEAR TO BE BARRED BY LIMITATION;
7. THAT THE OFFENSE BE SET FORTH IN PLAIN AND INTELLIGIBLE WORDS;
8. THAT IT CONCLUDE "AGAINST THE PEACE AND DIGNITY OF THE STATE" AND
9. IT MUST BE SIGNED BY THE DISTRICT OR COUNTY ATTORNEY OFFICIALLY;

APPELLANT WILL SHOW COURT THAT "CHARGING INSTRUMENTS" ARE ILLEGAL AND INVALID BECAUSE STATE PROSECUTOR HAS ILLEGALLY REPLACED "REQUISITES OF A COMPLAINT", T.C.C.P. ART. 15.05, WITH "REQUISITES OF AN INFORMATION", T.C.C.P. ART. 21.21, SEE COMPLAINT/SLASH/INFORMATION AT C.R. VOL. 1 OF 1, PAGE 10, T.C.#1356098 AND C.R. VOL. 1 OF 1, PAGE 11, T.C.#1356099, WHICH

CONVIENENTLY ALLOWS STATE PROSECUTORS TO AVOID AND IGNORE OTHER STATUTES SUCH AS T.C.C.P. ART. 21.22, THAT STATES NO "INFORMATION" SHALL BE PRESENTED UNTIL AFFIDAVIT HAS BEEN MADE BY SOME CREDIBLE PERSON CHARGING THE DEFENDANTS WITH AN OFFENSE, AND REQUIRES THE FILING OF THAT INFORMATION WITH AFFIDAVIT (COMPLAINT).

INTENT OF LEGISLATIVE CREATION OF THESE STATUTES, T.C.C.P. ART. 15.05 AND T.C.C.P. ART. 21.21, SEPERATE STATUTORY REQUISITES, SHOWS THIS STIPULATION HAD TO PROTECT CITIZENS FROM STATES COMMENCMENT OF ARBITRARY OR UNREASONABLE FE-LONY PROSECUTIONS. EX PARTE PATTERSON, 740 S.W. 2d 776 - 75 (TEX. CR. App. 1987); AND MEACHUM V. FANO, 427 U.S. AT 226; 96 S.CT. 2532.

APPELLANT THEREFORE ALLEGES THAT THE ILLEGAL ACT OF COMBINING "COMPLAINTS/SLASH/INFORMATION", IS FURTHER PROVEN BY REVIEWING C.R. VOL. 10F1, INDEX CONTENTS, T.C.# 1356099 AND C.R. VOL. 10F1, INDEX CONTENTS T.C.# 1356098, THAT SHOWS NO INFORMATIONS ON FILE! ALSO BY THE REVIEW OF "COMPLAINTS." AT C.R. VOL. 10F1, PAGE 10, T.C.# 1356098 AND C.R. VOL. 10F1, PAGE 11, T.C.# 1356099. AND SEE "COMPLAINTS" WHICH COMMENCE WITH "IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS" AND CONCLUDES "AGAINST THE PEACE AND DIGNITY OF THE STATE". WHICH ARE "REQUISITES OF A INFORMATION", T.C.C.P. ART. 21.21.

THE COMPLAINTS MENTIONED ABOVE, DO NOT STATE THE TIME AND PLACE OF THE COMMISSION OF THE OFFENSE AS DEFINITELY AS CAN BE DONE BY THE AFFIANT, BUT RATHER STATE THAT THE PLACE IS WITHIN THE JURISDICTION OF HARRIS COUNTY AND THAT THE TIME IS SOME ANTERIOR DATE TO FILING OF INFORMATION, BY THE STATE ATTORNEY (NOT AFFIANT). YET THE RECORD WILL SHOW THERE IS NO INFORMATIONS FOR PRIOR OR PRIMARY CAUSES, ON FILE. AND SO CAUSES WILL NEVER BE BARRED BY LIMITATION.

THE PRACTICES AND PROCEDURES RELATING TO THE USE OF INDICTMENTS, INFORMATIONS, AND COMPLAINTS, INCLUDING THIER CONTENTS, AMENDMENTS, SUFFICIENY AND "REQUISITES", ARE AS PROVIDED BY LAW. LONG V. STATE, 742 S.W. 2d 302 - 20 (TEX. CR. App. 1987); 485 U.S. 993, 103 S. CT. 1401, 99 L.Ed. 2d 511, 43 CRIM. L. REV. 4001. (1988).

APPELLANT ALSO CONTENDS THAT THIS ILLEGAL AND VOID ACTION BY STATE ATTORNEY OF COMBINING "CHARGING INSTRUMENTS" "COMPLAINT/SLASH/INFORMATION", C.R. VOL. 10F1, PG. 10, T.C.# 1356098 AND C.R. VOL. 10F1, Pg. 11 T.C.# 1356099. VIOLATES HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS UNDER THE 5TH, 6TH, AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND HIS DUE COURSE OF LAW, ART. I § 19 AND I § 10 AND THE SEPERATION OF POWER DOCTRINE OF THE TEXAS CONSTITUTION, ART. II § I. BECAUSE ENCROACHING OF STATE ATTORNEY (JUDICIAL BRANCH) ASSUMING THE POWER OF THE (LEGISLATIVE BRANCH) AND CREATING HIS/HER OWN STATUTE (LAW) BY COMBINING, TEXAS CODE OF CRIMINAL PROCEDURES ARTICLES, 15.04 AND 15.05, WITH T.C.C.P. ART. 15. 20 AND 21.21, AND REPLACING T.C.C.P. ART. 15.05 "REQUISITES OF COMPLAINTS" WITH T.C.C.P. ART. 21, 21 "REQUISITES OF AN INFORMATION", THEREFORE INTERFERING WITH LEGISLATURES BRANCHES EXERCISE OF ITS CONSTITUTIONALLY ASSIGNED POWERS TO MAKE STATUTES, SUCH AS T.C.C.P. ART. 15.04, 15.05, 21.20 AND 21.21, DEFINING, DESCRIBING, EXPRESSING OR EFFECTUATING THE RIGHTS GUARANTEED CITIZENS BY THE CONSTITUTION. MESHEL V. STATE, 739 S.W. 2d 246 (Tex. Cr. App. 1987).

APPELLANT HAS STANDING TO RAISE "SEPERATION OF POWER" VIOLATION BECAUSE THE LEGISLATIVE CREATION OF STATUTES AND ITS "REQUISITES", T.C.C.P. ARTICLES 15.05 AND 21.21, WITH INTENT TO PROTECT AAPPELLANTS RIGHTS AS A CITIZEN FROM ARBITRARY STATE (JUDICIAL BRANCH) ACCUSATIONS WITHOUT DUE PROCESS OF LAW, AND BECAUSE APPELLANTS RIGHTS ARE BEING INFRINGED, BY THIS ILLEGAL ACT.

WHERE THE STATUTES ARE CLEAR AND UNAMBIGUOUS, SUCH AS T.C.C.P. ARTICLES, 15.04, 15.05, 21.20 AND 21.21; THE LEGISLATURE MUST BE UNDERSTOOD TO MEAN WHAT IT HAS EXPRESSED, AND IT IS NOT FOR THE COURTS, STATE (JUDICIAL BRANCH) TO ADD OR SUBTRACT FROM SUCH STATUTES. COIT V. STATE, 808 S.W. 2d 473 - 75 (TEX. Cr. App. 1941). THE TOUCHSTONE OF DUE PROCESS IS PROTECTION OF THE INDIVIDUAL AGAINST ARBITRARY ACTION OF GOVERNMENT. DENT V. WEST VIRGINIA, 129 U.S. 114, -123, 82 L.Ed. 623; 9 S.CT. 231 (1889).

APPELLANT FURTHER CONTENDS THAT JUDGMENTS, SEE C.R. VOL. 1 OF 1, PAGES 267 AND 268, T.C.# 1356099 AND C.R. VOL. 1 OF 1, T.C.# 1356098, PAGES 206 AND 207, AND CONVICTIONS ARE ILLEGAL AND VOID AND DENY APPELLANT HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW UNDER THE 5TH, 6TH, AND 14TH AMENDMENTS OF THE UNITED STATES AND DUE COURSE OF LAW OF THE TEXAS CONSTITUTION OF ARTICLES I § 19, I § 10, WHEN APPELLANT A INDIGENT DEFENDANT WAS REQUIRED TO FACE A DUAL OFFENSE CRIMINAL TRIAL PROCEEDING WITHOUT APPOINTED COUNSEL, WHEN SUCH WAS NOT WAIVED. APPELLANT WOULD SHOW APPEALS COURT AT COURT REPORTER 2ND SUPPLEMENTAL RECORD, TWO-PARTS, VOL. 1 OF 2 AND VOL. 2 OF 2, T.C.# 1356098 AND T.C.# 1356099, TITLED SUCH EVEN THOUGH RECORD CONTAINS NO REFERENCE TO TRIAL CAUSE NO. 1356098, APPEAL CAUSE NO. 01-13-00447-CR, WILL SHOW THIS COURT THAT THE APPELLANT (DEFENDANT) NEVER COMPETENTLY, INTELLIGENTLY, OR VOLUNTARILY WAIVED HIS RIGHT TO COUNSEL. APPELLANT WOULD CALL THIS COURTS ATTENTION TO R.R. 2ND SUPPLEMENTAL RECORD, TWO-PARTS, VOL. 1 OF 2 AT PAGE 8, SENTENCE 13, THROUGH PAGE 9 SENTENCE 15, (DEFENDANT) APPELLANT ASKED THE COURT "WHAT HE WAS BEING CHARGED WITH," AND THE COURT "RESPONDED HE WAS NOT BEING CHARGED WITH OTHER CASES" ONLY TRIAL CAUSE NO.# 1356099.

APPELLANT CONTENDS THAT ANY WAIVER OF COUNSEL WAS NOT MADE KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY, BECAUSE NO WHERE IN R.R. 2ND SUPPLEMENTAL RECORD, TWO-PARTS, VOL. 1 OF 2 AND VOL. 2 OF 2, DID JUDGE ADDRESS, TRIAL CAUSE NO. 1356098, APPEAL CAUSE NO. 01-13-00-447-CR, AND ANY WAIVER (IF) VALID FOR TRIAL CAUSE NO.# 1356099, APPEAL CAUSE NO. 01-13-00448-CR, IS NOT VALID, FOR TRIAL CAUSE NO.# 1356098, BECAUSE WAIVER OF COUNSEL MUST BE MADE WITH AN APPREHENSION OF THE NATURE OF THE CHARGE. SEE WILLIAMS V. STATE, 194 S.W. 3d 568-(TEX. APP.- HOUSTON [14TH DIST.] 2006; 252 S.W. 3d 353 (TEX. CRIM. APP. 2008; GIDEON V. WAINWRIGHT, 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. CT. 792 (1963).

"A VOID JUDGMENT IS A NULLITY FROM THE BEGINNING AND IS ATTENDED BY NONE OF THE CONSEQUENCES OF A VALID JUDGMENT, IT IS ENTITLED TO NO RESPECT WHATEVER, BECAUSE IT DOES NOT AFFECT, IMPAIR, OR CREATE, LEGAL RIGHTS." EX PARTE SPAULDING, 687 S.W. 2d AT 745.

APPELLANT CLAIMS THAT HIS CONSTITUTIONAL RIGHTS UNDER THE 5TH, 6TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND HIS DUE COURSE OF LAW RIGHTS UNDER, I § 19, I-§ 10, OF THE TEXAS CONSTITUTION WERE VIOLATED BY DENIAL OF "FARETTA WARNINGS".

WHEN A CRIMINAL DEFENDANT CHOOSES TO WAIVE HIS RIGHT TO COUNSEL AND REPRESENT HIMSELF, THE WAIVER SHOULD BE MADE "KNOWINGLY AND INTELLIGENTLY" AND HE SHOULD BE WARNED OF THE "DANGERS AND DISADVANTAGES" ACCOMPANYING SUCH WAIVER. SEE FARETTA, 422 U.S. AT 835-36.

APPELLANT CONTENDS THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT HIS PRE-TRIAL HEARING AND TRIAL, SEE R.R. 2ND SUPPLEMENTAL RECORD, TWO-PARTS, VOL. 1 OF 2 AND VOL. 2 OF 2, TRIAL CAUSE NO.# 1356098 AND T.C.# 1356099, BECAUSE HIS WAIVER OF RIGHT TO COUNSEL WAS NOT "KNOWINGLY AND INTELLIGENTLY" MADE AND BECAUSE APPELLANT WAS NOT ADMONISHED ON THE DANGERS AND DISADVANTAGES OF SELF-REPRESENTATION ON TRIAL CAUSE NO.# 1356098; APPEAL CAUSE NO.-01-13-00447-CR.

REVIEW OF R.R. 2ND SUPPLEMENTAL RECORD, TWO-PARTS, VOL. 1 OF 2, AT PAGE 8 SENTENCE 11 THROUGH PAGE 10 SENTENCE 12, WHICH SPECIFICALLY STATES ONLY CASE THAT APPELLANT IS FACING, IS T.C.# 1356099. ALSO SEE C.R. 2ND SUPPLEMENTAL RECORD, TWO-PARTS, VOL. 2 OF 2, PAGE 9 SENTENCES 1 THRU 16, JUDGE STATES TRIAL CAUSE NO. 1356099, ONLY CHARGE!

APPELLANT THE ACCUSED DID NOT "KNOWINGLY AND INTELLIGENTLY" FORGO BENEFITS ASSOCIATED WITH RIGHT TO COUNSEL. HE WAS NOT INFORMED OF THE NATURE AND CAUSE OF THE ACCUSATION THE "CHARGE" OF TRIAL CAUSE NO.# 1356098, APPEAL CAUSE NO. 01-13-00447-CR, SEE R.R. 2ND SUPPLEMENTAL RECORD, TWO-PARTS VOL. 1 OF 2 AND VOL. 2 OF 2, HE WAS NOT MADE AWARE OF THE DANGERS AND DISADVANTAGES OF SELF-REPRESENTATION ON TRIAL CAUSE NO. 1356098; APPEAL CAUSE NO. 01-13-00447 CR AND R.R. 2ND SUPPLEMENTAL RECORD, TWO-PARTS, VOL. 1 OF 2 AND VOL. 2 OF 2, SHOWS APPELLANT DID NOT KNOW HE WAS FACING, TRIAL CAUSE NO.# 1356098, APPEAL CAUSE NO. 01-13-00447-CR AND THEREFORE, HIS EYES WERE NOT WIDE OPEN TO THIS CHARGE, NO RECORD CAN ESTABLISH SUCH, AS REQUIRED. GOFFNEY V. STATE, 843 S.W. 2d 583-85, (TEX. CR. APP. 1992, AND UNITED STATES V. CANO, 519 F. 3d 512-16 (5TH CIR. 2008).

APPELLANT CLAIMS THAT HIS RIGHTS UNDER THE 5TH, 6TH, AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION, ALONG WITH HIS TEXAS CONSTITUTIONAL RIGHTS OF DUE COURSE OF LAW OF ARTICLES, I§10, I§19 AND EQUAL PROTECTION OF THE LAWS WERE VIOLATED BY TRIAL COURT REPORTERS FAILURE TO COMPLY, WITH OFFICIAL DUTIES AS REQUIRED BY LAW, UNDER THE TEXAS GOVERNMENT CODE ANNOTATED § 52.046 (VERSION 1998), (A) ON REQUEST, AN OFFICIAL COURT REPORTER SHALL: (1) ATTEND ALL SESSIONS OF THE COURT; (2) TAKE FULL SHORTHAND NOTES OF ORAL TESTIMONY OFFERED BEFORE THE COURT, INCLUDING OBJECTIONS MADE TO THE ADMISSABILITY OF EVIDENCE, COURT RULINGS AND REMARKS ON THE OBJECTIONS, AND EXCEPTIONS TO THE RULING; (3) TAKE FULL SHORTHAND NOTES OF CLOSING ARGUMENTS IF REQUESTED TO DO SO BY THE ATTORNEY OF A PARTY TO THE CASE, INCLUDING OBJECTIONS TO THE ARGUMENTS, COURT RULINGS AND REMARKS ON THE OBJECTIONS, AND EXCEPTIONS TO THE RULINGS, ETC., AAPPELLANT REQUESTED COURT REPORTER MAKE FULL RECORD OF ALL PROCEEDINGS" IS FOUND IN, CLERK RECORD. VOLUME 1 OF 1, T.C. #1356098, PAGE 136 THRU 138 AND AT PAGE 167 THRU 168, IN ACCORDANCE WITH THIS APPELLATE COURTS REQUIREMENTS UNDER; POLASEK v. STATE, 16 S.W. 3d 82 (TEX. APP.- HOU [1ST DIST] 2000; VALLE v. STATE, 109 S.W. 3d 500-08 (TEX. CRIM. APP. 2003).

APPELLANTS" MOTION FOR COURT REPORTER TO RECORD ALL PROCEEDINGS" FURTHER BECAME MANDATORY BY COURTS (GRANTING) OF THIS MOTION; SEE R.R. VOL. 2 OF 6, TRIAL CAUSE NO 1356098, PAGE 6 SENTENCES 13 THRU 15 ALSO, THE COURTS GRANTING OF APPELLANT'S" MOTION FOR COURT REPORTER TO RECORD ALL PROCEEDINGS" ALSO EXPLICITLY ESTABLISHED THE COURT REPORTERS ADDITIONAL MANDATORY DUTIES: (1) HEARING AND ARGUMENTS IN ALL PRE-TRIAL MATTERS; (2) THE ENTIRE VOIR DIRE EXAMINATION OF THE JURY PANEL OF PROSPECTIVE JURORS IN THIS CAUSE OF ACTION: (3) ALL TESTIMONY OF WITNESSES IN THE CASE BEFORE THE JURY AND THE COURT: (4) ALL OBJECTIONS AND THE COURTS RULING THEREON; (5) ALL COMMUNICATIONS BETWEEN THE COURT AND THE JURY (6) ALL COMMUNICATIONS BETWEEN THE COURT AND COUNSEL FOR BOTH SIDES, AT THE BENCH OR IN THE COURT'S CHAMBERS; (7) ALL HEARINGS BEFORE THE COURT AND OUTSIDE THE PRESENCE OF THE JURY; (8) ALL ARGUMENTS OF LAW PRESENTED TO THE COURT BY COUNSEL FOR BOTH SIDES; (9) THE FINAL ARGUMENT MADE BY COUNSEL FOR BOTH SIDES TO THE JURY AND ALL OBJECTIONS AND RULINGS IN CONNECTION THEREWITH; (10) EACH AND EVERY, ALL AND SINGULAR, UTTERANCE AND/OR WORD SPOKEN BY THE COURT, THE ATTORNEYS, AND ANY OTHER PERSON WHO PARTICIPATES, IN ANY WAY, MANNER OR FORM, IN THIS CAUSE OF ACTION, WHEREVER SUCH UTTERANCES OR WORDS MAY OCCUR, WHETHER IN CHAMBERS, IN OPEN COURT, AT COUNSEL TABLE; (EXCLUDING ANY ATTORNEY/CLIENT COMMUNICATIONS), AT THE BENCH OR ELSEWHERE.

THIS APPELLANT MOTION WAS A "CONTINUING MOTION", AND THE RULING ON DEFENDANTS MOTION WAS A CONTINUING RULING THRU OUT THIS CAUSE. SEE C.R. VOL. 1 OF 1, T.C. #1356098, PAGE 136-138 AND PAGES 167-168. BROWN v. STATE, 692 S.W. 2d 146-50 (TEX APP-HOU EAST DIST) 1985.

APPELLANT CONTENDS THAT COURT REPORTER'S INCOMPLETENESS OF RECORDS, MISSING WORDS, AND UNCLEAR NOTATIONS ARE FUNDAMENTAL ERRORS OCCURRING IN ALL VOLUMES, THAT THE APPELLANT WILL NOW SHOW COURT THAT ALSO VIOLATE CONTINUOUS MOTION REQUISITES", OF ALL THESE ERRORS APPELLATE WILL SHOW THE FOLLOWING, WHICH ARE SUFFICIENT TO PROVE VIOLATIONS, SEE, R.R. VOL. 2 OF 6 VOL. PAGE 9 SENTENCE 15 AND 16. DISCUSSION BETWEEN STATE AND COURT MISSING (BENCH CONFERENCE); SAME VOL. PAGE 21 COURTS DISCUSSION WITH (DEFENDANT) APPELLANT MISSING? PAGE 92 SAME VOL. SENTENCE 22, WORDS #3 THRU #18, WHAT? UNCLEAR! PLUS NUMEROUS WORDS MISSING THROUGHOUT THIS VOL. ON PAGES 97, 102, 115, 116, 118, 131, 139, 141; AND SEE R.R. VOL. 3 OF 6 VOL. PAGE 7 SENTENCE 1 THRU 6, RECORD OF PUBLISHING OF STATES REPLACEMENT EXHIBIT #7, MISSING, INCLUDING ALL REMARKS DURING PUBLISHING AND DEFENDANTS OBJECTION; SAME VOL. PAGE 33 SENTENCE 4 WHO IS VAST? THIS SAME VOL. AGAIN NUMEROUS WORDS MISSING THROUGHOUT, SEE PAGES 17, 18, 19, 22, 23, 25, 27, 31, 34, 38, 41, 43, 44, 47, 48, 49, 52, 58, 67, 69, 73, 74, AND AT PAGE 75, SAME VOL. SENTENCE 19 WHAT? AND R.R. VOL. 4 OF 6 VOL. PAGE 14 THRU PAGE 15 SENTENCE 1, WHERE STANDBY COUNSEL ATTEMPTS TO PUBLISH EVIDENCE, POLICE OFFENSE REPORT, IS MISSING; SAME VOL. PAGE 17 SENTENCES 7 THRU 9, STATE AND COURT OFF THE RECORD DISCUSSION, MISSING; PAGE 53 SAME VOL, SENTENCE 11, DISCUSSION OFF THE RECORD MISSING; PAGE 112 SAME VOL. SENTENCE 18, JURY CHARGE READING NOT RECORDED; PAGE 113,

SAME VOL. SENTENCE 19, READING JURY CHARGE NOT RECORDED; PAGE 114, SAME VOL. SENTENCES 7 AND 19, READING JURY CHARGE NOT RECORDED; PAGE 115, SAME VOL. SENTENCE 15, READING JURY CHARGE NOT RECORDED; AGAIN NUMEROUS MISSING WORDS THROUGHOUT, VOL. 4 OF 6 VOL. PAGES 6, 8, 9, 10, 11, 14, 15, 16, 17, 18, 19, 20, 21, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, AND IT CONTINUES, SEE R.R. VOL. 5 OF 6 VOL., PAGE 9 SENTENCE 10 WORDS MISSING; PAGE 11 SENTENCE 5 WORDS MISSING; PAGE 12 SENTENCE 10 WORDS MISSING; PAGE 13 SENTENCE 9 WORDS MISSING; PAGE 14 SENTENCE 8, 11 AND 19 WORDS MISSING; PAGE 16 SENTENCE 3 WORDS MISSING; PAGE 17 SENTENCE 4 WORDS MISSING; PAGE 18 SENTENCE 8 WORDS MISSING; PAGE 22 SENTENCES 2, 7, 10 AND 15 WORDS MISSING; PAGE 24 THRU 25 APPELLANT'S CONVERSATIONS AND OBJECTIONS TO COURT ABOUT DISPLAYED CHALKBOARD WITH TIME RANGES FOR SENTENCING FROM "HIGHEST TO LOWEST" MISSING; PAGE 30 SENTENCE 19 AND 20 WORDS MISSING; PAGE 31 SENTENCES 13 AND 21 WORDS MISSING; PAGE 33 SENTENCES 5, 11, AND 19 MISSING WORDS; PAGE 34 SENTENCE 5 WORDS MISSING, AND AT PAGE 35 FROM SENTENCE 21 THRU 23, THE WHOLE RECORD IS MISSING FROM TIME THE JURY SENT A LETTER TO COURT, SEE C.R. VOL. 1 OF 1, TRIAL CAUSE NO. 1356099, "REQUEST OF JURY" PAGE 256, TO HEARING BETWEEN COURT, STATE AND DEFENDANT (APPELLANT) ON JURY'S REQUESTS. DEFENDANT APPELLANT'S QUESTIONS AND OBJECTIONS, STATES RESPONSES TO COURT AND COURTS ANSWERS AND COURTS WRITTEN RESPONSE TO JURY ARE NOT ON RECORD? ALSO SEE R.R. VOL. 6 OF 6 VOL., STATES EXHIBIT #17, THIS IS NOT ORIGINAL STATES EXHIBIT #17, SEE R.R. VOL. 2 OF 6 VOL. PAGES 139 AND 140, ORIGINAL STATE EXHIBIT #17, IS MISSING FROM THIS RECORD. FURTHER REVIEW OF C.R. VOL. 1 OF 1 FOR BOTH TRIAL CAUSES #1356098 AND 1356099, WILL SHOW THAT THE STATES EXHIBIT #17, AT R.R. VOL. 6 OF 6 VOL. HAS NEVER BEEN ON FILE, AS THIS CD IS TOTALLY DIFFERENT BRAND THEN ANY ON FILE? SO COURT REPORTERS FAILURE TO RECORD ALL PROCEEDINGS IS CLEARLY ERROR OF FUNDAMENTAL NATURE. BECAUSE INJURE HIS RIGHTS FOR EFFECTIVE APPELLATE REVIEW THAT WOULD INSURE APPELLANT WAS NOT DEPRIVED OF A FAIR AND IMPARTIAL TRIAL, SEE SATTIEWHITE V. STATE, 600 S.W. 2d 277-85 (TEX. CRIM. APP. 1979).

APPELLANT WILL SHOW COURT THAT TRIAL COURT'S "GRANTING" OF APPELLANT'S CONTINOUS NATURE MOTION FOR "REPORTER TO RECORD ALL PROCEEDINGS" ESTABLISHED PROPER PROCEDURAL AND SUBSTANTIVE MANNER, UNLIKE: WILLIAMS, 937 S.W. 2d 479 AND BUCHANAN, 68 S.W. 3d AT 140.

IN TERMS OF A TRIAL RECORD, THIS MEANS THAT THE STATE MUST AFFORD THE INDIGENT A "RECORD OF SUFFICIENT COMPLETENESS" TO PERMIT PROPER CONSIDERATION OF [HIS] CLAIMS." DRAPER V. WASHINGTON, 372 U.S. 487-96, 9 L.Ed. 2d 899-905, 81 S.CT. 774 (1963).

APPELLANT CLAIMS THAT HIS CONSTITUTIONAL RIGHTS UNDER THE 5TH, 6TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION AND HIS DUE COURSE OF LAW UNDER, ART. I §19 AND I §10 OF THE TEXAS CONSTITUTION WERE VIOLATED BY DENIAL OF "CONFLICT-FREE REPRESENTATION".

APPELLANT CONTENDS HIS 6TH AMENDMENT OF U.S. CONSTITUTION GUARANTEED RIGHT TO "CONFLICT-FREE" REPRESENTATION WAS VIOLATED, BY STATE APPOINTED COUNSEL "HATTIE SEWELL SHANNON" WHO'S MERE PRESENCE DID NOT GUARANTEE FULFILLMENT OF THIS RIGHT, AND HER CONFLICTING OBLIGATIONS SEALED HER LIPS AT CRUCIAL TIMES AND AT CRUCIAL MOMENTS. ADVERSLY AFFECTING DEFENDANT APPELLANTS RIGHTS. SEE EX PARTE MCCORMICK, 645 S.W. 2d 801 (TEX. CR. APP. 1983; CUYLER V. SULLIVAN, 446 U.S. 335, 100 S.CT. 1708 64 L.Ed. 2d 333 (1980).

APPELLANT WILL NOW IDENTIFY THE SPECIFIC INSTANCES THAT CAN BE FOUND ON RECORD, OF ACTUAL CONFLICT AND ITS ADVERSE EFFECTS.

ON JANUARY 3RD, 2012, TRIAL COURT APPOINTED "HATTIE SEWELL SHANNON" AS APPELLANTS COUNSEL, SEE C.R. VOL. 1 OF 1 T.C. #1356099 PAGE 15, FILED ON JANUARY 3RD, 2012. ON THE SAME DAY APPOINTED COUNSEL "HATTIE SEWELL SHANNON" SIGNED A "CONFIDENTIALITY AGREEMENT WITH STATE, SHOWN SIGNED ON JANUARY 03, 2011, SEE C.R. VOL. 1 OF 1, T.C. #1356099, PAGE 13, THAT SHOWS FILING ON JANUARY 1ST, 2012, TWO DAYS PRIOR TO "APPOINTMENT OF COUNSEL". COINCIDENTLY ON JANUARY 3RD, 2012, COURT CANCELLED DEFENDANT APPELLANTS BONDS, AT SAME TIME COUNSEL WAS APPOINTED, ON STATE'S MOTION FOR DENIAL OF BAIL, WITHOUT A "VALID COURT RULING". SEE C.R. VOL. 1 OF 1, T.C. #1356099, PAGE 14, DATED JANUARY 3RD, 2012, BUT AGAIN FILED ON THE DAY OF JANUARY 1ST, 2012, TWO DAYS BEFORE?

APPELLANT THUS SHOWS ACTUAL CONFLICT BECAUSE COURT APPOINTED COUNSEL, STATE AND COURT HAD PRIOR AGREEMENT AND PREARRANGED APPOINTMENT OF COUNSEL, BEFORE APPELLANT, BEFORE HE EVEN REQUESTED SUCH. THIS ADVERSLY AFFECTED APPELLANTS DUE COURSE OF LAW RIGHTS AND RIGHT TO COUNSEL UNDER T.C.C.P. ANN. ART. 26, 04 (b)(3)(6) AND BY ALLOWING APPOINTED COUNSEL BEFORE APPOINTMENT AGREE TO ALLOW STATE AND COURT TO CANCEL APPELLANTS BONDS, WITHOUT EVEN A VALID RULINGS!

APPELLANT WILL ALSO SHOW THAT COURT APPOINTED COUNSEL CONFLICT, IS FURTHER HAD IN SIGNING THE "CONFIDENTIALITY AGREEMENT" WHERE APPOINTED COUNSEL "LITERALLY" FOLLOWED ITS CONTEXTS NOT TO PROVIDE DEFENDANT INFORMATION BY FURTHING STATES INTERESTS, BY CONTINIOUSLY DENYING THE EXISTENCE OF "VIDEO EVIDENCE", SEE COURT REPORTERS 2ND SUPPLEMENTAL RECORD,

PG. 10 OF 18

TWO-PARTS, VOL. 1 OF 2 VOL., TRIAL CAUSES #1356098 AND T.C.#1356099, PAGES 31 THRU 33. APPOINTED COUNSEL AGREEING WITH STATE, ON FEB. 04, 2013, THAT NO VIDEO EXISTS. WHEN COURT APPOINTED COUNSEL KNEW VIDEO EXISTED, BY VIEWING RECORD, OF FAX FROM HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE, SENT TO "HATTIE SHANNON" COURT APPOINTED COUNSEL FOR APPELLANT, DATED JANUARY 20TH, 2013, SEE CLERKS RECORD, VOLUME 1 OF 1, TRIAL CAUSE NO #1356099, PAGE 75. STATING THAT "FLASH DRIVE VIDEO OF SHOOTING OF COMPLAINANT BY SUSPECT (APPELLANT) WAS TAGGED INTO EVIDENCE ON DEC. 30TH AND 31ST, 2011. THEREFORE APPOINTED COUNSELS FURTHERING STATES INTEREST IN SUPPRESSING "VIDEO EVIDENCE", THAT COULD OF SHOWN APPELLANTS VERSION OF EVENTS, RESULTED IN THE INEVITABLE DESTRUCTION OF VIDEO, THAT WAS EXCULPATORY AND IMPEACHING TO WITNESS ACCOUNTS.

APPELLANT WILL ALSO SHOW COURT APPOINTED COUNSEL CONFLICT BECAUSE ON DAY OF TRIAL SEE. C.R. VOL. 1 OF 1, T.C.#1356099, PAGE 129 THRU 130 "HARRIS COUNTY CRIMINAL DISTRICT DOCKET SHEET ON DATE 7/30/2012, SHOWS AM JURY TRIAL AND ON 7/31/2012, SHOWS CONTINUED AM JURY TRIAL APPOINTED COUNSEL IN THE STATES INTEREST ALLOWED FOR STATE TO RE-INDICT, AT A TIME NOT MANDATED BY T.C.C.P. ANN. ART. 28.10, "ON DAY OF TRIAL" AND REFUSED TO OBJECT FOR APPELLANT. SEE R.R. 2ND SUPPLEMENTAL RECORD, TWO-PARTS, VOL. 1 OF 2 VOL. T.C.#1356098 AND, T.C.#1356099, PAGE 16, 17 AND 18, WHERE APPOINTED COUNSEL DID NOT DENY THESE ALLEGATIONS. CONFLICT WAS BROUGHT TO THE COURTS ATTENTION BY AND THRU APPELLANTS "MOTION TO DISMISS COURT APPOINTED ATTORNEY AND APPOINT NEW COUNSEL TO ACT ON BEHALF OF THE DEFENDANT" SEE AT C.R. VOL. 1 OF 1, T.C.#1356098 AND T.C.#1356099, PAGES 149, 150, 151 AND 152; AT PAGE 150, SEE WHERE DEFENDANT (APPELLANT) STATES COURT APPOINTED COUNSEL CONTINUES TO REFER TO HIM AS HABITUAL; CLEARLY SHOWS CONFLICT. BECAUSE STATE STATED THEY RE-INDICTED SEE R.R. 2ND SUPPLEMENTAL RECORD, TWO-PARTS, VOL. 1 OF 2, T.C.#1356098 AND T.C.#1356099, PAGE 9 SENTENCES 24 AND 25, TO PUT ENHANCEMENT TO MAKE APPELLANT A TRUE HABITUAL.

SO IF COURT APPOINTED COUNSELS INTERESTS WERE FOR CLIENT, SHE WOULD NOT HAVE INITIATED STATES INTEREST TO ENHANCE AND IF SHE WOULD HAVE OBJECTED TO IMPROPER ACTION UNDER T.C.C.P. ANN. ART. 28.10 ON DAY OF TRIAL, SPEEDY TRIAL RIGHTS WOULD NOT HAVE BEEN ABRIDGED AND STATE WOULD NOT HAVE BEEN ABLE TO INDICT AGAIN, BUT WOULD HAD TO PROCEED TO TRIAL ON JULY 30TH, 2012.

FURTHER CONFLICT CAN BE SHOWN BECAUSE COURT KNEW OF CONFLICT BECAUSE OF APPELLANTS MOTION TO DISMISS COUNSEL AND REQUEST FOR NEW COUNSEL, SEE. C.R. VOL. 1 OF 1, T.C.#1356098 AND T.C.#1356099, PAGE 149 THRU 152, THAT WAS FILED IN JULY 30TH 2012, SO APPELLANTS APPEARANCE TO COURT ON SEPT. 26, 2012, SEE C.R. VOL. 1 OF 1, T.C.#1356098 AND T.C.#1356099, PAGE 129, 130 AND 131, HARRIS COUNTY CRIMINAL DISTRICT DOCKET SHEET, RESULTED IN CONFLICT BECAUSE THIS DOCKET CLEARLY SHOWS APPELLANT'S PRESENCE ALTHOUGH NOT IN COURT, BUT IN COURT HOLDOVER; EVEN SO COURT AND APPOINTED COUNSEL "HATTIE SHANNON" FOR THIER OWN "INTERESTS" EXECUTED AND FALSIFIED A GOVERNMENT AND COURT RECORD IN VIOLATION OF V. T.C.A. PENAL CODE CHAPTER, 37, 37.01, PERJURY AND OTHER FALSIFICATION SEE CLERK RECORDS, VOLUME 1 OF 1 T.C.#1356098 AND T.C.#1356099 PAGE 154, FALSIFYING A GOVERNMENT/COURT RECORD THAT APPELLANT PETITIONED COURT FOR APPOINTMENT OF SAME COUNSEL, TO WHICH HE MOVED TO DISMISS?

THEREFORE AFFECTING APPELLANTS RIGHTS BY CONTINUATION OF REPRESENTATION OF INEFFECTIVE COUNSEL AND FORCING APPELLANT TO HAVE TO PROCEED PRO SE TO INSURE HIS PRETRIAL RIGHTS NOT BE FORFEITED.

THIS CONFLICTING ACTION IS EVIDENCE THAT COURT APPOINTED COUNSELS CONTINUOUS SERVICE TWO MASTERS, TO WHICH CANNOT BE DOUBTED, WITH APPELLANTS INTERESTS NOT BEING APPARENT, SO A FINDING OF INEFFECTIVE ASSISTANCE BASED ON THIS COUNSELS CONFLICTED INTERESTS MUST FOLLOW. EX PARTE ACOSTA, 672 S.W. 2d 470-79 (TEX. CR. APP 1984); HOWARD V. STATE, 966 S.W. 2d 821-26 (TEX. APP-AUSTIN) 1998.

APPELLANT CLAIMS THAT HIS RIGHTS UNDER THE 5TH, 6TH, AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION AND HIS DUE COURSE OF LAW RIGHTS OF, I §19 AND I §10, OF THE TEXAS CONSTITUTION WERE VIOLATED AND DENIED IN VIOLATION OF THE "BRADY LAW!"

PS. 13 OF 18

APPELLANT WILL SHOW COURT THAT THE PROSECUTION AND COURT APPOINTED COUNSEL SUPPRESSED FAVORABLE IMPEACHMENT AND EXCULPATORY EVIDENCE "FLASH DRIVE VIDEO OF THE SHOOTING OF COMPLAINANT BY SUSPECT" TAKEN TO PROPERTY FOR TAGGING OF EVIDENCE ON BOTH OR ABOUT DECEMBER 30TH AND 31ST 2011, SEE CLERK RECORD, VOLUME 1 OF 1, TRIAL CAUSE N° 1356099, PAGE 174, FAX FROM HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE, TO "HATTIE SHANNON" APPOINTED COUNSEL FOR APPELLANT, DATED JANUARY 20TH, 2013.

ON FEBRUARY 4TH, 2013, AT PRE-TRIAL HEARING WHERE APPELLANT WAS GIVEN PRO SE STATUS JUDGE ORDERED STATE PROSECUTOR TO GIVE DEFENDANT EVERYTHING IN STATES FILE, SEE R.R. 2ND SUPPLEMENTAL RECORD, TWO-PARTS, VOL. 1 OF 2, TRIAL CAUSE NO #1356098 AND T.C. #1356099, PAGE 15, SENTENCE 14 THRU 22, SEE ALSO PAGE 21, OF THE SAME VOLUME, SENTENCE 2 AND 3, WHERE JUDGE STATED "YOU NOW HAVE EVERY SINGLE PIECE OF PAPER IN ALL YOUR FILES", A RECESS WAS TAKEN THEN DEFENDANT (APPELLANT) AT RESUMPTION, PAGE 31, SAME VOL. SENTENCE 11 THRU 14, STATES FROM THESE FILES THERE IS A FILM (VIDEO) FROM CAMERAS, SAME PAGE 31, THE STATE AND APPOINTED COUNSEL MS. SHANNON THERE IS NO FILM NO VIDEO, SEE SENTENCES 15 THRU 25, MS. SHANNON FURTHER STATES SHE ARRANGED FOR A INVESTIGATOR (PAGE 32) SENTENCE 2 THRU PAGE (33) SENTENCE 2, THAT INVESTIGATOR LOOKED EXTENSIVELY FOR VIDEO, THERE IS NONE.

APPELLANT THEN SHOWED PAPERWORK HE WAS LOOKING AT THAT STATE GAVE HIM AND STATE SUDDENLY ADMITS THAT THEY THOUGHT THEY COPIED IT, (PAGE 33 SAME R.R. 2ND SUPP. RECORD, TWO-PARTS, VOL. 1 OF 2.) SEE R.R. VOLUME 4 OF 6 VOLUMES, T.C. #1356099, (PAGE 10 STATE MR. COWARD IN DIRECT EXAMINATION OF PEDRO AARON, STARTING AT SENTENCE 16 QUESTION: DID OFFICERS FROM THE HOUSTON POLICE DEPARTMENT ASK YOU TO COPY THE VIDEO SURVEILLENCE FROM DECEMBER 29TH 2011. ANSWER: YES, SIR. QUESTION BLANK BLANK TO A DESK DRIVE? ANSWER: YES, SIR. THEY WERE THERE BLANK BLANK WERE WATCHING IT THEMSELVES AND THEN FOR THE CHIEF. ENDING SENTENCE 2

APPELLANT CONTENDS THAT THIS ESTABLISHES MATERIALITY BECAUSE POLICE OFFICERS WATCHED THE VIDEO, AND THEN ASKED FOR DISK COPY, WHICH THEY CAPTIONED "FLASH DRIVE VIDEO OF THE SHOOTING OF COMPLAINANT BY SUSPECT", THIS VIDEO IS MATERIAL BECAUSE IT IS BOTH EXCULPATORY AND IMPEACHING EVIDENCE. BECAUSE IT WOULD EXCULPATE APPELLANT BY SHOWING THE ACT OF SELF-DEFENSE AND IMPEACHING BECAUSE IT WOULD IMPEACH TESTIMONY OF STATE'S WITNESSES UPON WHOM THE STATE RELIED ON TO CONVICT. MAHAFFEY V. STATE, 937 S.W. 2d 51-53 (TEX. APP. HOUSTON [1ST DIST.] 1996. THIS VIDEO EVIDENCE CREATED A PROBABILITY SUFFICIENT TO UNDERMINE CONFIDENCE IN THE VERDICT. BRADY V. MARYLAND, 373 U.S. 83, 83 S.CT. 1194, 10 L.ED. 2d 215 (1963).

THE STATE HAS A DUTY TO PRESERVE EXCULPATORY EVIDENCE. ID MAHAFFEY, 937 S.W. 2d 61-53. THE STATE PROSECUTOR IS RESPONSIBLE FOR DISCLOSING FAVORABLE EVIDENCE KNOWN BY ITS AGENTS, INCLUDING POLICE OFFICERS BY IMPUTATION, EVEN IF THE PARTICULAR EVIDENCE IS NOT KNOWN TO THE PROSECUTING ATTORNEY. SEE E.G. ADAMS V. STATE, 768 S.W. 2d 281-92 (TEX. CRIM. APP. 1989).

APPELLANT CAN SHOW STATE ACTED IN BAD FAITH BECAUSE ONCE POLICE OFFICERS VIEWED VIDEO AND ESTABLISHED IT TO BE "VIDEO OF SUSPECT SHOOTING COMPLAINANT" AND TAGGED IT INTO EVIDENCE, IT BECAME THE STATE'S DUTY TO PRESERVE EVIDENCE, YET STATE CONCEALED AND SUPPRESSED VIDEO'S EXISTANCE FOR OVER A YEAR AND CONTINUED TO DENY, SEE R.R. 2ND SUPPLEMENTAL RECORD, TWO-PARTS, VOL. 1 OF 2, TRIAL CAUSE #1356098 AND T.C. #1356099, PAGE 31, SAME VOL. SENTENCE 15 THRU 25, ON FEBUARY 4TH, 2013, WHEN VIDEO FILED INTO EVIDENCE ON DECEMBER 31ST 2011!

"FAIRNESS IS A CONSTITUTIONAL SENSE IS A RIGHT TO DISCLOSURE ESPECIALLY WHERE GOVERNMENT HOLDS OR HELD PREVIOUSLY - PRODUCED EVIDENCE WHICH COULD CONCEDEDLY PROVE BEYOND ANY DOUBT THAT THE DEFENDANT ACTED WITH-IN THE LAW, THE VERY SAME PRINCIPLE OF ELEMENTAL FAIRNESS THAT DICTATES PRODUCTION OF ALL POTENTIALLY EXCULPATORY EVIDENCE. BRADY V. MARYLAND, 373 U.S. 83; 83 S.CT. 1194, 10 L.ED. 2d 215 (1963).

APPELLANT ARGUES THAT HIS RIGHTS UNDER DUE PROCESS OF THE 5TH, AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION AND DUE COURSE OF LAW UNDER ART. I § 19 AND I § 10 OF THE TEXAS CONSTITUTION WERE INFRINGED BY THE STATE PROSECUTOR AND TRIAL COURT REPORTER. BY TAMPERING WITH A GOVERNMENT RECORD. SEE R.R. VOL. 2 OF 6 VOL, T.C. #1356098, PAGE 139 SENTENCE 25 THRU PAGE 140, SENTENCE 4, WHERE STATE SAY STATES EXHIBIT #17, CD-AUDIO TAPE 911 - BEEN ON CLERKS FILE FOR A YEAR ABOUT, WHICH WAS ADMITTED!

APPELLANT WOULD SHOW COURT THAT THERE IS NO CD- 911 CALL IN ANY CLERKS RECORD VOL. 1 OF 1, T.C #1356098 OR C.R. VOL. 1 OF 1, T.C. #1356099, THAT MATCHES BRAND OF CD, THAT HAS BEEN IN FILE FOR OVER A YEAR; CD-TAPE, STATES EXHIBIT #17, PUBLISHED IN R.R. VOL. 3 OF 6 VOL. PAGE 7, THEREFORE STATES EXHIBIT 17 FOUND IN R.R. VOL. 6 OF 6 VOL. IS FALSE ENTRY OF GOVERNMENT RECORD BY STATE AND COURT REPORTER WITH THE KNOWLEDGE THAT THIS IS NOT CD COURT ADMITTED INTO

EVIDENCE, A FALSITY, TO WHICH STATE AND COURT REPORTER CONDONED WITH INTENT THAT IT CAUSE HARM TO APPELLANTS CHANCES FOR JUSTICE. MAGEE V. STATE, 2003 TEX. APP. LEXIS 10210 (TEX. APP. HOUSTON [1ST DIST.] DEC. 4, 2003 (UNPUBLISHED); VASQUEZ V. STATE, 2008 TEX. APP. LEXIS 3948 (TEX. APP. HOUSTON [1ST DIST.] MAY 29TH, 2008 (UNPUBLISHED)

APPELLANT CLAIMS THAT HIS RIGHTS UNDER THE 5TH, 6TH, AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION AND DUE COURSE OF LAW UNDER ART. I § 19, I § 10 OF THE TEXAS CONSTITUTION WERE VIOLATED WHEN COURT (JUDGE) AND APPELLANTS COURT APPOINTED ATTORNEY FALSIFIED THAT APPELLANT PETITIONED COURT FOR APPOINT OF COUNSEL, SEE CLERK RECORD, VOL. 1 OF 1, T.C.#1356098 AND T.C.#1356099, PAGE 154, A REQUEST FOR APPOINTMENT OF COUNSEL. APPELLANT HAD PREVIOUSLY FILED A MOTION TO DISMISS COUNSEL "HATTIE SEWELL SHANNON", ONE OF THE REASONS FOR DISMISSAL WAS BECAUSE COUNSEL REFUSED TO OBJECT "TO RE-INDICTMENT" ON DAY OF TRIAL SEE R.R. 2ND SUPPLEMENTAL RECORD TWO-PARTS, VOL. 1 OF 2 VOL. T.C.#1356098 AND T.C.#1356099, PAGES 16, 17 AND 18. SO COURT KNEW OF CONFLICT BETWEEN APPELLANT AND COUNSEL, YET PROCEEDED TO ISSUE FINDING THAT APPELLANT PETITIONED FOR APPOINTMENT OF SAME COUNSEL, EVEN WITHOUT HIS SIGNATURE. FOR NOW RE-INDICTED CAUSES." IT IS CLEAR THAT THIS FUNDAMENTAL ERROR WAS CALCULATED TO INJURE THE RIGHTS OF THE ACCUSED TO DEPRIVE HIM OF A FAIR AND IMPARTIAL TRIAL. AT THE SAME TIME VIOLATING PENAL CODE 37. TO 37.01 TEX. CODE CRIM ADV. ANN. ART. 36.19 (VERNON 1981) SATTERWHITE V. STATE, 600 S.W. 2d 277-85 (TEX. CRIM. APP. 1979).

APPELLANT CONTENDS THAT COURT "ABUSED ITS DISCRETION" IN FAILING TO ISSUE WRITTEN RULINGS, SEE "DEFENDANTS MOTION TO HAVE WRITTEN RULINGS MADE ON ALL MOTIONS FILED BY THE DEFENDANT." AT CLERKS RECORD VOL. 1 OF 1. T.C.#1356099, PAGES 157-158, WHICH COURT "GRANTED", SEE R.R. VOL. 2 OF 6 VOL. T.C.#1356098, PAGE 71 SENTENCE 21. BEFORE APPELLANT "WRITTEN RULINGS", HE WOULD CALL COURTS AT-LISTS THE NUMEROUS MOTIONS ON RECORD WITHOUT "WRITTEN RULINGS." T.C.#1356098 AND T.C.#1356099, PAGE 15 SEC-TION TO R.R. 2ND SUPPLEMENTAL RECORD, TWO-PARTS, VOL 1 OF 2 AND T.C.#1356098 AND T.C.#1356099, PAGE 15 SENTENCE 18 THRU PAGE 16 SENTENCE 4, STATING ALL MOTIONS, AND PRIOR MOTIONS FILED BY COURT APPOINTED ATTORNEY RULES ON COUNT, ORDERED BY THE COURT. THEREFORE COURT ABUSED ITS DISCRETION BY NOT MAKING WRITTEN ON ALL MOTIONS FILED BY DEFENDANT, BEING MANDATORY BY COURTS OWN ORDER. SEE CLERK RECORD, VOL. 1 OF 1, T.C.#1356099, PAGES 24-25, 28-30, 33-39, 82-88, 89-90, 91-92, 93-98, 103-106, 123-125, PAGES 149-152, ~~157-158~~ 178-180, SEE CLERK RECORD, VOL. 1 OF 1. T.C.#1356098, PAGES 17-18, 21-23 AND 26-32 "WERE NOT RULED ON, BUT COURT MADE NOTE TO SEE "PRO SE MOTIONS" THIS IS ERROR BECAUSE ALL MOTIONS WERE PRO SE BY COURT ORDER ON FEBRUARY 4TH, 2013, R.R. VOL. 1 OF 2, PAGE 15 SENTENCE 18 THRU PAGE 16 SENTENCE 4.

FURTHER THIS VOL. PAGES 40-46, 47-48, 49-50, 51-56, 61-64. ALL THESE MOTIONS" WITHOUT WRITTEN RULINGS.

APPELLANT WILL NOW SHOW COURT THAT DEFENDANTS MOTION FOR WEAPONS EXPERT WITNESS ASSISTANCE AND FEE IN INDICT CASE AT PAGES 276-278 SAME VOL. WAS POST MARKED MARCH 15, 2013, BUT FILED MAY 29TH, 2013, DENIED APPELLANT EXPERT ASSISTANCE AND IS INITIALED BY JUDGE BUT NOT RULED ON IN WRITING.

ALSO SEE DEFENDANTS MOTION FOR A NEW TRIAL, SAME. VOL. PAGES 279-282, NO WRITTEN RULING EITHER, ALTHOUGH INITIALED BY JUDGE, WRITTEN RULING SHOULD OF BEEN ISSUED AS "GRANTED" R.R. VOL. 2 OF 6 PAGE 71 SENTENCE 21, BECAUSE PRESUMPTION THAT APPELLANT WAS STILL PROCEEDING PRO SE IN THAT HE INITIATED NOTICE OF APPEAL, TIMELY REQUESTED COURT REPORTER AND CLERK TO PREPARE RECORDS UNDER T.R.A.P. 34.5 AND 34.6 SEE CLERK RECORD, VOL. 1 OF 1, T.R.1356099, SEE ALSO R.R. 1ST SUPPLEMENTAL PAGE 272 AND 273 WHERE COUNSELS (PRO SE) MOTION TO WITHDRAW WAS NOT GRANTED, SEE WRITTEN RULINGS FOR RECORD WHERE VOL. 1 OF 1, PAGE 7 SENTENCE 1 THRU 10.

THEREFORE APPELLANT WAS PREJUDICED FROM THIS DENIAL OF WRITTEN RULINGS FOR A EFFECTIVE APPELLATE REVIEW. ROSALES V. STATE, 841 S.W. 2d 368-72 (TEX. CR. APP. 1992).

APPELLANT CLAIMS THAT COURT "ABUSED ITS DISCRETION" IN DENYING DEFENDANTS MOTION TO DISMISS CAUSE NO. 1356098, BECAUSE OF PREJUDICIAL DENIAL OF SUBSTANTIAL STAT-UTORY AND CONSTITUTIONAL RIGHTS, SEE C.R. VOL. 1 OF 1, T.C.#1356099, PAGE 205-207, AND SEE R.R. VOL. 2 OF 6 VOL. T.C.#1356098, PAGE 77 SENTENCE 15 THRU 20, DENYING FOR REASONS STATED IN PREVIOUS MOTION, SENTENCE 11, THEY ARE "SPECIFIC IN MATTER, AID MEANS, DATE AND ALLEGED VICTIMS. COURT CLEARLY ERRED IN APPLYING THE LAW TO THE FACTS, SEE C.R. VOL. 1 OF 1, T.C.#1356098, PAGE 10 WHERE GOLLIHAR V. STATE, 46 S.W. 3d 243-57 (TEX. CRIM. APP.)

COMPLAINT READS "INTENTIONALLY FLEE FROM A. GUZMAN, HEREAFTER STYLED THE COMPLAINANT, AND SEE PAGE 15 OF SAME VOL. WHERE PRIOR CAUSE INDICTMENT ALSO READS "INTENTIONALLY FLEE FROM A. GUZMAN, HEREAFTER STYLED THE COMPLAINANT, SO RE-INDICTMENT IS NOT THE SAME SPECIFIC MANNER AND MEANS, DATE AND VICTIM, BECAUSE SEE PAGE 9 SAME VOL. T.C. #1356098, RE-INDICTMENT READS "INTENTIONALLY FLEE FROM M. DAVILA, HEREAFTER STYLED THE COMPLAINANT, SO THERE CAN BE NO LEGAL MEANS FOR POSSIBILITY OF A VALID INDICTMENT BY A GRAND JURY SCREENING THE COMPLAINT CHARGING APPELLANT FROM FLEEING A. GUZMAN AND THEN FINDING A INDICTMENT FOR FLEEING ANOTHER. THEREFORE COURT "ABUSED ITS DISCRETION" IN RULING WITHOUT INSURING OF CHARGING INSTRUMENTS EVIDENCE VALIDITY. DINN v. DINN, 177 S.W. 3d 393 (TEX. APP-HOUSTON [1ST DIST] 2005.

APPELLANT CLAIMS THAT TRIAL COURT "ABUSED ITS DISCRETION" IN DENYING HIS MOTION TO QUASH ENHANCEMENT PARAGRAPHS SEE. CLERKS RECORD, VOL. 1 OF 1, T.C. #1356098, PAGE 169 AND 170, WITHOUT ALLOWING APPELLANT OPPORTUNITY TO PRESENT EVIDENCE OR ARGUE HIS CLAIM THAT PRIORS ARE ILLEGAL, INVALID AND VOID. IT IS A WELL KNOWN AND ESTABLISHED PRINCIPLE THAT A VOID JUDGMENT MAY ALWAYS BE COLLATERALLY ATTACKED. SEE HOANG V. STATE, 872 S.W. 2d 694, 698 (TEX. CRIM. APP. 1993); TAYLOR V. STATE, 945 S.W. 2d 295-97 (TEX. APP. HOUSTON [1ST DIST.] 1997.

APPELLANT CLAIMS THAT TRIAL COURT "ABUSED ITS DISCRETION" IN GRANTING HIS MOTION FOR CONTINUANCE AND DENYING IN PART. SEE CLERKS RECORD, VOL. 1 OF 1, T.C. #1356099, PAGE 182-183 DEFENDANTS PRO SE MOTION FOR CONTINUE. SEE COURT REPORTERS 2ND SUPPLEMENTAL RECORD, TRIAL CAUSE #1356098 AND T.C. #1356099, VOLUME 2 OF 2 VOLUMES, PAGE 10 SENTENCE 4 THRU 15 "WHERE COURT DENIED ACCESS TO THE LAW LIBRARY WEEKLY OR DAILY." SAYING THAT IS THE DANGER AND DISADVANTAGE OF REPRESENTING YOUR SELF! APPELLANT WILL SHOW COURT THAT AT PAGE 9 SAME VOL. COURTS FINDINGS AND FACTS OF MY REPRESENTING MYSELF THE DANGERS AND DISADVANTAGES AS GIVEN BY COURT, DO NOT ADDRESS THE ABILITY TO PREPARE FOR TRIAL, BUT THE SITUATION AT TRIAL." SO COURT ABUSED ITS DISCRETION ON RELYING ON THE DANGERS AND DISADVANTAGES OF REPRESENTING SELF BECAUSE NO WHERE IN THE RECORD DOES THE COURT ADVISE APPELLANT THAT HIS ACCESS TO LAW LIBRARY TO PREPARE DEFENSE IS IN DANGER OR TO HIS DISADVANTAGE. STEARNES v. CLINTON, 780 S.W. 2d 216 (TEX. c.App. 1989)

DUE PROCESS REQUIRES THAT A DEFENDANT BE GIVEN ACCESS TO THE RAW MATERIALS INTEGRAL TO THE BUILDING OF A EFFECTIVE DEFENSE. SEE AKE V. OKLAHOMA, 470 U.S. 68-77, 105 S. CT. 1087-92, 84 L. Ed. 2d 53 (1985).

THE DENIAL OF GUARANTEED ACCESS TO LAW LIBRARY, COUPLED WITH THE COURTS FURTHER DENIAL OF T.C.C.P. ANT. BOOK, SEE CONTINUANCE C.R. VOL. 1 OF 1, PAGE 182-183, RESULTED IN APPELLANTS INABILITY TO PREPARE, LEARN AND STUDY, TRIAL PROCESS SO THAT HE COULD OF CREATED A EFFECTIVE DEFENSE. SEE R. R. VOL. 2 OF 6 VOL. T.C. #1356098, PAGE 63 SENTENCE 9, 10, "NOW, I DON'T KNOW REALLY THE LAW. AND PAGE 63 SENTENCE 16, "I HAVE NO IDEA OF WHAT REALLY GOING ON". APPELLANTS CONVICTION AND PRO SE STATUS DENIAL OF A "COMMON PRACTICE OF HARRIS COUNTY COURTS WHEN DEFENDANTS PROCEEDING (PRO SE) OF DAILY ACCESS TO LAW LIBRARY, PREJUDICE) APPELLANT. SEE JANECKA V. STATE, 937 S.W. 2d 456, 468 (TEX. CRIM. APP. 1996).

APPELLANT CLAIMS THAT TRIAL COURT "ABUSED ITS DISCRETION" IN DENYING MOTIONS TO SET ASIDE INDICTMENTS SEE COURT REPORTERS 2ND SUPPLEMENTAL RECORD, TWO-PARTS, VOL. 1 OF 2, T.C. #1356098 AND T.C. #1356099, PAGES 24 SENTENCE 15 THRU PAGE 24 SENTENCE 20. "AS NOT RELEVANT OR GERMANE" OR TO CAUSE REINDICTED! SEE CLERKS RECORD, VOL. 1 OF 1. TRIAL CAUSE NO. 1356098 SEE PAGE 10 "COMPLAINT" SAME VOL. PAGE 15 "INDICTMENT" TO PRIOR CAUSE #1331710 AND STATE USED SAME COMPLAINT FOR RE-INDICTMENT, SEE PAGE 9 SAME VOLUME, HOW CAN THE SAME USED CHARGING INSTRUMENT "COMPLAINT" NOT BE GERMANE OR RELEVANT. A USE THAT VOIDS BY STATUTES APPLICATIONAL MANNER NOT MANDATED, SO INDEFINITE THAT IT ENCOURAGES ARBITRARY ARRESTS AND CONVICTIONS. SEE LONG V. STATE, 931 S.W. 2d 285-87 (TEX. CRIM. APP. 1996).

THEREFORE TRIAL COURT IMPROPERLY APPLIED THE LAW TO FACTS. FLORES v. STATE, 177-S.W. 3d 8 (TEX. APP- HOUSTON [1ST DIST] 2005.

APPELLANT CLAIMS HIS U.S. CONSTITUTIONAL DUE PROCESS RIGHTS UNDER THE 5TH, 6TH, AND 14TH AMENDMENTS AND EQUAL PROTECTION AND HIS TEXAS CONSTITUTIONAL DUE

COURSE OF LAW; I § 19, I§10 WERE VIOLATED, BY STATES KNOWINGLY USING PERJURED TESTIMONY AT TRIAL. THE STATE INTRODUCED STATE EXHIBIT #3 SEE. C.R. VOL. 6 OF 6 VOL. MEDICAL RECORDS INTO EVIDENCE. APPELLANT CONTENDS THAT MEDICAL RECORD SUBMITTED INTO EVIDENCE BY STATE CONTAINS PROOF OF COMPLAINTANT WITNESS PERJURY. IT DOES NOT MATTER WHETHER THE PROSECUTER actually KNOWS THAT THE (TESTIMONIAL) EVIDENCE IS FALSE; IT IS ENOUGH THAT HE/SHE SHOULD OF RECOGNIZED THE MISLEADING NATURE OF THE (TESTIMONIAL) EVIDENCE. DuGGAN V. STATE, 778 S.W. 2d 465, 68 (Tex. Cr. App. 1989).

APPELLANT WOULD SHOW COURT THAT STATE KNEW COMPLAINTANT WITNESS WAS COMMITTING PERJURY WHEN IT SUBMITTED INTO EVIDENCE COMPLAINTANT WITNESSES MEDICAL RECORD CD-ROM (PAGE 40-41) R.R. VOL. 4 OF 6 VOL. T.C. # 1356099, AT PAGE 40 SENTENCE 6 THRU 14, WHERE WITNESS JOSE BRIBIESCAS TESTIFIES TO BLACKING OUT, LOSS OF BREATH AND LOSING OF CONSCIOUSNESS." SEE APPELLANTS EXHIBIT #6, HFD REPORT SHOWING THAT COMPLAINTANT JOSE BRIBIESCAS NEVER LOST CONSCIOUSNESS OR HAD TROUBLE BREATHING!

SAME PAGE 40 SENTENCE 17, ASKED WITNESS ABOVE WHAT HOSPITAL WAS HE AT? HE REPLIED M.D ANDERSON, SENTENCE 18. MEDICAL RECORD SHOWS HOSPITAL WAS MEMORIAL HERMAN!

SAME VOL. PAGE, 41, SENTENCE 18, ASKED HOW LONG WAS IN HOSPITAL, ANSWERED 2½ TO 3 WEEKS, MEDICAL RECORD SHOWS maybe 1 WEEK. ASKED HOW LONG IN INTENSIVE CARE ABOUT A WEEK, RECORD SHOWS 3 DAYS!

SAME VOL. PAGE 46 CROSS EXAMINATION BY APPELLANT, WITNESS JOSE BRIBIESCAS SENTENCE 23

LAST THING HE REMEMBERED HE WAS ON LIFE FLIGHT! RECORD SHOWS WITNESS WAS TRANSPORTED ON GROUND BY AMBULANCE.

SAME VOL. PAGE 48 SAME, WITNESS SAYS HE SAW HIS SON TWO DAYS AFTER HE WAS SHOT IN I.C.U. MEDICAL RECORD SHOW LETTER OF CHAPLAIN DATED 12/29/11, SEEN PATIENT (WITNESS) NO VISIBLE INJURIES SO I TOOK (SON) TO SEE HIM, SAME DAY HE WAS SHOT."

IT IS CLEAR FROM THE RECORD WITNESS COMPLAINTANT PERJURED HIMSELF TO OBTAIN SYMPATHY FROM THE JURY. WHICH PREJUDICED JURY AGAINST APPELLANT, AND STATES ACTIVE OR PASSIVE USE OF THIS PERJURED TESTIMONY VIOLATED APPELLANTS RIGHTS TO DUE PROCESS TO OBTAIN CONVICTION. EX PARTE ADAMS V. STATE, 768 S.W. 2d 292 (Tex. Cr. App. 989).

FURTHER THE UNITED STATES SUPREME COURT HAS HELD THAT THE PASSIVE USE OF PERJURED TESTIMONY, WHERE PROSECUTOR KNOWINGLY FAILED TO CORRECT PERJURED TESTIMONY DENIED DUE PROCESS. SEE ALCORTA V. TEXAS, 355 U.S. AT 31, 78 S.C.T. AT 105; EX PARTE ADAMS, 768 S.W. 2d 281-91, (Tex. Cr. App 1989)

APPELLANT FURTHER CLAIMS THAT COURT "ABUSED ITS DISCRETION" IN AND AT PRE-TRIAL HEARING, DATED FEBUARY 4TH, 2013 AND FEBUARY 5TH, 2013 SEE R.R. VOL. 1 OF 2 AND VOL. 2 OF 2, 2ND SUPPLEMENTAL RECORD, TWO-PARTS, T.C. # 1356098 AND T.C. # 1356099 BECAUSE HE FAILS TO INFORM AND ADMONISH OF CHARGE, TRIAL CAUSE NO# 1356098, COURT ONLY READ PROBABLE CAUSE TO T.C. # 1356099 SEE. PAGE 4 THRU PAGE 5 OF R.R. 2ND SUPPLEMENTAL RECORD, TWO-PARTS. VOL. 1 OF 2 VOL. BOTH CAUSES. AND REPEATEDLY STATED THATS ONLY CHARGE SEE PAGE 4 SENTENCE 5, SEE PAGE 8 SAME VOL. SENTENCE 11 THRU PAGE 9 SENTENCE 9. SEE PAGE 10 SENTENCE 10 THRU 12. SEE PAGE 23 SENTENCE 1 THRU 3. SEE PAGE 23 SENTENCE 13. PAGE 30 SENTENCE 25 THRU PAGE 31 SENTENCE 1. NOW SEE R.R. VOL. 2 OF 2 VOL. 2ND SUPPLEMENTAL RECORD, TWO-PART, T.C # 1356098 AND T.C. # 1356099, PAGE 4 SENTENCE 7 THRU 19, FINALLY SEE PAGE 9 SAME VOL. SENTENCE 1 THRU 16. SO RECORD CANNOT PROVIDE THE CONSTITUTIONAL REQUIREMENT HAS BEEN

ESTABLISHED THAT APPELLANT THE ACCUSED "KNOWINGLY AND INTELLIGENTLY" RELINQUISHED HIS RIGHT TO COUNSEL FOR T.C. # 1356098, OR THAT HE WAS MADE AWARE OF THE DANGERS AND DISADVANTAGES FOR THAT CHARGE. JOHNSON V. ZERBST 304 U.S. AT 464; FARETTA V. CALIFORNIA, 45 L.Ed. 2d 582. SEE ALSO TAYLOR V. STATE, 945 S.W. 2d 295, 297 (Tex. App. - Houston [1st DIST] 1997.

THEREFORE, APPELLANTS CONVICTIONS SHOULD BE REVERSED.

## X. PRAYER

FOR THESE REASONS, APPELLANT PRO SE SAMUEL ESPINOZA RODRIGUEZ RESPECTFULLY REQUESTS THAT THIS COURT REVERSE THE CONVICTIONS AND SENTENCES OF THE TRIAL COURT DUE TO THE SERIOUS AND UTTER DENIALS OF HIS RIGHTS UNDER THE UNITED STATES AND TEXAS CONSTITUTIONS. APPELLANT RODRIGUEZ REQUESTS ALL OTHER RELIEF TO WHICH HE MAY BE ENTITLED.

RESPECTFULLY SUBMITTED,

SAMUEL ESPINOZA RODRIGUEZ
APPELLANT PRO SE #1858564
POLUNSKY UNIT - AD. SEG DEATHROW
3872 F.M. 350 SOUTH (12-D-75)
LIVINGSTON, TEXAS 77351-8580

### DECLARATION

I, SAMUEL ESPINOZA RODRIGUEZ, PRESENTLY INCARCERATED AT THE ALLAN B. POLUNSKY UNIT, INSTITUTIONAL DIVISION, POLK COUNTY, TEXAS, DO HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVEMENTIONED IS TRUE AND CORRECT, EXECUTED ON NOVEMBER 10, 2014.

SAMUEL ESPINOZA RODRIGUEZ APPELLANT PRO SE #1858564

### CERTIFICATE OF SERVICE

I, SAMUEL ESPINOZA RODRIGUEZ, DO CERTIFY THAT ON NOVEMBER 10, 2014, A TRUE AND CORRECT ORIGINAL OF THE FOREGOING WAS SENT TO COURT OF APPEALS, FIRST DISTRICT CLERK, CHRISTOPHER A. PRINE, AT 301 FANNIN STREET, HOUSTON, TEXAS 77002-2066, AND COPY OF SAME SENT TO ALAN CURRY, CHIEF PROSECUTOR, HARRIS COUNTY DISTRICT ATTORNEYS OFFICE, AT 1201 FRANKLIN, STE. 600, HOUSTON TEXAS 77002-1923, WITH 1ST CLASS POSTAGE, BY PLACING INTO PRISON MAILING SYSTEM ON NOVEMBER 10, 2014.

SAMUEL ESPINOZA RODRIGUEZ APPELLANT PRO SE #1858564

Court of Appeals
Clerk
301 Fannin Street
Houston, Texas 77002

November 10, 2014

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

NOV 18 2014

CHRISTOPHER A. PRINE
CLERK

RE: BRIEF PRO SE

Dear Sir/Madam

Please find enclosed original Pro Se Brief for presentation to Court. I do not have the resources or opportunity to supply more copies. Sorry!

I hope you will advise of filing.

Thank You,

(18 pgs.)

c/c
%/# S.R.

Court of Appeals
301 Fannin Street
Houston, Texas 77002-2266

11-13-14

FILED IN
1ST COURT OF APPEALS
HOUSTON. TEXAS

NOV 18 2014

CHRISTOPHER A. PRINE

CLERK _____

RE: LETTER RETURNED

DEAR SIR,

I AM LETTING YOU KNOW THIS LETTERS WAS RE-TURNED BECAUSE OF SEAL MARK. DOESN'T MAKE SENSE, OH WELL, I SENT THIS ON 11-10-14. I HAVE NO ACCESS TO MAIL BOX MUST TURN IN TO PRISON SYSTEM.

ATTACHED FORM AND ENVELOPE.

I do declare the above mentioned is true and correct under penalty of perjury on November 13, 2014.

c/c
o/c

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
NON-MAILABLE CORRESPONDENCE

IRDF-75

NAME Rodriguez, Samuel E. TDCJ-CID# 185 89 64

o    Does not qualify for sealed correspondence per Board Policy 03.91;

o    Has an incorrect return address per Board Policy 03.91;

o    Has an incorrect name, TDCJ number, unit name, and current address.
     commitment name, TDCJ number, unit name, and current address.

o    Has an incorrect address for the legal, special or media correspondent;

o    Person listed on Negative Mailing List;

o    Addressed to an offender that has not been approved;

X    (Contains illustrations) or written messages on envelope; On the back of the envelope

o    In-cell recreational art items must be mailed via property officer

NOTE:
RECIEVED BACK 11-12-14
RESENT 11-13-14 Smith

Samuel E. Rodriguez #1858964
Polunsky Unit Cell Seg-Westblew (12-D-75)
3872 F.m. 350 South
Livingston, Tejas 77351-8580

County of Appeal First District
Clerk of Court (Christopher Dr.)
301 Fannin Street
Houston, Tejas 77002-2066



Saul C. Brown #1858964
Polunsky Unit, Ad. Seg.-Death Row
3872 FM. 350 South (12-D-75)
Livingston, Texas 77351-8580

Legal Mail.

Court of Appeals, First District
Clerk of Court Christopher A. Prine
301 Fannin Street
Houston, Texas 77002-2066

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS
NOV 18 2014
CHRISTOPHER A. PRINE
CLERK

APP<s>n</s>OIX 3/

ACCEPTED
01-13-00447-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/19/2015 6:35:13 PM
CHRISTOPHER PRIN
CLERK

## Nos. 01-13-00447-CR & 01-13-00448-CR

In the
Court of Appeals
For the
First Judicial District of Texas
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

2/19/2015 6:35:13 PM

CHRISTOPHER A. PRINE
Clerk

———————◆———————

## Nos. 1356098 & 1356099
In the 182nd District Court of
Harris County, Texas

———————◆———————

### SAMUEL ESPINOSA RODRIGUEZ
*Appellant*

v.

### THE STATE OF TEXAS
*Appellee*

———————◆———————

## STATE'S APPELLATE BRIEF

———————◆———————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**CARLY DESSAUER**
Assistant District Attorney

**WILLIAM COWARDIN &
CELESTE BYROM**
Assistant District Attorney

Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713/755-5826
Fax No.: 713/755-5809

ORAL ARGUMENT NOT REQUESTED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 9.4(g) and Texas Rule of Appellate Procedure 39.1, the State does not request oral argument but requests that the State be allowed to present oral argument if this Court grants appellant's request.

## IDENTIFICATION OF THE PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

Counsel for the State:

**Devon Anderson** — District Attorney of Harris County

**Carly Dessauer** — Assistant District Attorney on appeal

**William Cowardin** — Assistant District Attorney at trial

**Celeste Byrom** — Assistant District Attorney at trial

Appellant or criminal defendant:

**Samuel Espinoza Rodriguez (pro se)**

Counsel for Appellant:

Harriet Sewell Shannon — Standby attorney at trial

Trial Court:

**Hon. Jay W. Burnett**

**Hon. Jim Anderson**

# TABLE OF CONTENTS

Statement Regarding Oral Argument..................................................................... ii

Identification Of The Parties ................................................................................ ii

Table Of Authorities ........................................................................................... vi

Statement Of The Case ......................................................................................... 1

Statement Of Facts ............................................................................................... 1

Summary Of The Arguments ................................................................................ 4

Reply To Appellant's First Point Of Error .......................................................... 6

I.      The indictments in appellant's cases properly bestowed the trial court
        with jurisdiction over his offenses of aggravated assault with a deadly
        weapon and evading arrest despite appellant's arguments that the
        complaints in his cases were in invalid. ..................................................... 6

        a.      The indictments issued by the grand jury provided the trial court
                with jurisdiction over appellant's offenses. ................................... 7

        b.      Appellant failed to raise his separation of powers argument at
                trial, thus waiving this argument on appeal. ................................ 10

Reply To Appellant's Second And Fourteenth Points of Error ......................... 12

II.     Appellant properly waived his right to counsel and invoked his right to
        represent himself. ..................................................................................... 12

        a.      Appellant knowingly, intelligently, and voluntarily invoked his
                right to self-representation and waived his right to counsel after
                the trial court properly inquired into his decision. ...................... 14

        b.      The record shows that appellant knew that he faced the evading
                arrest charge as well as the aggravated assault charge at trial when
                he waived his right to counsel and chose to represent himself at
                trial ............................................................................................. 18

Reply To Appellant's Third Point Of Error ........................................................ 21

III.    Appellant failed to timely raise his complaints about the reporter's record in his case and thus waived his arguments regarding the record on appeal............................................................................................................. 21

Reply To Appellant's Fourth Point Of Error ..................................................... 25

IV.    Appellant waived his right to claim that his court-appointed attorney provided ineffective assistance of counsel because she had a conflict of interest when he waived his Sixth Amendment right to counsel and chose to represent himself. .......................................................................... 25

        a.    Appellant waived his right to counsel and thus waived his right to effective assistance of counsel. ................................................. 27

        b.    Even if appellant had not waived his right to effective assistance of counsel, appellant's court-appointed counsel did not have an actual conflict of interest with the State. ...................................... 28

Reply To Appellant's Fifth Point Of Error ......................................................... 31

V.     The lost video evidence was not material, exculpatory, or lost in bad faith. ............................................................................................................. 31

Reply To Appellant's Sixth Point Of Error ......................................................... 35

VI.    Appellant failed to preserve his complaint that the copy of State's Exhibit 17 that was filed in the clerk's record before trial and the copy of State's Exhibit 17 that was admitted at court were recorded on different brands of CDs by failing to object at trial......................................... 35

Reply To Appellant's Seventh Point Of Error ..................................................... 37

VII.   Appellant failed to preserve and adequately brief his argument questioning the trial court's impartiality.............................................. 37

Reply To Appellant's Eighth Point Of Error ...................................................... 38

VIII.  Appellant failed to adequately brief and failed to preserve his argument that the trial court erred when it did not issue written rulings on all motions that appellant filed. .................................................................. 38

iv

Reply To Appellant's Ninth Point Of Error.................................................... 39

IX.    The trial court did not abuse its discretion when it denied appellant's
       motion to dismiss cause number 1356098............................................. 39

Reply To Appellant's Tenth Point Of Error.................................................... 41

X.     The trial court did not abuse its discretion in denying appellant's
       motions to quash the enhancement paragraphs in his indictments
       without first holding a hearing. ........................................................... 41

Reply To Appellant's Eleventh Point Of Error ............................................. 43

XI.    The trial court did not abuse its discretion when it denied appellant's
       request for extra access to the law library. ......................................... 43

Reply To Appellant's Twelfth Point Of Error ............................................... 46

XII.   The trial court did not err when it denied appellant's motions to set aside
       the indictments.................................................................................... 46

Reply To Appellant's Thirteenth Point Of Error........................................... 47

XIII.  The State did not knowingly offer perjured testimony at trial. ............ 47

       a.     Jose did not provide perjured testimony at trial. ...................... 49

       b.     Jose's testimony regarding his medical condition and care as a
              result of the shooting did not contribute to appellant's conviction
              beyond a reasonable doubt............................................................ 50

Conclusion............................................................................................................. 51

Certificate Of Compliance.................................................................................. 52

Certificate Of Service ......................................................................................... 53

# TABLE OF AUTHORITIES

## CASES

*Acosta v. State,*
233 S.W.3d 349 (Tex. Crim. App. 2007) ...................................................... 27, 28

*Arizona v. Youngblood,*
488 U.S. 51 (1988) .................................................................................... 33, 34, 35

*Bell v. State,*
814 S.W.2d 229 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd) ..................... 42, 43

*Blankenship v. State,*
673 S.W.2d 578 (Tex. Crim. App. 1984) .................................................... 19

*Bounds v. Smith,*
430 U.S. 817 (1977), *overruled on other grounds by*
*Lewis v. Casey,* 518 U.S. 343 (1996) ........................................................... 44

*Brady v. Maryland,*
373 U.S. 83 (1963) .................................................................................... 32

*Burgess v. State,*
816 S.W.2d 424 (Tex.Crim.App.1991) ....................................................... 14

*California v. Trombetta,*
467 U.S. 479 (1984) .................................................................................. 33

*Calloway v. State,*
743 S.W.2d 645 (Tex. Crim. App. 1988) .................................................... 42, 43

*Chandler v. State,*
278 S.W.3d 70 (Tex. App.—Texarkana 2009, no pet.) ............................ 32, 33, 34, 35

*Cook v. State,*
902 S.W.2d 471 (Tex. Crim. App. 1995) ..................................................... 10

*Cudjo v. State,*
345 S.W.3d 177 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) ....................... 18

*Davis v. State,*
329 S.W.3d 798 (Tex. Crim. App. 2010) ..................................................... 7

*Davis v. State,*
831 S.W.2d 426 (Tex. App.—Austin 1992, pet. ref'd) ................................ 33, 35

*Degrate v. Godwin,*
84 F.3d 768 (5th Cir. 1996) ....................................................................... 45

*DeGroot v. State,*
   24 S.W.3d 456 (Tex. App.—Corpus Christi 2000, no pet.) ........................ 13

*Dolph v. State,*
   440 S.W.3d 898 (Tex. App.—Texarkana 2013, pet. ref'd) ......................... 19

*Ex parte Castellano,*
   863 S.W.2d 476 (Tex. Crim. App. 1993) ..................................... 48, 50

*Ex parte Krarup,*
   422 S.W.2d 173 (Tex. Crim. App. 1967), *overruled in part,*
   *King v. State,* 473 S.W.2d 43 (Tex. Crim. App. 1971) ............................. 8

*Faretta v. California,*
   422 U.S. 806 (1975) ................................................... 13, 26, 28

*Ferguson v. State,*
   335 S.W.3d 676 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ........ 10, 40, 41, 47

*Foster v. State,*
   101 S.W.3d 490
   (Tex. App.—Houston [1st Dist.] 2002, no pet) ............... 7, 12, 22, 25, 31, 35, 37, 48

*Galloway v. State,*
   578 S.W.2d 142 (Tex. Crim. App. 1979) .......................................... 42

*Gaston v. State,*
   136 S.W.3d 315 (Tex. App.—Houston [1st Dist.] 2004, pet. struck) ..................... 26

*Geuder v. State,*
   115 S.W.3d 11 (Tex. Crim. App. 2003) ........................................... 39

*Hampton v. State,*
   86 S.W.3d 603 (Tex. Crim. App. 2002) ........................................... 32

*Harris v. State,*
   364 S.W.3d 328 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ................ 22, 23, 24

*Hicks v. State,*
   508 S.W.2d 400 (Tex. Crim. App. 1974) ....................................... 42, 43

*Higginbotham v. State,*
   416 S.W.3d 921 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ..................... 33

*Ho v. State,*
   856 S.W.2d 495 (Tex. App.—Houston [1st Dist.] 1993, no pet.) ................. 9, 40, 46

*Johnson v State*,
    257 S.W.3d 778 (Tex. App.—Texarkana 2008, pet. ref'd)..................44, 45

*Johnson v. State*,
    760 S.W.2d 277 (Tex. Crim. App. 1988).................................................14

*Jordan v. State*,
    56 S.W.3d 326
    (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd)..................................41

*King v. State*,
    29 S.W.3d 556 (Tex. Crim. App. 2000) ...............................................30

*Kinley v. State*,
    16 S.W. 339 (Tex. App. 1891, no pet.) ....................................................9

*Lawrence v. State*,
    240 S.W.3d 912 (Tex. Crim. App. 2007) .................................................8

*Lewis v. Casey*,
    518 U.S. 343 (1996)........................................................................44, 45

*Losada v. State*,
    721 S.W.2d 305 (Tex. Crim. App. 1986) ...............................................50

*Lovill v. State*,
    319 S.W.3d 687 (Tex. Crim. App. 2009) ...............................................11

*Lucio v. State*,
    351 S.W.3d 878 (Tex. Crim. App. 2011)...............6, 7, 22, 25, 31, 35, 37, 38, 48

*Luck v. State*,
    588 S.W.2d 371 (Tex. Crim. App. 1979) ..........................................48, 50

*Mahaffey v. State*,
    937 S.W.2d 51 (Tex. App.—Houston [1st Dist.] 1996, no pet.)..........34, 35

*Monreal v. State*,
    947 S.W.2d 559 (Tex. Crim. App. 1997) ...............................................26

*Mooney v. Holohan*,
    294 U.S. 103 (1935)...............................................................................48

*Moore v. State*,
    999 S.W.2d 385 (Tex.Crim.App.1999) ...............................13, 18, 23, 24, 39

*Naff v. State*,
    946 S.W.2d 529 (Tex. App.—Fort Worth 1997, no pet.) ..........................8

*Neal v. State,*
    256 S.W.3d 264 (Tex. Crim. App. 2008) ................................................. 33, 34

*Oles v. State,*
    965 S.W.2d 641 (Tex. App.—Houston [1st Dist.] 1998), *aff'd,*
    993 S.W.2d 103 (Tex. Crim. App. 1999) ...................................................... 36

*Perez v. State,*
    261 S.W.3d 760 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) ................ 26, 28

*Prihoda v. State,*
    352 S.W.3d 796 (Tex. App.—San Antonio 2011, pet. ref'd) ............................. 6, 7

*Resendez v. State,*
    306 S.W.3d 308 (Tex. Crim. App. 2009) ...................................................... 11

*Rosales v. State,*
    841 S.W.2d 368 (Tex. Crim. App. 1992) ...................................................... 38

*Rothstein v. State,*
    267 S.W.3d 366 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) ................. 11

*Routier v. State,*
    112 S.W.3d 554 (Tex. Crim. App. 2003) ...................................................... 27

*State v. Krizan-Wilson,*
    354 S.W.3d 808 (Tex. Crim. App. 2011) ...................................................... 40

*State v. Moff,*
    154 S.W.3d 599 (Tex. Crim. App. 2004) ...................................................... 46

*State v. Zorrilla,*
    404 S.W.3d 734 (Tex. App.—San Antonio 2013, no pet.) .................... 9, 40, 41, 46

*Tate v. State,*
    120 S.W.3d 886 (Tex. App.—Fort Worth 1999, no pet.) ................................. 42

*United States v. Bagley,*
    473 U.S. 667 (1985) ......................................................................... 48, 50

*Valle v. State,*
    109 S.W.3d 500 (Tex. Crim. App. 2003) ................................................ 22, 24

*Vasquez v. State,*
    67 S.W.3d 229 (Tex. Crim. App. 2002) ................................................. 48, 50

*Velazquez v. State,*
    222 S.W.3d 551 (Tex. App.—Houston [14th Dist.] 2007, no pet.) .................... 22

*Watkins v. State,*
   333 S.W.3d 771 (Tex. App.—Waco 2010, pet. ref'd) ........................................30, 37

*Williams v. State,*
   252 S.W.3d 353 (Tex. Crim. App. 2008) .................................................................. 26

*Wilson v. State,*
   71 S.W.3d 346, 349 (Tex. Crim. App. 2002) ......................................................... 36

*Winkfield v. State,*
   792 S.W.2d 727 (Tex. App.—Corpus Christi 1990, pet. ref'd) ..........................23, 24

*Wisenbaker v. State,*
   782 S.W.2d 534 (Tex. App.—Houston [14th Dist.] 1989. no pet.) ......................... 30

*Worton v. State,*
   492 S.W.2d 519 (Tex. Crim. App. 1973) ............................................................42, 43

*Wright v. State,*
   28 S.W.3d 526 (Tex. Crim. App. 2000) .................................................................. 44

*Wyatt v. State,*
   23 S.W.3d 18 (Tex. Crim. App. 2000) ................................................................32, 34

## STATUTES

TEX. CODE CRIM. PROC. ANN. art. 15.04 (West 2005) ......................................................... 8

TEX. CODE CRIM. PROC. ANN. art. 15.05 (West 2005) ......................................................... 8

TEX. CODE CRIM. PROC. ANN. art. 21.01 (West 2009) ......................................................... 9

TEX. CODE CRIM. PROC. ANN. art. 21.02 (West 2009) ......................................................... 9

TEX. CODE CRIM. PROC. ANN. art. 21.20 (West 2009) ......................................................... 8

TEX. CODE CRIM. PROC. ANN. art. 21.21 (West 2009) ......................................................... 9

TEX. CODE CRIM. PROC. ANN. art. 21.22 (West 2006) ............................................. 9, 40, 41, 46

TEX. CODE CRIM. PROC. ANN. art. 28.01 (West 2006) ................................................... 42, 43

TEX. CODE CRIM. PROC. ANN. art. 39.14(f) (West Supp. 2014) ........................................ 29

TEX. CODE CRIM. PROC. ANN. Ch. 21 .............................................................. 10, 40, 47

TEX. GOV'T CODE ANN. § 52.046(a) (West 2005) ........................................................ 22

**RULES**

TEX. R. APP. P. 9.4(g) .................................................................................. ii

TEX. R. APP. P. 9.4(i). ................................................................................ 52

TEX. R. APP. P. 33.1(a) ............................................................ 11, 36, 37, 38

Tex. R. App. P. 34.6 .................................................................................. 24

TEX. R. APP. P. 34.6(e)(1) ......................................................................... 23

Tex. R. App. P. 34.6(e)(2) .......................................................................... 23

Tex. R. App. P. 34.6(f) ........................................................................ 23, 24

TEX. R. APP. P. 38.1(i) ........................................... 7, 22, 25, 35, 37, 38, 48

TEX. R. APP. P. 38.2(a)(1)(A) ..................................................................... ii

TEX. R. APP. P. 39.1 ................................................................................... ii

TEX. R. EVID. 103 ................................................................................ 11, 38

**CONSTITUTIONAL PROVISIONS**

TEX. CONST. art. I, §10 ............................................................................... 9

U.S. CONST. amend. VI ........................................................................ 13, 26

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

Appellant was charged with evading arrest in a motor vehicle and aggravated assault with a deadly weapon in cause numbers 1356098 and 1356099 (1356098 CR at 9; 1356099 CR at 10).[1] He entered pleas of not guilty, and a consolidated jury trial was held to determine guilt (1356098 CR at 206; 1356099 CR at 267; 2 RR at 79-80). The jury found appellant guilty (1356098 CR at 194, 206; 1356099 CR at 255, 267; 4 RR at 138). Per the jury's determination, the court sentenced appellant to fifty years confinement in the Institutional Division of the Texas Department of Criminal Justice for the evading charge and confinement for life in the Institutional Division of the Texas Department of Criminal Justice for the aggravated assault charge (1356098 CR at 202, 206; 1356099 CR at 263, 267; 5 RR at 36). The court certified appellant's right to appeal, and appellant filed a timely notice of appeal (1356098 CR at 210, 211-12; 1356099 CR at 271, 272-73).

## STATEMENT OF FACTS

On the night of December 29, 2011, Jose Bribiescas was celebrating his fortieth birthday with his friends at Merinos Sports Bar (2 RR at 112, 113, 131; 4 RR at 24). Appellant approached one of Jose's friends, Claudia Atencio, and asked her if he

---

[1] For clarity, the State will use the corresponding cause number in the citation to the clerk's record and supplemental clerk's record. Several reporter's records were filed in appellant's case, and the State will refer to the record of the pretrial hearings as "1 Pretrial RR" and "2 Pretrial RR" while the reporter's record at trial will be referred to as "1 RR," etc.

1

could buy her a drink (2 RR at 132). Claudia refused appellant's offer, so appellant accosted Jose's friend, Larry Hernandez, who had come the Merinos with Claudia, demanding to know if Claudia was Larry's girlfriend (2 RR at 132; 4 RR at 26-27, 62). Jose intervened as appellant became aggressive and took a swing at Jose (2 RR at 87, 113, 132-33; 4 RR at 27). After a scuffle, their fight was broken up, and Pedro Padron instructed appellant and Jose to leave (2 RR at 88; 4 RR at 8, 27).

Appellant left the bar first, but he returned a short time later (2 RR at 90, 115, 136; 4 RR at 31, 32). Appellant found Jose still at the bar and pointed a gun at him (2 RR at 116, 137; 4 RR at 33, 35). Before Jose could react, appellant shot Jose once in the chest, inches away from his heart (4 RR at 35, 38, 40).

At the sound of gunfire, the bar erupted in chaos (4 RR at 37). Jose, while still conscious, could not breathe as the bullet punctured his lung (4 RR at 39-40, 41). Afraid appellant would see that he was still alive, Jose's friends pulled him by a pool table in the cover of the melee (4 RR at 39-40). There, Jose passed out (3 RR at 13; 4 RR at 39-40).

Appellant left the bar in a white truck that was missing a tailgate (2 RR at 96, 121; 3 RR at 35, 43). Corporal Moses Davila was dispatched to the scene and was searching for the suspect's vehicle when he came across a truck matching the description (3 RR at 34, 35, 36, 43). He followed the truck until backup arrived and then attempted to stop the vehicle (3 RR at 38, 39, 92). Instead of stopping when the lights and sirens on several police cars were activated, appellant, who was driving the

2

white truck, accelerated and lead the officers on a high speed chase (3 RR at 42, 44, 58-59, 92, 93, 97). Appellant crashed while trying to turn at a high rate of speed, but that did not stop the chase (3 RR at 46, 94). Realizing that the truck was disabled, appellant jumped out of the vehicle and continued to flee on foot until he was apprehended by the pursuing officers (3 RR at 51-55, 94-95).

Officers searched appellant's truck and found the gun he used to shoot Jose (3 RR at 58, 75-76; 4 RR at 36; State's Ex. 27). Appellant was brought back to Merinos where several witnesses identified him as Jose's shooter (2 RR at 98-99, 123, 141-42; 3 RR at 17).

Upon appellant's arrest, the trial court appointed appellant counsel to represent him (1356098 CR at 13; 1356099 CR at 15). Before the cases proceeded to trial, the State re-indicted both charges (1356098 CR at 9, 15, 60; 1356099 CR at 10, 22, 102). Before the commencement of his consolidated trial, appellant requested that the trial court allow him to represent himself (1356098 CR at 95; 1356099 CR at 153; 1 Pretrial RR at 5). The trial court inquired into appellant's background, education, and experience and informed him of the dangers and disadvantages of representing himself at a pretrial hearing before finding that appellant understood the implications and dangers of self-representation (1 Pretrial RR at 5-15). Appellant persisted in his desire to represent himself, so the trial court granted his request to waive his right to appointed counsel and assert his right to self-representation (1 Pretrial RR at 15).

## SUMMARY OF THE ARGUMENTS

The indictments in appellant's cases properly bestowed the trial court with jurisdiction over his offenses of aggravated assault and evading arrest despite appellant's arguments that the complaints in his cases were in invalid. Also, appellant failed to preserve the separation of powers argument that he raises for the first time on appeal.

Appellant knowingly, intelligently, and voluntarily waived his right to counsel and invoked his right to represent himself after the trial court properly inquired into his background and admonished him regarding the dangers and disadvantages of self-representation.

Appellant failed to timely raise his complaints about the reporter's record in his case and thus waived his arguments regarding the record.

Appellant waived his right to claim that his court-appointed attorney provided ineffective assistance of counsel when he chose to waive his right to counsel and represent himself, and even if appellant could raise an ineffective assistance of counsel claim, he failed to show that his appointed counsel had an actual conflict of interest with the State.

Appellant has not met his burden of showing that his due process rights were violated by the State's failure to copy video evidence from Merinos because appellant did not show that the video was material, exculpatory, or lost in bad faith.

Appellant failed to preserve his complaint that the State tampered with evidence when the copy of State's Exhibit 17 that was filed in the clerk's record before trial and the copy of State's Exhibit 17 that was admitted at trial were recorded on different brands of CDs by failing to object at trial.

Appellant failed to preserve and adequately brief his argument questioning the trial court's impartiality. Appellant never objected to the trial court's actions of preserving appellant's initial request for appointed counsel when the charges against him were re-indicted.

Appellant failed to adequately brief and failed to preserve his argument that the trial court erred when it did not issue written rulings on all motions filed by appellant.

The trial court did not abuse its discretion when it denied appellant's motion to dismiss his evading arrest charge on the basis that no complaint was filed in his case because not complaint was needed.

The trial court did not abuse its discretion in denying appellant's motions to quash the enhancement paragraphs in his indictments without first holding a hearing because appellant did not meet his burden of collaterally attacking his prior convictions.

The trial court did not abuse its discretion when it denied appellant's request for extra access to the law library because appellant had no right for extra library time.

The trial court did not abuse its discretion in denying appellant's motions to set aside appellant's indictments because the legal argument appellant presented attacking

5

the validity of the complaints filed in his cases was insufficient to set aside the re-indicted charging instruments.

Appellant's due process rights were not violated by the admission of perjured testimony at trial when Jose's testimony of his medical condition and care differed from the medical records introduced at trial because his testimony was not perjurious.

## REPLY TO APPELLANT'S FIRST POINT OF ERROR

I.  **The indictments in appellant's cases properly bestowed the trial court with jurisdiction over his offenses of aggravated assault with a deadly weapon and evading arrest despite appellant's arguments that the complaints in his cases were in invalid.**

In his first point of error, appellant presents this Court with a multifarious, inadequately briefed argument alleging multiple violations to his federal and state constitutional rights by the complaints in his cases.[2] First, appellant alleges that his convictions are void because the charging instruments in his case did not bestow the trial court with jurisdiction as the complaints in both cases fulfilled the statutory requisites of an "information" rather than a "complaint" without providing citations for any of his constitutional claims; he does adequately cite to state law relevant to his

---

[2] Points of error are multifarious when they are based on more than one legal theory and raise more than one complaint. *Prihoda v. State*, 352 S.W.3d 796, 801 (Tex. App.—San Antonio 2011, pet. ref'd) (holding that that appellate courts may refuse to address multifarious points because they present nothing for review). An argument is inadequately briefed when it does not contain citations to authority supporting the assertions in the point of error. TEX. R. APP. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878, 896-97 (Tex. Crim. App. 2011). While appellant does not distinguish his points of error within his brief, the State looks to the "Issues Presented" portion of his brief to determine the arguments included in his fourteen points of error. Appellant's Br. 4-6.

statutory claims.[3] *See* TEX. R. APP. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878, 896-97 (Tex. Crim. App. 2011) (holding that an argument that is inadequately briefed presents nothing for review). Next, appellant argues that the form of the complaints in his case violated the separation of powers doctrine.

As multiple courts of appeals have held that when a point of error on appeal raises more than one legal theory and raises more than one complaint, nothing is presented for review, this Court can refuse to address appellant's multifarious point of error. *See Davis v. State*, 329 S.W.3d 798, 803 (Tex.Crim.App. 2010); *Prihoda v. State*, 352 S.W.3d 796, 801 (Tex. App.—San Antonio 2011, pet. ref'd); *Foster v. State*, 101 S.W.3d 490, 499 (Tex. App.—Houston [1st Dist.] 2002, no pet). However, should this Court chose to address the adequately briefed portions of appellant's multifarious first point of error, this Court should overrule appellant's arguments as meritless.

### a. The indictments issued by the grand jury provided the trial court with jurisdiction over appellant's offenses.

In the first part of appellant's point of error, he attacks the validity of his convictions by alleging that the trial court lacked jurisdiction over his cases because the complaints were in the form of "informations" rather than "complaints." Appellant filed motions to quash the indictments on this basis which the trial court denied (1356098 CR at 173-75; 1356099 CR at 231-33). To preserve appellant's point

---

[3] Appellant brings similar arguments in his ninth and twelfth points of error.

of error, the State construes appellant's first argument as a complaint against the trial court's denying his motion to quash on the grounds alleged in his first point of error.

### Standard of Review

Appellate courts review a trial court's decision to deny a motion to quash an indictment de novo. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex.Crim.App. 2007).

### Applicable Law

According to the Texas Code of Criminal Procedure article 15.04, a "complaint" is an affidavit made before a magistrate or district attorney that charges to commission of an offense and informs the accused of the alleged offense. TEX. CODE CRIM. PROC. ANN. art. 15.04 (West 2005); *Naff v. State*, 946 S.W.2d 529, 531 (Tex. App.—Fort Worth 1997, no pet.). To be sufficient, a complaint must state the name of the accused, show that the affiant has good reason to believe that the accused has committed some offense against the laws of the State, give the time and place of the commission of the offense, and be signed by the affiant. TEX. CODE CRIM. PROC. ANN. art. 15.05 (West 2005).

By contrast, an "information" is a written statement filed and presented on behalf of the State charging a defendant with an offense that may be prosecuted by law. TEX. CODE CRIM. PROC. ANN. art. 21.20 (West 2009). Only misdemeanor offenses may be prosecuted by an information in Texas. *Ex parte Krarup*, 422 S.W.2d 173, 174 (Tex. Crim. App. 1967), *overruled in part, King v. State*, 473 S.W.2d 43 (Tex. Crim. App. 1971). To be sufficient, an information must begin with the phrase, "In

the name and by authority of the State of Texas," appear to have been presented in a court having jurisdiction over the offense alleged, appear to have been presented by the proper officer, contain the name of the accused, appear that the place the offense occurred is within the jurisdiction of the court where the information if filed, mention a date before the filing of the information and alleged an offense not barred by limitations, set forth the offense in plain and intelligible words, conclude "Against the peace and dignity of the State," and be signed by the district or county attorney." TEX. CODE CRIM. PROC. ANN. art. 21.21 (West 2009). Additionally, a valid complaint is a prerequisite to a valid information. TEX. CODE CRIM. PROC. ANN. art. 21.22 (West 2006); *State v. Zorrilla*, 404 S.W.3d 734, 735 (Tex. App.—San Antonio 2013, no pet.); *Ho v. State*, 856 S.W.2d 495, 497 (Tex. App.—Houston [1st Dist.] 1993, no pet.).

For a felony offense to be prosecuted, an indictment must be issued by a grand jury accusing the defendant of an offense. TEX. CONST. art. I, §10; TEX. CODE CRIM. PROC. ANN. art. 21.01 (West 2009); *see Kinley v. State*, 16 S.W. 339, 339 (Tex. App. 1891, no pet.) ("Informations cannot be used to bring before the court a party charged with a felony for the purpose of finally trying him. It is only misdemeanors that can be presented by information."). To be sufficient, an indictment must have the same requirements as an information but also must appear to be presented to the grand jury of the district court and be signed by the grand jury. TEX. CODE CRIM. PROC. ANN. art. 21.02 (West 2009). A compliant is not required for a grand jury to indict a defendant on felony charges as it is required in order for the State to proceed

9

on a misdemeanor information. TEX. CODE CRIM. PROC. ANN. Ch. 21; *Ferguson v. State*, 335 S.W.3d 676, 681-82 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

### Analysis

The trial court did not err when it denied appellant's motions to quash because the appellant's argument against the form of the complaints is misplaced. Indictments alone were needed to bestow the trial court with jurisdiction over his offenses. *See Cook v. State*, 902 S.W.2d 471, 475 (Tex.Crim.App. 1995) (noting that an indictment vests a trial court with jurisdiction over a felony offense). The complaints appellant complains about did not affect whether the trial court had jurisdiction because complaints are not required for a grand jury to indict a defendant on felony charges. TEX. CODE CRIM. PROC. ANN. Ch. 21; *Cook*, 902 S.W.2d at 475; *Ferguson*, 335 S.W.3d at 681-82. Thus, the trial court did not err when it overruled appellant's motion to quash the indictments on this ground.

**b. Appellant failed to raise his separation of powers argument at trial, thus waiving this argument on appeal.**

The second argument appellant makes regarding the complaints' forms alleges that the separation of powers doctrine was violated. Appellant claims that since the State ignored the requisites of a complaint as set out by article 15.05, it effectively created its own statute and usurped the power of the legislature. Appellant's Br. 9. Appellant raises this argument for the first time on appeal. Because appellant did not advance this argument at trial, appellant has failed to preserve it for appellant review.

10

### Applicable Law

"[A] complaint is not preserved for appeal unless it was made to the trial court 'by a timely request, objection or motion' that 'stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context.'" *Resendez v. State*, 306 S.W.3d 308, 312 (Tex.Crim.App. 2009) (quoting TEX. R. APP. P. 33.1(a)); *see* TEX. R. EVID. 103. To preserve error, a party timely and specifically inform the trial court of his objection "when the trial court is in a proper position to do something about it.'" *Resendez*, 306 S.W.3d at 313 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex.Crim.App. 1992)). A reviewing court will not consider errors, even of constitutional magnitude, not called to the trial court's attention. *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009); *Rothstein v. State*, 267 S.W.3d 366, 373 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd).

### Analysis

Appellant waived appellate review of his separation of powers argument because he failed to raise it to the trial court. *Resendez*, 306 S.W.3d at 312; TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103. While appellant file multiple motions contesting the validity of the charging instruments filed in his case, the State cannot find one raising this argument despite scouring the record. Because appellant did not inform the trial court of his separation of powers argument, he failed to preserve it. Thus,

11

this Court, if it should choose to address appellant's multifarious point of error, should overrule appellant's separation of powers argument.

### REPLY TO APPELLANT'S SECOND AND FOURTEENTH POINTS OF ERROR[4]

**II.  Appellant properly waived his right to counsel and invoked his right to represent himself.**

Next, appellant presents another multifarious argument alleging violations of multiple federal and state constitutional rights involved in his self-representation at trial. *Foster*, 101 S.W.3d at 499. Within this argument, appellant advances two main claims regarding his right to counsel. Appellant first argues that he did not properly waive his right to counsel in regards to cause number 1356098 because he lacked notice that he would be representing himself on the evading arrest charge. Appellant's Br. 10. Secondly, appellant argues that his right to self-representation was not knowingly, intelligently, or voluntarily made on both cause numbers because the trial court did not provide proper *Faretta* warnings. Appellant's Br. 10. Appellant makes a similar argument in his fourteenth point of error alleging that the trial court abused its discretion when found that appellant knowingly and intelligently waived his right to counsel after being informed of the charges against him and the dangers and disadvantages of representing himself. Appellant's Br. 17-18. The State will address

---

[4] Appellant rehashes the arguments made in his second point of error in his fourteenth by alleging that the trial court abused its discretion by failing to inform appellant that he was facing trial on cause number 1356098 as well as cause number 1356099. Because appellant's arguments are nearly identical, the State briefs appellant's second and fourteenth points of error together.

appellant's claims that he did not knowingly, intelligently, and voluntarily waive his right to counsel and chose to represent himself after being aware of the dangers and disadvantages of representing himself before responding to appellant's argument regarding his apprehension of the nature of the charges against him.

## *Standard of Review*

Appellate courts review whether a defendant invocation of his right to self-representation for an abuse of discretion. *DeGroot v. State*, 24 S.W.3d 456, 457-58 (Tex. App.—Corpus Christi 2000, no pet.).

## *Applicable Law*

The Sixth Amendment of the United States Constitution guarantees both the right to counsel and the corresponding right to self-representation. *See* U.S. CONST. amend. VI; *Faretta v. California*, 422 U.S. 806, 819 (1975). A defendant making the choice to waive counsel and represent himself must chose knowingly, intelligently, and voluntarily. *Faretta*, 422 U.S. at 835; *Moore v. State*, 999 S.W.2d 385, 396 (Tex.Crim.App.1999).

A defendant knowingly, intelligently, or voluntarily decides to waive his right to counsel and represent himself if he makes the decision with a full understanding of the right to counsel, which is being abandoned, as well as the dangers and disadvantages of self-representation. *Moore*, 999 S.W.2d at 396 n. 5. The defendant should be aware that he will not be granted any special consideration because of his self-representation and will be held to the technical and procedural rules like an

13

attorney. *Johnson v. State*, 760 S.W.2d 277, 278 (Tex.Crim.App.1988). The trial court, however, does not need to follow a formulaic questioning or particular script in ascertaining the knowing, intelligent, and voluntary nature of an accused's waiver of counsel, and a written waiver of the right to counsel is not required. *See Burgess v. State*, 816 S.W.2d 424, 428-29 (Tex.Crim.App.1991).

a. **Appellant knowingly, intelligently, and voluntarily invoked his right to self-representation and waived his right to counsel after the trial court properly inquired into his decision.**

Appellant's claims that he did not knowingly, intelligently, and voluntarily invoke his right to self-representation is meritless because the record shows that the trial court properly questioned appellant about his decision and ability to represent himself during a pretrial hearing, warned him of the dangers of representing himself, and inquired into the voluntariness of appellant's decision (1 Pretrial RR). Thus, the trial court did not allow appellant to represent himself without insuring that appellant was properly warned and knowingly, intelligently, and voluntarily invoked that right while waiving his right to counsel.

At the hearing, the trial court inquired into appellant's background, education, age and experience:

> **Court:** Now, it's my understanding -- you correct me if I'm wrong -- that you wish to represent yourself in this matter.
> **Appellant:** Yes, sir.
> **Court:** All right. Listen to me carefully, and answer these questions to the best of your ability. Is that your full, true, and correct name is Samuel Espinoza Rodriguez?

14

**Appellant:** Yes, sir.

**Court:** How old are you, Mr. Rodriguez?

**Appellant:** Forty-eight.

**Court:** Where were you born?

**Appellant:** June 10th, '64.

**Court:** No. Where were you born?

**Appellant:** Oh. In Lubbock, Texas.

**Court:** And do you read and write the English language?

**Appellant:** Yes, sir.

**Court:** Don't be offended by these questions. Everyone is asked the same type of questions who desire to represent themselves.

**Appellant:** Yes, sir.

**Court:** Because the Court has to make a determination of whether or not you are fully aware of all the dangers and disadvantages plus the risks of representing yourself.

**Appellant:** Yes.

**Court:** Do you have any learning disabilities or communication handicaps?

**Appellant:** No, sir.

**Court:** No hearing problems, things of that nature. Okay. Have you ever been declared mentally incompetent or treated for any mental health disorder?

**Appellant:** No, sir.

**Court:** Tell me your educational background. How far did you go in school?

**Appellant:** I got a G.E.D.

**Court:** You have a G.E.D.

**Appellant:** Yes, sir.

**Court:** All right. And when was that?

**Appellant:** '84.

**Court:** '84. Do you have any legal training or education or experience?

**Appellant:** I've argued a case in the United States Supreme Court, but that was -- *(inaudible)*

**Court Reporter:** I didn't hear what he said. But that was?

**Court:** He's argued a case before -- he said the Supreme Court of the United --

**Appellant:** They accepted my case.

**Court:** Okay. Supreme Court of the United States?

**Appellant:** Yes, sir.

15

**Court**: All right. Fine. But you do realize that's not the same thing as a trial? That was an appeal. There's different rules, regulations, and law.
**Appellant**: Yes, sir.
**Court**: But that's fine. That's what I needed to know. With regard to any other prior legal proceedings, do you have any experience representing yourself in those?
**Appellant**: No, sir. (1 Pretrial RR at 5-8).

The trial court also informed appellant of the dangers and disadvantages of representing himself:

**Court**: And because you've indicated to me that you want to represent yourself, then you've waived your right for a Court-appointed counsel. Now, you realize that you will not be able to claim ineffective assistance of counsel at a later time if you are unsuccessful at trial. In other words, you won't be able to claim that any attorney that you had prior to representing yourself was ineffective. [...] I want to make sure you understand you won't be able to claim ineffective assistance on the part of any lawyers you've had in the past on this case. Do you understand?
**Appellant**: Yes, sir.
**Court**: Okay. All right. And since you have elected to proceed pro se, if you do, you must comply with the same technical rules of evidence and any appellate procedures as an attorney as it goes forward. Do you understand?
**Appellant**: Yes, sir.
**Court**: Okay. And unfortunately the Court will not be able to grant you any special consideration because of your lack of formal legal -- formal, I say, legal training. And I want you to be aware that because of that lack of formal legal training you may fail to properly raise the right grounds of error in the event and only in the event that you've been found guilty you could waive those errors. You understand that?
**Appellant**: Yes, sir.
**Court**: If you don't make the proper objections. Are you familiar with the Texas Penal Code?
**Appellant**: Enough where I can -- learned enough, yes, sir.
**Court**: And, likewise, the Texas Code of Criminal Procedure?

**Appellant:** Yes, sir.

**Court:** You realize the Texas Penal Code, that's the laws?

**Appellant:** Yes, sir.

**Court:** And the Code of Criminal Procedure is the mechanism that all lawyers have to use as a procedure that trial goes by?

**Appellant:** Yes, sir. [...]

**Court:** Okay. And, so, you are aware, then, of the dangers and disadvantages of this self-representation?

**Appellant:** Yes, sir.

**Court:** Okay. Knowing that you are untrained and without prior legal experience and not familiar with the rules of evidence and procedure, do you waive the right to effective assistance of counsel? You have to because you won't have anybody to blame. Do you see what I'm saying?

**Appellant:** Yes, sir.

**Court:** All right. Likewise, like any attorney, if you represent yourself, you'll not be permitted to obstruct the orderly procedure of the court trial as that would be considered an interference with the fair administration of justice (1 Pretrial RR at 11-14). *See Johnson v. State*, 760 S.W.2d at 278.

Finally, the court inquired into whether appellant was voluntarily invoking his right to represent himself:

**Court:** Okay. And you're doing this of your own? You're doing it voluntarily --

**Appellant:** Yes, sir. Voluntarily.

**Court:** -- and knowingly? You appear to be intelligent, so I'm going to say it's intelligently done.

**Appellant:** Yes, sir.

**Court:** Okay. And, so, you are aware, then, of the dangers and disadvantages of this self-representation?

**Appellant:** Yes, sir.

**Court:** Okay. Knowing that you are untrained and without prior legal experience and not familiar with the rules of evidence and procedure, do

17

you waive the right to effective assistance of counsel? You have to because you won't have anybody to blame. Do you see what I'm saying? **Appellant**: Yes, sir (1 Pretrial RR at 14).

As the record shows, the trial court conducted a proper inquiry into appellant's background, age, education, and experience, warned appellant that he would be held to the same standard as an attorney and would have to face the consequences of failing to make proper objections, ensured that appellant was aware that he was waiving both is right to counsel and his right to advance an ineffective assistance of counsel claim, and confirmed that appellant voluntarily invoked his right to self-representation and waived his right to counsel; thus, appellant knowingly, intelligently, and voluntarily decided to represent himself after receive the proper warnings from the trial court. *Moore*, 999 S.W.2d at 396 n. 5; *see Cudjo v. State*, 345 S.W.3d 177, 184-85 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (holding that the record showed that Cudjo properly waived his right to counsel and invoked his right to represent himself). As such, this Court should overrule appellant's point of error on this ground.

b. **The record shows that appellant knew that he faced the evading arrest charge as well as the aggravated assault charge at trial when he waived his right to counsel and chose to represent himself at trial.**

Appellant also argues in his second point of error that he did not waive his right to counsel and invoke his right to represent himself for his evading arrest charge because at the hearing, the trial court told him that he only faced the charges

18

contained in cause number 1356099, the aggravated assault charge (1 Pretrial RR at 8-9). Appellant argues that he did not have a proper apprehension of the nature of the charges against him and thus did not waive his right to counsel on cause number 1356098, the evading arrest with a motor vehicle charge. However, the record establishes that appellant was indeed aware that he faced the evading arrest charge as well as the aggravated assault charges. Thus, appellant did not fail to waive his right to counsel and invoke his right to represent himself for both offenses.

## Applicable Law

To be valid, a defendant's waiver of counsel and decision to represent himself must be made with an apprehension of the nature of the charges. *Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984); *Dolph v. State*, 440 S.W.3d 898, 905 (Tex. App.—Texarkana 2013, pet. ref'd).

## Analysis

Despite appellant's claims that he did not waive his right to counsel and invoke his right to self-representation for his evading arrest charge, the record establishes that appellant had notice that he would also face the charge of evading arrest when he chose to represent himself at trial.

The record shows that even though the trial court informed appellant that he would represent himself on cause number 1356099 at the pretrial hearing on February 4, 2013, cause number 1356099 included two paragraphs alleging the offense of aggravated assault with a deadly weapon and alleging the offense of evading arrest in a

19

motor vehicle (1356099 CR at 10; 1 Pretrial RR at 8-9). As of the pretrial hearing, the first paragraph of cause number 1356099 alleged that appellant "unlawfully, intentionally and knowingly caused bodily injury to JOSE ALBERTO BRIBIESCAS, hereinafter called the Complainant, by SHOOTING THE COMPLAINANT WITH A FIREARM," while the second paragraph, which the State abandoned on May 15, 2013, alleged that appellant "intentionally fled from M. DAVILA, hereafter styled the Complainant, a peace officer, employed by HARRIS COUNTY CONSTABLE'S OFFICE PRECINT 6, lawfully attempting to detain the Defendant, and the Defendant knew that the Complainant was a peace officer attempting to detain the Defendant, and the Defendant used a MOTOR VEHICLE while he was in flight" (1356099 CR at 10). This second paragraph of cause number 1356099 tracked the exact language that also appeared on cause number 1356098 (1356098 CR at 9; 1356099 CR at 10). The trial court gave appellant a copy of the indictment, and from the face of cause number 1356099, appellant was aware that he faced both the aggravated assault and the evading arrest charges when he waived his right to counsel and invoked his right to represent himself (1356099 CR at 10; 1 Pretrial RR at 10).

Additionally, the record shows that appellant was aware that he was representing himself on both the aggravated assault charge as well as the evading arrest charge because every motion that appellant filed with the court on his own behalf after being allowed to represent himself included both cause numbers (1356098 RR at 124, 127-29, 131, 134035, 136-37, 142-43, 144-45, 147-4, 150-52, 153-55, 156-

20

58, 160-61, 162-63, 164-65, 167-68, 169-70, 171, 173-75, 178-80, 181-82, 184-85).

Appellant even filed a motion objecting to the consolidation of the offense that he withdrew before trial (1356098 RR at 171).[5] Given the voluminous filings indicating that appellant was aware that he was representing himself for both offenses, appellant made the decision to waive his court-appointed counsel and to represent himself with the proper apprehension of the nature of the charges against him.

Because the face of the indictment in cause number 1356099 included both the offenses of aggravated assault with a deadly weapon and evading arrest with a motor vehicle when appellant chose to represent himself and because appellant's filings indicate that appellant knew that he faced both charges when representing himself at trial, appellant's rights were not violated by his apprehension of the charges against him when he waived his right to counsel and chose to represent himself. As such, this Court should overrule his argument on this ground.

## REPLY TO APPELLANT'S THIRD POINT OF ERROR

III. **Appellant failed to timely raise his complaints about the reporter's record in his case and thus waived his arguments regarding the record on appeal.**

In his next point of error, appellant again alleges that multiple of his federal and state constitutional rights were violated by the court reporter failing to comply with her official duties as a court reporter by proffering an incomplete record that is

---

[5] Additionally, at the hearing in which appellant chose to waive his right to counsel and invoke his right to represent himself, appellant turned down the State's plea deal which would have given him forty years on both charges (1 Pretrial RR at 34).

21

missing bench conferences, contains typographical errors, and has "unclear notations." Appellant's Br. 11. Appellant also relies on Texas statutory law in his brief for his argument that the court reporter failed to comply with her official duties. Appellant's Br. 11. While appellant clearly cites to applicable statutory law, his federal and state constitutional allegations are multifarious and inadequately briefed. TEX. R. APP. P. 38.1(i); *Lucio*, 351 S.W.3d at 896-97; *Foster*, 101 S.W.3d at 499. Should this Court decide to address appellant's point of error on the merits, it should limit its review to the arguments that appellant properly briefed and should hold that appellant failed to preserve his arguments regarding the record on appeal because appellant failed to properly object to the record on appeal.

### Applicable Law

Texas Government Code section 52.046 requires an official court reporter to attend all sessions of court and furnish a transcript of the reported evidence or other proceedings when requested by a party. TEX. GOV'T CODE ANN. § 52.046(a) (West 2005). However, a defendant must object to the court reporter's failure to record a portion of the trial proceedings to preserve error. *Valle v. State*, 109 S.W.3d 500, 508–09 (Tex. Crim. App. 2003); *Harris v. State*, 364 S.W.3d 328, 338 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *see Velazquez v. State*, 222 S.W.3d 551, 556–57 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Even if the trial court grants a motion for the court reporter to record the proceedings at trial, reviewing courts treat such a motion

similarly to a motion in limine and requires that the party preserve error. *Harris*, 364 S.W.3d at 338; *see Moore v. State*, 999 S.W.2d 385, 398 (Tex. Crim. App. 1999).

When the record is created for an appeal, the Rules of Appellate Procedure allow the parties to agree to correct inaccuracies in the record if such inaccuracies are discovered. TEX. R. APP. P. 34.6(e)(1). However, to preserve error regarding the record submitted on appeal, the Court of Criminal Appeals requires that an appellant make the necessary inspection of the record after it is completed so he may object to the record and make sure that the necessary and relevant materials are included. *See Winkfield v. State*, 792 S.W.2d 727, 729 (Tex. App.—Corpus Christi 1990, pet. ref'd). If the parties cannot agree how to correct the reporter's record, the trial court must settle the dispute after notice and hearing. Tex. R. App. P. 34.6(e)(2). In instances where the reporter's record is lost or destroyed, an appellant is entitled to a new trial only if he has timely requested a reporter's record, a significant portion of the court reporter's notes and records has been lost or destroyed through no fault of appellant, the portion of the record that is lost or destroyed is necessary to the resolution of appellant's appeal, and the lost or destroyed portion of the record cannot be replaced by agreement of the parties. Tex. R. App. P. 34.6(f).

### Analysis

Appellant waived the arguments he presents in his third point of error because he failed to timely and properly object to the reporter's record presented on appeal. *Winkfield*, 792 S.W.2d at 729.

23

While appellant contends that the court reporter failed in her duty after the trial court granted his motion for the court reporter to record all proceedings, appellant did not preserve error by objecting to the reporter's failure to record bench conferences at trial (1356098 CR at 136-38; 1356099 CR at 194-96). Appellant's Br. 11; *see Valle*, 109 S.W.3d at 508–09; *Harris*, 364 S.W.3d at 338. As reviewing courts treat a motion to record bench conferences similar to the way they treat motions in limine, appellant had the burden to object when the court reporter did not record bench conferences. *Moore*, 999 S.W.2d at 398. Thus, appellant failed to preserve error for his argument that the trial court should have recorded bench conferences.

In regards to his contention that the record is inadequate because of typographical errors, appellant also waived this argument by failing to alert this Court to his objections so that the necessary steps could be taken under the Rules of Appellate Procedure to correct the record. Tex. R. App. P. 34.6; *Winkfield*, 792 S.W.2d at 729. Appellant has slept on his right to correct the record. Thus, this Court should overrule his third point of error.[6]

---

[6] Furthermore, appellant advances no argument for how the typographical errors and omissions in reporter's record would affect the resolution of his appeal. *See* Tex. R. App. P. 34.6(f). Thus, he shows no harm from his objections to the record that he failed to preserve.

## REPLY TO APPELLANT'S FOURTH POINT OF ERROR

**IV.** **Appellant waived his right to claim that his court-appointed attorney provided ineffective assistance of counsel because she had a conflict of interest when he waived his Sixth Amendment right to counsel and chose to represent himself.**

Like his previous points of error, appellant again presents another multifarious, inadequately briefed argument claiming multiple federal and state constitutional violations regarding his right to conflict-free representation. TEX. R. APP. P. 38.1(i); *Lucio*, 351 S.W.3d at 896-97; *Foster*, 101 S.W.3d at 499. Appellant's most cogent and adequately briefed argument focuses on his Sixth Amendment right to conflict-free representation.[7] However, in making this argument, appellant ignores that he waived his right to raise an ineffective assistance of counsel claim when he chose to waive his right to counsel and represent himself. Appellant's argument also fails on the merits because he does not point to anything in the record that shows that his appointed counsel had an actual conflict of interest. As such, this Court should overrule appellant's fourth point of error.

---

[7] Appellant advances conclusory arguments alleging violations to his federal Fifth, Sixth, and Fourteenth Amendments as well as to his due course of law rights under article I, sections nineteen and ten of the Texas Constitution without citation to authority or specific arguments for these claims. Appellant's Br. 12. As appellant fails to include any citations to support his arguments, his point of error is inadequately briefed as well as multifarious, and the State will only address appellant's argument on the grounds which are adequately briefed. TEX. R. APP. P. 38.1(i); *Lucio*, 351 S.W.3d at 896-97; *Foster*, 101 S.W.3d at 499.

## Applicable Law

The Sixth Amendment encompasses both the right to counsel and the reciprocal right to self-representation. U.S. CONST. amend. VI; *Williams v. State*, 252 S.W.3d 353, 355-56 (Tex. Crim. App. 2008); *Monreal v. State*, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997). When an accused asserts his right to counsel, the Sixth Amendment also guarantees the right to reasonably effective assistance of counsel. *Monreal*, 947 S.W.2d at 564 (citing *Strickland v. Washington*, 466 U.S. 668, 686, (1984)). However, if the accused invokes his right to represent himself, courts do not consider any subsequent claim of ineffective assistance of counsel. *Faretta*, 422 U.S. at 834 n.46; *Perez v. State*, 261 S.W.3d 760, 766 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd).

Ineffective assistance of counsel may result when an attorney labors under a conflict of interest. *Monreal*, 947 S.W.2d at 564; *Gaston v. State*, 136 S.W.3d 315, 318 (Tex. App.—Houston [1st Dist.] 2004, pet. struck). A defendant can demonstrate a violation of his right to reasonably effective assistance of counsel if he can show that his counsel was burdened by an actual conflict of interest and that the conflict had an adverse effect on specific instances of counsel's performance. *Monreal*, 947 S.W.2d at 564; *Gaston*, 136 S.W.3d at 318.

An actual conflict exists if counsel is required to make a choice between advancing her client's interest in a fair trial or advancing other interests to the detriment of her client's interest. *Monreal*, 947 S.W.2d at 564; *Gaston*, 136 S.W.3d at

26

318. "[A] potential conflict may become an actual conflict, but [an appellate court need not] speculate about a strategy an attorney might have pursued ... in the absence of some showing that the potential conflict became an actual conflict." *Routier v. State*, 112 S.W.3d 554, 585 (Tex. Crim. App. 2003). "[U]ntil a defendant shows that his counsel *actively represented conflicting interests,* he has not established the constitutional predicate for his claim of ineffective assistance." *Acosta v. State*, 233 S.W.3d 349, 355 (Tex. Crim. App. 2007) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 349–50 (2003)).

### *Analysis*

#### a. Appellant waived his right to counsel and thus waived his right to effective assistance of counsel.

At trial, appellant waived his right to counsel and invoked his right to represent himself. Before appellant waived his right to counsel, the trial court warned him that he was also waiving his right to raise a claim of ineffective assistance of counsel before allowing appellant to represent himself: "And because you've indicated to me that you want to represent yourself, then you've waived your right for a Court-appointed counsel. Now, you realize that you will not be able to claim ineffective assistance of counsel at a later time if you are unsuccessful at trial. In other words, you won't be able to claim that any attorney that you had prior to representing yourself was ineffective. [...] I want to make sure you understand you won't be able to claim ineffective assistance on the part of any lawyers you've had in the past on this case.

27

Do you understand?" (1 Pretrial RR at 11-12). Appellant informed the court that he understood (1 Pretrial RR at 12).

Because appellant chose to represent himself at trial, he cannot now advance a claim of ineffective assistance of counsel based on his court-appointed attorney's performance. *Faretta*, 422 U.S. at 834 n.46 (1975); *Perez*, 261 S.W.3d at 766. Thus, appellant waived any claims of ineffective assistance of counsel, including his current claim of ineffective assistance of counsel based on a conflict of interest.

## b. Even if appellant had not waived his right to effective assistance of counsel, appellant's court-appointed counsel did not have an actual conflict of interest with the State.

Even if appellant had not waived his right to effective assistance of counsel by choosing to represent himself, appellant nevertheless failed to show that his court-appointed counsel had an actual conflict of interest with the State. *See Acosta*, 233 S.W.3d at 355. In attempts to show a conflict, appellant first looks at discrepancies with the file-stamped dates on the paperwork initially appointing his counsel as evidence that his counsel, the court, and the State had a prior agreement between them (1356098 CR at 12-13; 1356099 CR at 13-15). He then points this Court to the fact that his counsel signed a confidentiality agreement before viewing the State's file as evidence of a conflict of interest. (1356099 CR at 13; 1 Pretrial RR at 31-32). Appellant then argues that when his counsel agreed with the State that the video evidence from Merinos did not exist another conflict of interests arose (1356099 CR

28

at 13; 1 Pretrial RR at 31-32). Appellant next claims that his counsel advanced the State's interest when she did not object to the State re-indicting appellant with charging instruments alleging his status as a habitual offense on a day in which he had been set for trial (1356098 CR at 60; 1356099 CR at 102). Finally, appellant takes issue with his counsel continuing to represent him after he filed a motion to dismiss her and have a new attorney appointed (1356099 CR at 149-51). Not one of these instances shows that appellant's appointed counsel had an interest for the State that conflicted with her representation of appellant.

The discrepancies regarding the paperwork appointing appellant's counsel reflect an error with the clerk's file stamp rather than an agreement between the State and appellant's appointed counsel as all are signed on the date appellant's counsel was appointed. As for counsel's agreement to not disseminate the contents of the State's file per the confidentiality agreement, appellant overlooks that his counsel had a statutory duty not to provide appellant with copies of the file. TEX. CODE CRIM. PROC. ANN. art. 39.14(f) (West Supp. 2014). Also, while appellant alleges that his counsel was following the confidentiality agreement when she denied the existence of the video evidence, counsel merely agreed that the evidence did not exist after thorough investigation (1 Pretrial RR at 31-32).[8] As for appellant's argument regarding his counsel's failure to object to the State re-indicting his cases, appellant's

---

[8] As was discussed before the trial court, the State believed that it had copied surveillance video from Merinos on a flash drive that it tagged into evidence; however, before trial, it was discovered that the video had not been properly copied and the flash drive was blank (1 Pretrial RR at 31-32).

counsel could not prevent the State from re-indicting appellant with his habitual status by objection. *See Wisenbaker v. State*, 782 S.W.2d 534, 536 (Tex. App.—Houston [14th Dist.] 1989. no pet.) (noting that article 28.10 does not apply to charges that are re-indicted). Finally, in making his claims regarding his appointed counsel's continued representation, appellant fails to acknowledge that as an indigent defendant, he had no right to the counsel of his choice and was required to accept the counsel provided by the court unless he effectively waived his right to counsel or show adequate cause for the appointment of a different attorney. *Watkins v. State*, 333 S.W.3d 771, 775 (Tex. App.—Waco 2010, pet. ref'd). As he did not show adequate cause for the court to dismiss his counsel in his motion which complained about his counsel's preparation and strategy for trial, counsel did not advance the State's interest in continuing to represent him (1356099 CR at 149-51). *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000) ("[P]ersonality conflicts and disagreements concerning trial strategy are typically not valid grounds for withdrawal" and "A trial court has no duty to search for counsel agreeable to the defendant").

Because the allegations appellant points to fails to show an actual conflict of interest, even if appellant could raise an ineffective assistance of counsel claim based on conflict of interest, appellant fails to meet the necessary showing. Thus, this Court should overrule his fourth point of error.

# REPLY TO APPELLANT'S FIFTH POINT OF ERROR

**V.    The lost video evidence was not material, exculpatory, or lost in bad faith.**

In his next multifarious point of error, appellant alleges that the State withheld material and exculpatory evidence when it suppressed surveillance footage taken at Merinos Sports Bar on the night of the offense and failed to preserve the video in bad faith.[9] Appellant's argument is based on video evidence that officers tried to obtain from Merinos shortly after the offense (1 Pretrial RR at 31-33). However, while the officers thought they obtained the video evidence by copying it, they did not properly copy the video onto a flash drive, and by the time they realized the mistake, the video had recorded over itself (1 Pretrial RR at 31-33; 4 RR at 19-20).

Appellant argues that the State suppressed the evidence of the video which he claims was material and exculpatory and adds that the State failed to preserve the video in bad faith. Despite appellant's claims, appellant has not shown that the lost video evidence was material or exculpatory or that it would have changed the outcome of trial had it been disclosed. Additionally, appellant failed to show that the State failed to preserve the video evidence in bad faith. For these reasons, this Court should overrule appellant's fifth point of error.

---

[9] Again, appellant advances a multifarious argument alleging violations to his federal Fifth, Sixth, and Fourteenth Amendments as well as to his due course of law rights under article I, sections nineteen and ten of the Texas Constitution. Appellant's Br. 13-14. As appellant fails to include any citations to support his arguments, his point of error is inadequately briefed as well as multifarious, and the State will only address appellant's argument regarding his preserved and adequately briefed *Brady* claims. *Lucio*, 351 S.W.3d at 896-97; *Foster*, 101 S.W.3d at 499.

## Applicable Law

The Supreme Court in *Brady v. Maryland* held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Under *Brady*, the State has an affirmative duty to disclose all favorable exculpatory or impeachment evidence that is material to the defendant. *Brady*, 373 U.S. at 87; *Chandler v. State*, 278 S.W.3d 70, 74 (Tex. App.—Texarkana 2009, no pet.). A defendant's due process rights are violated if the State fails to disclose favorable and material evidence to the defendant. *Wyatt v. State*, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000). Courts consider evidence material if there is a reasonable probability that, had the evidence been disclosed, the outcome of the trial would have been different. *Hampton v. State*, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002). The mere possibility that the evidence might have helped the defendant or affected the outcome of trial does not establish materiality in a constitutional sense. *Wyatt*, 23 S.W.3d at 27; *Chandler*, 278 S.W.3d at 74. The defendant raising a *Brady* claim bears to burden to show that there is a reasonably probability that the outcome of trial would have been different in light of all of the evidence if the State had timely disclosed the exculpatory evidence. *Wyatt*, 23 S.W.3d at 27; *Chandler*, 278 S.W.3d at 74.

Additionally, the State has a duty to preserve evidence that possesses an exculpatory value that is apparent before the evidence is destroyed. *California v.*

32

*Trombetta*, 467 U.S. 479, 488 (1984); *Chandler*, 278 S.W.3d at 75. However, the failure by the State to preserve potentially useful evidence is not a denial of due process unless a defendant can show that the State acted in bad faith. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988); *Neal v. State*, 256 S.W.3d 264, 280 (Tex. Crim. App. 2008); *Chandler*, 278 S.W.3d at 75. Unless the defendant can show bad faith on the part of the State, failure to preserve potentially useful evidence does not, in and of itself, result in denial of due process. *Davis v. State*, 831 S.W.2d 426, 442 (Tex. App.—Austin 1992, pet. ref'd); *see Youngblood*, 488 U.S. at 58.

### Analysis

Appellant has not met his burden of proof under *Brady* to show that the video evidence from Merinos was material or exculpatory. In his brief, appellant merely claims that the video was material "because police officers watched the video and then asked for disk copy, which they captioned 'Flash Drive Video of the Shooting of Complainant by Suspect,'" but offers no other reasons other than the officers made a copy of it for the video's materiality. Appellant's Br. 14. Appellant made no attempt to put on the record what he believed the video would show (such as whether the video depicted the inside of Merinos or the outside parking lot). *See Higginbotham v. State*, 416 S.W.3d 921, 927 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (holding that lost video was not material after officer testified regarding what was on it and testified to his memory of the offense). Similarly, appellant does not offer any explanation of how he thinks the video would be exculpatory other than

hypothesizing that "it would exculpate appellant by showing the act of self-defense and impeaching because it would impeach testimony of State's witnesses." Appellant's Br. 14. *See Mahaffey v. State*, 937 S.W.2d 51, 53 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (holding that a showing or a suggestion that lost evidence might have been favorable does not fulfill a defendant's burden of proof). Appellant merely suggests that the video could have corroborated his theory that he shot Jose in self-defense but provides no further proof to support his supposition. Indeed, appellant has not shown that there is a reasonable probability that if the video evidence had existed, the outcome of his trial would have been different given that the jury heard eye-witness testimony from multiple witnesses who observed appellant's altercation with Jose and Larry and who saw appellant shot Jose and the appellant presented the jury with testimony regarding his theory of self-defense which the jury rejected. *See Wyatt*, 23 S.W.3d at 27; *Chandler*, 278 S.W.3d at 74. Because appellant has not met his burden under *Brady*, his *Brady* claim should be overruled.

Additionally, appellant failed to meet his burden of showing that the State acted in bad faith by failing to preserve the video. *Youngblood*, 488 U.S. at 58; *Neal*, 256 S.W.3d at 280. As the evidence showed, the officer who recovered video from Merinos believed that he had copied the evidence (4 RR at 19). However, when the video was retrieved, nothing had been copied onto the disk, and the video system at Merinos had recorded over video from the night of the offense (1 Pretrial at 33; 4 RR at 19-20). The State inadvertently failed to properly record the evidence and thus lost

34

it by accident rather than through bad faith (1 Pretrial at 31-33; 4 RR at 19-20). *See Mahaffey*, 937 S.W.2d at 53 (holding that Mahaffey failed to show bad faith when there was no evidence on the record that someone deleted video evidence). Appellant has not met his burden of showing that the State failed to preserve the video evidence in bad faith and thus his due process rights have not been denied. *Chandler*, 278 S.W.3d at 75; *Davis*, 831 S.W.2d at 442; *see Youngblood*, 488 U.S. at 58. As such, his claim that the State failed its duty to preserve the video in bad faith should be overruled.

## REPLY TO APPELLANT'S SIXTH POINT OF ERROR

VI. **Appellant failed to preserve his complaint that the copy of State's Exhibit 17 that was filed in the clerk's record before trial and the copy of State's Exhibit 17 that was admitted at court were recorded on different brands of CDs by failing to object at trial.**

Appellant also alleges that error occurred when the State admitted State's Exhibit 17, a CD which contained a recording of a witness's call to 911 the night of the offense.[10] Appellant claims that by admitting State's Exhibit 17, the State and court reporter tampered with a government document. Appellant's argument is based on the fact that the copy of the CD in the clerk's record is a different brand than the CD admitted at trial as State's Exhibit 17 (1356098 CR at 102; 1356099 CR at 160; 6

---

[10] Again, appellant advances a multifarious argument alleging violations to his federal Fifth and Fourteenth Amendments as well as to his due course of law rights under article I, sections nineteen and ten of the Texas Constitution. Appellant's Br. 15. As appellant fails to include any citations to support his arguments, his point of error is inadequately briefed as well as multifarious, and the State will only address appellant's argument on statutory grounds which are adequately briefed. TEX. R. APP. P. 38.1(i); *Lucio*, 351 S.W.3d at 896-97; *Foster*, 101 S.W.3d at 499.

35

RR at 19). In making this argument, appellant overlooks that he waived this argument at trial by failing to inform the trial court of it.

## Applicable Law

To preserve a complaint for appellate review, a party must timely present the trial court with an objection or motion that advances the specific grounds of the complaint. TEX. R. APP. P. 33.1(a). The specific objection made at trial must comport with the argument on appeal. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *Oles v. State*, 965 S.W.2d 641, 643 (Tex. App.—Houston [1st Dist.] 1998), *aff'd*, 993 S.W.2d 103 (Tex. Crim. App. 1999). Additionally, a party fails to preserve error when the contention urged on appeal does not comport with the specific complaint made in the trial court. *See Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009).

## Analysis

In making his argument in his sixth point of error, appellant overlooks that he failed to preserve error at trial. When the State moved to admit State's Exhibit 17 as a business record, appellant lodge two objections: that the copy he had been given said "there [was] no audio since the past six months" and that he had never received a copy of it (2 RR at 139). Appellant did not advance the argument that he now advances on appeal and thus failed to preserve error at trial. *Wilson*, 71 S.W.3d at 349. Since appellant's argument is not preserved, this Court should overrule appellant's sixth point of error.

## REPLY TO APPELLANT'S SEVENTH POINT OF ERROR

**VII.    Appellant failed to preserve and adequately brief his argument questioning the trial court's impartiality.**

In his seventh point of error, appellant alleges that he was denied a fair trial because he believed the trial court's impartiality was questionable.[11] While appellant did not raise the claim to the trial court, on appeal he now levies the allegation that the trial court was impartial because it committed an illegal act when it noted that appellant had requested appointed counsel in the paperwork for appellant's re-indicted cases (1356098 CR at 96; 1356099 CR at 154).[12] Not only is appellant's seventh point of error multifarious and unpreserved, appellant does not include any pertinent citations to authority in his brief. TEX. R. APP. P. 33.1(a); TEX. R. APP. P. 38.1(i); *Lucio*, 351 S.W.3d at 896-97; *Foster*, 101 S.W.3d at 499. As such, this Court

---

[11] Appellant advances a multifarious argument alleging violations to his federal Fifth, Sixth, and Fourteenth Amendments as well as to his due course of law rights under article I, sections nineteen and ten of the Texas Constitution. Appellant's Br. 15. While appellant includes citations to legal authority in his argument, the authority is irrelevant to argument on appeal. Thus, his point of error is inadequately briefed as well as multifarious. TEX. R. APP. P. 38.1(i); *Lucio*, 351 S.W.3d at 896-97; *Foster*, 101 S.W.3d at 499. As such, this Court should overrule appellant's seventh point of error.

[12] Appellant contests that the trial court falsified this form when it noted that appellant had requested appointed counsel because appellant had previously filed a motion to dismiss his court appointed counsel (136099 CR at 149-51). However, when making his argument, appellant overlooks that as an indigent defendant, he did not have the right to have the court appoint him the counsel of his choice and that in his motion to dismiss his counsel, appellant again asked the trial court to appoint new counsel for him (136099 CR at 150-51). *Watkins*, 333 S.W.3d at 775. The trial court's action in continuing to have appellant's appointed counsel represent him was not illegal or evidence of the trial court's partiality. Thus, the trial court did not abuse its discretion or act with impartiality when it continued the appointment of appellant's counsel for the new indictments.

37

should hold that appellant has preserved nothing for review and overrule appellant's seventh point of error.

## REPLY TO APPELLANT'S EIGHTH POINT OF ERROR

VIII.  **Appellant failed to adequately brief and failed to preserve his argument that the trial court erred when it did not issue written rulings on all motions that appellant filed.**

Next, appellant argues that the trial court erred when it granted his motion to issue written rulings on all of appellant's motions but failed to follow its own ruling (1356098 CR at 99-100; 1356099 CR at 157-58).  Appellant points this Court to numerous motions in the record that the trial court did not rule on in writing contrary to its ruling granting appellant's motion.  Appellant's Br. 15.  However, appellant does not provide any authority for his premise that a trial court's failure to make written rulings constitutes error.  Appellant's Br. 15.[13]  Thus, appellant's eighth point of error is inadequately briefed, and this Court should hold that it provides nothing to review. TEX. R. APP. P. 38.1(i); *Lucio*, 351 S.W.3d at 896-97.

Further, the record does not show that appellant alerted the trial court to its failure to issue written rulings in compliance with its order.  Appellant should have notified the trial court of its noncompliance with its prior ruling in order to preserve error.  *See* TEX. R. APP. P. 33.1(a) (discussing error preservation); TEX. R. EVID. 103 (same).  Indeed, Court should hold that motions for a trial court to make written

---

[13] Appellant cites to *Rosales v. State*, 841 S.W.2d 368 (Tex. Crim. App. 1992) in this section of his brief, but the State cannot find a correlation between the *Rosales* opinion and appellant's argument.

rulings on all of a party's filed motions should be treated similarly to motions in limine which preserves nothing for review unless the party advances his requests during trial. *See Geuder v. State*, 115 S.W.3d 11, 14-15 (Tex. Crim. App. 2003) ("A trial judge's grant or denial of a motion *in limine* is a preliminary ruling only and normally preserves nothing for appellate review."); *see also Moore*, 999 S.W.2d at 398 (holding that reviewing courts treat motions for the court reporter to record all bench conferences similar to the way they treat motions in limine). Because appellant failed to notify the trial court of its omission of written rulings for all the motions appellant identifies in his brief, appellant waived error.

As a result, even if this Court ignores the inadequacies of appellant's eighth point of error and addresses it on its merit, it should nevertheless overrule his argument as unpreserved.

## REPLY TO APPELLANT'S NINTH POINT OF ERROR

**IX.  The trial court did not abuse its discretion when it denied appellant's motion to dismiss cause number 1356098.**

Appellant also argues that the trial court erred by overruling his motion to dismiss cause number 1356098 (1356098 CR at 147-52). Appellant asserts that the trial court abused its discretion in denying his motion on the basis that no complaint was filed in his case alleging that the specific complainant, date, and manner and means as were alleged in his indictment. Appellant's Br. 16. Appellant bases his argument on his misunderstanding of the law when he asserts that the grand jury's

39

indictment in cause number 1356098 is invalid because no complaint was filed in the case naming M. Davila as a complainant. As a complaint is not required for a grand jury to issue an indictment, the trial court did not err in overruling appellant's motion.

### Standard of Review

Appellate courts review a trial court's ruling on a motion to dismiss an indictment on a de novo standard when reviewing pure questions of law. *State v. Krizan-Wilson*, 354 S.W.3d 808, 815 (Tex. Crim. App. 2011).

### Applicable Law

A valid complaint is a prerequisite to a valid information. TEX. CODE CRIM. PROC. ANN. art. 21.22 (West 2006); *Zorrilla*, 404 S.W.3d at 735; *Ho*, 856 S.W.2d at 497. However, a compliant is not required for a grand jury to indict a defendant on felony charges as it is required in order for the State to proceed on a misdemeanor information. TEX. CODE CRIM. PROC. ANN. Ch. 21; *Ferguson*, 335 S.W.3d at 681-82.

### Analysis

The trial court did not abuse its discretion when it denied appellant's motion to dismiss cause number 1356098 because the grand jury did not need a complaint alleging the specific complainant, date, and manner and means of the offense to issue the indictment in cause number 1356098. TEX. CODE CRIM. PROC. ANN. Ch. 21; *Ferguson*, 335 S.W.3d at 681-82. As a felony indictment has no requirement that a valid complaint be filed as is required in misdemeanor cases, the trial court did not abuse its discretion in denying appellant's motion to dismiss on the grounds presented

40

in his motion (1356098 CR at 147-52). TEX. CODE CRIM. PROC. ANN. art. 21.22 (West 2006); *Zorrilla*, 404 S.W.3d at 735; *Ferguson*, 335 S.W.3d at 681-82. For this reason, this Court should overrule appellant's ninth point of error.

## REPLY TO APPELLANT'S TENTH POINT OF ERROR

**X.  The trial court did not abuse its discretion in denying appellant's motions to quash the enhancement paragraphs in his indictments without first holding a hearing.**

In his tenth point of error, appellant argues that the trial court abused its discretion when it denied appellant's motions to quash the enhancement paragraphs without allowing appellant the opportunity to present the court with evidence or arguments attacking the validity of his prior convictions (1356098 CR at 134-35, 169-70; 1356099 CR at 192-93, 227-28). However, in making this argument, appellant overlooks that in his motions to quash, he never requested that the trial court hold a hearing and never provided proof of his claims (1356098 CR at 134-35, 169-70; 1356099 CR at 192-93, 227-28). Because appellant did not requested a hearing or meet his burden of proof, the trial court did not abuse its discretion.

### Standard of Review

A trial court's ruling on a motion to quash is reviewed for abuse of discretion. *Jordan v. State*, 56 S.W.3d 326, 329 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd).

### Applicable Law

Article 28.01, which allows a trial court to set any criminal cause for a pretrial hearing, is not a mandatory statute, but one directed to the trial court's discretion.

41

TEX. CODE CRIM. PROC. ANN. art. 28.01 (West 2006); *Calloway v. State*, 743 S.W.2d 645, 649 (Tex. Crim. App. 1988); *see Hicks v. State*, 508 S.W.2d 400, 403 (Tex. Crim. App. 1974) (holding that trial court did not abuse its discretion when it failed to set Hicks' motion to quash for a pretrial hearing).

A defendant may collaterally attack an alleged prior conviction used for enhancement if the prior conviction is void or if it is tainted by a constitutional defect. *Galloway v. State*, 578 S.W.2d 142, 143 (Tex. Crim. App. 1979). When a defendant collaterally attacks a prior judgment, he bears the burden of proof in his motion to quash to show that the prior convictions are void. *Tate v. State*, 120 S.W.3d 886, 890 (Tex. App.—Fort Worth 1999, no pet.); *Bell v. State*, 814 S.W.2d 229, 231 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd).

A motion to quash is not self-proving, so a defendant must offer proof in support of his motion. *Worton v. State*, 492 S.W.2d 519, 520 (Tex. Crim. App. 1973); *Bell*, 814 S.W.2d at 231. A trial court properly denies a motion to quash when the defendant offers no proof with respect to the allegations. *Bell*, 814 S.W.2d at 231; *see Worton*, 492 S.W.2d at 520 (stating that a defendant must prove defects in prior convictions alleged for enhancement purposes).

### Analysis

The trial court did not abuse its discretion when it denied appellant's motions to quash the enhancement paragraphs in his cases without a hearing because appellant did not request a hearing. Further, the trial court had discretion to not hold a hearing

when appellant offered no proof with respect to the allegations contained in his motions. Mentioned above, article 28.01 bestows trial courts with the discretion to choose whether to hold pretrial hearings. TEX. CODE CRIM. PROC. ANN. art. 28.01 (West 2006); *Calloway*, 743 S.W.2d at 649. A court does not abuse its discretion when it does not hold a hearing on a defendant's motion to quash and appellant did not request the court to hold a hearing on his motion (1356098 CR at 134-35, 169-70; 1356099 CR at 192-93, 227-28). *Hicks*, 508 S.W.2d at 430. Further, courts did not abuse its discretion because appellant offered no proof with respect to the allegations contained within his motion that could meet his burden of proof to collaterally attack his prior convictions. *Worton*, 492 S.W.2d at 520; *Bell*, 814 S.W.2d at 231.

Because appellant did not meet his burden of proof and the trial court had discretion not to hold a hearing on appellant's motion, the trial court did not err when it denied appellant's motions to quash the enhancement paragraphs without a hearing. As such, this Court should overrule appellant's tenth point of error.

## REPLY TO APPELLANT'S ELEVENTH POINT OF ERROR

XI. **The trial court did not abuse its discretion when it denied appellant's request for extra access to the law library.**

In his eleventh point of error, appellant complains that the trial court abused its discretion when it denied appellant's request for extra access to the law library which appellant presented to the trial court in a motion for continuance (2 Pretrial RR. at 10; CR at 124-25; 1356099 CR at 182-83). Appellant especially takes issue with the trial

43

court's ruling because the trial court informed him that access to the law library was a danger and disadvantage of representing himself at trial (2 Pretrial RR. at 10). However, the trial court did not abuse its discretion in denying appellant's request as appellant had no right to extra access to legal resources to prepare for his defense at trial. Thus, this Court should uphold appellant's eleventh point of error.

### Standard of Review

Appellate courts review a trial court's ruling on a motion for continuance for an abuse of discretion. *Wright v. State*, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000).

### Applicable Law

While the United States Supreme Court has recognized that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law, *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996), the Court held in *Lewis v. Casey* that *Bounds* "did not create an abstract, freestanding right to a law library" and "does not guarantee inmates the wherewithal to transform themselves into litigating engines." *Lewis v. Casey*, 518 U.S. 343, 351, 355 (1996); *see Johnson v State*, 257 S.W.3d 778, 780 (Tex. App.—Texarkana 2008, pet. ref'd). Indeed, many federal courts, including the Fifth Circuit, have held that a prisoner who knowingly and voluntarily waives his right to appointed counsel is not entitled to access to legal resources in preparing his defense. *Johnson*, 257 S.W.3d at

780; *see Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996) (holding that a pro se defendant has no constitutional right to access a law library in preparation of his defense for trial). If an incarcerated defendant claims to have suffered from lack of library access, the Supreme Court requires that he show that he suffered an actual injury from the deprivation. *Lewis*, 518 U.S. at 351.

### Analysis

The trial court did not abuse its discretion when it denied appellant's request for access to the law library in his motion for continuance because appellant had no right to access legal resources to prepare for his defense. *Johnson*, 257 S.W.3d at 780. Indeed, as the Fifth Circuit has held, by waiving his right to counsel, appellant was not entitled to extra access to legal resources, including the law library, to prepare his defense at trial (2 Pretrial RR. at 10). *Degrate*, 84 F.3d at 769. Thus, the trial court did not abuse its discretion when it informed appellant that lack of access to the law library was a danger of representing himself.

As the trial court did not abuse its discretion when it denied appellant's request for extra access to the law library in his motion for continuance, this Court should overrule appellant's point of error.

## REPLY TO APPELLANT'S TWELFTH POINT OF ERROR

**XII.** **The trial court did not err when it denied appellant's motions to set aside the indictments.**

Appellant next complains that the trial court abused its discretion when it denied his motions to set aside the indictments in his cases because the trial court noted that appellant's arguments regarding the complaints filed in his case were not relevant or germane to the validity of his indictments (1 Pretrial RR. at 24-25). However, the trial court did not abuse its discretion in denying appellant's motions to set aside the indictments because the legal argument appellant presented attacking the validity of the complaints filed in his cases was insufficient to set aside the charging instruments (1356098 CR at 51-55; 1356099 CR at 93-97; 1 Pretrial RR. at 24-25). Thus, this Court should overrule appellant's twelfth point of error.

### *Standard of Review*

Appellate courts review a trial court's ruling on a motion to set aside an indictment on a question of law de novo. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).

### *Applicable Law*

A valid complaint is a prerequisite to a valid information. TEX. CODE CRIM. PROC. ANN. art. 21.22 (West 2006); *Zorrilla*, 404 S.W.3d at 735; *Ho*, 856 S.W.2d at 497. However, a compliant is not required for a grand jury to indict a defendant on felony

46

charges as it is required in order for the State to proceed on a misdemeanor information. TEX. CODE CRIM. PROC. ANN. Ch. 21; *Ferguson*, 335 S.W.3d at 681-82.

## Analysis

The trial court did not abuse its discretion when it denied appellant's motions to set aside the indictments because appellant's arguments regarding the sufficiency of the complaints filed in his case were inapplicable to the validity of the indictments in his case (1356098 CR at 51-55; 1356099 CR at 93-97; 1 Pretrial RR. at 24-25). The complaints filed in appellant's cases had no effect on the validity of his indictments because there is no statutory requirement for the State to file a complaint before a grand jury issues an indictment unlike the requirement that a valid complaint be filed before a valid information can be issued. *See Ferguson*, 335 S.W.3d at 681-82. In his brief and in his motions at trial, appellant did not produce any citation to legal authority to show that a valid complaint must be filed before a grand jury can issue a valid indictment. *See Ferguson*, 335 S.W.3d at 681-82. Thus, the trial court did not abuse its discretion, and this Court should overrule appellant's point of error.

## REPLY TO APPELLANT'S THIRTEENTH POINT OF ERROR

**XIII.** **The State did not knowingly offer perjured testimony at trial.**

In his next multifarious point of error, appellant alleges that the State knowing proffered perjured testimony at trial.[14] Appellant points to discrepancies between

---

[14] Again, appellant advances a multifarious argument alleging violations to his federal rights under the Fifth, Sixth, and Fourteenth Amendments as well as to his due course of law rights under article

Jose's testimony and the medical records offered into evidence as proof that the State introduced false evidence at trial and failed to correct the perjured testimony. However, appellant has failed to demonstrate that Jose offered perjured rather than mistaken testimony.

### Applicable Law

The Fourteenth Amendment prohibits the knowing use of perjured testimony by the prosecution. *Mooney v. Holohan*, 294 U.S. 103, 112 (1935); *Vasquez v. State*, 67 S.W.3d 229, 239 (Tex. Crim. App. 2002); *Ex parte Castellano*, 863 S.W.2d 476, 479 (Tex. Crim. App. 1993). Even when the prosecutor does not instigate the perjury, he is obligated to correct any perjured testimony given by one of his witnesses. *Vasquez*, 67 S.W.3d at 239; *but see Luck v. State*, 588 S.W.2d 371, 373 (Tex. Crim. App. 1979). However, a defendant on appeal bears the burden of showing that the testimony used by the State was in fact perjured. *Luck*, 588 S.W.2d at 373.

If the defendant is able to show that the State used of perjured testimony, reviewing courts will consider that testimony material unless the court is convinced beyond a reasonable doubt that this testimony did not contribute to the conviction or punishment in question. *See United States v. Bagley*, 473 U.S. 667, 679-80 (1985); *Castellano*, 863 S.W.2d at 485.

---

I, sections nineteen and ten of the Texas Constitution. Appellant's Br. 16. As appellant fails to include any citations to support his arguments, his point of error is inadequately briefed as well as multifarious, and the State will only address appellant's argument regarding his due process claims. TEX. R. APP. P. 38.1(i); *Lucio*, 351 S.W.3d at 896-97; *Foster*, 101 S.W.3d at 499.

*Analysis*

**a. Jose did not provide perjured testimony at trial.**

In his brief, appellant alleges that the State offered the perjured testimony of Jose and knew that the testimony was false when he testified to details of the night of the offense that differed from the medical records introduced at trial.

Appellant first alleges that Jose's testimony about losing consciousness and not being able to breathe is false because it differs from the Houston Fire Department report that noted that Jose never lost consciousness or had trouble breathing (4 RR at 39-40; Def. Ex. 6). Appellant's Br. 17. Appellant next quibbles with Jose's testimony that he believed that he was taken to M.D. Anderson Hospital when the medical records reveal that he was instead taken to Memorial Hermann Hospital (4 RR at 40; State's Ex. 33). Appellant also asserts that Jose further perjured himself when he testified to his belief that he was in the hospital for weeks and spent about a week in intensive care when the medical records show that he was in the hospital for about a week and was in intensive care for three days (4 RR at 41; State's Ex. 33). Appellant also points to Jose's testimony on cross-examination that he remembered being "Life flighted" to the hospital when records establish that he was taken by ambulance (4 RR at 46-47; State's Ex. 33), and that he saw his son in the hospital two days after he was

shot when the medical records included a notation that Jose's son visited him the day of the shooting as evidence that Jose committed perjury (4 RR at 48; State's Ex. 33).[15]

Despite appellant's claims, none of these allegations amount to perjury; instead, they indicate that Jose was mistaken as to the minute details of his medical condition and care as a result of the shooting. *See Vasquez*, 67 S.W.3d at 239 (holding that Vasquez failed to demonstrate that a witness lied instead of being mistaken); *Losada v. State*, 721 S.W.2d 305, 312 (Tex. Crim. App. 1986) (holding that confusion of dates "does not in and of itself show perjury" and that "[d]iscrepancies in testimony alone do not make out a case of perjury"). Thus, appellant has not met his burden of showing that Jose provided perjured testimony instead of simply being mistaken when he told the jury that he passed out, could not breath, and was taken to M.D. Anderson. As such, this Court should deny appellant's thirteenth point of error.

### b. Jose's testimony regarding his medical condition and care as a result of the shooting did not contribute to appellant's conviction beyond a reasonable doubt.

Assuming for the sake of argument that Jose's testimony was perjury, it did not contribute to appellant's conviction beyond a reasonable doubt. *See Bagley*, 473 U.S. at 679–80; *Castellano*, 863 S.W.2d at 485. A wealth of evidence from other bystanders proved that appellant intentionally shot Jose and caused him serious bodily injury

---

[15] The Court of Criminal Appeals noted in Luck, that when the testimony to which appellant complains was developed solely during his cross-examination of the witness, no due process violation occurs. *Luck*, 588 S.W.2d at 373.

without Jose's testimony regarding his consciousness, ability to breathe, where he was taken for medical treatment, and how long he stayed in the hospital (2 RR at 116, 137; 4 RR at 33, 35, 38, 40). As the miscellaneous details to which Jose mistakenly testified did not contribute to appellant's conviction, Jose's mistaken testimony was harmless. Thus, this Court should overrule appellant's point of error.

## CONCLUSION

The State of Texas respectfully urges the Court to overrule appellant's points of error and affirm his conviction.

**DEVON ANDERSON**
District Attorney
Harris County, Texas

/s/ *Carly Dessauer*

**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
State Bar No. 24069083
dessauer_carly@dao.hctx.net
curry_alan@dao.hctx.net

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 13,350 words, based upon the representation provided by the word processing program that was used to create the document. TEX. R. APP. P. 9.4(i).

/s/ *Carly Dessauer*

**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
State Bar No. 24069083

# CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument will be served to

appellant by mail on February 19, 2015:

Samuel Espinoza Rodriguez
TDCJ # 1858964
Polunsky Unit-AD. Seg.-Death Row
3872 F.M. 350 South (12-0-75)
Livingston, Texas 77351-8580

/s/ *Carly Dessauer*

**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
State Bar No. 24069083

Date: February 19, 2015

APPENDIX 41

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

APR - 7 2015

CHRISTOPHER A. PRINE
CLERK

NOS. 01-13-00447-CR & 01-13-00448-CR

IN THE COURT OF APPEALS FOR THE FIRST
JUDICIAL DISTRICT OF TEXAS AT HOUSTON

TRIAL COURT NOS. 1356098 & 1356099
IN THE 182nd DISTRICT COURT OF HARRIS County, TEXAS

SAMUEL ESPINOZA RODRIGUEZ, APPELLANT.

V.

THE STATE OF TEXAS, APPELLEE,

APPELLANTS PRO SE REPLY BRIEF TO STATES APPELLATE BRIEF

SAMUEL ESPINOZA RODRIGUEZ, PRO SE
POLUNSKY UNIT AD. SEG. - DEATH ROW
3872 F.M. 350 SOUTH (12-D-08)
LIVINGSTON, TEXAS 77351-8580

ORAL ARGUMENT REQUESTED BY APPELLANT PRO SE

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . i
STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . ii
IDENTIFICATION OF THE PARTIES . . . . . . . . . iii
TABLE OF AUTHORITIES . . . . . . . . . . . . . . iii,1
STATEMENT OF CASE . . . . . . . . . . . . . . . 1,2
STATEMENT OF FACTS . . . . . . . . . . . . . . . 1,2
SUMMARY OF ARGUMENTS . . . . . . . . . . . . . . 3
ARGUMENT AND AUTHORITIES . . . . . . . . . . . . 4
APPELLANTS PRO SE REPLY'S TO STATES APPELLATE BRIEF POINTS OF ERROR . . . 5-15
. . . . . . . . . . . . . . . . . . . . . . . . 5-15

<u>PRO SE REPLY TO STATE REPLY ERROR I</u>. THE INDICTMENTS IN APPELLANTS CASES ARE VOID AND IL-
LEGAL THE FUNDAMENTALLY DEFECTIVE HYBRID "COMPLAINT SLASH INFORMATION" ARBITRARILY USED BY
STATE DID NOT VEST TRIAL COURT WITH JURISDICTION AND APPELLANTS PRO SE MOTIONS TO SET
ASIDE INDICTMENT AND TO QUASH INDICTMENTS PRESENTED ISSUE OF SEPERATION OF POWERS
TO TRIAL COURT THROUGH THIER APPARENT CONTEXT. . . . . . . . . . . . . . . . . . i

<u>PRO SE REPLY TO STATE REPLY ERROR II AND XIV</u>. APPELLANT NEVER WAIVED HIS RIGHT TO COUNSEL ON CAUSE
NO.1356098, APPEAL NO. 01-13-00447-CR, AND TRIAL COURT NEVER INQUIRED INTO APPELLANT'S
DECISION FOR CAUSE NO.1356098 AND THE RECORD DOES NOT SHOW APPELLANT KNEW HE WAS FAC-
ING EVADING ARREST CHARGE EVIDENCED BY TRIAL JUDGES ADMONISHMENT AS REQUIRED IN
FARETTA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

<u>PRO SE REPLY TO STATE REPLY ERROR III</u>. APPELLANT CLEARLY PRESERVED HIS COMPLAINTS TO COURT
REPORTERS FAILURE TO RECORD ALL PROCEEDINGS THROUGH HIS CONTINOUS MOTION FOR COURT
REPORTER TO RECORD ALL PROCEEDINGS AND APPELLANT HAS CONTINUED TO REQUEST A COM-
PLETE RECORD FOR APPELLATE REVIEW. . . . . . . . . . . . . . . . . . . . . i

<u>PRO SE REPLY TO STATE REPLY ERROR IV</u>. APPELLANT NEVER WAIVED HIS RIGHT ACTUAL FREE OF
CONFLICT OF INTERESTS REPRESENTATION BEFORE HE EXERCISED RIGHT TO REPRESENT ONE SELF WAS
GRANTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

<u>PRO SE REPLY TO STATE REPLY ERROR V</u>. APPELLANTS CLAIM THAT VIDEO EVIDENCE LOST WAS MAT-
ERIAL, EXCULPATORY, AND LOST IN BAD FAITH BY STATE WAS A BRADY VIOLATION. . . . i

<u>PRO SE REPLY TO STATE REPLY ERROR VI</u>. APPELLANT DID PRESERVE HIS COMPLAINT ABOUT STATES EX-
HIBIT #17 IN APPELLATE RECORD NOW AS (STATES EXHIBIT #17) WHEN HE RECIEVED RECORD AND BECAME
AWARE OF IT. THE STATES EXHIBIT #17 APPELLANT IS COMPLAINING ABOUT WAS NEVER ADMITTED IN-
TO EVIDENCE BY COURT. . . . . . . . . . . . . . . . . . . . . . . . . . . i

<u>PRO SE REPLY TO STATE REPLY ERROR VII</u>. APPELLANT PRESERVED HIS ARGUMENT QUESTIONING THE
TRIAL COURTS IMPARTIALITY BECAUSE APPELLANT BECAME AWARE OF ACTIONS THROUGH RE-
VIEW OF APPELLATE RECORDS. . . . . . . . . . . . . . . . . . . . . . . . . i

<u>PRO SE REPLY TO STATE REPLY ERROR VIII</u>. APPELLANTS "ABUSE ITS DISCRETION" CLAIM IS
PRESERVED BECAUSE AN "ABUSE ITS DISCRETION" CLAIM IS REVIEWED FOR UNREASONABLENESS
WHICH IS APPARENT FROM ITS CONTEXT AND APPELLANTS ASSERTION THAT HE WAS PREJUDICED
FROM A EFFECTIVE APPELLATE REVIEW. . . . . . . . . . . . . . . . . . . . . i

PRO SE REPLY TO STATES REPLY ERROR IX. TRIAL COURT "ABUSED ITS DISCRETION" BY DENYING APPELLANTS MOTION TO DISMISS CAUSE NUMBER #1356098 BY IMPROPERLY APPLYING FACTS TO LAW . . 11

PRO SE REPLY TO STATES REPLY ERROR X. THE TRIAL COURT "ABUSED ITS DISCRETION" IN DENYING APPELLANTS MOTION TO QUASH THE ENHANCEMENT PARAGRAPHS IN INDICTMENTS WITHOUT ALL- OWING APPELLANT OPPORTUNITY TO PRESENT EVIDENCE AND ARGUE HIS PLEADINGS. . . 11

PRO SE REPLY TO STATES REPLY ERROR XI. THE TRIAL COURT DID "ABUSE ITS DISCRETION" BY GRANT- ING APPELLANTS MOTION FOR CONTINUANCE FOR PRODUCTION OF T.C.C.P ANN. BOOK AND DENYING ALLESS TO LAW LIBRARY . . . . . . . . . . . 11

PRO SE REPLY TO STATES REPLY ERROR XII. THE TRIAL COURT "ABUSED ITS DISCRETION" APPELLANTS MOTION TO SET ASIDE THE INDICTMENTS . . . . . . . . . . . . 11

PRO SE REPLY TO STATES REPLY ERROR XIII THE STATE KNOWINGLY USED PERJURED TESTIMONY AT TRIAL AND THE STATE OR COURT WAS NOT "THE TRIER OF FACT," AND THEREFORE CANNOT KNOW IF PERJURED TESTIMONY CONTRIBUTED TO APPELLANTS CONVICTION, BEYOND A REASONABLE DOUBT . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . .

PRAYER . . . . . . . . . . . . 15

DECLARATION . . . . . . . . . . . 15

CERTIFICATE OF SERVICE . . . . . . . . . . 15

## STATEMENT REGARDING ORAL ARGUMENT

APPELLANT PRO SE REQUESTS ORAL ARGUMENT SO THE COURT OF APPEALS CAN RESPECTFULLY HEAR APPELLANTS ARGUMENTS IN PERSON AND NOT BE REQUIRED TO RELY ON JUST APPELLANTS PRO SE PAPER PRESENTATION, BUT ON HIS PRESENCE THAT WILL PROVIDE A MORE ACCURATE RECITAL OF UNFAIRNESS THAT A PRO SE APPELLANT SUFFERS TO REPRESENT ONE SELF. WHEN THE TRIAL COURT INFORMS A PRO SE APPELLANT THAT HE WILL NOT BE SHOWN SPECIAL CONSIDERATIONS BECAUSE OF HIS STATUS, THEN DENYING STAND BY COUNSEL AND HYBRID REPRESENTATION. THEN FOLLOWS WITH ALLOWANCE OF HYBRID REPRES- ENTATION BY THE STATE, TWO NOT ONE MASTERS OF LAW, ASSISTANT DISTRICT ATTORNEYS, TO ARGUE LAW AT WILL, WITH THE CAPABILITIES TO EXPRESS THEMSELVES THROUGHOUT COURTROOM, TO SHOW EXHIBITS, TO STAGE RECREATIONS FOR THE JURY, UP CLOSE AND PERSONALLY. WHILE APPELLANT PRO SE MUST REMAIN SHACKLED BEHIND A TABLE, AND OR SURRENDER THE PRESUMPTION OF INNOCENCE, IF HE MOVES. BECAUSE THIS CANNOT BE UNDERSTOOD TO BE THE FAIRNESS THAT JUSTICE REQUIRES. FAIRNESS SHOULD BE SHOWN IN ALLOWING APPELLANT PRO SE TO PRESENT HIS ARGUMENTS ORALLY TO THIS APPELLATE COURT IN THE INTERESTS OF JUSTICE.

APPELLANT PRO SE: SAMUEL ESPINOZA RODRIGUEZ

PRIOR COUNSEL FOR APPELLANT AND STAND BY COUNSEL FOR COURT: HATTIE SEWELL SHANNON

TRIAL COURT: HONORABLE JEANINE BARR JUDGE
HONORABLE JAY W. BURNETT JUDGE
HONORABLE JIM ANDERSON JUDGE

COUNSEL FOR STATE: DEVON ANDERSON DISTRICT ATTORNEY
ALAN CURRY CHIEF PROSECUTOR
CARLY DESSAUER ASST. DISTRICT ATTORNEY

## TABLE OF AUTHORITIES

ACOSTA V. STATE, 233 S.W. 3d 349 (TEX. CRIM. APP. 2007) . . . . . . 10

ADAMS, 768 S.W. 2d AT 292 . . . . . . 15

AGUILAR V. STATE, 846 S.W. 2d 318 (TEX CRIM APP 1993) . . . . . 14

AGURS, 427 U.S. AT 103, 96 S. CT. 2392 . . . . 15

ALCORTA, 355 U.S. AT 32, 78 S.CT. 103 . . . . . 15

BAHM V. STATE, 219 S.W. 3d 391 (TEX. CRIM. APP. 2007) . . . . . . 5,6,8,10,11,14

BANKHEAD V. MADDOX, 135 S.W. 3d 162-63 (TEX APP TYLER 2004, NO PET.) . . . 12

BANKS V. DRETKE, 540 U.S. AT 691 . . . . . 10

BATES V. M.T.H. HOMES LP, 177 S.W. 3d 419 (TEX APP HOUSTON [IST DIST] 2005 . 7

BRADY V. MARYLAND, 373 U.S. 83, 83 S.CT. 1194, 10 L.Ed. 2d 215 (1963) . . . 10

BURNOS, 430 U.S. 817-28 . . . . . . 13

CLEWIS V. STATE. 922 S.W. 2d 126-35 (TEX. APP. 1996) . . . . . 15

COOK, 902 S.W. 2d AT 479-80 . . . . . 5

CUYLER V. SULLIVAN, 446 U.S. 335-48, 100 S.CT. 1708, 64 L.ED. 2d 523 (1980) . 9

DAVIS V. STATE, 503 S.W. 2d 241 (TEX. CRIM. APP. 1974) . . . . 12

DENT V. WEST VIRGINIA, 129 U.S. 114-23, 82 L.Ed. 623; 9 S.CT. 231 (1889). . 5

DUNN V. DUNN, 177 S.W. 3d 383 (TEX APP-HOUSTON [IST DIST] 2005. . . 13

DURON V. STATE, 956 S.W. 2d 547-55 (TEX. CRIM. APP. 1997) . . . . 5

DRAPER V. WASHINGTON, 372 U.S. 487-96, 9 L.ED 2d 899-905, 81 S.CT. 774 (1963) . 8

EX PARTE BEARD, 92 S.W. 3d 566-73 (TEX. APP. AUSTIN 2002, PET. REF'D) . 13

EX PARTE BELL, 769 S.W. 2d 525 (TEX. CRIM. APP 1989). . . . 12

EX PARTE MCCORMICK, 645 S.W. 2d 801-02 (TEX CRIM. APP 1983) . . . 8

EX PARTE PATTERSON, 740 S.W. 2d 776 (TEX. CRIM. APP 1987) . . 5

FARETTA V. CALIFORNIA, 422 U.S. 806-21, 95 S.CT. 2525-34, 45 L.Ed 2d 562 (1975) . 4,7,8,13

FLOWERS V. STATE, 815 S.W. 2d 724-29 (TEX. CRIM. APP. 1991) . . 12

FOSTER V STATE, 101 S.W. 3d 490 (TEX. APP-HOUSTON [IST DIST] 2002, NO PET.) . 5,6,8,10,11,14

FROYD V. STATE, 628 S.W. 2d 866 (TEX. APP-CORPUS CHRISTI [13TH DIST] 1982) . 12

GASTON V. STATE, 136 S.W. 3d 315-18 (TEX APP-HOUSTON [IST DIST] 2004 . 9

GEORGE V. STATE, 9 S.W. 3d 234-36 (TEX. APP. TEXARKANA 1999, NO PET.) . 6,7

GOFFNEY V. STATE, 812 S.W. 2d 351-52 (TEX APP- WACO 1991) . 7

GOLLIHAR V. STATE, 46 S.W. 3d 243-57 (TEX. CRIM APP 2001) . 12

GUTIERREZ V. ESTELLE, 474 F. 2d 899 (5TH CIR. 1973) . 13

HERNANDEZ V. STATE, 906 S.W. 2d 500 (TEX CRIM APP 1995) . 13

HUTCH V. STATE, 422 S.W. 2d 166-71 (TEX CRIM APP 1996) . 4

JANECKA V. STATE, 937 S.W. 2d 456-68 (TEX CRIM APP 1996) . 13

JOHNSON V. MCADAMS, 781 S.W. 2d 451-52 (TEX APP-HOUSTON [IST DIST] 1990.) . 5,8,11

JOHNSON V. ZERBST, 304 U.S. 458-64, 58 S.CT. 1019-23, 82 L.Ed 2d 1461 (1938) . 6

LANKSTON V. STATE, 827 S.W. 2d 907-09 (TEX CRIM APP 1992) . . . . . 6

LENTWORTH V. TRAHAN, 481 S.W. 2d 720-22 (TEX APP- HOUSTON [1ST DIST] 1498, NO PET) . . . 14

LEWIS, 518 U.S. 343, L.Ed 2d 606, 116 S.CT. 2174 . . . . 13

LUCIO, 351 S.W. 3d AT 896-97 . . . . 1

MABEE V. MCDONALD, 107 TEX. 139, 175 S.W. 676 (1915) [MAGEE V. STATE, 2003 TEX APP LEXIS 10210 TEX APP- HOUSTON [1ST DIST] 2003 (UNPUBLISHED) . . .

MAWLEY V. STATE, 23 S.W. 3d 172-74 (TEX APP- WACO 2000, PET R'HD). . . 7

MARIN V. STATE, 85 1 S.W. 2d 275-79 (TEX CRIM APP 1993) . . . . 6

MARTINEZ V. EL PASO COUNTY, 218 S.W. 3d 841-44 (TEX APP-EL PASO 2007) . . . . . 5

MARTINEZ V. STATE, 98 S.W. 3d 189 (TEX. CRIM. APP 2003) . . . . 8

MCGEE V. STATE, 197 S.W. 3d 802 (TEX APP-HOUSTON [1ST DIST] 2006 . . . 11

MCDANIEL V. YARBROUGH, 898 S.W. 2d 253 (TEX. 1995) . . . . 14

MCCLENAN V. STATE, 661 S.W. 2d 108-10 (TEX CRIM APP 1983) . . . 12

MESHEL V. STATE, 739 S.W. 2d 246 (TEX CRIM APP 1987) . . . 5

MICROSOFT CORP V. UNITED STATES, 530 U.S. 1301-02, 121 S.CT. 25, 147 L.Ed 2d 1048 (2000) (RENQWST, C.S.) . 12

MILLER V. PATE, 386 U.S. 1-6 (1967) . . . . 11

NAPUE, 360 U.S. AT 269, 79 S.CT. 1173 . . . 14,15

O'CONNER V. FIRST COURT OF APPEALS, 837 S.W. 2d 94-97 (1992) . . . 13

UNITED STATES V. YOUNG, 482 F. 2d 993-95 (5TH CIR 1973) . . . . 11

RESENDEZ V. STATE, 306 S.W. 3d 308 . . . . 14

ROSALES V. STATE, 841 S.W. 2d 368 (TEX.CRIM. APP 1992) . . . 12

SANCHEZ V. STATE, 98 S.W. 3d 349-65 (TEX APP- HOUSTON [1ST DIST] 2003 . . 12

SATTERWHITE V. STATE, 600 S.W. 2d 277 (TEX CRIM APP 1979) . . . . 8,12

SOPIDO V. STATE, 815 S.W. 2d 551 (TEX CRIM APP 1991) . . . . 9

STATE V. MURK, 815 S.W. 2d 556 (TEX CRIM APP 1991) . . . 9

STATE V. ROBERTS, 440 S.W. 2d 655-57 (TEX. CRIM APP 1996) (EN BANC) . . . 6

TEAL V. STATE, NO PD-0689-06, 2007 TEX. CRIM. APP. LEXIS 316, AT 16-18 . . . 5

TROMBETTA, 467 U.S. AT 486 . . . 10

WISENBAKER V. STATE, 782 S.W. 2d 534-36 (TEX. APP- HOUSTON [1ST DIST] 1489, NO PET) . . . 9

YOUNGBLOOD, 488 U.S. AT 58 . . . 10

YOUNGBLOOD V. WEST VIRGINIA, 547 U.S. 867-79 126 S.CT. 2188, 165 L.Ed 2d 269 (2006) . . . 10

STATUTES: T.C.C.P. ANN. ART. 28.10; 28.02; 26.04 (W)(6) AND 1.051 . . . 9,13,

PENAL CODE: V.T.C.A. CHAPTERS 37-37.01 . . . 9,11

TEXAS GOVERNMENT CODE ANNOTATED §52.046 (VERNON 1998) . . . 7

TEXAS RULES OF APPELLATE PROCEDURE, 34., 34.1, 34.5 (A)(6)(B)(C)(1)(D), 34.6 (A)(1)(2)(B)(2)(E)(2)(3), 34.6 (F)(1)(2)(3)(4), 6.3 (A)(6), 38.1(h), 38.9, 33.1(6)(1)(6), AND 44.2; 38.1(g), 5,6,3,10,11,12

CONSTITUTIONAL PROVISIONS, TEX. CONST. II § 1:5 §12; 1 §19 AND 1 §10 & THE 5,6,7,10,11, 12, UNITED STATES CONST. VI. AMEND. AND XIV AMENDMENTS . . . 5, 6, 7, 9, 12,

<u>STATEMENT OF CASE</u>

SAMUEL ESPINOZA RODRIGUEZ, APPELLANT WAS CHARGED WITH AGGRAVATED ASSAULT, SEE CLERKS RECORD, VOLUME 1 OF 1, TRIAL CAUSE #1356099, PAGE 10 AND 11, AND WITH EVADING ARREST WITH A MOTOR VEHICLE, SEE C.R. VOL. 1 OF 1, TRIAL CAUSE 1356098, PAGE 9 AND 10. APPELLANT WAS TRIED BEFORE A JURY IN THE 182 ND DISTRICT COURT OF HARRIS COUNTY, TEXAS. BEGINNING ON MAY 14TH, 2013, AND ENDING ON MAY 17TH, 2013, SEE C.R. VOL. 1 OF 1, T.C. 1356099 AND T.C.1356098, REPORTERS RECORD, VOL. 1 OF VOL. MAY TERM 2013.

1/ CLERKS RECORD NOW C.R. & REPORTERS RECORD NOW R.R. -1-

THE INCIDENTS AT ISSUE IN THE TRIAL OCCURED ON DECEMBER 29, 2011, IN HARRIS COUNTY, TEXAS SEE C.R. VOL. 1 OF 1, PAGE 10, COMPLAINT, PAGE 15, INDICTMENT AND PAGE 9, INDICTMENT T.C. 1356098, AND SEE C.R. VOL. 1 OF 1, PAGE 11, COMPLAINT, PAGE 22, INDICTMENT, AND PAGE 10, INDICTMENT. T.C. 1356099, AFTER CONVICTION APPELLANT WAS SENTENCED TO 50 YEARS, FOR EVADING ARREST T.C. 1356098, R.R. VOL. 5 OF 6, PG. 36, AND TO LIFE FOR AGGRAVATED ASSAULT T.C. 1356099, R.R. VOL. 5 OF 6, PG. 36. THE TRIAL COURT CERTIFIED THE APPELLANTS RIGHT TO APPEAL, APPELLANT FILED A TIMELY NOTICE OF APPEAL, SEE C.R. VOL. 1 OF 1, PG. 210-212, T.C. 1356098 AND C.R. VOL. 1 OF 1, PG. 271-73, T.C. 1356099. A MOTION FOR A NEW TRIAL WAS FILED BY THE APPELLANT PRO SE MAY 22, 2013, SEE C.R. VOL. 1 OF 1, T.C. 1356099, PG. 279.

ON NOVEMBER 21ST, 2013, APPEAL COURT ORDERED ABATEMENT DUE TO APPELLANTS REQUESTS TO PROCEED PRO SE ON APPEAL, INEFFECTIVE ASSISTANCE OF COUNSEL. SEE 1ST SUPPLEMENTAL RECORD FILED ON FEBRUARY 18TH, 2014, BY C.R. ON JANUARY 9TH, 2014, R.R. FILED ITS FIRST HEARING RECORD OF ABATEMENT, SEE C.R. 1ST SUPPLEMENTAL, PG. 3. AND R.R. HEARING REGARDING ABATEMENT, VOL. 1 OF 1, PG. 10, APPELLANT GRANTED PRO SE STATUS. ON JANUARY 21ST, 2014 APPELLANT FILED HIS FIRST REQUEST UNDER ⁴/TEXAS RULES OF APPELLATE PROCEDURE 34.5 (b)(4) AND (c)(1)(3) SEE APPELLATE RECORD 1ST COURT OF APPEALS, C.R. ON APRIL 13TH, 2014 APPELLANT FILED HIS NOTICE OF LEAD COUNSEL AND MOTIONS FOR SANCTIONS ON PARTY (STATE) NOT ACTING IN GOOD FAITH, SEE 1ST COURT OF APPEALS, C.R. ON APRIL 26TH, 2014, APPELLANT FILED MOTION TO MODIFY TIME TO FILE BRIEF AND MOTION FOR RECORD TO PREPARE BRIEF, SEE APPELLATE RECORD, C.R. ON MAY 6TH, 2014, APPEALS COURT GRANTED MOTION. ON MAY 13TH, 2014 APPELLANT FILED MOTION FOR APPELLATE COURT ORDER TRIAL COURT CLERK AND COURT REPORTER TO FILE A SUPPLEMENTAL RECORD CONTAINING OMITTED ITEMS IN ACCORDANCE WITH T.R.A.P. 34, 34.1, 34.5-(a)(2)(b)(c)(i)(6) AND 34.6 (a)(1)(2)(b)(d)(f)(3), BECAUSE STATE WOULD NOT ANSWER PARTY REQUESTS. SEE 1ST COURT OF APPEALS, C.R. ON JUNE 6TH, 2014, APPELLANT SENT LETTER TO COURT UNDER T.R.A.P. 6.3(a)(c), ABOUT INCOMPLETE RECORD. SEE C.R. APPELLATE RECORD. ON JUNE 12TH, 2014, APPELLATE COURT GRANTED MOTION FOR SUPPLEMENTAL RECORD ORDERING COURT CLERK AND COURT REPORTER TO FILE SUPPLEMENTAL RECORDS WITHIN 30 DAYS. ON JUNE 17TH, 2014, APPELLANT FILED MOTION EXTENSION OF TIME TO FILE BRIEF, SEE 1ST COURT OF APPEALS C.R. ON JULY 1ST, 2014, APPELLATE COURT DENIED MOTION AS MOOT AND RULED THAT COMPLETE RECORDS FROM COURT REPORTER AND CLERK WERE NOT DUE UNTIL JULY 14TH, 2014. ON JULY 25TH, 2014, APPELLANT FILED HIS MOTION FOR APPELLATE COURT TO ORDER REMAND AND A NEW TRIAL IN ACCORDANCE WITH T.R.A.P. 34.6(f)(x)(2)(3), ON AUGUST 20, 2014, FILED HIS MOT-ION IN SUPPORT AND TO AMEND PRIOR MOTION IN ACCORDANCE WITH T.R.A.P. 34.6(f)(x)(2)(3)(4). ON SEPTEMBER 18TH, 2014, APPELLATE COURT DENIED BOTH MOTIONS STATING THAT A SUPPLEMEN-TAL TWO-PART COURT REPORTERS RECORD WAS FILED ON JULY 30TH, 2014. SEE APPELLATE COURT C.R. AND R.R. TWO-PART R.R. RECORD AND THAT C.R. SUPPLEMENTAL RECORD WAS FILED ON JULY 5TH, 2014. ON SEPTEMBER 26TH, 2014, APPELLANT FILED HIS MOTION FOR EXTENSION OF TIME TO FILE HIS BRIEF DUE TO EX-TRAORDINARY CIRCUMSTANCES, WITH LETTER FOR EQUAL TREATMENT REQUEST. EXTENSION OF TIME GRANTED UNTIL NOVEMBER 10TH, 2014. ON OCTOBER 28TH, 2014 COURT DENIED APPELLANTS MO-TION FOR RECONSIDERATION. ON NOVEMBER 10TH, 2014, APPELLANT FILED HIS BRIEF, ON DEC-EMBER 18TH, 2014, THE STATE FILED MOTION FOR EXTENSION OF TIME TO FILE APPELLATE BRIEF. ON SAME DAY APPELLATE COURT GRANTED MOTION. ON JANUARY 20TH, 2015, THE STATE FILED ITS SECOND REQUEST FOR EXTENSION OF TIME TO FILE BRIEF. ON FEBRUARY 02, 2015, GRANTED STATES MOTION. ON OR AROUND FEBRUARY 20TH, 2015, THE APPELLATE COURT ADVISED THROUGH POSTCARD THAT STATE HAD FILED ITS BRIEF. SEE APPEAL COURTS, C.R. RECORD. ON FEBRUARY 24TH, 2015. APPELLANT FILED HIS MOTION TO EXTEND TIME TO FILE HIS APPELLANT REPLY BRIEF AND FOR COURT TO PROVIDE A COPY OF STATES BRIEF AND MOTION FOR SANCTIONS. ON MARCH 5TH, 2015, APPELLATE COURT GRANTED MOTION IN PART, EXTENSION GRANTED, DENIED THE REST. ON MARCH 10TH 2015, THE APPELLEE STATES CERTIFIED COPY OF APPELLATE BRIEF WAS RE-CEIVED BY APPELLANT. ON MARCH 25TH, 2015 APPELLANT FILED THIS REPLY BRIEF PRO SE.

²/ TRIAL CAUSE, NOW T.C. AND VOLUME NOW VOL.      - 2 -      ³/ TEXAS RULES OF APPELLATE PROCEDURE NOW T.R.A.P.

ON THE NIGHT OF DECEMBER 29TH 2011, APPELLANT STOPPED AT MERINO'S SPORTS BAR ON HARRISBURG, SEE R.R. VOL. 4 OF 6 PG 60. AS I WAS STANDING AT THE BAR A LADY APPROACHED, CLAUDIA ATENCIO, I OFFERED TO BUY HER A DRINK, SHE TURNED ME DOWN, I WENT BACK TO SAME SPOT AT BAR. SEE R.R. VOL. 4 OF 6, PG. 62; R.R. VOL. 2 OF 6, PG. 132. I WAS SITTING AT THE BAR DRINKING MY DRINK WHEN JOSE BRIBIESCAS TOUCHED ME ON THE SHOULDER AND TOLD ME THAT (CLAUDIA) SHE'S SPOKEN FOR, AND DON'T ASK HER TO BUY NO DRINKS NO MORE, SEE R.R. VOL. 4 OF 6, PG. 62, I TOLD HIM GET OUT OF MY FACE AND HE LEFT. SEE R.R. VOL. 4 OF 6, PG. 62. AS I WAS LEAVING. I WAS BUMPED INTO BY JOSE BRIBIESCAS AND LARRY HERNANDEZ, SEE R.R. VOL. 4 OF 6, PG. 63; R.R. VOL. 2 OF 6, PG. 133; R.R. VOL. 2 OF 6, PG. 87 AND R.R. VOL. 2 OF 6, PG. 118. APPELLANT WAS THEN FIGHTING MANY INDIVIDUALS, SEE R.R. VOL. 4 OF 6, PG. 63; R.R. VOL. 2 OF 6, PG. 144, AND WE ALL FELL TO THE GROUND (FLOOR), R.R. VOL. 4 OF 6, PG. 63; R.R. VOL. 2 OF 6, PG. 88; R.R. VOL. 2 OF 6 PG. 113-114. WHILE ON THE FLOOR APPELLANT FOUND THE WEAPON SEE R.R. VOL. 6 OF 6, STATE'S EXHIBIT #27, AS I LOOK-ED FOR MY WATCH. APPELLANT SECURED GUN IN HIS WAISTBAND, SEE R.R. VOL. 4 OF 6, PG. 64, AS FIGHT WAS ALREADY SEPERATED. APPELLANT LEFT THE BAR AND WAS MET IN PARKING LOT BY TWO INDIVIDUALS, ONE HAD A KNIFE THE OTHER A UNKNOWN OBJECT. APPELLANT PULLED THE WEAPON HE HAD FOUND AND ATTEMPTED TO FIRE IN THE AIR, WEAPON DID NOT WORK. SEE R.R. VOL. 4 OF 6, PG. 65. I PROCEEDED TO WALK WARDS TO BAR AND WAS MET BY JOSE BRIBIESCAS COMING STRAIGHT AT ME. SEE R.R. VOL. 4 OF 6, PG. 65; AND R.R. VOL. 2 OF 6, PG. 115. I POINTED THE WEAPON AT JOSE B. BECAUSE HE WAS COMING AT ME WITH OBJECT IN HIS HAND. SEE R.R. VOL. 4 OF 6, PG. 86 AND R.R. VOL. 4 OF 6, PG. 106. AS I LOOKED AROUND THE GUN WENT OFF, I QUICKLY POINTED DOWN. SEE, R.R. VOL. 4 OF 6, PG. 65 AND R.R. VOL. 2 OF 6, PG. 138. I THEN LEFT, AS I DID NOT KNOW ALL MY ATTACKERS, AND WANTED TO AVOID A CONFRONTION WITH POLICE BECAUSE OF PAROLE, SEE R.R. VOL. 4 OF 6, PG. 66. APP-ELLANT THEN OBSERVED THAT A VEHICLE WAS FOLLOWING HIM, AND TOOK SOME LANE CHANGES TO LOSE FOLLOWERS, APPELLANT WAS WEIGHING HIS OPTIONS. SEE R.R. VOL. 4 OF 6, PG. 67. WHEN SUDDENLY LIGHTS AND SIRENS BEGAN TO FLASH AND WAIL, IN CONFUSION I FLOORED THE VEHICLE PROCEEDED TO LOOK FOR A ILLUMINATED SPOT TO STOP, ONCE I REALIZED IT WAS POLICE, FOUND NONE. R.R. VOL. 4 OF 6, PG. 68. VEHICLE DISABLED BEFORE APPELLANT MADE IT TO A LIGHTED AREA. APPELLANT SAT IN DISABLED VEHICLE UNTIL HE BECAME WEARY OF NON ACTION, JUMPED OUT OF TRUCK AND RAN FOR LIGHTED AREAS AND WAS ARRESTED. SEE R.R. VOL. 4 OF 6, PG. 69. BEFORE TRIAL ON CAUSES NO. 1331628, C.R. VOL. 1 OF 1, T.C. 1356099, PG. 11 AND CAUSE NO. 1331710, PG. 16. C.R. VOL. 1 OF 1, T.C. 1356098, APPELLANT WAS RE-INDICTED WITH THE CAUSES NO. #01-13-00442-CR, AND #01-13-00448-CR, ON JULY 30TH, 2012, "DAY OF TRIAL", SEE C.R. VOL. 1 OF 1 VOL. DOCKET SHEET ENTRIES, PAGE 129 AND 130, DATED 7/30/2012 AND 7/31/2012 CONTINUED AM JURY TRIAL, THAT SHOWS, JULY 31TH 2012, AM JURY TRIAL. APPELLANT FILED HIS MOTION TO DISMISS COUNSEL FOR CONFLICT OF INTEREST, SAME DAY. SEE C.A. VOL. 1 OF 1 VOL. PAGE 149. APPELLANT FILED HIS DEFENDANT PRO SE MOTION OBJECTION TO STATE AMENDING INDICTMENTS ON DAY OF TRIAL, ON AUGUST 14, 2012, FROM A HOSPITAL BED, SEE C.R. VOL. 1 OF 1 VOL. T.C. 1356098, PG. 61, BECAUSE COUNSEL REFUSED TO OBJECT. SEE 2ND COURT REPORTERS SUPPLEMENTAL RECORD, TWO PARTS. VOL. 1 OF 2, PG. 23, SENTENCE 21, ALSO PG. 17 SAME VOL. SENTENCE 6 THRU 17. ON FEBRUARY 4TH, AND 5TH PRE-TRIAL HEARING APPELLANT WAS DENIED APPOINTMENT OF COUNSEL, SEE R.R. 2ND SUPPLEMENTAL RECORD TWO-PARTS, VOL. 1 OF 2 VOL. T.C. 1356099, PG. 12, SENTENCE 8, SAME DAY TRIAL COURT GRANTED APPELLANT PRO SE STATUS, SEE SAME VOL. PAGE 15 SENTENCE 10 FOR T.C. 1356099 ONLY AND DENIED THE APPELLANT STAND BY COUNSEL. SEE R.R. 2ND SUPPLEMENTAL RECORD, TWO PARTS, VOL. 2 OF 2, PG. 9 SENT-ENCE 25 THRU, PAGE 10 SENTENCE 1.

INDICTMENTS IN APPELLANTS CASES ARE VOID AND ILLEGAL, THE FUNDAMENTALLY DEFECTIVE HYBRID "COMPLAINT/SWASH/INFORMATION" ARBITRARILY USED BY STATE DID NOT VEST TRIAL COURT WITH JURISDICTION AND APPELLANTS PRO SE MOTIONS TO SET ASIDE INDICTMENTS AND TO QUASH INDICTMENTS (PRESENTED) ISSUE OF SEPERATION OF POWER TO TRIAL THROUGH THIER APPARENT CONTEXT . . . . . . . . . 5.6

APPELLANT NEVER WAIVED HIS RIGHT TO COUNSEL ON CAUSE NO. 1356098, APPEAL NO. 01-13-00447-CR, AND TRIAL COURT NEVER ENQUIRED INTO APPELLANTS DECISION FOR CAUSE NO. 1356098, SO THE RECORD DOES NOT SHOW APPELLANT KNEW HE WAS FACING EVADING ARREST CHARGE AS EVIDENCED BY TRIAL JUDGES ADMONISHMENT AS REQUIRED IN FARETTA . . . . . . . . . 6.7

APPELLANT CLEARLY PRESERVED HIS COMPLAINTS TO COURT REPORTERS FAILURE TO RECORD ALL PROCEEDINGS THROUGH HIS CONTINUOUS MOTION FOR COURT REPORTER TO RECORD ALL PROCEEDINGS AND APPELLANT HAS CONTINUED TO REQUEST A COMPLETE RECORD FOR APPELLATE REVIEW . . . . . . . . . 7.8

APPELLANT NEVER WAIVED HIS RIGHT TO ACTUAL FREE OF CONFLICT OF INTERESTS REPRESENTATION BEFORE HE EXERCISED RIGHT TO REPRESENT ONESELF WAS GRANTED . . . . . . . . . 8,9,10

APPELLANTS CLAIM THAT VIDEO EVIDENCE LOST WAS MATERIAL, EXCULPATORY, AND LOST IN BAD FAITH BY STATE WAS A BRADY VIOLATION . . . . -10

APPELLANT DID PRESERVE HIS COMPLAINT ABOUT STATES EXHIBIT #7 IN APPELLATE RECORD NOW, AS (STATES EXHIBIT #7) WHEN HE RECIEVED RECORD AND BECAME AWARE OF IT. THE STATES EXHIBIT #7, APPELLANT IS COMPLAINING ABOUT WAS NEVER ADMITTED INTO EVIDENCE BY COURT . . . . 10,11

APPELLANT PRESERVED HIS ARGUMENT QUESTIONING THE TRIAL COURTS IMPARTIALITY, BECAUSE APPELLANT BECAME AWARE OF COURTS ACTIONS THROUGH REVIEW OF APPELLATE RECORD . . . . . 11,12

APPELLANTS "ABUSE ITS DISCRETION" CLAIM IS PRESERVED BECAUSE AN ABUSE ITS DISCRETION CLAIM IS REVIEWED FOR UNREASONABLENESS WHICH IS APPARENT FROM ITS CONTEXT AND ASSERTION THAT HE WAS PREJUDICED FROM A EFFECTIVE APPELLATE REVIEW . . . . . 12

THE TRIAL COURT "ABUSED ITS DISCRETION" BY DENYING APPELLANTS MOTION TO QUASH THE ENHANCEMENT PARAGRAPH IN INDICTMENTS WITHOUT ALLOWING APPELLANT OPPORTUNITY TO PRESENT EVIDENCE AND ARGUE HIS PLEADINGS . . . . 13

TRIAL COURT "ABUSE ITS DISCRETION" BY DENYING APPELLANTS MOTION TO DISMISS CAUSE NUMBER 1356098 BY IMPROPERLY APPLYING FACTS TO LAW . 12,13

THE TRIAL COURT DID "ABUSE ITS DISCRETION" BY GRANTING APPELLANTS MOTION FOR A CONTINUANCE FOR PRODUCTION OF T.C.C.P. ANN. BOOK AND DENYING ACCESS TO LAW LIBRARY . . . . . 13

THE TRIAL COURT "ABUSED ITS DISCRETION" IN DENYING APPELLANTS MOTION TO SET ASIDE THE INDICTMENTS . . . . . 14

THE STATE KNOWINGLY USED PERJURED TESTIMONY AT TRIAL AND NEITHER STATE OR COURT WAS "THE TRIER OF FACT" AND THEREFORE CANNOT KNOW IF PERJURED TESTIMONY CONTRIBUTED TO APPELLANTS CONVICTION BEYOND A REASONABLE DOUBT . . . . 14,15

- 4 -

I. PRO SE REPLY TO STATES REPLY ERROR. INDICTMENTS IN APPELLANTS CASES ARE VOID AND ILLEGAL, THE FUNDAMENTALLY DEFECTIVE, HYBRID "COMPLAINT SLASH INFORMATION" ARBITRARILY USED BY STATE DID NOT VEST TRIAL COURT WITH JURISDICTION AND APPELLANTS PRO SE MOTIONS TO SET ASIDE INDICTMENTS AND TO QUASH INDICTMENTS PRESENTED ISSUE OF SEPERATION OF POWER TO TRIAL COURT THROUGH THIER APPARENT CONTEXT. APPELLANTS BEGINNING CONTENTIONS THAT HIS "U.S. CONSTITUTIONAL RIGHTS" 5TH, 6TH, 14TH AND HIS TEXAS CONSTITUTIONAL RIGHTS OF I§19; I§10; 5§12 AND II§I, WERE VIOLATED, DOES NOT MAKE HIS COMPLAINT A MULTIFARIOUS ONE, BECAUSE IT IS FOLLOWED WITH APPELLANTS ARGUMENTS CLEARLY ASSERTING THE SEPERATE GROUNDS WITH AUTHORITIES SUFFICIENT FOR DISTORTION OF HIS FEDERAL AND STATE ISSUES, AND TO THE RECORD. F.R.A.P. 38.1(h); 38.9 AS THE COURT OF CRIMINAL APPEALS STATED IN BAHM V. STATE, 219 S.W. 3d 391 (TEX. CRIM. APP. 2007), IT IS ERROR TO PLACE TOO MUCH EMPHASIS ON ONE PHRASE; IN APPELLANT'S CASE A (BRIEF CONCLUSIONARY STATEMENT), AT THE EXPENSE OF OTHERS, AND BY FAILING TO CONSIDER THAT WHICH PRECEDES THAT ONE PHRASE. THAT WHICH FOLLOWED APPELLANTS (BRIEF CONCLUSIONARY STATEMENT) DIRECTS THE APPELLATES COURT ATTENTION TO THE ERROR ABOUT WHICH THE COMPLAINT IS MADE, MARTINEZ V. EL PASO COUNTY, 218 S.W. 3d 841-44 (TEX-APP-EL PASO, 2007), PRO SE PLEADINGS SHOULD BE REVIEWED AND EVALUATED LIBERALLY AND WITH PATIENCE, JOHNSON V. MCADAMS, 781 S.W. 3d 451-52 TX APP-HOUSTON [1ST DIST] 1990, FURTHER APPELLANTS ISSUES IN BRIEF ARE SUFFICIENTLY DEVELOPED, FOSTER V. STATE, 101 S.W. 3d #40 (TEX. APP- HOUSTON [1ST DIST] 2002, NO PET.)

APPELLANTS U.S. CONSTITUTIONAL RIGHT UNDER THE 14TH AMENDMENT OF DUE PROCESS AND TEXAS CONSTITUTIONAL RIGHT TO I§19, DUE COURSE OF LAW, WHICH HAVE BEEN EQUATED AND DEEMED SYNONYMOUS, See MABEE V. MCDONALD, 107 TEX. 139; 175 S.W. 676 (1915), WERE SIMULTANIOUSLY VIOLATED ALONG WITH HIS TEXAS CONSTITUTIONAL RIGHTS, UNDER, II§I AND 5§12, BY STATE ARBITRARILY COMBINING REQUESITES OF DIFFERENT STATUTES, SEE C.R. VOL. 1 OF 1, PAGE 10, T.C. 1356098 AND C.R. VOL. 1 OF 1, PAGE 11 T.C. 1356099. DUE PROCESS IS NECESSARY TO PROTECT CITIZENS FROM STATES COMMENCEMENT OF ARBITRARY OR UNREASONABLE FELONY PROSECUTIONS. EX PARTE PATTERSON, 740 S.W. 2d 776 (TEX. CRIM. APP. 1987); AND DENT V. WEST VIRGINIA, 129 U.S. 114-23; 32 L.Ed 623, 95 U.S. 231 (1889). THE TOUCHSTONE OF DUE PROCESS IS PROTECTION OF THE INDIVIDUAL AGAINST ARBITRARY ACTION OF GOVERNMENT.

THE STATES ARBITRARY ACT OF COMBINING STATUTES IS ALSO A SEPERATION OF POWER VIOLATION BY STATE ASSUMING THE DELEGATED POWER OF ANOTHER BRANCH, SPECIFICALLY THE LEGISLATIVE BRANCH, MESHEL V. STATE, 739 S.W. 2d 246 (TEX. CRIM. APP. 1987), WHILE AT THE SAME TIME CREATING A "FUNDAMENTALLY DEFECTIVE" CHARGING INSTRUMENT, A HYBRID "COMPLAINT SLASH INFORMATION" See C.R. VOL. 1 OF 1, PG. 10, T.C. 1356098 AND C.R. VOL. 1 OF 1, PAGE 11 T.C. 1356099, ON ITS FACE, A "COMPLAINT", BUT UNDENIABLY A INVALID "INFORMATION", AN INSTRUMENT WHICH IS NOT AN "INFORMATION", UNDER ARTICLE V, SECTION 12 OF TEX. CONST. FAILS TO VEST THE TRIAL COURT WITH JURISDICTION, AND CAN BE RAISED FOR THE FIRST TIME ON APPEAL. DURON V. STATE, 956 S.W. 2d 547-55 (TEX. CRIM. APP. 1997), COX, 912 S.W. 2d AT 419-20; TEAL V. STATE, NO. PD-0689-06, 2007 TEX. CRIM. APP. LEWIS, 316, AT 16-18.

APPELLANTS MOTION TO SET ASIDE INDICTMENTS SEE C.R. VOL. 1 OF 1, T.C. 1356099, PG. 93 AND APPELLANTS MOTION TO QUASH INDICTMENTS, SEE C.R. VOL. 1 OF 1, T.C. 1356099, PG. 231, HAVE BOTH BEEN PRESENTED TO THE COURT AND THE STATE, IN ACCORDANCE WITH T.R.A.P. 33 (a)(1) BOTH COMPLAINTS THAT ARTICULATE THE INDICTMENTS ARE NULL, VOID, AND ILLEGAL, BECAUSE THEY ARE BASED ON INVALID "COMPLAINTS" AND OTHER ACTS CONTRARY TO DUE PROCESS OF LAW AND COURT LACKS JURISDICTION, IT IS APPARENT FROM THE CONTEXT, THAT APPELLANT DID NOT NEED TO SAY "SEPERATION OF POWER" WHEN HE LET THE JUDGE KNOW STATES ACTION, AND WHY HE ENTITLED TO RELIEF. THE JUDGE UNDERSTOOD HIM, SEE C.R. 2ND

- 6 -

SUPPLEMENTAL RECORD, TWO-PARTS, VOL. 1&2, PG. 25, SENTENCE 8 THRU 13. A LEARNED JUDGE WOULD HAVE UNDERSTOOD APPELLANTS ARGUMENT, SEE LANKSTON V STATE, 827 S.W. 2d 907-09 (TEX. CRIM. APP. 1992).

APPELLANT ALSO ARGUES THAT THE STATE HAS WAIVED ANY RIGHT TO ASSERT T.R.A.P. 33.1 PREREQUISETE'S ON ANY COMPLAINT ON CHARGING INSTRUMENT "COMPLAINT SLASH INFORMATION" BECAUSE THEY HAVE CONCEALED THE CHARGING INSTRUMENT IN THE FORM OF A COMPLAINT, SEE, C.R. VOL. 1(CR) PG. 10, T.L. 1356098 AND C.R. VOL. 1(CR), PG. 11, T.L. 1356099. JOHNSON, 304 U.S. AT 464, 58 S. CT. 1019. HIDDEN AWAY FROM ANY CHALLENGE TO VALIDITY. HUTCH V. STATE, 922 S.W. 2d 166-71 (TEX. CRIM. APP. 1996).

JURISDICTION IS FUNDAMENTAL AND CANNOT BE IGNORED. STATE V. ROBERTS, 940 S.W. 2d 655-57 (TEX. CRIM. APP. 1996)(EN BANC).

II. & XIV. PRO SE REPLY TO STATES REPLY ERROR.

APPELLANT NEVER WAIVED HIS RIGHT TO COUNSEL ON CAUSE NO. 1356098, APPEAL-NO. 01-13-00447-CR, AND TRIAL COURT NEVER INQUIRED INTO APPELLANTS DECISION FOR CAUSE NO. 1356098, SO THE RECORD DOES NOT SHOW APPELLANT KNEW HE WAS FACING EVADING ARREST CHARGE AS EVIDENCED BY TRIAL JUDGES ADMONISHMENT AS REQUIRED IN FARETTA. SEE R.R. 2ND SUPPLEMENTAL RECORD, TWO-PARTS, VOL. 1 AND 2, T.L. 1356099. APPELLEE AGAIN ATTEMPTS TO LABEL APPELLANTS CLAIM MULTIFARIOUS BECAUSE OF THE (BRIEF CONCLUSIONAR STATE-MENT) AGAIN APPELLANT WILL DIRECT THIS COURTS ATTENTION TO, BAHM V. STATE, 219 S.-W. 3d 391 (TEX. CRIM. APP. 2007); STATING IT IS ERROR TO PLACE TOO MUCH EMPHASIS, ON ONE PHRASE, AND FAIL TO CONSIDER THAT WHICH PRECEDES THAT ONE PHRASE; WHAT FOLLOWS IS APPELLANTS CLAIM ARGUED AND CITED WITH AUTHORITIES TO SUPPORT ISSUES PRESENTED WITH DIS-TINCTIONS OF FEDERAL AND STATE GROUNDS, AND TO THE RECORD. F.R.A.P. 38.1(H), 38.9. ACCOR-DINGLY APPELLANTS ISSUE IN BRIEF ARE SUFFICIENTLY DEVELOPED. FOSTER V. STATE, 101 S.W.-3d 490 (TEX. AP-HOUSTON[1ST DIST] 2002. NO PET.)

FIRST APPELLANT ASSERTS STATE OPPONENT OF APPEAL HAS FORFEITED ITS OTHERWISE-PEREMPTORY RIGHT TO COMPLAIN ABOUT, APPELLANTS "FARETTA WARNINGS" COMPLAINT, BY NOT FILING A TIMELY, R.R. 2ND SUPPLEMENTAL RECORD, TWO-PARTS, VOL. 1 AND VOL. 2, SEE COURT OF APPEALS, C.R., THAT APPELLATE COURT ORDERED ON JUNE 12TH, 2014, THAT WAS DUE ON JUNE 14TH, 2014, AS STATED ON APPELLATE COURT ORDER, DATED JULY 1ST, 2014, 1ST COURT OF APPEALS, C.R. 01-13-00447-CR AND 01-13-00448-CR, FOR RE-VIEW THAT THIS R.R. 2ND SUPPLEMENTAL RECORD, TWO-PARTS, VOL. 1 AND 2, WAS NOT FILED UNTIL JULY 30TH, 2014., IN VIOLATION OF T.R.A.P. 33.1, THAT REQUIRES OPPONENT MAKE A TIMELY OBJECTION, MOTION, REQUEST OR RESPONSE. MARIN V. STATE, 851 S.W. 2d 275-79 (TEX. CRIM. APP. 1993).

THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE TEXAS CONSTITUTION PROVIDE THAT A DEFENDANT IN A CRIMINAL TRIAL HAS THE RIGHT TO ASSISTANCE OF COUNSEL. HOWEVER, THIS RIGHT TO COUNSEL MAY BE WAIVED, THE DEFENDANT MAY CHOOSE TO REPRESENT HIMSELF AT TRIAL. FARETTA V. CALIFORNIA, 422 U.S. 806-21, 95 S. CT. 2525-34, 45 L. Ed. 2d 562 (1975).

ALTHOUGH THE RIGHT TO SELF-REPRESENTATION IS ABSOLUTE, A WAIVER OF THE RIGHT TO COUNSEL WILL NOT BE "LIGHTLY INFERRED," AND THE COURTS WILL INDULGE EVERY REASONABLE PRESUMPTION AGAINST THE VALIDITY OF SUCH A WAIVER. GEORGE V. STATE, 9 S.W. 3d 234, 236 (TEX. APP.-TEXARKANA 1999, NO PET.) CITING JOHNSON V. ZERBST, 304 U.S. 458-464, 58 S. CT. 1019-23, 82 L. Ed. 1461 (1938).

TO DECIDE WHETHER A DEFENDANTS WAIVER IS KNOWING AND INTELLIGENT THE COURT MUST MAKE AN INQUIRY, EVIDENCED BY THE RECORD, WHICH SHOWS THAT THE DEFENDANT HAS SUFFICIENT INTELLIGENCE TO DEMONSTRATE A CAPA-

- 6 -

-ITY TO WAIVE HIS RIGHT TO COUNSEL AND THE ABILITY TO APPRECIATE THE PRACTICAL DIS-ADVANTAGE HE WILL CONFRONT IN REPRESENTING HIMSELF. GEORGE, 9 S.W. 3d AT 237. THE COURT MUST DETERMINE NOT ONLY THAT THE DEFENDANT WISHES TO WAIVE HIS RIGHT TO COUNSEL, BUT THAT HE UNDERSTANDS THE CONSEQUENCES OF SUCH A WAIVER.

HERE IN APPELLANTS CASE THE RECORD IS R.R. UNTIMELY 2ND SUPPLEMENTAL RECORD, TWO-PARTS, VOL. 1 AND 2, T.C. 1356099 AND T.C. 1356098, WHERE THE COVERSHEET IS THE ONLY PLACE ON WHOLE ADMONISHMENT RECORD, BOTH PARTS, ALL HEARINGS ON FEB. 4TH AND FEB 5TH, 2013, WHERE T.C. 1356098, APPEAL NO. 01-13-00447-CR, IS EVEN MENTIONED! THE WHOLE ADMONISHMENT RECORD, IS TOTALLY SILENT ON T.C. 1356098, APPEAL NO. 01-13-00447-CR. THE ADMONISHMENT IS ONLY FOR T.C. 1356099, APPEAL NO. 01-13-00448-CR, APPELLEE STATES ATTEMPT TO USE RECORD FROM T.C. 135609 9, PRE-TRIAL HEARING ON THAT CAUSE, FOR CAUSE NO. 1356098, FALLS SHORT FOR PROOF OF WAIVER OF ANY RIGHT, TOWARDS CAUSE NO. 1356098, THUS THE RECORD WILL NOT SUPPORT FINDING THAT APPELLANT WAIVED RIGHT TO COUNSEL ON THIS CAUSE NO. 1356098, OR WAS AWARE OF THE DANGERS AND DISADVANTAGES OF SELF-REPRESENTATION ESPECIALLY WHERE TRIAL COURT SEE R.R. 2ND SUPPLEMENTAL RECORD, TWO-PARTS, VOL. 1 OF 2 VOL. AT PAGE 8, SENTENCE 11 THRU PAGE 10 SENTENCE 12, STATED ONLY CASE APPELLANT WAS FACING WAS T.C. 1356099. SEE ALSO R.R. 2ND SUPPLEMENTAL RE-CORD, TWO-PARTS. VOL. 2 OF 2, PAGE 5 SENTENCES 1 THRU 17, WHERE JUDGE STATES, TRIAL CAUSE NO. 1356099, APPEAL NO. 01-13-00448-CR, ONLY CHARGE, BOTH FARETTA, ID. AND GOFFNEY V. STATE, 812 S.W. 2d 351-52 (TEX. APP. WACO 1991) AFF'd. 843 S.W. 2d 583 (TEX Crim App. 1992).- HOLDING THAT RECORD MUST SHOW THAT THE DEFENDANT UNDERSTANDS THE CONSEQUENCES OF HIS WAIVER.

FINALLY IT IS NOT ENOUGH THAT THE RECORD SHOW CONCLUSIONS BY THE TRIAL COURT OR APPELLEE THAT THE DEFENDANT (APPELLANT) IS/WAS AWARE OF THE DANGERS AND DISADVANTAGES OF SELF-REPRESENTATION. MANLEY v. STATE, 23 S.W. 3d 172-74 (TEX-APP.-WACO 2000, PET. REF'd.)

THEREFORE TRIAL COURT "ABUSED ITS DISCRETION" BECAUSE THE RECORD DOES NOT SHOW, BEFORE ANY ACT OF SELF-REPRESENTATION, APPELLANT WAS MADE FULLY AWARE OF THE DANGERS AND DISADVANTAGES OF SELF-REPRESENTATION THAT HE UNDERSTOOD THE CONSEQUENCES OF THE WAIVER, AND THAT HIS WAIVER WAS KNOWING AND INTELLIGENT, WITH EYES WIDE OPEN AS TO EVADING ARREST CHARGE, T.C. 1356098, APPEAL NO. 01-13-00447-CR. BATES v. MJ.H. HOMES-TEXAS, LP, 177 S.W. 3d 419 (TEX. APP.-HOUSTON [1ST DIST] 2005.

III. PRO SE REPLY TO STATES REPLY ERROR.

APPELLANT CLEARLY PRESERVED HIS COMPLAINTS TO COURT REPORTERS FAILURE TO RECORD ALL PROCEEDINGS THROUGH HIS CONTINUOUS MOTION FOR COURT REPORTER TO RECORD ALL PROCEEDINGS AND APPELLANT HAS CONTINUED TO REQUEST A COMPLETE RECORD FOR APPELL-ATE REVIEW. APPELLANT CLAIMS THAT HIS U.S. CONSTITUTIONAL RIGHT OF 14TH AMEND-MENT TO DUE PROCESS AND HIS TEXAS CONSTITUTIONAL RIGHT TO DUE COURSE OF LAW IS 14 WHICH HAVE BEEN EQUATED AND DEEMED SYNONYMOUS. SEE MABRY v. McDONALD. 107 TEX 139; 175 S.W. 676 (1915), WERE VIOLATED ALONG WITH TEXAS GOVERNMENT (LAW ANNOTATED) § 52.046 (VERNON 1968), BY COURT REPORTERS FAILURE TO RECORD ALL PROCEEDINGS, ON REQUEST. SEE APPELLANTS MOTION FOR COURT REPORTER TO RECORD ALL PROCEEDINGS AT, C.R. VOL. 1 OF 1, T.C. 1356098, pg. 136-138 WITH MANDATORY REQUIREMENTS NUMBERED #1 THRU #10, NOT JUST MISSING BENCH CONFERENCES, TYPOGRAPHICAL ERRORS AND UNCLEAR NOTATIONS AS STATE CLAIMS. FURTHER AT PAGE 2 OF APPELLANTS MOTION AT ISSUE HERE IT SPECIFICALLY STATES, THIS MOTION IS A CONTINUING MOTION AND THE DEFENDANT (APPE-LLANT) REQUESTS A RULING FROM THE COURT ON THIS MOTION, WHICH RULING OF THE COURT IS ALSO A CONTINUING RULING THROUGHOUT THIS CAUSE. SEE pg. 138, COURT GRANTED MOTION.

-7-

IN MARTINEZ V. STATE, 98 S.W. 3d 189 (TEX CRIM APP 2003), THE COURT NOTED THAT THERE ARE TWO EXCEPTIONS TO LAW IN TEXAS THAT REQUIRES A PARTY TO CONTINUE TO OBJECT. THESE REQUIRE COUNSEL TO EITHER (1) OBTAIN A RUNNING OBJECTION, OR (2) REQUEST A HEARING OUTSIDE THE PRESENCE OF THE JURY. BOTH WHICH APPELLANT OBTAINED. SEE R.R. VOL. 2 OF 6, PAGE 6, SENTENCE 13 THRU 15 AND C.R. VOL 1 OF 1, T.C. 1356098, pg 136-138. DENIAL OF COURT REPORTERS RECORD OF ALL PROCEEDINGS, WOULD INSURE APPELLANTS RIGHTS FOR EFFECTIVE APPELLATE REVIEW, THAT INSURES HE WAS NOT DEPRIVED OF A FAIR AND IMPARTIAL TRIAL. SATTERWHITE V. STATE, 600 S.W. 2d 277 (TEX.CR.M.APP. 1979):

AGAIN STATE ATTEMPTS TO STOP REVIEW AT A (BRIEF CONCLUSIONARY STATEMENT), BUT AS COURT RULED IN BAHM V. STATE, 219 S.W. 3d 391 (TEX CRIM APP 2007) SAID, IT IS ERROR TO PLACE TO MUCH EMPHASES ON ONE PHRASE, AT EXPENSE OF OTHERS, AND FAILING TO CONSIDER THAT WHICH PRECEDED THAT ONE PHRASE. T.R.A.P. 38.9, HERE WHAT FOLLOWS IS APPELLANTS DEVOTION TO ISSUES PRESENTED WITH ARGUMENTS AND AUTHORITIES AS TO THE RECORD. T.R.A.P. 38.1 (h), THAT SUFFICIENTLY DEVELOPED APPELLANTS BRIEF. FOSTER V. STATE. 101 S.W. 3d 490.

APPELLEE CONTENDS THAT APPELLANT WAIVED HIS ARGUMENTS, BECAUSE HE FAILED TO TIMELY AND PROPERLY OBJECT TO THE REPORTERS RECORD PRESENTED ON APPEAL. SEE 1ST COURT OF APPEALS, CLERK RECORDS, REVIEW OF APPELLANTS MOTIONS ON APPEAL, SUCH AS (REQUEST) MOTION FILED JANUARY 21ST, 2014 UNDER T.R.A.P. 34.5 (b)(4) and (b)(3), WHICH APPELLEE (STATE) CONSENTED, REFUSING TO ACKNOWLEDGE, APPELLANTS RIGHT AS PARTY. ON MAY 21ST, 2014 APPELLANT FILED TO THE APPELLATE COURT MOTION FOR OMITTED ITEMS IN ACCORDANCE WITH T.R.A.P. 34.1, 34.5 (a)(3)(a)(4)(c)(3)(c) AND 34.6 (a)(1)(2)(b)(1)(2)(d)(e). ON JUNE 6TH, 2014 APPELLANT SENT COURT LETTER UNDER T.R.A.P. 6.3 (a)(c). ABOUT A IN-COMPLETE RECORD. SEE 1ST COURT OF APPEARS, C.R. FOR REVIEW OF ALL ABOVE MENTIONED DOCUMENTS. ON JULY 25TH, 2014, APPELLANT FILED FOR REMAND UNDER T.R.A.P. 34.6 (f)(1)(2)(3) AND ON AUGUST 20TH 2014, FILED MOTION TO AMEND PRIOR MOTION UNDER T.R.A.P. 34.6 (f)(1)(2)(3)(4). AND ON SEPTEMBER 26TH 2014 APPELLANT FILED HIS MOTION FOR RECONSIDERATION. BECAUSE APPELLATE RECORD STILL IN-COMPLETE, AND NOTIFYING APPEAL COURT NO REMEDY WILL BE AFFORDED DOWN, AS STATE APPELLEE HAS NOT COMPLIED WITH REQUESTS UNDER T.R.A.P. 34.5 (a)(b)(c)(1)(2) AND 34.6 (a)(b)(c)(1)(2)(3). CLEARLY APPELLANT HAS NOT SLEPT ON HIS RIGHT. BECAUSE APPELLEE STATE REFUSES THE CALL, THEREFORE APPELLANT HAS NOT WAIVED HIS REVIEW OF APPELLATE RECORD INCOMPLETENESS, AS STATED IN DRAPER V. WASHINGTON. 372 U.S. 487-96, 9 L.Ed. 2d 899-905, 81 S. CT. 774 (1963), "IN TERMS OF TRIAL RECORDS IT MEANS STATE MUST AFFORD THE INDIGENT A "RECORD OF SUFFICIENT COMPLETENESS" TO PERMIT PROPER CONSIDERATION OF HIS CLAIM.

IX. PRO SE REPLY TO STATES REPLY BRIEF:

APPELLANT NEVER WAIVED HIS RIGHT TO ACTUAL FREE OF CONFLICT OF INTEREST REPRESENTATION BEFORE HE EXERCISED RIGHT TO REPRESENT ONESELF WAS GRANTED. AGAIN THE STATE APPELLEE ATTEMPTS TO ATTACH A MULTIFARIOUS LABEL ON APPELLANTS WHOLE CLAIM BECAUSE IT BEGINS WITH A (BRIEF CONCLUSIONARY STATEMENT) WITHOUT CONSIDERATION FOR THAT WHICH PRECEDES IT, AS REQUIRED IN BAHM V. STATE, 219 S.W. 3d 391 (TEX CRIM APP 2007), PRO SE PLEADINGS SHOULD BE REVIEWED AND EVALUATED LIBERALLY AND WITH PATIENCE. JOHNSON V. MEADOWS. 781 S.W. 2d 451-52, TEX.APP-HOUSTON [1ST DIST] 1990, T.R.A.P. 38.9 AND BECAUSE ALL ISSUES IN APPELLANTS BRIEF ARE SUFFICIENTLY DEVELOPED. FOSTER, 101 S.W. 3d 490.

THE 6TH AMENDMENT OF U.S. CONSTITUTION GUARANTEES A DEFENDANT THE RIGHT TO CONFLICT-FREE" REPRESENTATION. SEE EX PARTE MCCORMICK, 645 S.W. 2d 801-02 (TEX. CRIM. APP. 1983). APPELLEE STATE ARGUES THAT APPELLANT WAIVED HIS RIGHT TO THIS CLAIM BECAUSE HE INVOKED HIS RIGHT TO REPRESENT HIMSELF. HOWEVER, FARETTA, 422 U.S. AT 834 n.46, STATED THAT COURTS DO NOT CONSIDER ANY "SUBSEQUENT (EMPHASES ADDED) CLAIM OF INEFFECTIVE OF ASSISTANCE OF COUNSEL. APPELLANT IS NOT ASSERTING HIS RIGHT TO CONFLICT-FREE REPRESENTATION

- 8 -

"SUBSEQUENTLY" TO INVOKING HIS RIGHT TO REPRESENT HIMSELF, BUT BEFORE, STATE INTENTIONALLY MISCUES COURTS COLLOQUY, AT PAGES 11 AND 12 OF R.R. 2ND SUPPLEMENTAL RECORD, TWO PARTS, VOL. 1 OF 2, ABOUT NOT BEING ABLE TO CLAIM INEFFECTIVE ASSISTANCE OF COUNSEL, COURT MEANT FROM THE POINT OF INVOKING RIGHT TO SELF-REPRESENTATION.

UNDER THE SHOWING OF ACTUAL CONFLICT OF INTERESTS ADVERSE AFFECTS STANDARD APPELLANT HAS CARRIED HIS BURDEN BY IDENTIFYING THE SPECIFIC INSTANCES IN THE RECORD THAT REFLECT CHOICE COUNSEL MADE BETWEEN POSSIBLE ALTERNATIVE COURSES OF ACTION, SUCH AS ELICITING OR FAILING TO ELICIT EVIDENCE (VIDEO), HELPFUL TO ONE "INTEREST" BUT HARMFUL TO THE OTHER. SEE CUYLER v. SULLIVAN, 446 U.S. 335-348, 100 S.CT. 1708, 64 L.Ed. 2d 333 (1980), GASTON v. STATE, 136 S.W. 2d 315-18 (TEX.APP.-HOUSTON [1ST DIST.] 2004. THE STATE APPELLEE, TRYS TO JUSTIFY INSTANCES SHOWN BY APPELLANT TO MEET HIS BURDEN, BY CLAIMING "STANDMISTAKES" BELITTLING THEIR VERIFICATIONAL EXISTENCE.

THE RECORD SHOWS THAT COUNSEL, COURT AND STATE HAD PREARRANGED AGREEMENTS, SEE C.R. VOL. 1 OF 1, T.C. 1356099, PAGE 13 AND C.R. VOL. 1 OF 1, T.C. 1356099, PAGE 14, WHERE BOTH AGREEMENTS WERE FILED JANUARY 1ST, 2012, BUT ALL DATED JANUARY 3RD, 2012, TIME COUNSEL WAS APPOINTED, SEE C.R. VOL. 1 OF 1, T.C. 1356099, PG. 15. ONE ACTION ADDRESSED AFFECTED APPELLANT BY "CANCELATION OF BAIL, WITHOUT A VALID RULING. SEE PAGE 14 ABOVE MENTIONED, NOT IN APPELLANTS BEST INTERESTS. THE OTHER CLEARLY NOT IN APPELLANTS BEST INTERESTS, SEE PAGE 13 ABOVE MENTIONED, WHICH CONTRARY TO T.C.C.P. ANN. ART. 1.051 AND ART. 26.04 (A)(5), COUNSEL REFUSED TO KEEP CLIENT INFORMED OR EXPLAIN MATTERS TO ENABLE HIM TO MAKE INFORMED DECISIONS, NOT FOR FAILURE TO PROVIDE COPIES AS STATE IMPLIES. APPELLEE ATTEMPTS TO JUSTIFY COUNSELS DENIAL OF VIDEO EVIDENCE, BECAUSE IT DID NOT EXIST, SHE SAYS, YET COUNSEL'S ADHERENCE TO STATE'S INTERESTS IN CONFIDENTIALITY AGREEMENT IS PROVEN BY CONTINUED DENIAL OF "VIDEO EVIDENCE" EVEN THOUGH RECORD AT C.R. VOL. 1 OF 1, T.C. 1356099, PG. 174, VIDEO IN EVIDENCE ON 12-31-2011/00:41:45 AND AT C.R. VOL. 1 OF 1, T.C. 1356099, PG. 164, STATE NOTICE OF INTENT TO USE AS EVIDENCE, TO MATTIE SEWELL SHANNON, COUNSEL FOR DEFENDANT, SHOW VIDEO OF "SHOOTING OR CONFRONTED BY SUSPECT" DID EXIST, THEREFORE FURTHERING STATES INTEREST IN CONTINUED CONCEALMENT, THAT HARMED APPELLANTS DEFENSE OF FAVORABLE EVIDENCE, THAT STATE EVENTUALLY LOST.

STATE DOES NOT DENY COUNSEL REFUSED TO OBJECT TO STATE'S RE-INDICTING APPELLANT ON DAY OF TRIAL, JULY 24, 2012. RATHER ARGUES THAT COUNSEL COULD NOT PREVENT STATE FROM RE-INDICTING WITH HABITUAL STATUS BY OBJECTION, CITING WISENBAKER v. STATE, 782 S.W. 2d 534, 536 (TEX.APP.-HOUSTON [14TH DIST.] 1989, NO PET.)(NOTING THAT ARTICLE 28.10 DOES NOT APPLY TO CHARGES THAT ARE RE-INDICTED.). HOWEVER APPELLANTS ARGUES THAT STATE COULD NOT RE-INDICT APPELLANT ON "DAY OF TRIAL" UNDER THE SAME REASONING OF SODIPO v. STATE, 815 S.W. 2d 551 (TEX.CRIM.APP. 1991); STATE v. MURK, 815 S.W. 2d 556 (TEX.CRIM.APP. 1991) AND IF COUNSELS INTERESTS WERE NOT FOR THE STATE, SHE WOULD OF LODGED AN OBJECTION. SEE R.R. 2ND SUPPLEMENTAL RECORD, TWO-PARTS, VOL. 1 AND 2, PAGE 17, SENTENCE 3 THRU 21, WHERE JUDGE STATED ON DAY OF TRIAL IT IS NOT TIMELY TO FILE RE-INDICTMENT. STATE FAILS TO ADDRESS COUNSEL AND COURTS FALSIFYING A GOVERNMENT AND COURT RECORD, ON SEPTEMBER 26, 2012 IN VIOLATION OF V.T.C.A. PENAL CODE CHAPTER 37, 37.01, PERJURY AND OTHER FALSIFICATION, SEE C.R. VOL. 1 OF 1, T.C. 1356098 AND T.C. 1356099, PG. 154, FALSIFYING A GOVERNMENT/COURT RECORD THAT APPELLANT PETITIONED COURT FOR APPOINTMENT OF SAME COUNSEL, TO WHOM HE FILED A MOTION TO DISMISS, ON JULY 30TH, 2012, C.R. VOL. 1 OF 1, T.C. 1356098 AND T.C. 1356099, PGS. 149-152. THE RE-APPOINTMENT OF UNWANTED COUNSEL WAS FOR COURT AND COUNSELS INTERESTS, NOT APPELLANTS SINCE COURT DID NOT RULE ON HIS MOTION TO DISMISS COUNSEL OR EVEN ADVISE OF RE-APPOINTMENT. APPELLANT WAS HARMED BY BEING FORCED TO CONTINUE WITH INEFFECTIVE ASSISTANCE OF COUNSEL, WHICH FORCED APPELLANT TO PROCEED PRO SE TO INSURE HIS PRE-TRIAL RIGHTS NOT BE FORFEITED, SEE R.R. 2ND SUPPLEMENTAL RECORD, TWO-PARTS, VOL. 1 OF 2, T.C. 1356099, PG. 14, SENTENCES 22 THRU PG. 20, SENTENCE 11.

THESE CONFLICTING ACTIONS ARE EVIDENCE THAT COUNSEL SERVED TWO MASTERS, OR MORE, TO WHICH CANNOT BE DOUBTED, WITH APPELLANTS INTERESTS LEAST OF ALL OR EVEN APPARENT, SO A FINDING OF INEFFECTIVE ASSISTANCE OF COUNSEL, BASED ON THIS COUNSELS CONFLICTED INTERESTS MUST FOLLOW. ACOSTA V. STATE, 233 S.W. 3d 349 (TEX. CRM. APP. 2007).

I. PRO SE REPLY TO STATE REPLY ERROR. APPELLANTS CLAIM THAT VIDEO EVIDENCE LOST WAS MATERIAL, EXCULPATORY, AND LOST IN BAD FAITH BY STATE WAS A BRADY VIOLATION. ONCE AGAIN STATE ATTEMPTS TO BRAND APPELLANTS CLAIM AS MULTIFARIOUS BECAUSE OF (BRIEF CONCLUSIONARY STATEMENT), WITHOUT CONSIDERATION OF THAT WHICH PRECEDES IT. SEE BAHM V. STATE, 219 S.W. 3d 391 (TEX. CRM. APP. 2007); PRO SE PLEADINGS SHOULD BE REVIEWED AND EVALUATED LIBERALLY AND WITH PATIENCE. JOHNSON V. MCADAMS, 781 S.W. 2d 451-52 (TEX. APP. HOUSTON [1ST DIST.] 1940; T.R.A.P. 38.9 AND ALSO BECAUSE APPELLANTS BRIEF OF ALL ISSUES ARE SUFFICIENTLY DEVELOPED. FOSTER, 101 S.W. 3d 490.

APPELLANTS U.S. CONSTITUTIONAL RIGHTS UNDER THE 14TH AMENDMENT TO DUE PROCESS AND HIS TEX. CONST. RIGHT, I §19 DUE COURSE OF LAW WERE VIOLATED BY STATES BRADY LAW VIOLATION. BRADY V. MARYLAND, 373 U.S. 83; 83 S.CT. 1194, 10 L.ED. 2d 215 (1963). BY FAILING TO DISCLOSE TO THE APPELLANT ALL EXCULPATORY AND IMPEACHING EVIDENCE NAMELY "FLASH DRIVE VIDEO OF SHOOTING OF COMPLAINTANT BY SUSPECT" (APPELLANT) SEE C.R. VOL. 1 OF 1, T.C. 1356039, PG 174. THIS FAVORABLE EVIDENCE IF DISCLOSED WOULD BE REASONABLY PROBABLE THAT THE OUTCOME OF THE TRIAL WOULD HAVE BEEN DIFFERENT, IN LIGHT OF ALL THE EVIDENCE, BECAUSE THERE WERE ONLY (4) WITNESSES TO THE SHOOTING OF COMPLAINTANT IN SELF-DEFENSE (ACCIDENTLY), APPELLANT SEE R.R. VOL. 4 OF 6, PG 65; R.R. VOL. 4 OF 6 PG 84; COMPLAINTANT, JOSE GREBIEXAS, R.R. VOL. 4 OF 6, PG 35; WITNESS VICTORIA MORENO, SEE R.R. VOL. 2 OF 6, PG 116, AND BAR VIDEO, SEE, C.R. VOL. 1 OF 1, T.C. 1356059, PG 174. ALL VERSIONS OF SHOOTING WERE DIFFERENT. VIDEO EVIDENCE IMPLICATED APPELLANTS DUE PROCESS BECAUSE POLICE THEMSELVES AFTER VIEWING VIDEO, SEE R.R. VOL. 4 OF 6, PG 10, SENTENCE 21, BY THEIR CONDUCT OF LABELING EVIDENCE "FLASH DRIVE VIDEO OF SHOOTING OF COMPLAINTANT BY SUSPECT" (APPELLANT), THEREFORE INDICATING THAT THE VIDEO EVIDENCE COULD FORM A BASIS FOR EXONERATING THE DEFENDANT/APPELLANT, SEE YOUNGBLOOD, 488 U.S. AT 59; TROMBETTA, 467 U.S. AT 484.

MORESO WHEN BAR MANAGER AT R.R. VOL. 4 OF 6, PAGE 10, EXPLAINED THAT SURVEILLANCE CAMERAS WERE FOR INSIDE AND OUTSIDE, "FAVORABLE" TO APPELLANT WOULD HAVE PROVIDED SUPPORT TO APPELLANTS DESCRIPTION OF EVENTS, AND IMPEACHED WITNESS ALREADY INCONSISTANT TESTIMONY. ALSO EXCULPATORY BECAUSE IT WOULD HAVE JUSTIFIED APPELLANTS ACTIONS AND CLEARED HIM FROM ALLEGED FAULT OR GUILT. BRADY, 373 U.S. AT 37, WHICH IF USED EFFECTIVELY... MAY MAKE THE DIFFERENCE BETWEEN CONVICTION OR ACQUITTAL. ID. BRADY ALSO STATES THAT REGARDLESS OF THE GOOD FAITH OR BAD FAITH OF THE STATE, IT HAS THE DUTY TO LEARN OF ANY FAVORABLE EVIDENCE KNOWN TO OTHERS ACTING ON THE GOVERMENTS BEHALF INCLUDING THE POLICE. YOUNGBLOOD V. WEST V VIRGINIA, 547 U.S. 867 - TO, 126 S.CT. 2188, 165 L.ED. 2d 269 (2006).

APPELLEE STATE ACTED IN BAD FAITH BY NOT DISCLOSING EXISTANCE OF THE VIDEO EVIDENCE, RESULTING IN ITS EVENTUAL DESTRUCTION, MAYBE INTENTIONALLY, HOWEVER WILLFULLY OR INADVERTENTLY; IF STATE SUPPRESSED VIDEO EXISTANCE FOR OVER A YEAR, NOT ONCE MENTIONING A PROBLEM WITH VIDEO, UNTIL REQUESTED BY PRO SE COUNSEL, SEE R.R. 2ND SUPPLEMENTAL RECORD, TWO PARTS, VOL 1 OF 2, PG 31, AND EVEN THEN, CLEARLY PREJUDICING APPELLANT. BANKS V. DRETKE, 540 U.S. OT 691.

II. PRO SE REPLY TO STATE REPLY ERROR.
APPELLANT DID PRESERVE HIS COMPLAINT ABOUT STATES EXHIBIT 47 IN

-10-

APPELLATE RECORD NOW, AS (STATES EXHIBIT #7) WHEN HE RECIEVED RECORD AND BECAME AWARE OF IT. THE STATE'S EXHIBIT #7, APPELLANT IS COMPLAINING ABOUT WAS NEVER ADMITTED INTO EVIDENCE BY COURT. AGAIN APPELLANT MUST PLEAD THAT ONE (BRIEF CONCLUSIONARY STATEMENT) DOES NOT MAKE HIS CLAIM MULTIFARIOUS. ONE MUST CONSIDER THAT PRECEDES IT. BAHM V. STATE, 219 S.W. 3d 391 (Tex App. Tyler 2007). "PRO SE PLEADINGS SHOULD BE REVIEWED AND EVALUATED LIBERALLY AND WITH PATIENCE. JOHNSON V. MCADAMS, 781 S.W. 2d 451-52 (Tex App. Houston [1st Dist] 1989); T.R.A.P. 38.9. ALSO BECAUSE ALL APPELLANTS BRIEF ISSUES ARE SUFFICIENTLY DEVELOPED. FOSTER, 101 S.W. 3d 490.

APPELLANTS CLAIMES THAT HIS U.S. CONSTITUTIONAL RIGHT UNDER THE 14TH AMENDMENT OF DUE PROCESS AND HIS TEXAS CONST. I 3 19 DUE COURSE OF LAW RIGHTS, WHICH HAVE BEEN EQUATED AND DEEMED SYNONYMOUS. MAYBEE V. MCDONALD, 107 TEX. 139; 175 S.W. 76 (US). WERE VIOLATED BY STATE AND COURT REPORTER TAMPERING WITH EVIDENCE, BY REPLACING ADMITTED STATES EXHIBIT #1 SEE R.R. VOL. 3 OF 6, T.C. 1356098, PG. 140 SENTENCE 2 THRU 4; THAT WHICH APPELLANT OBJECTED TO AT TRIAL, SEE C.R. VOL. 1 OF 1, T.C. 1356098, PG 57, AT R.R. VOL. 20F (VOL. T.C. 1356098) PG. 139 SENTENCE 15 THRU PAGE 140 SENTENCE 3. WITH THIS NEW CD NOW CALLED STATES EXHIBIT #7, SEE R.R. VOL. 3 OF 6 VOL. T.C. 1356098 PG. 7 SENTENCE 1 THRU 6. WHERE STATE AND COURT SAID IT WAS SAME CD, BUT AS COURT CAN SEE STATES EXHIBIT #1 CR. VOL. [ ] 6 OF 6, IS NOT THE SAME CD APPELLANT OBJECTED TO. SEE C.R. VOL 1 OF 1, T.C. 135609 PG. 57. STATES EXHIBIT #7 WAS NOT TENDERED TO DEFENSE LIKE ALL OTHER EXHIBITS, SEE R.R. VOL. 3 OF 6 VOL. T.C. 1356098, PG. 7 AND RECORD OF PUBLISHING AND COLLOQUY IS MISSING.

SO APPELLEES ARGUMENT THAT APPELLANTS OBJECTIONS ARE NOT THE SAME AS AT TRIAL ARE IRRELEVANT, BECAUSE EVIDENCE IS NOT THE SAME, AND HE DID NOT BECOME AWARE OF IT UNTIL HE OBTAINED INCOMPLETE RECORD. VIOLATIONS OF APPELLANTS DUE PROCESS INVOLVING PROSECUTOR MISCONDUCT, SUCH AS THIS IMPLICATE A DELIBERATE ATTEMPT TO MISLEAD, OR CONDUCT SUFFICIENTLY EGREGIOUS THAT INFECTS A TRIAL WITH UNFAIRNESS. MILLER V. PATE, 386 U.S. 1-6 (1967). THIS IS A FALSE ENTRY OF GOVERNMENT/COURT RECORD BY STATE AND COURT REPORTER WITH KNOWLEDGE THAT THIS WAS NOT CD COURT ADMITTED INTO EVIDENCE, A FALSITY TO WHICH STATE AND COURT REPORTER CONDONED WITH INTENT THAT IT CAUSE HARM TO APPELLANTS CHANCES FOR JUSTICE. MAGEE V. STATE, 2003 TEX. APP. LEXIS 10210 - (TEXAS. HOUSTON [1ST DIST] 2003 (UNPUBLISHED); MAGEE V. STATE, 197 S.W. 3d 802 (Tex App. Houston [1st Dist] 2006.

VII. PRO SE REPLY TO STATES REPLY ERROR.

APPELLANT PRESERVED HIS ARGUMENT QUESTIONING THE TRIAL COURTS IMPARTIALITY BECAUSE APPELLANT BECAME AWARE OF ACTIONS THROUGH REVIEW OF APPELLATE RECORDS. AGAIN APPELLANT MUST BEGIN HIS CLAIM BY REBUTTING MULTIFARIOUS ALLEGATION BY STATE, THE (BRIEF CONCLUSIONARY STATEMENT) DOES NOT MAKE IT SO, WITHOUT CONSIDERING THAT WHICH PRECEDES IT. BAHM, 219 S.W. 3d 391.; PRO SE PLEADINGS SHOULD BE REVIEWED AND EVALUATED LIBERALLY AND WITH PATIENCE, JOHNSON V. MCADAMS, 781 S.W. 2d 451; T.R.A.P. 38.9. BRIEFS ISSUES ARE SUFFICIENTLY DEVELOPED. FOSTER, 101 S.W. 3d 490.

APPELLEE CLAIMS APPELLANTS ISSUE IS NOT PRESERVED BECAUSE HE DID NOT OBJECT AT TRIAL. JUDGES IMPARTIALITY BECAME APPARENT WHEN I RECIEVED APPELLATE RECORD FIRST SEE C.R. VOL. 1 OF 1, T.C. 1356099, PAGE 14, WHERE COURT CANCELLED APPELLANTS BAILS, WITHOUT EVEN A VALID RULING. SEE C.R. VOL. 1 OF 1, T.C. 1356099, PG. 154, WHERE COURT AND COUNSEL FAILED A GOVERNMENT/COURT REVIEW (PENAL CODE 37.77.1). THAT APPELLANT PETITIONED COURT FOR RE-APPOINTMENT OF SAME COUNSEL, WHOM HE FILED TO DISMISS SEE C.R. VOL. 1 OF 1, T.C. 1356099, PG. 149-152, ON SEPTEMBER 26TH, 2012, WITHOUT GRANTING OR DENYING, APPELLANTS MOTION TO DISMISS, OR EVEN INFORMING APPELLANT.

WHEN A DEFENDANT (APPELLANT) VOICES A SEEMINGLY SUBSTANTIAL COMPLAIN ABOUT COUNSEL, THE TRIAL JUDGE SHOULD MAKE A THOROUGH INQUIRY INTO THE REASONS FOR DEFENDANTS DISSATISFACTION. SUCH AN INQUIRY IS NECESSARY IF THE COURT IS TO DETERMINE WHETHER GOOD CAUSE FOR SUBSTITUTION OF COUNSEL EXISTS. FAILING TO CONDUCT SUCH AN INQUIRY IS NORMALLY REVERSABLE ERROR. U.S. V. YOUNG, 482 F. 2d 993-95 (5TH CIR. 1973)

- 11 -

APPELLANT FURTHER ALSO CITES T.C.C.P. ANN. ART. 36.14 AND SATTERWHITE v. STATE, 400 S.W. 2d 277 - 85 (TEX. CRIM. APP 1974).

THE CONSTITUTIONAL MANDATES OF DUE PROCESS UNDER THE U.S. CONST. 14TH AMENDMENT AND TEX. CONST. IS I9 DUE COURSE OF LAW REQUIRE THAT A NEUTRAL AND DETACHED JUDICIAL OFFICER CONSIDER FULL RANGE OF PUNISHMENT AND MITIGATING EVIDENCE, SEE MCCLENAN v. STATE, 661 S.W. - 2d 108 - 10 (Tex Crim App 1983).

AND FINALLY THE DECISION WHETHER A JUDGE'S IMPARTIALITY CAN BE "REASONABLY QUESTIONED" IS MADE IN LIGHT OF THE FACTS AS THEY EXIST, AND NOT AS THEY WERE SURMISED OR REPORTED see MICRO- SOFT CORP. v. UNITED STATES, 530 U.S. 1301 - 02, 121 S. CT. 25, 147 L. Ed 2d 1048 (2000) (RENQUIST, C.J. )

VIII. PRO SE REPLY TO STATES REPLY ERROR. APPELLANTS "ABUSE OF DISCRETION" CLAIM IS PRESERVED BECAUSE AN ABUSE ITS DISCRETION CLAIM IS REVIEWED FOR UNREASONABLENESS WHICH IS APPARENT FROM ITS CONTEXT AND ASSERTION THAT HE WAS PREJUDICED FROM A EFFECTIVE APPELLATE REVIEW. APPELLEE RELIES HEAVILY ON LUCIO, 351 S.W. 3d AT 896 - 97. WHERE THERE WAS NO ARGUMENT OR AUTHORITY THAT MIGHT SUPPORT HIS/HER ARGUMENT. ID. APPELLANT'S BRIEF CON- TAINED ISSUE PRESENTED, FACTS AND ARGUMENTS WITH CITED AUTHORITY AND TO THE RECORD. T.R.A. P 38.9

AN ISSUE PRESENTED IS SUFFICIENT IF IT DIRECTS THE REVIEWING COURT'S ATTENTION TO THE ERROR ABOUT WHICH THE COMPLAINT IS MADE. BANKHEAD v. MADDOX, 134 S.W. 3d 162 - 23 - (TEX. APP. TYLER 2004, NO Pet.)

THE STATE SAYS THERE IS NO CORRELATION BETWEEN ISSUE AND HIS APPELLANTS CITED CASE. ROSALES, 841 S.W. 2d 368, BUT APPELLANT WAS PREJUDICED BY COURTS VIOLATION OF ITS OWN RULING. FROYD v. STATE, 628 S.W. 2d 866 (TEX APP - CORPUS CHRISTI [2nd Dist] 1982.

APPELLEE ALSO CONTENDS THAT APPELLANTS MOTION WAS LIKE A MOTION IN LIMINE, RE- QUIRING MULTIPLE OBJECTIONS, IS MERITLESS, BECAUSE MOTION FOR WRITTEN RULINGS DOES NOT RE- QUIRE RECONSIDERATIONS.

IF THIS COURT IS ABLE TO ASCERTAIN THE NATURE OF THE COMPLAINT FROM THE ARGUMENT THE ISSUE WILL BE PRESERVED FOR APPELLATE REVIEW. SANCHEZ v. STATE, 98 S.W. 3d 349 - 55 (TEX APP HOUSTON - [1ST DIST] 2002.

IX. PRO SE REPLY TO STATES REPLY ERROR. TRIAL COURT "ABUSED ITS DISCRETION" BY DENYING APPELLANTS MOTION TO DISMISS CAUSE 1356098 BY IMPROPERLY APPLYING FACTS TO LAW. SEE R.R. VOL. 2 OF 6 VR, T.C. 1360- 98, page 77 SENTENCE 15 THRU 20. HERE THE STATE RE-INDICTED APPELLATE SEE C.R. VOL. 1 OF 1, T.C. 1356098, page 9, WHERE STATE CHANGED THE SPECIFIC MANNER, MEANS, AND VICTIM, FROM A. GUZMAN, TO M. DAVILA, A NEW COMPLAINTANT. YET CONTINUED TO USE SAME COMPLAINT, SEE C.R. VOL. 1 OF 1, T.C. 1356098, page 10, ONLY BEING FATAL VARIANCE, BUT AFFECTING APPELLANTS SUBSTANTIAL RIGHT, BECAUSE STATE WOULD SUBJECT DEFENDANT (APPELLANT) TO RISK OF BEING PROSECUTED LATER FOR SAME CRIME. see GOLLIHAR v. STATE. 46 S.W. 3d 243 -57 (Tex Crim App 2001) T.R.A. A 44.2

APPELLEE ARGUES THAT APPELLANT IS RELYING ON A "MISUNDERSTANDING OF THE LAW" WHEN HE ASSERTS THAT A GRAND JURYS INDICTMENT, T.C. # 1356098 IS INVALID BECAUSE NO (VALID) "COMPLAINT" WAS FILED NAMING M. DAVILA, COMPLAINTANT, THAT A COMPLAINT IS NOT REQUIRED FOR A GRAND JURY TO ISSUE INDICTMENT, HOWEVER THE ORIGINAL CHARGING INSTRUMENT IS THE "COMPLAINT SLASH INFORMATION" IN QUESTION. THE CHANGING OF COMPLAINTANTS INVOLVES DIFFERENT OCCURRENCES; A. GUZMAN, A MISDEMEANOR AND M. DAVILA, A FELONY - FLORES v. STATE, 815 S.W. 2d 724-29 (Tex Crim App. 1991)

AN INVALID COMPLAINT VITIATES THE RESULTING INFORMATION AND CONVICTION. DAVIS v. STATE, 503 S.W. 2d 241 (Tex Crim App 1970)

AS APPELLANT STATED, SEE C.R. VOL. 1 OF 1, T.C. 1356098, page 10. THE "COMPLAINT SLASH INFORMATION" IS THE "CHANGING INSTRUMENT", A "COMPLAINT" ON ITS FACE, BUT ALSO THE "INFORMATION" STATE RELIES ON, THEREFORTH COULD NOT BE A VALID COMPLAINT OR VALID INFORMATION AS REQUIRED BY THE TEXAS CONSTITUTIONAL ARTICLE 5 §12 (b). EX PARTE BECK, 769 S.W. 2d 525 (TEX. CRIM. APP. 1989).

- 12 -

A "ABUSE OF DISCRETION" REVIEW REQUIRES MORE OF THE APPELLATE COURT THAN SIMPLY DECIDING THAT THE TRIAL COURT DID NOT RULE ARBITRARILY OR CAPRICIOUSLY, BEARD, 92 S.W. 3d AT 573. THE APPELLATE COURT MUST INSTEAD MEASURE THE TRIAL COURT'S RULING AGAINST THE RELEVANT CRITERIA BY WHICH THE RULING WAS MADE. EX PARTE BEARD, 92 S.W. 3d 566-73 (Tex App-Austin 2000 pet h)

X. PRO SE REPLY TO STATES REPLY ERROR. THE TRIAL COURT "ABUSED ITS DISCRETION" IN DENYING APPELLANT MOTION TO QUASH THE ENHANCEMENT PARAGRAPHS IN INDICTMENTS WITHOUT ALLOWING APPELLANT OPPORTUNITY TO PRESENT EVIDENCE AND ARGUE HIS PLEADINGS. THE APPELLEE STATE ARGUES THAT APPELLANTS CLAIM IS THAT HE WAS DENIED A HEARING. APPELLANTS CLAIM IS TRIAL COURT "ABUSED ITS DISCRETION" BY NOT ALLOWING APPELLANT TO PRESENT HIS EVIDENCE AND MEET HIS BURDEN OF PROOF. See R.R. VOL. 2 OF 6 VOL. pg. 72 SENTENCE 17 THRU 22. WHERE TRIAL COURT SET IT ASIDE, AND SAID HOLD IT HERE. A DEFENDANT (APPELLANT) HAS A RIGHT TO OPEN AND CONCLUDE THE ARGUMENT UPON ALL PLEADINGS OF THE DEFENDANT (APPELLANT-DEFENSE) PRESENTED FOR THE DECISION OF THE JUDGE. See T.C.C.P. ANN. ARTICLE 28.02.

WHEN MOTIONS ARE BROUGHT TO THE ATTENTION OF THE DISTRICT COURT, THE LATTER HAS A DUTY TO CONSIDER AND RULE UPON IT. O'CONNER v. FIRST COURT OF APPEALS, 837 S.W. 2d 94-97 (1992) ALLOWING FOR STATE NOT TO HAVE TO DEFEND THE PRIOR ENHANCING CONVICTION, ITS BURDEN. See GUITERREZ v. ESTELLE, 474 F. 2d 864 (5th Cir 1973)

A TRIAL COURT "ABUSES IT DISCRETION" WHEN IT RULES ARBITRARILY, UNREASONABLY, WITHOUT REGARD TO GUIDING LEGAL PRINCIPLES, OR WITHOUT SUPPORTING EVIDENCE. DUNN v. DUNN, 177 S.W. 3d 393 (Tex App-Houston [1ST DIST] 2005.

XI. PRO SE REPLY TO STATES REPLY ERROR. THE TRIAL COURT DID "ABUSE ITS DISCRETION" BY GRANTING APPELLANTS MOTION FOR A CONTINUANCE FOR PRODUCTION OF T.C.C.A ANN. BOOK AND DENYING ACCESS TO LAW LIBRARY. APPELLEE STATES THAT APPELLANT HAS NO RIGHT TO ACCESS TO THE LIBRARY. HOWEVER THE UNITED STATES SUPREME COURT IN LEWIS. 518 U.S. 343, L.Ed. 2d 606, 116 S. CT. 2174, STATED THAT IN BOUNDS 430 U.S. 817-28, THE FUNDAMENTAL CONSTITUTIONAL RIGHT OF ACCESS TO THE COURTS, IS THAT A "MEANINGFUL ACCESS TO COURTS IS THE TOUCHSTONE". THAT WHERE A INMATE SHOWS THAT A STATE HAS FAILED TO FURNISH ADEQUATE LAW LIBRARIES OR ADEQUATE ASSISTANCE FROM PERSONS TRAINED IN LAW; THE TOOLS TO ATTACK THEIR SENTENCES, DIRECTLY OR COLLATERALLY HE STATES A CLAIM OF DENIAL TO "A MEANINGFUL ACCESS TO COURTS". APPELLANTS MOTION FOR CONTINUANCE DEMONSTRATED THAT HE NEEDED EXTRA TIME IN LAW LIBRARY MORE THAN A OCCASIONAL ONCE A WEEK, HE RAISED A MEANINGFUL ACCESS TO COURT CLAIM. See C.R. VOL. 10 F 1, T.C. 1356099, pg. 182-83. THE TRIAL COURT "ABUSED ITS DISCRETION" NOT ONLY IN DENYING LAW LIBRARY; BUT BY STATING THAT SUCH DENIAL IS A DANGER AND DISADVANTAGE OF SELF-REPRESENTATION. See R.R. SUPPLEMENTAL RECORD, TWO-PARTS, VOL 2 OF 2, T.C. 1356099, page 10; IT IS TRIAL COURTS DUTY INSURE A PARTY INVOKING HIS RIGHT SELF-REPRESENTATION IS MADE AWARE OF THE DANGERS AND DISADVANTAGES OF DECISION, FARETTA, 422 U.S. 806.

THE ONLY "DANGERS AND DISADVANTAGES" TRIAL COURT ADDRESSED ON T.C. 1356099, WAS ABOUT TRIAL, NOT ABOUT PREPARING FOR TRIAL OR ACCESS TO LAW LIBRARY, AND FAILURE TO PROVIDE T.C.C.P. ANN. BOOK WAS "ABUSE OF DISCRETION". HEISALBETZ v. STATE, 906 S.W. 2d 5? (Tex Crim App 1995)

TRIAL COURTS ACTIONS AND NON ACTIONS PREJUDICED APPELLATES RIGHTS TO PREPARE FOR TRIAL. JANECKA v. STATE, 937 S.W. 2d 456-68 (Tex Crim App 1996).

-13-

XII. PRO SE REPLY TO STATES REPLY ERROR. THE TRIAL COURT "ABUSED ITS DISCRETION" IN DENYING APPELLANTS MOTION TO SET ASIDE INDICTMENTS. A TRIAL COURT ABUSES ITS DISCRETION "WHERE IT CLEARLY FAILS TO ANALYZE OR APPLY THE LAW CORRECTLY. McDANIEL V. YARBROUGH, 898 S.W. 2d 557 (1995)

APPELLEE STATES COURT DENIED APPELLANTS MOTION TO SET ASIDE INDICTMENTS BECAUSE HIS ARGUMENTS REGARDING SUFFICENCY OF COMPLAINTS FILED WERE INAPPLICABLE TO THE VALIDITY OF INDICTMENTS. SEE C.R. VOL. 10F1, T.C. 1356099, pg. 93, "CHALLENGE TO COMPLAINTS", WHICH THE COURT DENIED, STATING NOTHING WRONG WITH RE-INDICTMENT, C.R. VOL. 10F1, pg. 10, T.C. 1356099 SEE WHERE TRIAL COURT STATED - RIGHT - WRONG OR INDIFFERENT THIS IS A MATTER FOR APPEAL. SEE R.R. 2ND SUPPLEMENTAL RECORD, TWO PARTS, VOL. 10F2, pg. 18 SENTENCE 1 THRU 11.

A VALID COMPLAINT IS A PREREQUISITE FOR A VALID INFORMATION. SEE AGUILAR V. STATE. 846 S.W. 2d 318 (TEX. CRIM APP 1993). TRIAL COURT REFUSED OR FAILED TO REVIEW "COMPLAINT-SLASH INFORMATION" WHICH WOULD BE INVALIDATED THE RE-INDICTMENT AS THE "COMPLAINT" ON ITS FACE" WAS THE CHARGING INSTRUMENT, INFORMATION" THEREFORE INVALID UNDER TEXAS CONSTITUTIONAL ARTICLE 5 §12, SO COURT ABUSED ITS DISCRETION" BY ACTING ARBITRARILY, CAPRICIOUSLY, AND WITHOUT REFERENCE TO ANY GUIDING RULE OR PRINCIPLE. LENTWORTH V. TRAHAN, 981 S.W. 2d 720-12 (TEXAPP-HOUSTON [1ST DIST] 1698. NO P.d.)

A REASONABLE JUDGE IN THE TRIAL COURTS POSITION WOULD HAVE UNDERSTOOD APPELLANTS ARGUMENT THAT THE CHARGING INSTRUMENT THE HYBRID "COMPLAINT SLASH INFORMATION" R.R. VOL 10F1, PAGE 11. WAS FUNDAMENTALLY DEFECTIVE. RESENDEZ V. STATE, 306 S.W. 2d 308.

XIII. PRO SE REPLY TO STATES REPLY ERROR. THE STATE KNOWINGLY USED PERJURED TESTIMONY AT TRIAL AND NEITHER STATE OR COURT WAS "TRIER OF FACT" AND THEREFORE CANNOT KNOW IF PERJURED TESTIMONY CONTRIBUTED TO APPELLANTS CONVICTION, BEYOND A REASONABLE DOUBT. AGAIN APPELLANT MUST CHALLENGE STATES MULTIFARIOUS CLAIM, APPELLANTS (BRIEF CONCLUSIONARY STATEMENT) IS BEING EMPHASIZED BY STATE, AT THE EXPENSE OF OTHERS, COURT HAS FOUND IT IS ERROR, TO FAIL AND CONSIDER THAT WHICH PRECEDES THAT ONE PHRASE. SEE BAHM V. STATE, 219 S.W. 2d 391 (TEX CRIM APP 2007). APPELLANT CLEARLY FOLLOWS WITH ARGUMENTS, CITATIONS, AND AUTHORITIES SUFFICIENT FOR DISTINCTION AND THE RECORD. F.R.A.P.38.1 (h); 38.9, AND APPELLANTS ISSUES IN BRIEF ARE SUFFICIENTLY DEVELOPED. EOSTER V. STATE, 101 S.W. 2d 490 (TEXAPP-HOUSTON [1ST DIST] 2002, NO Pd.)

APPELLANTS U.S. CONSTITUTIONAL 14TH AMENDMENT RIGHT TO DUE PROCESS AND TEXAS CONSTITUTIONAL I §19 DUE COURSE OF LAW RIGHTS WHICH HAVE BEEN EQUATED AND DEEMED SYNONYMOUS. MAHEE V. MCDONALD, 107 TEX. 139; 175 S.W. 676 (1915). WERE VIOLATED BY THE STATE KNOWINGLY USING PERJURED TESTIMONY TO INSURE APPELLANTS CONVICTION. THE STATE ARGUES THAT THEY ARE MERE MISTAKES, BUT DELIBERATE DECEPTION OF A COURT AND JURORS BY THE PRESENTATION OF KNOWN FALSE EVIDENCE IS INCOMPATIBLE WITH "THE RUDIMENTARY DEMANDS OF JUSTICE." THE SAME RESULT OBTAINS WHEN THE PROSECUTION, ALTHOUGH NOT SOLICITING FALSE EVIDENCE, ALLOWS IT TO GO UNCORRECTED WHEN IT APPEARS." NAPUE V. ILLINOIS, 360 U.S. 264, 79 S.CT. 1173, 3 LEd 2d 1217 (1959).

THE PERJURED TESTIMONY IS FROM THE COMPLAINANT/VICTIM TO WHOM APPELLANT IS ALLEGED TO OF ASSAULTED WITH A DEADLY WEAPON, SEE C.R. VOL. 10F1, T.C. 1356099, PG. 10. THE MOST IMPORTANT WITNESS TO THE STATES CASE, ONE OF TWO WITNESSES WHO TESTIFIED TO SEEING THE SHOOTING IN QUESTION. (NOT INCLUDING APPELLANT) SEE COMPLAINANT R.R. VOL. 4 OF 6, PG. 35/WITNESS IN REPLY; R.R. VOL. 2 OF 6, VOL. PG. 114 AND APPELLANT, R.R. VOL. 4 OF 6, T.C. 1356099, PAGES 65 AND 84. ALL THE PERJURIS STATEMENTS MADE BY JOSE BRIBIESCAS, THAT APPELLANT IDENTIFIES APPLY TO THE CRITICAL SERIOUSNESS OF HIS INJURIES. SEE APPELLEE STATES BRIEF STATEMENT OF FACTS, PAGE 2 SENTENCE 12, "BULLET PUNCTURED HIS LUNG" ANOTHER PERJURIS STATEMENT, THE STATE KNOWS IS UNTRUE. IF STATE RELIES ON IT, THE LIKELIHOOD OF THE JURY DOING THE SAME IS ANSWERABLE. (T.R.A.P.38.1(9)

-14-

THIS AND ALL OTHER UNCORRECTED PERJURES TESTIMONIES APPELLANT RAISED WERE FALSE AND MISLEADING TO THE "TRIER OF FACT". see NAPUE, 360 U.S AT 269, 79 S.CT. 1173; ALCORTA, 355 U.S. AT 32 - 78 S.CT. 103.

FOR THESE REASONS THE APPELLATE COURT CAN NOT GUESS OR ASSUME THAT THE JURY, THE "TRIER OF FACT", DID NOT SYMPATHIZE WITH COMPLAINANT JOSE BRIBIESCAS BECAUSE OF HIS CRITICAL PERJURES TESTIMONIES ABOUT THE SERIOUSNESS OF HIS INJURIES, THAT CONTRIBUTED TO APPELLANTS CONVICTION.

CONTRARY TO STATES ATTEMPT TO OPPOSITE THE STATE MAY NOT TAKE THE ROLE OF FACT-FINDER. CLEWIS V. STATE, 922 S.W. 2d 126 - 35 (Tex. Crim App 1996).

AND SO APPELLANT CONTENDS THAT THERE IS A REASONABLE LIKELIHOOD THAT THE PERJURES TESTIMONY BY JOSE BRIBIESCAS COULD/DID AFFECT THE JUDGMENT OF THE JURY. see AGURS, 427 U.S. AT 103, 96 S.CT. 2392; ADAMS, 768 S.W. 2d AT 292.

## CONCLUSION

THEREFORE, APPELLANTS CONVICTIONS SHOULD BE REVERSED AND DISMISSED FROM PROSECUTION.

## PRAYER

FOR THESE REASONS, APPELLANT PRO SE SAMUEL ESPINOZA RODRIGUEZ, RESPECTFULLY REQUESTS THAT THIS COURT REVERSE THESE CONVICTIONS AND SENTENCES OF THE TRIAL COURT AND DISMISS THE PROSECUTIONS, DUE TO THE SERIOUS AND UTTER DENIALS OF HIS RIGHTS UNDER THE UNITED STATES AND TEXAS CONSTITUTIONS, AND OTHER LAWS CONCERNED. APPELLANT PRO SE REQUESTS ALL OTHER RELIEF TO WHICH HE MAY BE ENTITLED.

RESPECTFULLY SUBMITTED,

_Samuel E. R_ 3/25/15

SAMUEL ESPINOZA RODRIGUEZ
APPELLANT PRO SE TDCJ # 1858964
POLUNSKY UNIT Ad-366-Death Row
3872 F.M. 350 South (12-A-80)
LIVINGSTON, TEXAS 77351-3580

## DECLARATION

I, SAMUEL ESPINOZA RODRIGUEZ, PRESENTLY INCARCERATED AT THE ALLAN B. POLUNSKY UNIT, INSTITUTIONAL DIVISION, POLK COUNTY, TEXAS, DO HEREBY DECLARE UNDER PENALTY OF PERJURY, THAT THE ABOVE-MENTIONED IS TRUE AND CORRECT. EXECUTED ON MARCH 25TH, 2015.

_Samuel E. R_

SAMUEL ESPINOZA RODRIGUEZ, APPELLANT PRO SE
# 1858964

## CERTIFICATE OF SERVICE

I, SAMUEL ESPINOZA RODRIGUEZ, DO CERTIFY THAT ON MARCH 25, 2015, A TRUE AND CORRECT ORIGINAL OF THE FOREGOING, APPELLANTS PRO SE REPLY BRIEF TO STATES APPELLATE BRIEF, WAS SENT TO COURT OF APPEALS, FIRST DISTRICT, CLERK, CHRISTOPHER A. PRINE, AT 301 FANNIN STREET, HOUSTON, TEXAS, 77002-2066. AND COPY OF SAME SENT TO DEVON ANDERSON, DISTRICT ATTORNEY: CARLY DESSAUER, ASST. DIST. ATTORNEY, HARRIS COUNTY, TEXAS, AT 1201 FRANKLIN, SUITE 600, HOUSTON, TEXAS, 77002-1923. BY ATTACHING POSTAGE, AND PLACING INTO POLUNSKY PRISON MAILING SYSTEM ON MARCH 25TH, 2015.

_Samuel E. R_

SAMUEL ESPINOZA RODRIGUEZ APPELLANT PRO SE
# 1858964

- 15 -

Samuel C. Robinson #1858964
Polunsky Unit Ed. Seg -Death Row
3872 Fm. 350 South (12-D-08)
Livingston, Texas 77351-6580

NORTH HOUSTON TX 773

03 APR 2015 PM 2 L

APR 1 2015
CHRISTOPHER A. PRINE
CLERK

Court of Appeals, First District
Christopher A. Prine
301 Fannin Street
Houston, Texas 77002-2066

7700220665S9

CASE NOS. 01-13-00447-CR AND 01-13-00448-CR
TR. COURT NO. 1356098 & TR. COURT NO. 1356099

SAMUEL ESPINOZA RODRIGUEZ, APPELLANT,  §    IN THE COURT OF APPEALS FIRST

                                        §    DISTRICT OF TEXAS AT

V.                                      §

THE STATE OF TEXAS, APPELLEE,           §    HOUSTON


APPELLANTS PRO SE MOTION FOR REHEARING


TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW APPELLANT SAMUEL ESPINOZA RODRIGUEZ, PRO SE, IN THE ABOVE TITLED AND NUMBERED CAUSES, PURSUANT TO TEX. R. APP. PROC. 49.1 - 49.1, 40.2, AND 38.1(G) AND MOVES THIS COURT TO ORDER REHEARING, ON OPINIONS ISSUED ON ABOVE MENTIONED CAUSES, ISS-UED ON MARCH 10, 2016. APPELLANT REQUESTS THIS APPELLATE COURT REVISIT ITS DECISIONS, BECAUSE DECISIONS WERE HAD ON INACCURATE CONCLUSIONS OF FACTS OF CASE, CAUSING ERRONEOUS CONCLUSIONS OF LAW; DENYING APPELLANT REDRESS OF EVERY ISSUE RAISED, THAT NEGATIVELY INFLUENCED COURTS DUE REGARD FOR APPELLANTS RIGHTS FOR A REVIEW UNDER A ACCURATE RE-CORD, THAT RESULTED IN IMPROPER ADMINISTRATION OF JUSTICE. APPELLANT WILL RE-SPECTFULLY SHOW THE COURT THE FOLLOWING:

I.

FIRST THE APPELLANT WILL DIRECT COURTS ATTENTION TO INACCURATE FACTS, THAT ARE NOT SUPPORTED BY THE ENTIRE APPELLATE RECORDS. WHERE A PARTY FAILS TO CONTRADICT UNTRUE FACTS THE APPELLATE COURT ACCEPTS THEM AS STATED, T.R.A.P. 38.1(G). APPELLANT HAS CONTRADICTED NUMEROUS FACTS THIS COURT RELIES ON ITS DECISIONS. SEE APPELLANTS PRO SE REPLY BRIEF TO STATES APPELLATE BRIEF, FILED APRIL 7, 2015. AND TO INCLUDE FACTS LISTED BELOW, BUT NOT ONLY THESE.

1) COMPLAINANT DID NOT HAVE GUN UP AGAINST CHEST OR POINT BLANK RANGE WHEN SHOT; NOR DID HE HAVE A PUNCTURED LUNG! SEE PAGE 13 OF APPELLANTS PRO SE REPLY BRIEF TO STATES APPELLATE BRIEF, FOR APPELLANTS CONTRADICTION AND FOR FURTHER SUPPORT IS RECORD SEE WITNESS TESTIMONY OF SHOOTING AND MEDICAL RECORDS AT POINT FIVE, ISSUE THIRTEENTH THIS MOTION.

2) APPELLANT FILED HIS MOTION TO DISMISS APPOINTED ATTORNEY, ON DAY OF TRIAL JULY 30, 2012. FOR CONFLICT OF INTERESTS BECAUSE ATTORNEY KEPT REFERRING TO APPELLANT AS HABITUAL. ON JULY 31, 2012, DAY OF CONTINUATION OF TRIAL, STATE RE-INDICTED APPELLANT AS A HABITUAL, ALTHOUGH INDICTMENT WAS PREPARED ON JULY 30, 2012, DAY OF TRIAL. SEE CLERKS RECORD VOL. 1 OF 1, DOCKET SHEET, PAGE 130 STATES (JURY TRIAL), SEE REPORTERS RECORD, 2ND SUPPLEMENTAL RECORD, 2-PARTS, VOL. 1 OF 2 VOL., PAGE 30, WHERE ON FEBRUARY 4, 2016, WHERE MOTION TO DISMISS ATTORNEY APPOINTED WAS FINALLY DENIED. AT THIS HEARING APPELLANT INFORMED JUDGE THAT HE DID NOT WANT ATTORNEY BECAUSE SHE FAILED TO OBJECT TO RE-INDICTMENTS. SAME RECORD PAGE 17 SENTENCE 17. AT REPORTERS RECORD 2ND SUPPLEMENTAL, 2-PARTS, PRE-HEAR-ING, VOL. 2 OF 2 VOL., PAGE 9 THRU 10, ON FEBRUARY 5, 2012, COURT DENIED APPELLANT, STANDBY COUNSEL.

3) ON DAY OF TRIAL OF THESE CAUSES, MAY 14, 2013. STATE ABANDONED SURPLUS LANGUAGE, SEE REPORTERS RECORD, VOL. 2 OF 6 VOL. PAGE 8 THRU 9, SENTENCE 5 THRU SENTENCE 5, FROM INDICTMENT TO TRIAL CAUSE #1356099; NOT A PARAGRAPH OF EVADING ARREST CHARGE. AND APPELLANT DID NOT AP-PEAR AT TRIAL WITH STANDBY COUNSEL, REPORTERS RECORD, VOL. 2 OF 6 VOL. PAGE 11, SENTENCES 24 THRU 25, COURT STATED, STANDBY COUNSEL, "SHE IS NOT REPRESENTING THE DEFENSE IN THIS CASE."

II.

POINTS FOR RE-REVIEW ONE THRU FOURTEENTH OF ALL ISSUES PRESENTED BY APPELLANT IN COURTS OPINION ARE IN SAME OR CLOSE AS POSSIBLE ORDER FOR COURTS CONVENIENCE FOR REFERENCE TO ITS OPINION.

- 1 -

1/ STATES EXHIBIT 33-MEDICAL RECORDS NOT PROVIDED FOR APPEAL PRESENTATION. SEE REPORTERS RECORD, VOL. 6 OF 6 VOL.

POINT ONE — FOR RE-REVIEW OF APPELLANTS: FIRST, NINTH AND TWELFTH ISSUES PRESENTED:

APPELLANTS CHALLENGE TO TRIAL COURT JURISDICTION WAS THAT STATES CHARGING INSTRUMENTS WERE IN VIOLATION OF DUE PROCESS AND OF THE SEPERATION OF POWER CLAUSES.

APPELLATE COURTS ARE REQUIRED TO ADDRESS AND HANDDOWN WRITTEN OPINIONS ON EVERY ISSUE RAISED. TEX. R. APP. PROC. 47.1. APPELLANTS FIRST ISSUE PRESENTED WAS STATE CREATING OWN STATUTE AND PROSECUTE WITH INVALID AND VOID CHARGING INSTRUMENTS, NEVER HAD JURISDICTION. SEE APPELLANTS PRO SE BRIEF AND APPELLANTS PRO SE REPLY BRIEF TO STATES APPELLATE BOTH CHALLENGED JURISDICTION OF STATES COMBINING COMPLAINTS AND INFORMATIONS, DENYING HIM DUE PROCESS UNDER THE U.S. CONST. 14TH AMENDMENT AND TEX. CONST. DUE COURSE OF LAW, I § 19, 5 § 12 AND II § I, SEPERATION OF POWERS CLAUSE. BOTH CONST. VIOLATIONS INEXTRICABLY LINKED FROM THE SAME GOVERNMENTAL ILLEGAL ACTION. FURMAN v. DAVIS, 371 U.S. 178.

THIS COURT IGNORED APPELLANTS SEPERATION OF POWERS ISSUE PRESENTED PROPERLY RAISED SHOULD OF BEEN ADDRESSED, BECAUSE THE STATEMENT OF AN ISSUE OR POINT WILL BE TREATED AS COVERING EVERY SUBSIDIARY QUESTION THAT IS FAIRLY INCLUDED. "TEX. R. APP PROC. 38.1(e).

APPELLANTS JURISDICTIONAL CHALLENGE IS THAT THE PRIMARY CHARGING INSTRUMENT FOR ABOVE CAUSES COMBINING OF COMPLAINTS/SLASH INFORMATIONS IS NOT AUTHORIZED BY LAW. STATE EX REL. ELDON v. EDWARDS, 793 S.W. 2d 1 (TEX. CRIM. APP. 1990).

STATE USING THESE ILLEGAL CHARGING INSTRUMENTS TO THEN PRESENT TO GRAND JURY FOR SECONDARY CHARGING INSTRUMENT VIOLATES DUE PROCESS OF THE U.S. CONST. 14TH AMENDMENT, SEE FAY v. NOIA, 372 U.S. 391, 83 S.CT. 822, 9 L.ED 2d 837. ALSO TEX. CONST. I § 19, 5 § 12 AND; II § I OF THE TEXAS SEPERATION OF POWERS CLAUSE, MESHELL v. STATE, 739 S.W. 2d 246 (TEX. CRIM. APP. 1987); THEREFORE ACTIONS VOID AND ILLEGAL.

"ARTICLE 5 § 12 OF THE TEX. CONST. STATES THAT AN INFORMATION IS A WRITTEN INSTRUMENT PRESENTED TO A COURT BY AN ATTORNEY FOR THE STATE CHARGING A PERSON WITH THE COMMISSION OF AN OFFENSE. THIS PRESENTMENT INVESTS THE COURT WITH JURISDICTION OF THE CAUSE." THEN THE STATE CAN PRESENT IT ACCUSATION TO THE GRAND JURY THAT MAY RESULT IN SECONDARY CHARGING INSTRUMENT, (INDICTMENT).

HERE THE APPELLATE RECORD SHOWS NO INFORMATIONS PRESENTED OR FILED ONLY INVALID COMPLAINTS. SEE CLERKS RECORD, VOL. 1 OF 1, TRIAL CAUSE 1356098, pg. 10 AND WARRS RECORD, VOL. 1 OF 1, TRIAL CAUSE 1356099, Pg. 11. THESE COMPLAINTS ARE FOR DIFFERENT CAUSES? A COMPLAINT CANNOT INVEST JURISDICTION. SEE AGUILAR v. STATE, 846 S.W. 2d 318 (TEX. CRIM. APP. 1993).

APPELLANT ASSERTS THAT A VOID ACTION, DOES NOT VEST COURT WITH JURISDICTION. VOID ACTION IS A NULLITY FROM THE BEGINNING AND IS NOT ATTENDED BY NONE OF THE CONSEQUENCES OF A VALID VESTMENT OF JURISDICTION. IT IS ENTITLED TO NO RESPECT WHATSOEVER BECAUSE IT DOES NOT AFFECT, IMPAIR, OR CREATE LEGAL RIGHT. EX PARTE SPAULDING, 687 S.W. 2d 745.

AND SO THIS COURTS FINDING THAT BECAUSE APPELLANT WAS PROSECUTED BY INDICTMENT NOT INFORMATION IS ERRONEOUS UNDER THE PRINCIPLES OF A VOID ACTION; PRIMARY CHARGING INSTRUMENT AGAINST APPELLANT IS/WAS INVALID COMPLAINT/SLASH INFORMATION VOID ACTION NOT AUTHORIZED, BY LAW CANNOT RESULT OR CREATE A LEGAL RIGHT OF SECONDARY CHARGING INSTRUMENT (INDICTMENTS). NIX v. STATE, 65 S.W. 3d @ 668. (TEX. CRIM. APP. 2001).

FURTHER COURTS FINDING THAT APPELLANT DID NOT CHALLENGE INDICTMENT IS ALSO ERRONEOUS ON HIS NINTH AND TWELFTH PRESENTED OF "ABUSE OF DISCRETION" BECAUSE BOTH OF APPELLANTS MOTIONS TO SET ASIDE INDICTMENT AND MOTION TO QUASH INDICTMENT CONTAIN CHALLENGES THAT INDICTMENTS WERE ILLEGAL BECAUSE THEY WERE NOT HAD BY A PROPERLY EMPANELED GRAND JURY AND WERE RESULT OF VOID ACTION, AND OTHER ACTS. CHALLENGE HE REFUSED TO ADDRESS, SAID MATTER WAS CERTAIN. SEE REPORTERS RECORD, 2ND SUPPLEMENTAL, 2-PARTS, VOL. 1 OF 2VOL. Pg. 24 AND 25. SAYING COMPLAINTS DID NOT CONCERN RE-INDICTMENTS; BATES v. 11TH HOMES-TEXAS L.P. 177 S.W. 2d 419 TEX APP HOUSTON [1ST DIST] 2005.

— 2 —

POINT TWO - FOR RE-REVIEW OF APPELLANTS' TENTH ISSUE PRESENTED.

APPELLATE COURTS ARE REQUIRED TO ADDRESS AND HAND DOWN WRITTEN OPINIONS, ON EVERY ISSUE RAISED. TEX. R. APP. PROC. 47.1. APPELLANTS TENTH ISSUE PRESENTED WAS THAT TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANTS MOTION TO QUASH ENHANCEMENTS WITHOUT GIVING APPELLANT OPPORTUNITY TO ARGUE OR PRESENT EVIDENCE, DENYING HIM A FAIR TRIAL. "THE TOUCHSTONE OF DUE PROCESS IS FUNDAMENTAL FAIRNESS." EULER v. STATE, 218 S.W. 3d 88-91 (TEX. CRIM. APP. 2007).

THIS COURTS DECISION WAS NOT HAD ON ISSUE PRESENTED BY APPELLANT BUT RATHER ON ISSUE PRESENTED BY THE STATE IN ITS STATES APPELLATE BRIEF OF APPELLANTS TENTH ISSUE PRESENTED, APPELLANTS PRO SE BRIEF AND APPELLANTS PRO SE REPLY BRIEF TO STATES APPELLATE BRIEF CONTRADICT THIS INTERPRETATION. APPELLANT CONTENDS THAT A HEARING WAS HELD, ON MAY 14, 2013. SEE R.R. VOL. 2 OF 6 VOL, PAGE 71 THRU 72, SENTENCE 18 THRU SENTENCE 22 OF PAGE 72, TR. C. #1356099, ON MOTION WHERE TRIAL COURT SAID "LETS PUT IT ASIDE, AND HOLD IT FOR A BRIEF PERIOD OF TIME, IF APPELLANT IS FOUND GUILTY WE'D DEAL WITH ENHANCEMENT PARAGRAPHS."

TRIAL COURT THEN DENIED APPELLANTS MOTION TO QUASH ENHANCEMENT PARAGRAPHS, SEE C.R. VOL. 1 OF 1 T.C. #1356099 PAGES 227 AND 228, DATED MAY 14, 2013. APPELLANT WAS NOT FOUND GUILTY UNTIL MAY 16TH, 2013, "COURT ABUSED ITS DISCRETION" BECAUSE ACTION DENIED HIS/APPELLANT RIGHT AS RECOGNIZED IN TEX. COD. CRIM. PROC. ARTICLE 28.02 : COUNSEL FOR DEFENDANTS HAVE RIGHT TO OPEN AND CONCLUDE ARGUMENTS UPON ALL PLEADINGS OF DEFENDANTS PRESENTED FOR THE DECISION OF THE JUDGE.

MORE IMPORTANTLY THIS "ABUSE OF DISCRETION" HAD THE PREJUDICIAL AFFECT OF PREVENTING APPELLANT FROM ADEQUATELY PRESENTING HIS CASE, SPECIFICALLY HIS "DEFENSIVE THEORY", THAT ENHANCEMENT PARAGRAPHS WERE INVALID AND VOID, AND SHOULD NOT HAVE BEEN PUT BEFORE THE JURY HAVING A UNREASONABLE LIKELIHOOD OF AFFECTING HIS CONVICTION OR PUNISHMENT. COOPER v. STATE, 95 S.W. 3d 488 (TEX. APP. - HOUSTON [1ST DIST] 2002.

POINT THREE - FOR RE-REVIEW OF APPELLANTS' SECOND, FOURTEENTH, FOURTH AND ELEVETH ISSUES PRESENTED: APPELLANTS SECOND ISSUE PRESENTED SHOULD BE RE-VISITED IN LIGHT OF THE NOW ESTABLISHED FACTS OF CAUSE AND BECAUSE PROPER ADMONISHMENT OF APPELLANT ON TR. C. #1356098, AS REQUIRED BY FARETTA, 422 U.S. 806, L.E. 2d 562, 95 S.CT. 2525. NOT GIVEN. THE ENTIRE FARETTA HEARING RECORD FOUND AT R.R. 2ND SUPPLEMENTAL, 2-PARTS, PRE-TRIAL HEARING VOL. 1 OF 2 VOL. IS SILENT TO T.C. #1356098, IT DOES NOT MENTION T.C. #1356098 AT ALL, COURT DOES NOT MAKE SURE APPELLANT HAS AN "APPREHENSION OF THE NATURE OF THE CHARGE" OF T.C. #1356098. "TO BE VALID, A DEFENDANT'S WAIVER OF COUNSEL MUST BE MADE WITH AN APPREHENSION OF THE NATURE OF THE CHARGES AGAINST HIM." BLANKENSHIP v. STATE, 673 S.W. 2d 578-83 (TEX. CRIM. APP. 1984).

APPELLANTS FARETTA HEARING RECORD DOES NOT HOLD RECORD OF COURTS MAKING APPELLANT AWARE OF THE RANGE OF ALLOWABLE PUNISHMENTS FOR T.C. #1356098. TO BE VALID WAIVER OF COUNSEL DEFENDANT MUST BE AWARE; HAVE A APPREHENSION OF THE RANGE OF ALLOWABLE PUNISHMENTS OF T.C. 1356098, AND ALL OTHER FACTS ESSENTIAL TO THE BROAD UNDERSTANDING OF THE WHOLE MATTER, SUCH AS WOULD HE EVEN WAIVED RIGHT TO COUNSEL OF T.C. #1356099, IF HE WOULD OF BEEN MADE AWARE, HE WOULD HAVE TO REPRESENT SELF FOR TWO SEPERATE CHARGES AT SAME TIME. WILLIAM v. STATE, 194 S.W. 3d 568 (TEX. APP. HOUSTON [14DIST] 2006.

TO DECIDE IF WAIVER TO COUNSEL IS "KNOWING AND INTELLIGENT" COURTS MUST MAKE A INQUIRY, EVIDENCED BY THE RECORD - [FARETTA HEARING RECORD] THAT APPELLANT INTENDED TO WAIVE COUNSEL FOR T.C. #1356099 OR DID AS THIS COURT FOUND, DOES NOT SATISFY FARETTA, BECAUSE THAT WAIVER IS INVALID IF IT WAS NOT MADE KNOWINGLY AND INTELLIGENTLY THAT HE WAS FACING ANOTHER CHARGE, THAT WAIVER INCLUDED THIS SILENT CHARGE. APPELLANT WILL SHOW THIS COURT, AT APPELLANTS FARETTA HEARING HE WAS ADMONISHED NOT ONCE, BUT TWICE. SEE R.R. 2ND SUPPLEMENTAL, 2-PARTS, PRE-TRIAL HEARING, VOL. 1 OF 2 VOL, PAGE 8, SENTENCE 11 ALL THE WAY TO PAGE 10 SENTENCE 11, WHERE FARETTA HEARING COURT SPECIFICALLY TOLD APPELLANT HE WAS ONLY FACING T.C. #1356099 STATE AGREED. SEE ALSO 12, COURT SPECIFICALLY TOLD APPELLANT HE WAS ONLY FACING T.C. #1356099 STATE AGREED. SEE ALSO R.R. 2ND SUPPLEMENTAL, 2-PARTS, PRE-TRIAL HEARING, VOL. 2 OF 2 VOL. PAGE 9, SENTENCES 1 THRU 17, WHERE FARETTA HEARING

-3-

1/ PROMPTED DENIAL AND RECOGNIZED AS R.R.        2/ ... RECOGNIZED AS C.R. ... CAUSE NON T.C.

COURT ADMONISHED APPELLANT FOR A SECOND TIME, AND TOLD APPELLANT ONLY CHARGE IS T.C.#1356099.

FARETTA HEARING RECORD MUST SHOW THAT THE DEFENDANT (APPELLANT) UNDERSTOOD THE CONSEQUENCES OF HIS WAIVER, HERE APPELLANT'S RECORD IS SILENT TO T.C.#1356098, COURT MADE HIM AWARE AND EXPLAINED THAT HE ONLY FACED T.C. 1356099, HE WAS NOT SHOWN TO UNDERSTAND THAT ANY OTHER CHARGE STATE SAYS HE SHOULD OF KNOWN ABOUT. GOFFNEY v. STATE, 812 S.W. 2d 351-52 (TEX. APP.-WACO 1991) AFF'd 843 S.W. 2d 383 (TEX. CRIM. APP 1992)

SO TRIAL COURT "ABUSED ITS DISCRETION" IN FAILING TO COMPLETE ITS RESPONSABILITY UNDER FARETTA ID. THAT INDICTMENT #1356099, CONTAINED SURPLUS LANGUAGE OF ANY NATURE, SEE R.R. VOL 2 OF 6 VOL. PAGE 8 THRU PAGE 9, SENTENCES 5 THRU 5, DOES NOT SUPPORT APPELLANT WAS PROPERLY ADMONISHED IF FARETTA HEARING RECORD DOES NOT SHOW SURPLUS LANGUAGE, WAS READ OR MADE KNOWN TO APPELLANT. IT IS NOT ENOUGH THAT THE RECORD SHOW CONCLUSIONS BY COURTS OR STATE THAT DEFENDANT (APPELLANT) IS/WAS AWARE OF THE DANGERS AND DISADVANTAGES OF SELF-REPRESENTATION. MANLEY v. STATE, 23 S.W. 3d 172-74 (TEX. APP-WACO 2000 pet rd):

APPELLANTS FOURTEENTH ISSUE SHOULD BE RE-VISITED BECAUSE OF SAME REASONING AS STATED IN ISSUE TWO, BUT SPECIFICALLY MORE SO IN THAT COURT ERRONEOUSLY RELIED ON STATE APPELLEE CONTENTION THAT T.C. 1356099, INDICTMENT, SEE C.R. VOL.1 OF 1, T.C. 1356099, PAGE 10, CONTAINED BOTH CHARGES, SEE STATES APPELLATE BRIEF, PAGE 19 /R.R. VOL. 2 OF 6 VOL. PAGE 8 THRU 9, SENTENCE 5 THRU 5, SHOWS THIS COURT ERRED IN THIS RELIANCE BECAUSE STATE DID NOT ABANDON A SECOND CHARGE, RATHER THEY ABANDONED SURPLUS LANGUAGE.

THEREFORE IT IS ERROR TO SAY THAT APPELLANT FORFEITED HIS SIXTH AMENDMENT RIGHT TO COUNSEL BECAUSE OF "SURPLUS LANGUAGE", CONTAINED IN A INDICTMENT, THAT WAS NOT READ TO APPELLANT, SURPLUS LANGUAGE NOT PART OF CHARGE IN T.C. #1356099. AS THE TEXAS COURT OF CRIMINAL APPEALS HAS REINFORCED, THE SIXTH AMENDMENT RIGHT TO COUNSEL IS NOT FORFIETABLE, BUT MAY ONLY BE WAIVED BY THE CONSCIOUS AND INTELLIGENT DECISION OF THE PERSON WHO HOLDS THAT RIGHT. EX PARTE GONZALEZ, 945 S.W. 2d 830-35 (TEX. Crim. APP. 1997).

FINALLY THIS COURTS STATES APPELLANT RESISTED CONTINUATION OF SELF-REPRESENTATION, IS ERRONEOUS. APPELLANT ONLY KNEW WHAT FARETTA HEARING COURT TOLD HIM. SEE R.R. AND SUPP 2-PARTS, PRE-TRIAL HEARING VOL. 1 OF 2 VOL. PAGE 19, SENTENCE 10 THRU 17, COURT: "PLEASE BELIEVE ME, THIS COURT WILL NOT ALLOW, YOU OR ANY DEFENDANT TO COME IN AND SAY "I WANT TO CHANGE LAWYERS, IF NOT I'm GOING TO REPRESENT MYSELF, AND LATER SAY "I DON'T WANT TO REPRESENT myself"/ SEE SAME RECORD, PAGE 21, SENTENCE 12 THRU 20, WHERE COURT SAID: "YOU WILL NOT BE ALLOWED TO COMEBACK IN HERE THE NEXT TIME, WHETHER IT'S ME, JUDGE BARR, OR SOME OTHER JUDGE, AND SAY, "WELL, NOW I WANT A COURT-APPOINTED COUNSEL TO DO THIS. I DON'T WANT TO REPRESENT MYSELF," SEE WHAT I'm SAYING, APPELLANT: YES SIR, I. UNDERSTAND. COURT: SO THAT'S OVER WITH.

APPELLANTS FOURTH ISSUE SHOULD BE RE-VISITED BECAUSE APPELLATE COURTS ARE REQUIRED TO ADDRESS AND HAND DOWN WRITTEN OPINIONS ON EVERY ISSUE RAISED. TEX. R. APP. PROC. 47.1

APPELLANTS FOURTH ISSUE PRESENTED WAS DID COURT COMMIT REVERSEBLE ERROR BY FAILING TO INSURE RIGHT TO CONFLICT FREE REPRESENTATION HAD AND FORCING APPELLANT TO PROCEED IN PRO SE IN VIOLATION OF HIS U.S. CONST. AND TEX. CONST. RIGHTS DENYING APPELLANT A FAIR TRIAL? APPELLATE COURT DECISION WAS ERRONEOUS IN THAT IT UNDERSTOOD APPELLANTS ISSUE TO BE "THAT STANDBY COUNSEL WAS INEFFECTIVE BECAUSE SHE HAD A CONFLICT OF INTEREST," APPELLANT HAS SHOWN THIS COURT, HE HAD NO STANDBY COUNSEL, R.R. AND SUPP 2-PARTS, PRE-TRIAL HEARING, VOL. 2 OF 2 VOL. PAGE 9 THRU 10, SEE R.R. VOL. 2 OF 6 VOL. PAGE 11, SENTENCES 24 THRU 25.

-4-

APPELLANT CONTENDS HE WAS FORCED TO REPRESENT HIMSELF BECAUSE OF CONFLICT OF INTEREST WITH APPOINTED ATTORNEY. IF AN APPELLANT BE REQUIRED TO ACCEPT APPOINTED COUNSEL HE IS NOT REQUIRED TO REPRESENT HIMSELF MERELY ON THE BASES OF HIS DISSATISFACTION WITH APPOINTED COUNSEL, AS WAS APPELLANT. RENFRO v. STATE, 586 S.W. 2d 496-500 (TEX-CRIM. APP. 1979); HILL v. LOCKHART, 474 U.S. 52-59, 106 S. CT. 366-70, 88 L. Ed 2d 203 (1985).

FARETTA, 422 U.S. AT 834, STATES "WHEN A CONVICTED DEFENDANT HAS INSISTED UPON SELF-PRESENTATION, ANY SUBSEQUENT (FROM THAT POINT) CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL IS NOT TO BE CONSIDERED."

APPELLATE COURT IS MISINTERPRETING THE LAW IN SUCH A WAY THAT ALL ANY COUNSEL HAS TO DO IS BE SO INEFFECTIVE THAT DEFENDANTS ARE FORCED TO SELF-REPRESENTATION AND COURTS MUST REFUSE INEFFECTIVE OF COUNSEL CLAIMS."

APPELLANT WILL SHOW THIS COURTS ERRONEOUS VIEW, BECAUSE ITS SISTER COURTS HAVE CONSIDERED THE APPELLATE RECORD UP TO THE POINT OF WHERE SELF-REPRESENTATION BEGAN, SO THIS COURT SHOULD OF CONSIDERED APPELLANTS CLAIM FROM THERE. SEE PEREZ v. STATE, 261 S.W. 3d 760 [TEX-APP., HOUSTON [14 DIST.] 2008]; RODRIGUEZ v. STATE, 763 S.W. 2d 893-96 (TEX. APP-SAN ANTONIO 1988); WARE v. ZANT, 696 F. 2d 940-50 (11TH CIR. 1983).

THEREFORE APPELLANT WILL SHOW THIS COURT TWO (2) INSTANCES OF CONFLICT OF INTEREST THAT ARE SUPPORTED BY RECORD. ON JULY 30, 2012, ON DAY OF TRIAL, SEE C.R. VOL. 1 OF 1, T.C. 1356099, PAGE 130 DOCKET SHEET, SAYS 7/30/12 [AM JURY TRIAL] SAME DAY APPELLANT FILED HIS MOTION TO DISMISS APPOINTED ATTORNEY, SEE C.R. 2ND SUPP. VOL. 1 OF 1, Pg. 4. SHOWING THIS MOTION BECAUSE OF "CONFLICT OF INTEREST" COUNSEL APPOINTED KEEPS REFERRING TO APPELLANT AS HABITUAL. ON JULY 31, 2012, TRIAL CONTINUATION, THE STATE RE-INDICTED APPELLANT, RE-INDICTMENT WAS PREPARED ON JULY 30, 2012. RE-INDICTMENT WAS DONE TO ADD ENHANCEMENTS AS APPOINTED ATTORNEY WANTED. SEE R.R. 2ND SUPP. 2-PARTS, PRE-TRIAL HEARING, VOL 1 OF 2 VOL. PAGE 9 SENTENCE 24 THRU 25, STATE SAID: "YOUR HONOR, WE RE-INDICTED TO PUT AN ENHANCEMENT TO MAKE HIM A TRUE HABITUAL." ON JULY 31, 2012 APPELLANT REQUESTED APPOINTED ATTORNEY OBJECT TO RE-INDICTMENT ON DAY OF TRIAL, SHE REFUSED. SEE R.R. 2ND SUPP 2-PARTS PRE TRIAL HEARING, VOL. 1 OF 2 VOL. PAGE 17, SENTENCE 1 THRU 21.

SECONDLY, ON SEPTEMBER 26, 2012, APPOINTED ATTORNEY AND COURT/STATE, FALSIFIED A GOVERNMENT AND COURT RECORD, A SWORN PAUPERS OATH, THAT APPELLANT PETITIONED COURT FOR APPOINTMENT OF COUNSEL, SEE PAUPERS OATH, C.R. VOL. 1 OF 1, T.C. 1356099, PAGE 154, AND DOCKET SHEET, DATED 9/26/12, C.R. VOL. 1 OF 1, T.C. 1356099, PAGE 284.

THESE SPECIFIC INSTANCES SHOW THAT APPOINTED ATTORNEY ~~ACTIVELY REPRESENTED~~ CONFLICTING INTERESTS FOR HERSELF, COURT AND STATE, THAT ADVERSELY AFFECTED APPELLANTS INTERESTS, BUT HELPED THEIR INTERESTS. ACOSTA v. STATE, 233 S.W. 3d 349 (TEX. CRIM. APP. 2007); CUYLER v. SULLIVAN, 446 U.S. 335, 100 S.CT. 1128, 69 L. Ed. 2d 333 (1980).

APPELLANTS ELEVENTH ISSUE SHOULD BE RE-VISITED BECAUSE COURTS DECISION WAS HAD WITH ERRONEOUS VIEW THAT APPELLANT HAD STANDBY COUNSEL, THAT HENCE APPELLANT HAS PROVEN TO THE CONTRARY. ALSO BECAUSE ALL PROPERLY RAISED ISSUES SHOULD BE ADDRESSED, ALONG WITH ANY SUBSIDIARY QUESTION THAT IS FAIRLY INCLUDED. TEX R. APP. PROC. 38.1(e).

FARETTA HEARING COURT "ABUSED ITS DISCRETION" BY DENYING MOTION FOR CONTINUATION IN PART, ACCESS TO THE LAW LIBRARY. COURT HAD ALREADY GRANTED CONTINUANCE, DENYING ACCESS TO LAW LIBRARY THEREFORE UNREASONABLE. ESPECIALLY FOR REASON GIVEN. SEE R.R. 2ND SUPP. 2-PARTS, PRE TRIAL HEARING. VOL. 2 OF 2 VOL. PAGE 10, "THAT IS THE DANGER AND DISADVANTAGES OF SELF-REPRESENTATION." COURT ADMONISHED APPELLANT TWICE FOR T.C. 1356099, IN SAME RECORD, BOTH VOLUMES, AT NO TIME DID HE MAKE APPELLANT AWARE THAT THERE WAS A DANGER OF NO ACCESS TO LAW LIBRARY. "TRIAL COURT DID SAY APPELLANT WOULD NOT BE GRANTED ANY SPECIAL CONSIDERATION BECAUSE OF HIS LACK OF FORMAL LEGAL TRAINING." BUT WHEN IS IT SPECIAL CONSIDERATION FOR FORMALLY TRAINED INDIVIDUALS TO STUDY AND RESEARCH THE LAW? MILTON v. MORRIS, 767 F. 2d 1443-(9TH CIR.) 1985.

FARETTA, 422 U.S. AT 818, HELD THAT RIGHTS GUARANTEED BY THE SIXTH AMENDMENT OF U.S. CONST. ARE PERSONAL TO THE ACCUSED, "THE RIGHTS TO NOTICE, CONFRONTATION, AND COMPULSORY PROCESS" MEANS AT A MINIMUM, THAT TIME TO PREPARE AND SOME ACCESS TO MATERIALS AND WITNESSES ARE FUNDAMENTAL TO A MEANINGFUL RIGHT OF REPRESENTATION.

COURT FAILED IN ITS DUTY TO INSURE APPELLANTS EYES WERE OPEN TO NO ACCESS TO LAW LIBRARY. ADAMS v. UNITED STATES, EX REL. McCANN, 317 U.S. AT 279, 87 L. Ed. 268, 63 S. CT. 236, 143 ALR 435.

- 5 -

POINT FOUR - FOR RE-REVIEW OF APPELLANTS: FIFTH ISSUE PRESENTED.

APPELLANTS FIFTH ISSUE SHOULD BE RE-VISITED BECAUSE APPELLATE COURTS DECISION WAS ERRONEOUSLY BASED ON MATERIAL MISSTATEMENTS OF APPELLATE RECORD AND FACTS OF CAUSE. MELTON V. STATE, 750 S.W. 2d 281-84 (TEX. APP.- HOUSTON [1 DIST] 1985; U.S. V. MARTIN, 615 F.2d 318-28 (5TH CIR. 1980)

APPELLANTS FIFTH ISSUE WAS REASONED WITH MATERIAL MISSTATEMENTS ON APPELLATE RECORD: "THAT INVESTIGATING OFFICER ASKED BAR OWNER FOR A COPY OF SURVEILLANCE VIDEO FROM NIGHT OF SHOOTING. ROBERT CABALLERO AN OFF DUTY OFFICER, THERE TO WORK SECURITY, AN EXTRA JOB, SEE. R.R. VOL. 4 OF 6 VOL. PAGE 9, NOT A INVESTIGATING OFFICER, ASKED MANAGER OF BAR NOT OWNER, FOR COPY OF VIDEO. R.R. VOL. 4 OF 6 VOL. PAGE 10, SENTENCES 16 THRU 22, WHERE MANAGER OF BAR TESTIFIED, THAT HE AND OFF DUTY OFFICERS, ONE WHO WAS CABALLERO, WERE WATCHING THE VIDEO THEMSELVES AND THEN ASKED FOR CHIP, (VIDEO). PEDRO TESTIFIED THAT HE THINKS HE GAVE VIDEO DISK (CHIP) TO CABALLERO OR WHEN H.P.D. CAME W CAR, GAVE IT TO HIM. R.R. VOL. 4 OF 6 VOL. PAGES 16 AND 17. COURT ERRONEOUSLY INDICED THAT CABALLERO TESTIFIED HE TOOK DISK DRIVE VIDEO TO HPD PROPERTY ROOM WHERE IT WAS TAGGED. THIS IS ANOTHER "MATERIAL MISSTATEMENT". THE RECORD SHOWS AT R.R. VOL. 4 OF 6 VOL. PAGE 20 SENTENCE 8 THRU 10, SHOWS THAT AN ON DUTY UNIT, RETRIEVED AND TAGGED IT INTO H.P.D. PROPERTY ROOM. C.R. VOL. 1 OF 1, T.C. #1356099, PAGE 75, SHOWS EVIDENCE, [FLASH DRIVE VIDEO OF THE SHOOTING OF COMPLAINTANT BY SUSPECT], TAKEN TO PROPERTY ROOM TAGGED AS EVIDENCE BY ON DUTY OFFICER NOT CABALLERO.

COURT THEN WRONGLY DEDUCED THAT APPELLANT CLAIMED THAT VIDEO MIGHT HAVE EXONERATED HIM, MAKING IT POTENTIALLY USEFUL EVIDENCE, APPELLANTS PRO SE BRIEF IN REPLY TO STATE APPELLATE BRIEF, ONLY STATES THAT BY POLICE ACTIONS "SUCH AS WATCHING" VIDEO THEN LABELING IT "FLASH DRIVE VIDEO OF THE SHOOTING OF COMPLAINTANT BY SUSPECT", INDICATE THAT VIDEO EVIDENCE COULD FORM BASIS FOR EXONERATING APPELLANT. BRADY, 373 U.S. AT 82-83, BRADY EVIDENCE DOES NOT REQUIRE THE EXCULPATORY (IMPEACHING), EVIDENCE BE CERTAIN TO EXONERATE, ONLY THAT IT MAY DO SO IF USED EFFECTIVELY. SEE, BAGLEY, 473 U.S. AT 676.

APPELLANT ASSERTS THAT THIS COURT SHOULD OF PROPERLY ADDRESSED ALL STATED ISSUES OR POINTS RAISED ON BRADY BY APPELLANT COVERING EVERY SUBSIDIARY QUESTION THAT WAS FAIRLY INCLUDED. TEX. R. APP. PROC. 38.1 (e).

CONSIDERING THIS THE COURT SHOULD RE-ANALYZE ITS DECISION ON SHOWING OF BAD FAITH, BAD FAITH BY APPELLANT HAVING DUE REGARD FOR HIS RIGHTS. APPELLANT HAS SHOWN BAD FAITH BY STATE AND WILL DO SO AGAIN. SEE R.R. 2ND SUPP 2-PARTS, PRE-TRIAL HEARING AND "COLLOQUY", VOL. 1 OF 2 VOL. PAGE 31 SENTENCE 11 THRU PAGE 33 THRU SENTENCE 12, "COLLOQUY": STATE- SAYS NO FILM. WE WON'T BE OFFERING NO FILM. APPELLANT- NO VIDEO; COURT- NO VIDEO? NO FILM? STATE- CORRECT. COURT- OKAY. ALL RIGHT. PRIOR APPOINTED ATTORNEY- THAT'S CORRECT YOUR HONOR. I'VE BEEN OUT THERE. COURT- OKAY, LETS DO THIS. PRIOR APPOINTED ATTORNEY- THERE IS NONE. (VIDEO). COURT- DID YOU ARRANGE FOR AN INVESTIGATOR, IS THAT RIGHT? PRIOR APPOINTED ATTORNEY- YES, JUDGE. COURT- YOU HAD A OPPORTUNITY TO REVIEW STATES FILE? PRIOR APPOINTED ATTORNEY,- YES, I HAVE. SAME RECORD, SENTENCE 25. PRIOR APPOINTED ATTORNEY- INCLUDING TRYING TO FIND IF THERE IS ANY VIDEO. THE INVESTIGATOR LOOKED EXTENSIVELY FOR THAT, THERE IS NONE. (VIDEO) SAME RECORD, AT PAGE 33. APPELLANT SHOWS, SEE C.R. VOL. 1 OF 1, T.C. 1356099, PAGE 75 [FLASH DRIVE VIDEO OF THE COMPLAINT-ANT BY SUSPECT] TO COURT FROM PAPERWORK HANDED TO APPELLANT SAME DAY, SAME RECORD PAGE 15 SENTENCE 14 THRU 16. PRIOR APPOINTED ATTORNEY — BUT THERE IS NONE, WE CHECKED! THEN AND ONLY THEN DID STATE ADMIT (VIDEO) BUT CLAIMED INADVERTENCE!

THEREFORE APPELLANT HAS SHOWN THAT BRADY MATERIAL, IDENTIFIED AS [FLASHDRIVE VIDEO OF THE SHOOTING OF COMPLAINTANT BY SUSPECT] EVIDENCE WITH MATERIALLY APPARENT EXCULPATORY AND IMPEACHING VALUE, THAT HAS BEEN IN EVIDENCE SINCE DECEMBER 31, 2011. AT PRE-

- 6 -

HEARING. ON FEBRUARY 4, 2013, ONE (1) YEAR AND (1) MONTHS LATER, ONLY BECAUSE APPELLANT DECIDED TO PROCEED IN PRO SE, COURT ORDERED STATE TO GIVE FILE, APPELLANT FOUND MENTION OF VIDEO! APPELLANTS PRIOR APPOINTED ATTORNEY STATES SHE REVIEWED STATES FILE! NO MENTION OF ANY VIDEO EVEN THOUGH ITS BEEN IN EVIDENCE SINCE DECEMBER 31, 2011. SHE TESTIFIED SHE HIRED INVESTIGATOR TO LOOK EXTENSIVELY FOR VIDEO. INVESTIGATOR FOUND NO EVIDENCE OF A VIDEO OR INADVERTLANCE PERTAINING TO ONE. MORE IMPORTANTLY STATE CONTINUED TO DENY VIDEO UNTIL APPELLANT PRESENTED COURT EVIDENCE OF VIDEO. THEN AND ONLY THEN DID STATE CLAIM INADVERTLANCE, THAT MANAGER NEVER COPIED IT! SAYS WHO, BUT MORE IMPORTANTLY IS WHEN HE SAID IT? WHEN PRO SE REQUESTED TO SEE VIDEO!

POINT FIVE - FOR RE-REVIEW OF APPELLANTS THIRTEENTH ISSUE PRESENTED.

APPELLANTS THIRTEENTH ISSUE SHOULD BE RE-VISITED AS COURT DID NOT ADDRESS ALL STATED ISSUES SUCH AS RAISED IN APPELLANTS PRO SE REPLY BRIEF TO STATES APPELLATE BRIEF, APPELLANTS CONTRADICTION TO UNTRUE FACT, T.R.A.P. 38.1(9) "BULLET PUNCTURED HIS LUNG" AND OTHER ISSUES RAISED COVERING EVERY SUBSIDIARY QUESTION FAIRLY INCLUDED. TEX.R.APP. PROC. 38.1(e).

APPELLATE COURT ERRONEOUSLY ASSUMED APPELLANTS CLAIM WAS THAT TRIAL COURT ERRED BY PERMITTING STATE TO ADDUCE COMPLAINTANTS FALSE TESTIMONY REGARDING MEDICAL TREATMENT HE RECIEVED AFTER SHOOTING. APPELLANTS CLAIM IS THAT THE STATE USED FALSE TESTIMONY TO OBTAIN A CONVICTION, AND THE STATE KNEW IT WAS FALSE. SEE R.R. VOL. 6 OF 6 VOL. STATES EXHIBIT 33. FALSE IMPRESSIONS THAT GAVE JURY A PICTURE OF COMPLAINTANT WITH SERIOUS BODILY INJURY, AND WHOM HAD BEEN FACING RISK OF DEATH. IN OTHER WORDS THESE PERJURIES TESTIMONIES ALONG WITH "BULLET PUNCTURED HIS LUNG", ANOTHER UNTRUTH THAT CAUSED A RATIONAL JURY TO HAVE FOUND APPELLANT USED WEAPON IN SUCH WAY "INTENTENTLY" TO HAVE BEEN ABLE CAUSE THE FALSE INJURIES SUFFERED AND THIS CONTRIBUTED TO APPELLANTS CONVICTION. NAPUE, 360 U.S. AT 269, 79 S.CT. 1173; ALCORTA, 355 U.S. AT 32, 78 S.CT. 103.

AND THERE IS A REASONABLE LIKELIHOOD THAT THESE NUMEROUS FALSE TESTIMONIES COULD OF AFFECTED THE JUDGMENT OF THE JURY. AGURS, 427 U.S. AT 103, 96 S.CT. 2392; ADAMS. 768 S.W.2d AT 292.

COURTS SHOULD NOT GUESS OR ASSUME THAT THE JURY DID NOT SYMPATHIZE WITH COMPLAINTANT BECAUSE OF HIS PERJURIES FALSE TESTIMONIES, "LIFE FLIGHT" ON THE BRINK OF DEATH; MD ANDERSON HOSPITAL ASSOCIATED WITH IMMEDIATE DEATH, "BLACKED OUT, LOSS OF BREATH AT DEATHS DOOR; IN INTENSIVE CARE FOR WEEKS," INJURIES SO SERIOUS COULDN'T SEE SON FOR DAYS, YET CHAPLAIN STATED "NO VISABLE INJURIES, SEEN SON SAME DAY SHOT! OR THAT THESE PERJURIES TESTIMONIES DID NOT LESSEN THE STATES DUTY TO PROVE ALL ELEMENTS OF CHARGE. WINSHIP, 397 U.S. AT 364, 25 L.Ed.2d 368, 90 S.CT. 1068.

THE U.S. SUPREME COURT HAVE SAID THAT STRICT STANDARDS ARE APPROPRIATE FOR FALSE TESTIMONY CASES, BECAUSE THEY NOT ONLY INVOLVE "PROSECUTORIAL MISCONDUCT, BUT ALSO A CORRUPTION OF THE TRUTH SEEKING FUNCTION OF THE TRIAL PROCESS. AGURS, 427 U.S. AT 104, 96 S.CT. AT 2397.

APPELLANT DID DENY SHOOTING COMPLAINTANT BY PUTTING GUN UP AGAINST CHEST OR AT POINT BLANK RANGE. SEE R.R. VOL. 4 OF 6 VOL. PAGE 65 SENTENCE 17 THRU 19; JOSE COMING AT ME, GUN WENT OFF. SEE R.R. VOL. 4 OF 6 VOL. PAGE 86, SENTENCE 11 THRU 15. SHOT ACCIDENT!

POINT SIX - FOR RE-REVIEW OF APPELLANTS SEVENTH ISSUE PRESENTED.

APPELLANTS SEVENTH ISSUE SHOULD BE RE-VISITED BECAUSE APPELLATE COURT DID NOT ADDRESS ISSUE PRESENTED.

APPELLANT DOES NOT CLAIM THAT TRIAL COURT DEPRIVED HIM OF A FAIR AND IMPARTIAL TRIAL BY APPOINTING THE SAME ATTORNEY WHO HAD PREVIOUSLY BEEN APPOINTED TO REPRESENT APPELLANT AFTER HE WAS RE-INDICTED.

- 7 -

CLAIM OF APPELLANT IS THAT TRIAL COURT AND APPOINTED ATTORNEY, FALSIFIED A GOVERN-MENT RECORD, (A SWORN PAUPER'S OATH) THAT APPELLANT PETITIONED COURT FOR APPOINTMENT OF COUNSEL. DATED SEPTEMBER 26, 2012, SEE C.R. VOL.1 OF 1, T.C. 1356099, PAGE 154, SEE ALSO C.R. VOL.1 OF 1, T.C. 1356099, DOCKET SHEET, DATED 9/26/12 - STATING DEFENDANT FILED A SWORN PAUPER'S OATH, AND JUDGE BARR, JEANINE ORDERED SHANNON, HATTIE SEWELL APPOINTED AS APPOINTED DEFENSE ATTORNEY. SAID PAUPERS OATH AT PAGE 154, WAS NOT SIGNED BY APPELLANT. SO IT IS ERRONEOUS TO PRESUME THAT BECAUSE APPELLANT FILED A MOTION TO DISMISS APPOINTED ATTORNEY, ON JULY 30, 2012, THAT HE PETITIONED COURT. A MOTION IS NOT A SWORN PAUPERS OATH, AND APPELLANTS MOTION TO DISMISS ATTORNEY WAS NOT EVEN CONSIDERED AND DENIED UNTIL FEBRUARY 4, 2013. SEE R.R 2ND SUPP, 2-PARTS, PRE-TRIAL HEARING, VOL.6 OF 2, PAGE 30 SENTENCE 4.

SO COURTS ILLEGAL ACTION OF FALSIFYING GOVERNMENT RECORD, APPOINTING ATTORNEY WHO COURT KNEW APPELLANT HAD CONFLICT OF INTEREST, WHO COURT KNEW REFUSED TO OB-JECT OF RE-INDICTMENT ON DAY OF TRIAL, ALSO COURTS DEVIATION FROM ESTABLISHED METHOD FOR APPOINTING ATTORNEYS UNDER Tex. Code Crim. Pro. ART. 26.04. ARE ALL SHOWING OF JUD-ICIAL IMPROPRIETIES AND ILLUSTRATE APPELLANT WAS PREJUDICED BY IT. SULLIVAN v. STATE, 980-S.W. 2d 219 (TEX. CRIM APP. 1998), ARIZONA v. FULMINANTE, 499 U.S. 279-309, 111 S. CT. 1246-65, 113-L. Ed. 2d 302 (1991).

AND SO APPELLANT WAS DENIED HIS DUE PROCESS RIGHTS TO AN IMPARTIAL TRIBUNAL. U.S. CONST. AMEND. IV, VI, XIV; TEX. CONST. 1 §10, 19; BRUMIT v. STATE, 206 S.W. 2d 639-45 (TEX. CRIM. APP. 2006), GAGNON v. SCARPELLI, 411 U.S. 778-86, 93 S.CT. 1756 (1973).


POINT SEVEN - FOR RE-REVIEW OF APPELLANTS: THIRD ISSUE PRESENTED.

APPELLATE COURTS ARE REQUIRED TO ADDRESS AND HANDDOWN WRITTEN OPINIONS ON EVERY ISSUE RAISED. TEX. R. APP. PROC. 47.1 ALSO PROPERLY RAISED ISSUES OF ISSUE PRESENTED SHOULD OF BEEN ADDRESSED, BECAUSE THE STATEMENT OF AN ISSUE OR POINT WILL BE TREATED AS COVERING EVERY SUBSIDIARY QUESTION THAT IS FAIRLY INCLUDED. TEX.R.APP. PROC. 38.1 (e).

APPELLANTS THIRD ISSUE PRESENTED WAS NOT JUST COURT REPORTER FAILED TO RECORD ALL THE TRIAL PROCEEDINGS, BY FAILING TO RECORD BENCH CONFERENCES AND THAT THE RECORD CONTAINED OTHER OMMISSIONS, SUCH AS MISSING WORDS AND UNCLEAR NOTATIONS. THIS WAS STATES CLAIM OF APPELLANTS ISSUE PRESENTED.

FOR THAT REASON APPELLATE COURT SHOULD RE-VISIT APPELLANTS THIRD ISSUE AND HANDDOWN WRITTEN OPINION ON EVERY ISSUE, NOT JUST THOSE THE STATE ASKS FOR. THIS COURT RELIED ON STATE'S APP-ELLATE BRIEF OF ISSUE APPELLANT PRESENTED RATHER THAN ON ISSUE PRESENTED ON HIS APPELLANT PRO SE BRIEF AND HIS APPELLANTS PRO SE REPLY BRIEF TO STATES APPELLATE BRIEFS. THE CLAIM WAS THAT IN ACCORDANCE WITH TEX. GOV'T CODE ANN. § 52.046(a) COURT REPORTER FAILED TO RECORD ALL PROCEEDINGS, AFTER REQUEST AND AFTER COURT GRANTED APPELLANTS MOTION FOR COURT REPORTER TO RECORD ALL PROCEEDINGS, SEE C.R. VOL. 1 OF 1, T.C.# 1356098, P. 136-138.

BY FAILING TO RECORD ALL MANDATORY REQUIREMENTS OF THIS MOTION, TEN (10) SPEC-IFALLY, NOT JUST TWO (2) AS STATE AND COURT SURMISE. THE STATE ARGUED THAT APP-ELLANT WAIVED THESE ISSUES BY NOT OBJECTING AT TRIAL TO COURT REPORTER PRE-SENCE AND BENCH CONFERENCES AND OMISSIONS IN RECORD, EVEN WITH COURTS GRANTING OF HIS MOTION AND COURT AGREED.

THIS IS ERRONEOUS FINDING BECAUSE APPELLANT HAD PROVIDED EVIDENCE THAT HE WAS NOT REQUIRED TO OBJECT, WHICH THIS COURT IGNORES, SEE APPELLANTS MOTION FOR COURT REPORTER TO RECORD ALL PROCEEDINGS, C.R. VOL. 1 OF 1, T.C. 1356098 P. 136-138, SEE PAGE 137 WHERE IT CLEARLY STATES: THIS MOTION IS A CONTINUING MOTION AND THE DEFENDANT RE-QUESTS A RULING FROM THE COURT ON THIS MOTION WHICH RULING OF THE COURT IS ALSO A CONTINUING RULING THROUGHOUT THIS CAUSE. SEE PAGE 138 GRANTED ON MAY 14, 2013.

AT THE SAME TIME APPELLANT HAS SHOWN COURT THAT TEXAS LAW HAS TWO (2) EXCEPTIONS TO THE REQUIREMENT THAT A PARTY CONTINUE TO OBJECT, THESE TWO (2) EXCEPTIONS ARE

- 8 -

(1) OBTAIN A RUNNING/CONTINUING OBJECTION OR (2) REQUEST A HEARING OUTSIDE THE PRESENCE OF THE JURY. SEE MARTINEZ v. STATE, 98 S.W. 3d 189 (TEX. CR. APP 2003).

A RULING APPELLANT HAS RECEIVED AS SHOWN ON PAGE 8 THIS MOTION AND AT C.R. VOL. 1 OF 1 T.C. 1356098, PG. 136-138. SO APPELLANT HAS PRESERVED ERROR, AND THE SUBSIDIARY QUESTION THAT REMAINS IS DID "STATE" WAIVE ITS RIGHT TO COMPLAIN ABOUT ISSUE PRESENTED BY NOT OBJECTING AT TRIAL TO APPELLANTS MOTION. STATE v. MERCADO, 972 S.W. 2d 75-78 (TEX. CRIM. APP. 1998) (PER CURIAM).

APPELLANT ALSO PRESENTS THAT DEFENDANTS/PRO SE HAVE RIGHT TO PRESENCE AT SIDE-BARS AND BENCH CONFERENCES HIS EXCLUSION IS VIOLATIVE, BUT MORE SO THE EXCLUSION OF COURT REPORTERS FAILURE TO RECORD THESE SIDE-BARS AND BENCH CONFERENCES, BECAUSE IT DENIES APPELLANTS DUE PROCESS RIGHTS TO FUNDAMENTAL FAIRNESS TO DEFEND AGAINST THE CHARGE AT TRIAL AND FOR A EFFECTIVE APPELLATE REVIEW. U.S. v. GAGNON, 470 U.S. 522-26, 105 S. CT. 1482, 84 L. Ed. 2d 486 (1985).

FINALLY APPELLANT DID NOT WAIVE ANY CHALLENGE TO APPELLATE RECORD THROUGH OUT THE PROCESS OF ESTABLISHING A ACCURATE APPELLATE RECORD. APPELLANT HAS FILED REQUESTS UNDER T.R.A.P. 34. A (b) "ANY FILING THAT A PARTY DESIGNATES TO HAVE INCLUDED IN RECORD," (6) AND REQUESTS FOR ADDITIONAL ITEMS, ALL REQUESTS THAT APPELLANT SENT TO TRIAL COURT WERE ALSO PROVIDED TO APPELLATE COURT. BECAUSE COURT/STATE REFUSED TO COMPLY DOES NOT WAIVE APPELLANTS RIGHTS.

APPELLANT CONTINUED TO INFORM APPELLATE COURT OF "INCOMPLETE RECORD," SEE LETTER TO APPELLATE COURT, DATED JUNE 6, 2014. SEE NOTICE OF DESIGNATION OF LEAD COUNSEL (PRO SE STATUS) AND MOTION FOR SANCTIONS, DATED APRIL 13, 2014. SEE APPELLANTS MOTION FOR RE-CONSIDERATION DATED SEPTEMBER 30, 2014. AND THEN SEE THIS COURTS MEMORANDUM AND ORDER DATED SEPTEMBER 18, 2014, JUSTICE R. HUDDLE, DECLARED RECORD IS COMPLETE.

APPELLATE COURT DOES NOT HAVE THE AUTHORITY TO DETERMINE THE ACCURACY OF THE APPELLATE RECORD. CAMP v. STATE, NO. 10-99-328-CR COURT OF APPEALS OF TEXAS. AT WACO. AND SO BECAUSE OF APPELLANTS CONTINUOUS OBJECTIONS OF IN-COMPLETE RECORD NOT JUST ABOUT FARETTA, APPELLATE COURT SHOULD OF SUBMITTED QUESTION TO TRIAL COURT, T.R.A.P. 34.5(e) MOSS v. STATE, 13 S.W. 3d 877-80 (TEX. APP.-FORTWORTH, 2000). TO REQUIRE MORE FROM APPELLANT VIOLATES, TEX. GOV'T CODE ANN § 22.108 (VERN. SUPP 2000).

POINT EIGHT - FOR RE-REVIEW OF APPELLANTS SIXTH ISSUE PRESENTED.

APPELLANTS SIXTH ISSUE PRESENTED REQUIRES RE-VISITING BECAUSE APPELLATE COURT ERRONEOUSLY RELIED ON STATES ARGUMENT OF ISSUE, RATHER THAN ADDRESS APPELLANTS PROPERLY RAISED ISSUE PRESENTED. TEX. R. APP. PROC. 38.1(e).

APPELLANTS SIXTH ISSUE PRESENTED WAS NOT THAT 911 CD WAS DIFFERENT BRAND THEN WHAT WAS ON FILE FOR OVER A YEAR. APPELLANT CONTENTION WAS HIS DUE PROCESS RIGHTS UNDER U.S. CONST. 14TH AMEND. AND TEX. CONST. I § 10, 19, WERE VIOLATED AND DENYING HIM A FAIR TRIAL. BY STATE AND COURT REPORTER TAMPERING WITH EVIDENCE, BY REPLACING, STATES EXHIBIT 17, AT C.R. VOL. 1 OF 1, T.C. 1356098, PAGE 57 WITH BUSINESS AFFIDAVIT ATTACHED Pg. 56 SAME RECORD. PROPERLY ADMITTED INTO EVIDENCE, WITH ILLEGAL EVIDENCE, NOW CALLED STATES EXHIBIT 17 AT R.R. VOL 6 OF 6 VOL. NEVER ADMITTED INTO EVIDENCE, THAT IS PROVEN BECAUSE OF DIFFERENT BRAND OF CD AND MISSING DISTINCTIVE MARKINGS.

SO APPELLANT COULD NOT WAIVE HIS ISSUE FOR DIFFERENT OBJECTION, IF THE ISSUE HE IS OBJECTING ABOUT 911 TAPE, IS DIFFERENT FROM THE 911 TAPE HE OBJECTED TO! SEE R.R. VOL. 2 OF 6 VOL. PAGE 139 (COLLOQUY) "THE STATE: YOUR HONOR, AT THIS TIME I TENDER STATE'S 17 TO DEFENSE COUNSEL, IT HAS BEEN PUBLISHED FOLLOWING BUSINESS RECORDS AFFIDAVIT; ALSO IN CLERKS FILE. (STATES EXHIBIT 17 OFFERED). THE COURT: SO YOU THINK THIS IS THE 911 AUDIO TAPE THAT HAS BEEN IN THE CLERK'S FILE FOR AWHILE."

- 9 -

COURT: ANY OBJECTION MR. RODRIGUEZ? APPELLANT: WELL I HAVE ONE OBJECTION BECAUSE THE COPY I WAS GIVEN. COURT: TELL ME WHAT YOUR OBJECTION IS. APPELLANT: THE COPY I WAS GIVEN SAYS THERE IS NO AUDIO SINCE THE PAST SIX MONTHS. SEE C.R. VOL. 1 OF 1 T.C. 1356099 PAGE 166. AND I OBJECT TO IT BECAUSE I NEVER RECIEVED A COPY OF IT. STATE: JUDGE, THIS RECORDING HAS BEEN IN THE CLERKS FILE FOR PROBABLY ABOUT A YEAR. COURT: I WILL ADMIT STATE'S 17, IN THIS CASE, A 911 AUDIO TAPE, I PRESUME, IS THAT CORRECT, COUNSEL? (STATES EXHIBIT 17 ADMITTED) SEE C.R. VOL. 1 OF 1 T.C. 1356099, PG 166. STATE: YES, JUDGE, MAY I PUBLISH STATES 17? COURT: YOU MAY, SIR. STATE: I WILL HAVE TO PUBLISH STATES 17 TOMMORROW? ON MAY 14, 2013 STATE COULD NOT PUBLISH, STATES EXHIBIT 17.

ON MAY 15, 2013, AT R.R. VOL. 3 OF 6 VOL. PG. 7. BEGINNING AT SENTENCE 1 (COLUMN) STATE: JUDGE MAY I PUBLISH STATES 17 AND CALL THE NEXT WITNESS? COURT: YOU WANT TO PUBLISH STATE'S 17, STATE'S 17 IS THE CD THEY WERE WRESTLING WITH YESTERDAY ON THE AUDIO PORTION, AND THAT'S STATE EXHIBIT 17. THAT IS EXTENT OF COURT REPORTER'S RECORDING OF 911 TAPE (ILLEGAL ONE) IS MISSING FROM RECORD THE PUBLISHING OF 911 TAPE TO JURY, JURY REACTION AND APPELLANTS OBJECTION TO PUBLISHING MYSTERIOUSLY ABSENT FROM RECORD. STATES EXHIBIT 17, ILLEGAL ONE AT, R.R. VOL 6 OF 6 WAS NEVER TENDERED TO PRO SE/APPELLANT SO HE HAD NO WAY OF BEING AWARE OF TAMPERING, TWICE DENIES APPELLANT RIGHT TO CHALLENGE TO 911 TAPE AT PG 57 OBJECTION AT TRIAL AND THE LEGALITY OF BOTH UNDER TEX. RULES OF EVID. RULE 403.

STATE EXHIBIT 17 AT R.R. VOL. 6 OF 6 VOL. IS NOT 911 TAPE APPELLANT OBJECTED TO, SO HE OBJECTS AS SOON AS HE BECAME AWARE ON REVIEW OF APPELLATE RECORD. STATE AND COURT REPORTER TAMPERING WITH EVIDENCE OF THIS (OFFICIAL PROCEEDING IN PROGRESS) WAS HAD WITH INTENT TO IMPAIR ITS VERITY, VIOLATES APPELLANTS DUE PROCESS RIGHTS." THE TOUCHSTONE OF OUR PROCESS IS FUNDAMENTAL FAIRNESS. EVLER V. STATE, 218 S.W. 3d 898-91 (TEX. CRIM. APP. 2007).

THERE FORE CREATING A MORE THAN REASONABLE LIKELIHOOD THAT 911 TAPE MATERIALLY AFFECTED JURY'S DELIBERATIONS, WHICH IS MORE PREVALENT FROM ALL PORTIONS OF ITS PUBLISHING TO JURY, AND THEIR REACTIONS, OR APPELLANTS AT THE TIME IS MISSING FROM THE RECORDS, IS NOT HARMLESS BEYOND A REASONABLE DOUBT. WESBROOK V. STATE, 2495 S.W. 3d 103-19 (TEX CRIM APP 2000) SATTERWHITE V. STATE, 600 S.W. 2d 277-95 (TX. CRIM APP 1979)

POINT NINE - FOR RE-REVIEW OF APPELLANTS' EIGHTH ISSUE PRESENTED.

APPELLANTS EIGHTH ISSUE PRESENTED RE-QUIRES RE-VISITING BECAUSE OF MISINTERPRETATION OF APPELLANTS NOVEL ARGUMENT, TONG V. STATE, 25 S.W. 3d 707 (TEX. CRIM APP 2000) AND BECAUSE HE DID NOT CONVEY POINT. BARNES V. STATE, 832 S.W. 2d 424-26 (TEX. APP. HOUSTON [1ST DIST.] 1992.

APPELLANTS EIGHTH ISSUE WAS "TRIAL COURT ABUSED ITS DISCRETION" BECAUSE COURT FAILED TO ENTER WRITTEN RULINGS ON DEFENDANTS MOTION TO HAVE WRITTEN RULINGS MADE ON ALL MOTIONS FILED BY DEFENDANT, SEE C.R. VOL. 1 OF 1 T.C. 1356099, PGES 157-58. MOTION THAT COURT GRANTED ON MAY 14, 2013. ON THIS MOTION APPELLANT INFORMED COURT THE RULINGS WERE NEEDED TO PROPERLY PRESERVE ERROR FOR APPELLATE REVIEW WHICH MAY ARISE FROM THE RULINGS OF THE COURT ON THE DEFENDANTS VARIOUS MOTIONS, THERE MUST BE A WRITTEN ORDER GRANTING, OVERRULING, OR OTHERWISE QUALIFYING SAID MOTIONS, AND IN THE ABSENCE THERE OF THE DEFENDANT WILL BE DEPRIVED OF HIS RIGHT TO PRESENT ERROR FOR APPELLATE REVIEW. DEPRIVING DEFENDANT OF HIS RIGHTS TO DUE COURSE OF LAW, GUARANTEED HIM BY ART. 1 § 19 OF THE TEX. CONST. AND THE DUE PROCESS OF THE LAW AND EQUAL PROTECTION OF THE LAW GUARANTEED HIM BY THE 5TH + 14TH AMEND. OF U.S. CONST.
THE DUE PROCESS CLAUSES OF THE FEDERAL CONSTITUTION AND DUE COURSE OF LAW PROVISION IN STATE CONST. MEAN THE SAME THING. JEREMEZ V. STATE, 32 S.W. 3d 233-42 (TEX G. APP. 2000) (MCCORMICK P.J. CONCURRING).

APPELLANT CLAIMS THAT COURTS FAILURE TO MAKE WRITTEN RULINGS ON ALL APPELLANT MOTIONS, THAT EVEN IF APPELLANT WAS CLEARLY PREJUDICED APPELLANT FROM PRESENTING ITS "DEFENSIVE THEORY". IT ACCIDENTLY DISCHARGED. SEE R.R. VOL. 4 OF 6 VOL. PAGE 86 SENTENCES 11 THRU 15, "SHOT ACCIDENT." A MATERIAL FACT THAT COULD SUBSTANTIALLY AFFECT JURY'S VERDICT.
SEE APPELLANTS DEFENDANT MOTION FOR WEAPONS EXPERT WITNESS ASSISTANCE AND FEE IN INDIGENT CASE, AT C.R. VOL. 1 OF 1 T.C. 1356099 THAT APPELLANT FILED ON MARCH 13, 2013, AFTER RECIEVING PRO SE STATUS, WHICH STATE RECIEVED ON MARCH 15, 2013. TWO (2) MONTHS RECORDS SHOW BY POST MARK AT PAGE 298 OF C.R. VOL. 1 OF 1 T.C. 1356099, STATE RECIEVED ON MARCH 15, 2013. TWO (2) MONTHS BEFORE TRIAL.
THAT SHOWS THAT MOTION WASN'T FILED UNTIL MAY 29, 2013, (6) WEEKS AFTER TRIAL, CLEARLY EFFECTING

- 10 -

1/ PAGES 276 THRU 278

APPELLANT'S BURDEN TO PROPERLY INITIATE THE COMPLETION OF A RECORD SUFFICIENT TO ILLUSTRATE REVERSABLE ERROR. TEX.R.APP.PROC. 3.3.

THE UNITED STATES SUPREME COURT HAS DECLARED THAT DUE PROCESS REQUIRES THAT A DEFENDANT BE GIVEN ACCESS TO THE RAW MATERIALS INTGRAL TO THE BUILDING OF AN EFFECTIVE DEFENSE. THIS ACCESS INCLUDES THE APPOINTMENT OF EXPERTS. AKE v. OKLAHOMA, 470 U.S. 68-■ 77, 105 S.CT. 1087-92, 84 L.E.2d 53 (1985).

## III.

FOR THE REASONS APPELLANT HAS STATED ABOVE, APPELLANT PRO SE, RESPECTFULLY REQUESTS REHEARING ON ALL NINE POINTS WITH ISSUES CONTAINED THERE IN. APPELLANT CANNOT PRODUCE COPY OF OPINION OF THIS BECAUSE OF INDIGENCY.

## V.

APPELLANT, PRO SE PRAYS THAT THIS APPELLATE COURT GRANT THIS MOTION FOR REHEARING AND ISSUE A NEW OPINION IN DUE REGARD OF APPELLANTS RIGHTS AND THE PROPER ADMINISTRATION OF JUSTICE, SIGNED THIS 24TH DAY OF MARCH, 2016.

RESPECTFULLY SUBMITTED,

APPELLANT PRO SE SAMUEL ESPINOZA RODRIGUEZ
#1858964 POLUNSKY UNIT AD. SEG - DEATH ROW
3872 F.M. 350 SOUTH (12-F-05)
LIVINGSTON, TEXAS 77351-8580

CERTIFICATE OF SERVICE

I, SAMUEL ESPINOZA RODRIGUEZ, HEREBY CERTIFY THAT ON MARCH 24, 2016, A TRUE AND CORRECT ORIGINAL APPELLANTS PRO SE MOTION FOR REHEARING, WAS SENT TO COURT OF APPEALS FIRST DESTRICT COURT OF TEXAS, CLERK, CHRIS DANIEL, CLERK, AT 301 FANNIN STREET, HOUSTON, TEXAS, 97002-2066, AND COPY OF SAME SENT TO ALAN CURRY, APP. DIV. HARRIS COUNTY, DIST. ATTY. OFFICE, AT 1201 FRANKLIN STE. 600, HOUSTON, TX. 97002-1923, BY PLACING IN PRISON OFFICIALS POSSESSION FOR MAILING, WITH FIRST CLASS POSTAGE.

APPELLANT PRO SE

VERIFICATION AND DECLARATION

I, SAMUEL ESPINOZA RODRIGUEZ, #1858964, BEING PRESENTLY INKARCERATED IN THE ALAN B. POLUNSKY UNIT, OF THE TEXAS DEPT. OF CRIMINAL JUSTICE, INST. DIV. IN POLK COUNTY, TEXAS, DO VERIFY AND DECLARE UNDER THE PENALTY OF PERJURY, THAT THE FORE-GOING STATEMENTS ARE TRUE AND CORRECT. EXECUTED ON THIS THE 24 DAY OF MARCH 2016.

APPELLANT PRO SE

-11-

CASE NOS. 01-13-00447-CR AND 01-13-00448-CR
TR. COURT NO. 1356098 & TR. COURT NO. 1356099

SAMUEL ESPINOZA RODRIGUEZ, APPELLANT,     §     IN THE COURT OF APPEALS

v.     §     FIRST DISTRICT OF TEXAS

     §

THE STATE OF TEXAS, APPELLEE,     §     AT HOUSTON

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS
MAY -9 2016
CHRISTOPHER A. PRINE
CLERK

APPELLANTS PRO SE MOTION FOR EN BANC RECONSIDERATION

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW APPELLANT, SAMUEL ESPINOZA RODRIGUEZ, PRO SE, IN THE ABOVE TITLED AND NUMBERED CAUSES, PURSUANT TO TEX. R. APP. PROC. 49.2 AND 40.2, AND MOVES THIS EN BANC COURT TO ORDER RECONSIDERATION OF PANEL DECISION AND OPINION, ISSUED ON ABOVE MENTIONED CAUSES ISSUED ON MARCH 10, 2016. APPELLANT REQUESTS THAT THIS EN BANC COURT RECONSIDER, PANELS DECISIONS AND OPINION, TO MAINTAIN AND SECURE UNIFORMITY OF THIS COURT DECISIONS AND BECAUSE OF EXTRAORDINARY CIRCUMSTANCES HAVING UNIQUE REGARDS FOR APPELLANTS RIGHTS RESULTING IN THE IMPROPER ADMINISTRATION OF JUSTICE. APPELLANT WILL RESPECTFULLY SHOW THE COURT THE FOLLOWING:

I.

APPELLANT CONTENDS THAT THE COURT OF APPEALS IS DUTY BOUND TO UPHOLD THE CONSTITUTION AND THE LAWS OF TEXAS AND OF THE UNITED STATES. THIS DUTY IS DISCHARGED WHEN A APPELLATE COURT HAS CONSCIENTIOUSLY AND BY IMPARTIAL APPLICATION OF ALL PERTINENT LEGAL DOCTRINES AND BY FAIR CONSIDERATION OF ALL THE EVIDENCE. HERE IN APPELLANTS APPEAL, APPELLATE COURT PANEL ABANDONED ITS ROLE AS A NEUTRAL ADJUDICATORS AND BECAME AN ADVOCATE FOR THE STATE.

APPELLANT WITH COURTS PERMISSION WILL NOW SHOW THIS EN BANC COURT INSTANCES WHERE PANEL ABANDONED ITS NEUTRALITY:

1) IN ITS PANEL OPINION, PAGE 8, PANEL DEEMED AND DENIED APPELLANTS TENTH ISSUE PRESENTED AS BEING: "THAT RODRIGUEZ CONTENDED THAT TRIAL COURT ERRED IN DENYING HIS MOTIONS TO QUASH THE ENHANCEMENT PARAGRAPHS IN THE INDICTMENTS WITHOUT HOLDING AN EVIDENTIARY HEARING."

THIS WAS NOT APPELLANTS TENTH ISSUE PRESENTED, RATHER THIS WAS STATES CLAIM OF ISSUE PRESENTED. SEE PAGE 41, OF STATES APPELLATE BRIEF.

APPELLANTS TENTH ISSUE PRESENTED, WAS DID TRIAL COURT COMMIT REVERSABLE ERROR ABUSING ITS DISCRETION IN DENYING APPELLANTS MOTION TO QUASH ENHANCEMENTS WITHOUT GIVING APPELLANT OPPORTUNITY TO ARGUE AND PRESENT EVIDENCE, IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS U.S. AND TEXAS, DENYING A FAIR TRIAL? SEE APPELLANTS PRO SE BRIEF / APPELLANTS PRO SE REPLY BRIEF TO STATES APPELLATE BRIEF, AND APPELLANTS PRO SE MOTION FOR REHEARING. PAGE 3, POINT TWO - TENTH ISSUE PRESENTED.

2) IN ITS PANEL OPINION, PAGE 26, PANEL DEEMED AND DENIED APPELLANTS THIRD ISSUE PRESENTED AS BEING: "THAT RODRIGUEZ CONTENDS THAT COURT REPORTER FAILED TO RECORD BENCH CONFERENCES AND THAT THE RECORD CONTAINS OTHER OMMISSIONS, SUCH AS MISSING WORDS AND UNCLEAR NOTATIONS."

THIS WAS NOT APPELLANTS THIRD ISSUE PRESENTED, RATHER THIS WAS STATES CLAIM OF ISSUE PRESENTED. SEE PAGES 21 AND 22, OF STATES APPELLATE BRIEF.

APPELLANTS THIRD ISSUE PRESENTED WAS DID TRIAL COURT COMMIT REVERSABLE ERROR BY ALLOWING COURT REPORTER TO FAIL TO RECORD ALL TRIAL PROCEEDINGS IN ACCORDANCE WITH GOV. CODE ANN. §2.046 (VERNON 1948) ON REQUEST, AFTER COURT FINDING BY MOTION FOR SUCH DENYING APPELLANT A FAIR TRIAL. SEE APPELLANTS PRO SE BRIEF. ON APPELLANTS PRO SE REPLY BRIEF TO STATES APPELLATE BRIEF, REPLY TO THIRD ISSUE

- i -

WAS THAT APPELLANT CLEARLY PRESERVED HIS COMPLAINTS TO COURT REPORTERS FAILURE TO RECORD ALL PROCEEDINGS THROUGH HIS CONTINUES MOTION FOR COURT REPORTER TO RECORD ALL PROCEEDINGS AND APPELLANT HAS CONTINUED TO REQUEST A COMPLETE RECORD FOR APPELLATE REVIEW. SEE ALSO APPELLANT PRO SE MOTION FOR REHEARING, PAGE 6 POINT SEVEN, THIRD ISSUE PRESENTED.

3) IN ITS PANEL OPINION, PAGE 28, PANEL DEEMED AND DENIED APPELLANT'S SIXTH ISSUE PRESENTED AS BEING:

"THAT RODRIGUEZ CONTENDS TRIAL COURT ERRED ADMITTING STATE EXHIBIT #17, 911 CALL BECAUSE OF A DIFFERENT BRAND OF CD."

THIS WAS NOT APPELLANTS SIXTH ISSUE PRESENTED, RATHER THIS WAS STATES CLAIM OF ISSUE PRESENTED, SEE PAGE 35, OF STATES APPELLATE BRIEF.

APPELLANTS SIXTH ISSUE PRESENTED WAS DID TRIAL COURT COMMIT REVERSABLE ERROR BY ALLOWING STATE AND COURT REPORTER TO TAMPER WITH EVIDENCE BY CHANGING STATES EXHIBIT #17, VIDEO AND DENYING HIS U.S. AND TEX. CONST. RIGHTS TO A FAIR TRIAL? SEE APPELLANT PRO SE BRIEF / ON APPELLANT PRO SE REPLY BRIEF TO STATES APPELLATE BRIEF - REPLY WAS THAT APPELLANT DID PRESERVE HIS COMPLAINT ABOUT STATES EXHIBIT #17, IN APPELLATE RECORD NOW AS (STATES EXHIBIT #17) WHEN HE RECIEVED RECORD AND BECAME AWARE OF IT. THE STATES EXHIBIT #17, APPELLANT IS NOW COMPLAINING ABOUT WAS NEVER ADMITTED INTO EVIDENCE BY COURT. SEE ALSO APPELLANTS PRO SE MOTION FOR REHEARING, PAGES 9 AND 10, POINT EIGHT, SIXTH ISSUE PRESENTED.

4) IN ITS PANEL OPINION, PAGE 22, PANEL DEEMED AND DENIED APPELLANT'S THIRTEENTH ISSUE PRESENTED AS BEING:

"RODRIGUEZ CONTENDS THAT THE TRIAL COURT ERRED BY PERMITTING THE STATE TO ADDUCE JOBES FALSE TESTIMONY REGARDING MEDICAL TREATMENT HE RECIEVED AFTER THE SHOOTING."

THIS WAS NOT APPELLANT'S THIRTEENTH ISSUE PRESENTED, THIS WAS STATES CLAIM OF ISSUE PRESENTED, SEE PAGE 48-50(b), OF STATES APPELLATE BRIEF.

APPELLANTS THIRTEENTH ISSUE PRESENTED WAS DID TRIAL COURT COMMIT REVERSABLE ERROR BY ALLOWING STATE TO SOLICIT PERJURIOUS TESTIMONY THAT IT KNEW WAS FALSE IN VIOLATION OF U.S. AND TEXAS CONST. AND DENYING A FAIR TRIAL? SEE APPELLANTS PRO SE BRIEF, ON APPELLANTS PRO SE REPLY BRIEF TO STATES APPELLATE BRIEF, REPLY WAS THAT STATE KNOWINGLY USED PERJURED TESTIMONY AT TRIAL AND THE STATE "COURT "WAS NOT" THE TRIER OF FACT" AND THERE FORE CANNOT KNOW IF PERJURED TESTIMONY CONTRIBUTED TO APPELLANT'S CONVICTION, BEYOND A REASONABLE DOUBT. SEE ALSO APPELLANTS PRO SE MOTION FOR REHEARING, PAGE 7, POINT-FIVE, THIRTEENTH ISSUE PRESENTED.

5) IN ITS PANEL OPINION, PAGE 5, PANEL DEEMED AND DENIED APPELLANT'S FIRST ISSUE PRESENTED AS BEING: "THAT RODRIGUEZ ARGUES THAT THE TRIAL COURT LACKED JURISDICTION TO HEAR THE CHARGES AGAINST HIM BECAUSE VALID COMPLAINTS WERE NOT FILED."

THIS WAS NOT APPELLANTS FIRST ISSUE PRESENTED, RATHER THIS WAS STATES CLAIM OF ISSUE PRESENTED, SEE PAGE 7(a), OF STATES APPELLATE BRIEF.

APPELLANTS FIRST ISSUE PRESENTED WAS DID TRIAL COURT COMMIT REVERSABLE ERROR BY ALLOWING STATE TO CREATE OWN STATUTE, AND PROSECUTE WITH INVALID AND VOID CHARGING INSTRUMENTS THERE FORE NEVER HAVING JURISDICTION DENYING RIGHTS UNDER U.S. CONST. AND TEX. CONST. AND DENYING A FAIR TRIAL? SEE APPELLANTS PRO SE BRIEF, ON APPELLANTS PRO SE REPLY BRIEF TO STATES APPELLATE BRIEF, REPLY WAS THAT INDICTMENTS IN APPELLANTS CASES ARE VOID AND ILLEGAL, THE FUNDAMENTALLY DEFECTIVE, HYBRID "COMPLAINT SLASH INFORMATION" ARBITRARILY USED BY STATE DID NOT VEST TRIAL COURT WITH JURISDICTION AND APPELLANTS PRO SE MOTIONS TO SET ASIDE INDICTMENTS AND TO QUASI INDICTMENTS PRESENTED ISSUE OF SEPERATION OF POWER TO TRIAL COURT THROUGH THEIR APPARENT CONTEXT. SEE ALSO APPELLANTS PRO SE MOTION FOR REHEARING, PAGE 2, POINT ONE - FIRST ISSUE PRESENTED.

6) IN IT PANEL OPINION, AT PAGES 3 N.2 AND 4, PANEL DENIED APPELLANTS FOURTEENTH ISSUE PRESENTED BECAUSE PANEL DECIDED "RODRIGUEZ WAS CHARGED IN INDICTMENT #1356099, ON BOTH CHARGES, ON WHICH STATE LATER ABANDONED SECOND CHARGE."

THIS WAS STATES CLAIM ALSO OF APPELLANTS FOURTEENTH ISSUE PRESENTED, THAT RODRIGUEZ WAS CHARGED FOR BOTH CHARGES ON INDICTMENT #1356099, THAT SECOND CHARGE WAS LATER ABANDONED, SEE, PAGES 19 AND 20, OF STATES APPELLATE BRIEF.

APPELLANT CONTENDS THAT STATE DID NOT ABANDON A SECOND CHARGE, RATHER IT ABANDONED SURPLUS LANGUAGE, SEE REPORTERS RECORD, VOL. 2 OF L VOL, PAGE 8 THRU 9, SENTENCE 5 THRU 5.

7) IN ITS PANEL OPINION, AT PAGE 5, PANEL STATES THAT "RODRIGUEZ, APPELLANT, APPEARED AT TRIAL WITH STANDBY COUNSEL."

THIS IS NOT TRUE, AGAIN THIS IS STATE'S CLAIM IN ITS "IDENTIFICATION OF PARTIES, SEE PAGE II, OF STATE'S APPELLATE BRIEF.

SEE APPELLANTS PRO SE BRIEF, FOR IDENTITY OF PARTIES AND COUNSEL; SEE ALSO APPELLANTS PRO SE REPLY BRIEF TO STATES APPELLATE BRIEF, IDENTIFICATION OF PARTIES AND ALSO SEE APPELLANT PRO SE MOTION FOR REHEARING, PAGE 1, I. (3).

8) IN ITS PANEL OPINION, AT PAGE 2, PANEL STATES THAT "RODRIGUEZ'S BULLET PUNCTURED JOSE'S LUNG."

THIS IS NOT TRUE, AGAIN THIS IS STATE'S CLAIM IN ITS "STATEMENT OF FACTS", SEE PAGE 2, OF STATES APPELLATE BRIEF.

SEE APPELLANTS PRO SE REPLY BRIEF TO STATES APPELLATE BRIEF, AT PAGE 13, FOR CONTRADICTION AND SEE APPELLANTS PRO SE MOTION FOR REHEARING, PAGE 7, POINT-FIVE, THIRTEENTH ISSUE PRESENTED.


FOR THESE REASONS AS APPELLANT HAS MADE A CLEAR SHOWING THAT APPELLATE COURT PANEL BECAME ADVOCATE FOR STATE, BY REPLACING APPELLANTS ISSUES PRESENTED FOR REVIEW BY APPELLATE COURT WITH ISSUES PRESENTED BY THE STATE. ALSO BY FAILING TO CONFIRM FACTS THROUGH THE REVIEW OF ALL EVIDENCE IN THE RECORD, RATHER THAN JUST ADOPTING STATES CLAIMS, PREJUDING AND DENYING APPELLANT FAIR EVALUATION OF HIS PROPERLY RAISED ISSUES. See BRUNIT V. STATE, 206 S.W. 3d 639-45 (Tex. Crim. App. 2006); GAGNON V. SCARPELLI, 411 U.S. 778-86, 93 S. CT. 1756, 36 L. Ed 2d 656 (1973).


## II.

APPELLANT FURTHER REQUESTS THAT IN UNIFORMITY WITH THIS COURTS DECISIONS AND FOR PROPER EXECUTION OF ITS DUTY BY LAW, WITH DUE REGARD FOR APPELLANTS RIGHTS, THIS EN BANC COURT SHOULD CONSIDER APPELLANTS SEPERATION OF POWERS VIOLATION ISSUE PRESENTED THAT THE PANEL IGNORED IN ITS OPINION. SANCHEZ V. STATE, 98 S.W. 3d 349 (Tex. App - Houston [1st Dist] 2003.

APPELLANTS PRO SE BRIEFS FIRST ISSUE PRESENTED WAS DID TRIAL COURT COMMIT REVERSABLE ERROR BY ALLOWING STATE TO CREATE OWN STATUTE AND PROSECUTE WITH INVALID AND VOID CHARGING INSTRUMENTS THEREFORE NEVER HAVING JURISDICTION. FURTHER IN APPELLANTS PRO SE REPLY BRIEF TO STATES APPELLATE BRIEF, IT STATED THAT INDICTMENTS IN APPELLANTS CASES ARE VOID AND ILLEGAL, THE FUNDAMENTALLY DEFECTIVE, HYBRID "COMPLAINT SLASH INFORMATION" ARBITRARILY USED BY STATE DID NOT VEST TRIAL COURT WITH JURISDICTION AND APPELLANTS PRO SE MOTIONS TO SET ASIDE INDICTMENTS AND TO QUASH INDICTMENTS PRESENTED ISSUE OF SEPERATION OF POWERS TO TRIAL COURT THROUGH THIER APPARENT CONTEXT. LANKSTON V. STATE, 827 S.W. 2d 907-909 (Tex. Crim App. 1992).

AT THE SAME TIME APPELLANT ASSERTS THAT BECAUSE LEGAL ISSUES OF DUE PROCESS CLAIMS AND SEPERATION OF POWERS CLAIM ARE SO INTERTWINED, ONE CANNOT BE REVIEWED AND NOT THE OTHER. GUZMAN V. STATE, 955 S.W. 2d 85-89 (Tex. Crim App. 1997).

APPELLANT NOW DIRECTS EN BANC COURT TO THIS COURTS CLERK FILE, AND SEE APPELLANTS FIRST MOTION FOR EXTENSION OF TIME TO FILE APPELLANTS PRO SE BRIEF SINCE RECIEVING TRIAL COURTS SUPPLEMENTAL CLERKS AND COURT REPORTERS RECORDS ON APPEAL THAT HAVE CREATED EXTRAORDINARY CIRCUMSTANCES, DATED OCTOBER 15, 2016, AT PAGE 2, III. (5) WHERE APPELLANT REQUESTED COMPLAINTS AND INFORMATIONS OF BOTH TRIAL CAUSES, #1356098 AND #1356099, AND POLICE OFFICERS REPORTS NOS. #166940211 AND 166940211-F, THAT APPELLANT NEEDED FOR RESOLUTION OF APPEAL CHALLENGING JURISDICTION. JUSTICE HUDDLE, PREMATUREDLY CONCLUDED THAT APPELLATE RECORD WAS COMPLETE, SEE COURT OF APPEALS, FIRST DISTRICT OF TEXAS AT HOUSTON, CLERKS FILE, MEMORANDUM, DATED SEPTEMBER 18, 2014. THERE TO DENYING APPELLANT NECESSARY AND PROPERLY REQUESTED MATERIALS TO SUPPORT HIS ISSUES PRESENTED ON APPEAL. AND SO IN LIGHT OF THE IMPORTANCE OF THE SEPERATION OF POWERS AND RULES OF LAW, COURT SHOULD RECONSIDER ALL ISSUES IN ACCORDANCE WITH PRIOR HOLDINGS, SEE PULASEK V. STATE, 16 S.W. 3d 82-89 (2000).

THE TEXAS SUPREME COURTS INTENTION IS CLEAR, THAT ALL APPEALS SHOULD BE JUDGED ON THE MERITS OF THE CONTROVERSIES RATHER THAN HYPERTECHNICAL WAIVER ISSUES. THAT APPELLATE COURTS MUST NOW LOOK TO THE ARGUMENTS TO DETERMINE THE NATURE OF COMPLAINTS, INCLUDING ANY SUBSIDIARY ISSUES, RATHER THAN THE POINTS OR ISSUES ALONE. TEX. R. APP. PROC. 38.1(c).

## III.

FOR THE REASONS STATED ABOVE, APPELLANT, PRO SE, RESPECTFULLY REQUESTS EN BANC RECONSIDERATION OF ALL ISSUES PRESENTED, TO INCLUDE APPELLANTS PRO SE MOTION FOR RE-HEARING AND ALL OTHER ISSUES THEREIN. APPELLANT CANNOT PRODUCE COPY OF OPINION, DATED MARCH 10, 2016, BECAUSE OF INDIGENCY.

## IV.

APPELLANT, SAMUEL ESPINOZA RODRIGUEZ, PRO SE, PRAYS THAT THIS EN BANC COURT GRANT THIS MOTION FOR EN BANC RECONSIDERATION, AND ISSUE A NEW OPINION WITH DUE REGARD OF APPELLANTS RIGHTS, THAT WOULD RESULT IN THE PROPER ADMINISTRATION OF JUSTICE. SIGNED THIS 24 DAY OF APRIL, 2016.

RESPECTFULLY SUBMITTED,

APPELLANT PRO SE SAMUEL ESPINOZA RODRIGUEZ
#1858964 POLUNSKY UNIT AD-SEG. DEATH ROW
3872 F.M. 350 SOUTH (12-F-05)
LIVINGSTON, TEXAS 77351-8580

### CERTIFICATE OF SERVICE

I, SAMUEL ESPINOZA RODRIGUEZ, HEREBY CERTIFY THAT ON APRIL 24, 2016, A TRUE AND CORRECT ORIGINAL APPELLANTS PRO SE MOTION FOR EN BANC RECONSIDERATION, WAS SENT TO COURT OF APPEALS, FIRST DISTRICT, COURT OF TEXAS, CLERK, CHRISTOPHER A. PRINE, AT 301 FANNIN STR. HOUSTON, TX. 77002-2066; AND COPY OF SAME SENT TO ALAN CURRY, APP. DIV. HARRIS COUNTY, DIST. ATTY. OFFICE AT 1201 FRANKLIN STE. 600, HOUSTON, TX. 77002-1923. BY PLACING IN PRISON OFFICIALS POSSESSION FOR MAILING WITH FIRST CLASS POSTAGE.

APPELLANT PRO SE

### VERIFICATION AND DECLARATION

I, SAMUEL ESPINOZA RODRIGUEZ, 1858964, BEING PRESENTLY INCARCERATED IN THE ALAN B. POLUNSKY UNIT, OF THE TEX. DEPT. OF CRIM. JUSTICE, INST. DIV. IN POLK COUNTY, TEXAS, DO VERIFY AND DECLARE UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT. EXECUTED ON THIS 24, DAY OF APRIL, 2016.

APPELLANT PRO SE

-4-

Court of Appeals
First District Court of Texas
Clerk Christopher A. Prine
301 Fannin Str.
Houston, Texas 77002-2066

April 24, 2016

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS
MAY -2 2016
CHRISTOPHER A. PRINE
CLERK

RE: Appellants Pro Se Motion For
En Banc Reconsideration

Dear Sir/Madam,

Please find original of Appellants Pro Se Motion For
En Banc Reconsideration, please present it to court.

Please notify me of any action on this Motion or
any other pleadings on file?

Thanks,

APPELLANT PRO SE

4/24/16

Certificate of Service

I hereby certify that original of Appellants Pro Se
Motion For En Banc Reconsideration was sent to Court of Appeals
Clerk, Christopher A. Prine, at 301 Fannin Str., Houston, Tx 77002-2066,
and copy of same sent to Alan Curry, App. Div. Harris County D.A.
Office, at 1201 Franklin Ste 600, Houston, Tx 77002-1923. by placing
in prison officials possession for mailing, with 1st class postage.
On April 24, 2016.

APPELLANT PRO SE

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS
MAY - 2 2016
CHRISTOPHER A. PRINE
CLERK

NORTH HOUSTON TX 77

29 APR 2016

Court of Appeals, First District
Court of Texas Clerk Christopher A. Prine
301 Fannin St.
Houston, Texas 77002-2066

7702302095 0015

SAMUEL ESPINOZA RODRIGUEZ # 185896 64
POLUNSKY UNIT HD-SEG.-DEATH ROW
3872 FM 350 SOUTH (12-F-13)
LIVINGSTON, TEXAS 77351-8580

Legal

COURT OF CRIMINAL APPEALS
CLERK ABEL ACOSTA
P.O. BOX 12308 CAPITOL STATION
AUSTIN, TEXAS 78711-1445







